FILED

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2007 AUG 22  P 3: 59

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

---

TRIANTAFYLLOS TAFAS,

Plaintiff,

v.

JON DUDAS, in his official capacity as
Under-Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office,

- and -

THE UNITED STATES PATENT AND
TRADEMARK OFFICE,

Defendants.

CIVIL ACTION: 1: 07 CV 846
JCC / TRJ

## COMPLAINT

The Plaintiff, Dr. Triantafyllos Tafas ("Plaintiff" or "Dr. Tafas"), as and for his

Complaint against Defendants Jon W. Dudas, in his official capacity as United States Under-

Secretary of Commerce for Intellectual Property and Director of the United States Patent and

Trademark Office and Defendant, the United States Patent and Trademark Office, through his

undersigned counsel, Kelley Drye & Warren LLP, alleges as follows:

PARTIES

1.     Plaintiff Dr. Tafas is an individual residing in Rocky Hill, Connecticut.  Dr.

Tafas is an inventor on U.S. Patent Application Serial No. 11/266948 (the "Tafas Patent

Application").  He is also an inventor on more than seventeen (17) patents pending and on eight

(8) U.S. issued patents.

Dockets.Justia.com

2.      Defendant, the United States Patent and Trademark office (the "USPTO"), is an administrative agency of the United States Department of Commerce charged with, among other things, establishing regulations concerning the processing of patent applications including, without limitation, continuation applications.   The address for the USPTO's headquarters is 600 Dulany Street - Alexandria, Virginia 22314 and the service addresses as set forth at 37 C.F.R. § 104.2(a)-(b) for the USPTO are c/o General Counsel, United States Patent and Trademark Office, P.O. Box 15677, Arlington, Virginia 22215 (by mail) or Office of the General Counsel, 10B20, Madison Building East, 600 Dulany Street, Alexandria, Virginia (by hand).

3.      Defendant Jon W. Dudas is the present U.S. Under-Secretary of Commerce for Intellectual Property and the Director of the USPTO (the "Director" or "Dudas") and is being sued in his official capacity.   The place of business and service address for Dudas is the same as for the USPTO as set forth in paragraph 2 above.

NATURE OF ACTION

4.      This action is brought for a preliminary injunction; declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and for a *Writ of Mandamus.*  More particularly, Dr. Tafas seeks: (1) to prevent Defendants from implementing Sections 1.75 and 1.78 of certain new federal regulations published by the USPTO at 72 Fed. Reg. No. 161 on August 21, 2007 (with an effective date of November 1, 2007) entitled "Changes to Practice for Continuing Examination Filings, Patent Applications Containing Patentably Indistinct Claims, and Examination of Claims in Patent Applications; Final Rule" (to be codified at 37 CFR Part 1 and sometimes collectively referred to herein as the "Revised Rules");  (2) to have the Revised Rules declared null, void and without legal effect as being beyond the rule making power of the USPTO and inconsistent with various federal statutes and Article I, Section 8, Cl. 8 and the Fifth Amendment to the United States Constitution; and (3) for the issuance of a *Writ of Mandamus*

2

requiring Defendants to comply with the requirements of the Administrative Procedure Act, 5 U.S.C. §§1 *et seq.* (the "APA") in promulgating any further rules in the future concerning the subject matter of the Revised Rules.

5.     The Revised Rules require patent applicants who file multiple voluntary-divisional continuations, seeking differing inventions from the same initial application and continuation-in-part applications, to show that the third and subsequent continuing applications in the chain are necessary to advance prosecution. The Revised Rules also limit the right of a patent applicant to continue prosecution of applications related to a single invention (commonly known as a Request for Continuation Examination or "RCE").

6.     Dr. Tafas is entitled to preliminary injunctive relief preventing the Revised Rules from taking effect on November 1, 2007 because they substantially change the regulatory landscape under which inventors, like Dr. Tafas, have traditionally operated and, once effective, will frustrate the purposes of the U.S. Patent laws by preventing Dr. Tafas and other similarly situated inventors from realizing the full economic potential of their work. The Revised Rules should be preliminarily and permanently enjoyed and declared null and void because, among other things, they violate: (1) Sections 2, 120, 131, 132 and 365 of the Patent Act (35 U.S.C. §§ 1 *et seq.)* by exceeding the rule making authority delegated to the Defendants by Congress; (2) Sections 553(c) and 706(2) of the APA (5 U.S.C. §§ 553(c) and 706(2)) by, among other things, purporting to enact rules with retroactive effect; failing to consider all the relevant matter presented as required by 5 U.S.C. § 553(c); and, by promulgating rules that are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, contrary to Plaintiff's constitutional rights and in excess of the USPTO's statutory jurisdiction and authority; and (3) Article I, Section 8, Cl. 8 and the Takings Clause of the Fifth Amendment of the United States Constitution.

JURISDICTION AND VENUE

7.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, inasmuch as this is a civil action arising under the laws and Constitution of the United States, and relating to patents, including the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 and the United States Constitution.

8.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1361, inasmuch as Dr. Tafas seeks a *Writ of Mandamus* requiring Defendants to comply with the APA in promulgating regulations.

9.    Venue is proper in this District pursuant to 35 U.S.C. § 1(b) and 28 U.S.C. § 1391(e).

FACTS APPLICABLE TO ALL COUNTS

10.    Under the law as it existed for over 100 years prior to the promulgation of the Revised Rules, an inventor was entitled to file an application to patent his original ideas and, if at some future time, the inventor discovered other patentable claims arising from his original application, the inventor could file an application for a continuation to patent those claims as well. There was no limit to the number of voluntary-divisional continuations an inventor could file prior to the promulgations of the Revised Rules.

11.    The right to freely file multiple continuations is extremely valuable to inventors like Dr. Tafas, *inter alia*, because the continuation is deemed to relate back to the date of the inventor's original application. Thus, the continuation process provides the inventor with a priority right against all others concerning patented claims stemming from the inventor's original application.

### A.    THE PATENT ACT

12.    The Patent Act of 1952, as amended, codified at 35 U.S.C. § 1, *et seq.* (the "Patent Act"), established the USPTO, which is responsible for the granting and issuing of patents and for disseminating information to the public with respect to patents. The USPTO Director administers the issuance of patents. 35 U.S.C. § 3.

13.    Sections 2 and 3 authorize the Director to establish regulations that facilitate and expedite the processing of patents. 35 U.S.C. §§ 2(c), 3.

14.    Sections 120 and 365(c) grant a patent applicant the benefit of the earlier filing date when filing a voluntary-divisional continuation patent application for an invention disclosed in a previously filed application but not claimed in the previously filed application and with respect to continuation-in-part applications. 35 U.S.C. §§ 120 and 365(c).

15.    Section 131 <u>requires</u> the Director to cause an examination to be made of an application and the claimed new invention. 35 U.S.C. § 131.

16.    Section 132 requires the Director "to provide for the continued examination of applications for patent" and to establish appropriate fees for the continued examination of applications (35 U.S.C. § 132(b)). No provision in Section 132 empowers the Director to deny a continued examination of an application or to promulgate regulations having the effect of denying an applicant a continued examination of an application. The Revised Rules are contrary to Section 132(b), which requires the Director to provide for the continued examination of patent applications at the request of the applicant. 35 U.S.C. § 132(b).

### B.    THE ADMINISTRATIVE PROCEDURE ACT (APA)

17.    The APA defines "rule" as meaning "the whole or a part of an agency statement of general or particular applicability <u>and future</u> effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of

an agency...." 5 U.S.C. § 551(4) (emphasis added). As a federal administrative agency, the USPTO is bound to comply with the rule making procedures set forth in Section 553 of the APA. 35 U.S.C. § 2(b)(2)(B). Upon information and belief, the USPTO has failed to meet its obligations under the APA by, *inter alia*, failing to consider all the relevant matter presented as required by 5 U.S.C. § 553(c) and by promulgating rules that are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, contrary to Plaintiff's constitutional rights and in excess of the USPTO's statutory jurisdiction and authority in violation of 5 U.S.C. § 706(2).

### C.    THE ENACTMENT BY THE USPTO OF THE REVISED RULES.

18.    On January 3, 2006 the USPTO published two (2) notices of proposed rule making. The first was titled "Changes to Practice for Continuing Applications, Requests for Continuing Applications, Requests for Continued Examination Practice, and Applications Containing Patentably Indistinct Claims" ("Proposed Rule I"). 71 Fed. Reg. 48. The Second proposed rule was titled "Changes to Practice for the Examination of Claims in Patent Applications" ("Proposed Rule II"). 71 Fed. Reg. 61.

19.    Comments on Proposed Rule I were solicited, however, the USPTO refused to hold formal public hearings. Upon information and belief, Proposed Rule I received the greatest number of extensively briefed negative comments of any proposed rule package by the USPTO in its history. Similarly, Proposed Rule II received a large number of negative comments.

20.    In April 2007, it was widely reported that the USPTO was seeking to make final a substantially revised version of Proposed Rules I and II pending approval by the United States Office of Management and Budget. Irrespective of the reportedly substantial modifications made to Proposed Rules I and II, the USPTO refused to republish the rules for

further comment as required by law or to disclose any of its modifications to Proposed Rules I and II, notwithstanding, on information and belief, FOIA requests seeking this information filed by numerous interested parties.

21.    On August 21, 2007, the USPTO published a Notice of Final Rule Making in the Federal Register purporting to issue final rules entitled "Changes to Practice for Continued Examination of Filings, Patent Applications Containing Patentably Indistinct Claims, and Examination of Claims in Patent Applications" which purported to implement 37 C.F.R. 1.75 (hereinafter referred to as "Revised Rule II") and 37 C.F.R. 1.78 (hereinafter referred to as "Revised Rule I") (collectively, the "Revised Rules").  (See 72 Fed. Reg. 161, Aug. 21, 2007). The Revised Rules have an effective date of November 1, 2007.

22.    Revised Rule I requires that third or subsequent voluntary-divisional continuation application or continuation-in-part application, be supported by a showing as to why the amendment, argument, or evidence presented could not have been previously submitted. This substantially changes prior law which allowed for multiple continuations without explanation or showing of good cause.

23.    Pursuant to Revised Rule I, the USPTO may deny an applicant the benefit of priority claimed to a prior application in all third or subsequent voluntary-divisional continuation or continuation-in-part application in the subjective discretion of the Director, regardless of whether the express statutory requirements for filing a continuing application have otherwise been met.

24.    Revised Rule I also requires that patent applicants (or assignees) who file multiple patent applications having the same effective filing date, overlapping disclosure, and a common inventor include either an explanation of how the claims are patentably distinct, or a

terminal disclaimer and explanation as to why there are patently indistinct claims in multiple applications.

25.     Revised Rule I will retroactively effect patent applications filed before its effective date.  An applicant will only be allowed two (2) voluntary-divisional continuations or continuation-in-part applications (or one of each) after the effective date of Revised Rule I unless the applicant meets the new requirements.  If the applicant has already filed two voluntary-divisional continuations, or two continuation-in-part applications, or both a voluntary-divisional continuation and a continuation-in-part application prior to the effective date, the applicant is not entitled to file another without complying with the requirements of Revised Rule I.

26.     In addition, Revised Rule I creates the presumption that inventions are patentably indistinct if a patent applicant files multiple applications with the USPTO with the same filing date, or within two (2) months of such date, and the applications include common inventors and overlapping disclosures.

27.     Revised Rule I requires that the applicant rebut the presumption with an explanation as to why the claims in the application are distinct or submit a terminal disclaimer and explain to the USPTO, to its satisfaction, why two or more pending applications should be maintained.

28.     Revised Rule II requires that if an application contains more than a specified number of independent claims (five-(5)) or if the applicant wishes to have initial examination of more than a specified number of total claims (twenty-five (25), then the applicant must provide an examination support document that covers all of the claims.  Such examination support document is onerous, and will require significant monetary outlays to prepare.

29.     By virtue of the all the foregoing and as set forth below, Dr. Tafas has been injured and faces continuing irreparable injury due to the Revised Rules and, therefore, has standing to challenge the Revised Rules.

30.     In November 2005, Dr. Tafas filed a patent application incorporating his new inventive concepts in the automotive arts.   Dr. Tafas' invention pertains to capturing the heat from an automobile's internal combustion engine manifold.   Once that heat is captured, it can be utilized in any number of ways to improve the automobile's performance.   The proposed concept has the potential to improve fuel consumption by the automobile's engine with a significant effect in the miles-per-gallon performance.   Additionally, acceptance of this concept by the automotive industry, will reduce exhaust gas emission and thus contribute in addressing concerns related to the rise of atmospheric carbon dioxide and global warming.

31.     Dr. Tafas discloses multiple devices in which the captured heat may be utilized.   Each potential use for the heat that is captured from the automobile's manifold would constitute a new invention.   Under the present continuation application rules, Dr. Tafas would have been permitted to file unlimited voluntary-divisional continuation applications and continuation-in-part applications to claim these new inventions and each of those continuation applications would be deemed to relate back to the filing of his original patent application.

32.     The Revised Rules concerning voluntary-divisional continuation applications and continuation in part applications substantially and adversely change Dr. Tafas' rights concerning the filing of future continuation applications and adversely impair his ability to patent inventions that flow from his original invention.   As such, the Revised Rules, among other things, create a disincentive for inventors like Dr. Tafas to continue inventing because there is a very real possibility that he will not be able to realize the full economic benefit of his work. These Revised Rules also create a disincentive for inventors like Dr. Tafas to reveal the full

scope of their work in a patent application because there is a very real possibility that their disclosed work and research could be cannibalized by others to their own economic benefit.

33.    In an attempt to avoid these very real harms, in the first half of 2007 Dr. Tafas requested that new concepts be added to his original patent application through the filing of a continuation-in-part application. With the new Revised Rules potentially looming, Dr. Tafas was advised to file multiple continuation in-part applications. On August 10, 2007, Dr. Tafas made the decision, influenced heavily by his financial position, to file only three (3) continuation-in-part applications claiming priority to his original patent.

34.    Under the legal regime existing before enactment of the Revised Rules, Dr. Tafas had the ability to file additional voluntary-divisional continuation applications or continuation-in-part applications in the future. If the new Revised Rules become effective on November 1, 2007, Dr. Tafas' right to file these additional continuations will disappear and he will lose potential patent rights to the numerous inventions that flow from his original work. Moreover, it will decrease Dr. Tafas' ability to raise funds for the development of products that stem from this concept, since a higher portion of the raised funds will have to be spent towards securing intellectual property rights. (See 72 Fed. Reg. No. 161 at page 46775 where the USPTO states that lack of funds is not a sufficient cause for a grant of a petition to file further voluntary-divisional continuations).

### FIRST COUNT
### (PRELIMINARY AND PERMANENT INJUNCTION)

35.    Dr. Tafas realleges and incorporates by reference the allegations of paragraphs 1-34 as fully as if set forth at length herein.

36.    Dr. Tafas is likely to succeed on the merits of his claims. In promulgating Revised Rules I and II, the Director and the USPTO have exceeded their rule making authority under the Patent Act, 35 U.S.C. § 2 by promulgating rules that are contrary to Sections 120,

132(b) and 365 of the Patent Act (35 U.S.C. §§ 2, 120, 132(b) and 365) by providing the Director with the discretion to deny an applicant's voluntary-divisional and continuation-in-part application despite the fact that each of these sections of the Patent Act requires the Director to allow such continuations.

37.    Upon information and belief, the Director and USPTO have also violated Sections 553(c) and 706(2) of the APA (5 U.S.C. § 553(c) and 706(2)) by, among other things, failing to consider all relevant matter presented to them during the rule making process, purporting to enact Revised Rules with retroactive effect, and in promulgating rules that are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional rights and in excess of the USPTO's statutory jurisdiction and authority.

38.    Finally, the Revised Rules are violative of Article I, Section 8, Cl. 8 of the United States Constitution by virtue of the USPTO, upon information and belief, failing to appropriately weigh the effect of its regulations on the promotion of the progress of science and the useful arts, and violative of the Takings Clause in the Fifth Amendment of the United States Constitution, by, upon information and belief, effectuating a taking of property without due process.

39.    Dr. Tafas will suffer an irreparable injury if an injunction is not granted as he has disclosed all the research related to his invention in the Tafas Patent Application believing he would be able to file multiple voluntary-divisional continuations and continuation-in-part applications based on those inventive concepts. Under the Revised Rules Dr. Tafas may no longer rely on an absolute right to file such additional continuations and, upon information and belief, is likely to lose priority to the ideas he disclosed.

40.     Dr. Tafas cannot be made whole by money damages because there is no way to calculate the value of potential inventions that could flow from Dr. Tafas' original application. Indeed, there could be a number of valuable inventions that flow from Dr. Tafas' original work for which he will not be able to claim priority under the Revised Rules and, as a result, will lose the economic benefits that he would have been entitled to but for the promulgation of the Revised Rules.

41.     The granting of a preliminary injunction preventing the USPTO from implementing the Revised Rules will not substantially injure other interested parties as the injunction will simply maintain the *status quo* for the examination of patent claims *pendente lite*. Other interested parties will primarily consist of other inventors who would benefit from maintaining the *status quo*.

42.     Defendants will not be prejudiced by the issuance of a preliminary injunction because it would simply maintain the *status quo* of continuation examination practice followed by the USPTO for many years pending a final decision on the merits.

43.     The public interest will be furthered by the injunction as the public has an interest in new inventions and disclosure of research which promotes innovation and investment in new research, thereby benefiting the public.

## SECOND COUNT
### (DECLARATORY JUDGMENT)

44.     Dr. Tafas realleges and incorporates by reference the allegations of paragraphs 1-43 as fully as if set forth at length herein.

45.     An actual and substantial controversy exists between Dr. Tafas, as an inventor seeking patent protection for his works, and Defendants with regard to the propriety of the Revised Rules.

46.    The Revised Rules are in direct contradiction to the examination requirements set forth in the Patent Act, were promulgated in violation of the rule making procedures set for in the APA, contrary to 35 U.S.C §§ 2, 120, 132 and 365 and further violate, among other things, the "Takings" Clause in the Fifth Amendment of the United State Constitution, and the Article I, Section 8 requirement that the promotion of the progress of science and the useful arts be taken into account in passing any regulation.

47.    The Revised Rules also violate the APA (5 U.S.C. § 553(c) and 706(2)) by, among other things, failing to consider all relevant matter presented to them during the rule making process, purporting to enact Revised Rules with retroactive effect, and in promulgating rules that are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional rights and in excess of the USPTO's statutory jurisdiction and authority.  (See also Motor Vehicle Mfrs. Ass'n of U. S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983)).

48.    Pursuant to 28 U.S.C. §§ 2201 and 2202, Dr. Tafas seeks a declaratory judgment by this Court that the Revised Rules, among other things, are beyond the scope of Defendants' authority, were improperly promulgated in violation of the APA and 35 U.S.C. §§ 120, 132 and 365, violate Article I, Section 8 of the U.S. Constitution and constitute a taking of Plaintiff's property without due process of law in violation of the Takings Clause of the Fifth Amendment of the United States Constitution and, as such, are void *ab initio* and null, void, voidable and without legal effect.

### THIRD COUNT
### (WRIT OF MANDAMUS)

49.    Dr. Tafas realleges and incorporates by reference the allegations of paragraphs 1-48 as fully as it set forth at length herein.

50.     In promulgating regulations such as the Revised Rules, the USPTO is required by to study the impact proposed regulations will have on, among others, small business and the effect of its proposed regulations on the promotion of the progress of science and the useful arts.

51.     Upon information and belief, the USPTO failed, *inter alia*, to adequately research the impact of the Revised Rules on small entities and also failed to consider the effects of its pre-examination search report requirement and to comply with executive regulatory review standards.

52.     Defendants also exceeded the scope of their statutory authority and the Revised Rules are contrary to 35 U.S.C §§ 2, 120, 132 and 365.

53.     As a result, the Revised Rules are arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law.  5 U.S.C. § 706(2) .

54.     Upon information and belief, Dr. Tafas' ability to freely submit patent continuation applications, and realize all of the benefits of his work, have been irreparably harmed.

55.     A *Writ of Mandamus* should issue requiring the Defendants to comply in all respects with the APA and to prevent the Revised Rules from becoming effective until such time as the APA has been fully complied with.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Tafas requests entry of judgment against Defendants as follows:

1.     Preliminary and permanently enjoining the Defendants from enforcing or otherwise giving effect to the Revised Rules;

2.     Declaring that the Revised Rules (37 C.F.R. §§ 175 and 178) exceed the authority delegated to the Defendants, by, *inter alia*, violating relevant provisions of the Patent

14

Act, the Administrative Procedure Act, Article I, Section 8, Cl. 8 and the Takings Clause of the Fifth Amendment of the United States Constitution.

     3.    Awarding Dr. Tafas costs and attorneys fees incurred in connection with this action pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1), (b) and (d)(1)(A), along with such other further and different relief as the Court deems equitable, just and proper.

    Respectfully submitted,

    Joseph D. Wilson (VSB # 43693)
    KELLEY DRYE & WARREN LLP
    Washington Harbor,  Suite 400
    3050 K Street, NW
    Washington, DC  20007
    Telephone: (202) 342-8400
    Facsimile: (202) 342-8451
    E-mail: jwilson@kelleydrye.com

    *Counsel for Plaintiff Triantafyllos Tafas*

*Of Counsel:*

William R. Golden Jr., Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178-0002
Telephone:  (212) 808-7992
Facsimile:  (212) 808-7897
E-mail:  wgolden@kelleydrye.com

-- and --

Steve J. Moore, Esq.
James E. Nealon, Esq.
KELLEY DRYE & WARREN LLP
400 Atlantic Street
Stamford, Connecticut 06901-3229
Telephone:  (203) 324-1400
Facsimile:  (203) 327-2669
E-mail:  smoore@kelleydrye.com

Dated:  August 22, 2007