IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRIANTAFYLLOS TAFAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv846 |
| ) | |
| JON W. DUDAS, in his official capacity as ) | |
| Under Secretary of Commerce and ) | |
| Director of the United States Patent and ) | |
| Trademark Office ) | |
| and ) | |
| ) | |
| The UNITED STATES PATENT AND ) | |
| TRADEMARK OFFICE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF KAREN M. YOUNG

I, Karen M. Young, make the following declaration based upon my personal knowledge of the facts set forth herein. I hereby testify and declare the following:

1.  I hold the position of Group Director in Technology Center 3700 of the U.S. Patent and Trademark Office ("USPTO"). I have held this position since February 19, 2006. As a Group Director, I exercise administrative and technical authority over the patent examining Technology Center 3700. I am responsible for the comprehensive planning and management functions essential to effective patent examining group operations. I recommend or initiate programs and procedures to implement official policies, and assist in the development of, and maintenance of, quality, timeliness, and quantity performance standards. I perform related duties, which include adjudicating petitions for the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. I also perform staff

1

DEFENDANTS'
EXHIBIT 4

functions related to human resource management and manpower utilization, training and career development, patent examining practice and procedures, support for automation and civil rights program goals affecting the Technology Center, and classification and documentation of the technical arts. I was previously employed by the USPTO as the Administrator of the Office of Patent Resources Administration (November 2000 – February 2006), a Supervisory Patent Examiner (January 1996 – November 2000), and a Patent Examiner (March 1987 – January 1996).

2. I reviewed U.S. Patent Application No. 11/266948 ("Plaintiff's Parent Application"), all applications claiming the benefit of Plaintiff's Parent Application, and the entire file histories of those applications.

3. On November 4, 2005, Plaintiff filed his Parent Application in the USPTO. That application is entitled "Energy Recovery System in an Engine." It is directed to an energy capture system and methods for recovering heat energy from the exhaust gases of an internal combustion engine and converting that heat energy into other forms of energy, in particular electrical energy.

4. Plaintiff's Parent Application contains five independent claims and twenty total claims. All claims are directed to an energy recovery system or an internal combustion engine system having an energy recovery system, except for one claim to a method of recovering waste heat energy from exhaust gases produced by combustion in an internal combustion engine.

5. Nothing in Plaintiff's Parent Application suggests the claimed invention arose from federally sponsored research and development under 35 U.S.C. § 200.

6. On May 10, 2007, the USPTO published Plaintiff's Parent Application, consistent with its practice of publishing all applications promptly after eighteen months from filing absent

2

a request from the applicant not to publish. Plaintiff did not submit a non-publication request for his Parent Application.

7. The USPTO has not issued a restriction requirement pursuant to 35 U.S.C. § 121 in Plaintiff's Parent Application.

8. On July 24, 2007, the USPTO issued a first Office action on the merits in Plaintiff's Parent Application.

9. On November 3, 2006, Plaintiff filed an international application under the Patent Cooperation Treaty, claiming the benefit of the filing date of Plaintiff's Parent Application ("International Application").

10. On August 10, 2007, Plaintiff filed a first continuation-in-part application, claiming the benefit of the filing date of Plaintiff's Parent Application ("Continuation-in-part Application 1").

11. Plaintiff's Continuation-in-part Application 1, as presently pending, contains less than five independent claims but more than twenty-five total claims.

12. Plaintiff did not file a non-publication request with his Continuation-in-part Application 1 pursuant to 37 C.F.R. § 1.213, so the application will publish promptly after eighteen months from the filing date of the Plaintiff's Parent Application.

13. Nothing in Plaintiff's Continuation-in-part Application 1 suggests that the claimed invention arose from federally sponsored research and development under 35 U.S.C. § 200.

14. Plaintiff's Continuation-in-part Application 1 is currently pending before the USPTO and is awaiting a first Office action on the merits. To date, the USPTO has not issued a restriction requirement pursuant to 35 U.S.C. § 121 in Continuation-in-part Application 1.

15. On August 10, 2007, Plaintiff filed a second continuation-in-part application, claiming the benefit of the filing date of Plaintiff's Parent Application ("Continuation-in-part Application 2").

16. Plaintiff's Continuation-in-part Application 2, as presently pending, contains less than five independent claims but more than twenty-five total claims.

17. Plaintiff did not file a non-publication request with his Continuation-in-part Application 2 pursuant to 37 C.F.R. § 1.213, so the application will publish promptly after eighteen months from the filing date of the Plaintiff's Parent Application.

18. Nothing in Plaintiff's Continuation-in-part Application 2 suggests that the claimed invention arose from federally sponsored research and development under 35 U.SC. § 200.

19. Plaintiff's Continuation-in-part Application 2 is currently pending before the USPTO and is awaiting a first Office action on the merits. To date, the USPTO has not issued a restriction requirement pursuant to 35 U.S.C. § 121 in Continuation-in-part Application 2.

20. On August 10, 2007, Plaintiff filed a third Continuation-in-part Application, claiming the benefit of the filing date of Plaintiff's Parent Application ("Continuation-in-part Application 3").

21. Plaintiff's Continuation-in-part Application 3, as presently pending, contains less than five independent claims but more than twenty-five total claims.

22. Plaintiff did not file a non-publication request with his Continuation-in-Part Application 3 pursuant to 37 C.F.R. § 1.213, so the application will publish promptly after eighteen months from the filing date of the Plaintiff's Parent Application.

23. Nothing in Continuation-in-part Application 3 suggests that the claimed invention arose from federally sponsored research and development under 35 U.S.C. § 200.

24. Plaintiff's Continuation-in-part Application 3 is currently pending before the USPTO and is awaiting a first Office action on the merits. To date, the USPTO has not issued a restriction requirement pursuant to 35 U.S.C. § 121 in Continuation-in-part Application 3.

25. On September 7, 2007, Plaintiff filed a fourth Continuation-in-part Application, claiming the benefit of the filing date of Plaintiff's Parent Application ("Continuation-in-part Application 4").

26. Plaintiff's Continuation-in-part Application 4 contains less than five independent claims but more than twenty-five total claims.

27. Plaintiff did not file a non-publication request with his Continuation-in-part Application 4 pursuant to 37 C.F.R. § 1.213, so the application will publish promptly after eighteen months from the filing date of the Plaintiff's Parent Application.

28. Nothing in Plaintiff's Continuation-in-part Application 4 suggests that the claimed invention arose from federally sponsored research and development under 35 U.S.C. § 200.

29. Plaintiff's Continuation-in-part Application 4 is currently pending before the USPTO and is awaiting a first Office action on the merits. To date, the USPTO has not issued a restriction requirement pursuant to 35 U.S.C. § 121 in Continuation-in-part Application 4.

30. An "application family" refers to all applications claiming the benefit of a single initial application as well as the single initial application itself. An application family is often represented like a family tree with the initial application referred to as a "parent" and each application claiming the benefit of the initial application referred to as a "child." Plaintiff's

Parent Application, International Application, Continuation-in-part Application 1, Continuation-in-part Application 2, Continuation-in-part Application 3, and Continuation-in-part Application 4 form an application family ("Plaintiff's Application Family"). Plaintiff's Parent Application is the "parent" and Plaintiff's International application and four continuation-in-part applications are each a "child" of that parent.

31.  A "request for continued examination" is a request to continue the prosecution of an application made pursuant to 37 C.F.R. § 1.114 after prosecution in an application is closed. See 35 U.S.C. § 132(b); Manual of Patent Examining Procedure (MPEP) § 706.07(h) (8th ed. 2001, rev. 5, Aug. 2006). Plaintiff is not eligible to file any requests for continued examination in any of the applications in his Application Family because none of his applications have been finally rejected yet. And to date, Plaintiff has not filed any requests for continued examination in his Application Family.

32.  If an application contains claims to more than one invention, the Office may issue a restriction requirement under 35 U.S.C. § 121. In response, the applicant elects the invention that will be examined in the application and may file a "divisional" application to the non-elected invention. A "divisional" application is an application that is filed in response to a restriction requirement under 35 U.S.C. § 121 and that has claims drawn to a non-elected invention that is distinct or an independent invention from the invention elected and claimed in the parent application. See 35 U.S.C. § 121. Plaintiff has not filed any divisional applications in Plaintiff's Application Family.

33.  A "voluntary divisional" application is a term used by patent applicants and patent practitioners in referring to a continuing application that is not filed as a result of a restriction

requirement made by the Office. Section 121 of Title 35 provides for a divisional application only if the Office issues a restriction requirement. See 35 U.S.C. § 121.

34. A "reissue" application is an application filed under 35 U.S.C. § 251 by a patentee after discovering that he or she claimed more or less than he or she had a right to claim in an issued patent or that the issued patent is inoperative or invalid due to a defective specification or a defective drawing made without deceptive intent. Plaintiff has not filed any reissue applications in Plaintiff's Application Family and cannot do so because none of the applications in that Family have issued as a patent.

35. A multiple dependent claim refers to a claim that depends from two or more independent claims in the alternative. See MPEP § 608.01(n). No claim in any application in Plaintiff's Application Family is a multiple dependent claim.

36. Under 35 U.S.C. § 101, an applicant may claim an invention in one of four statutory classes: a process, a machine, an article of manufacture, or a composition of matter. When a claim is directed to subject matter that falls into more than one statutory class, it is said to be drawn to different statutory classes. No claim in any application in Plaintiff's Application Family refers to more than one statutory class of inventions. For example, claims 1 to 19 in Plaintiff's Parent Application are drawn to an article of manufacture, and claim 20 in Plaintiff's Parent Application is drawn to a process.

I declare under penalty of perjury pursuant to 18 U.S.C. § 1001 that the foregoing is true and correct.

_Karen M. Young_
Karen M. Young

_Oct. 1, 2007_
Date