# Defendants' Exhibit 1

```
                                                                    1

 1                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
 2                       ALEXANDRIA DIVISION

 3   SMITHKLINE BEECHAM              .  Case 1:07-cv-01008
     CORPORATION, d/b/a              .
 4   GLAXOSMITHKLINE, et al.         .
                                     .
 5              Plaintiffs,          .
                                     .
 6        vs.                        .  Alexandria, Virginia
                                     .  October 31, 2007
 7   JON W. DUDAS, et al.            .  10:01 a.m.
                                     .
 8              Defendants.          .
     . . . . . . . . . . . . . . . .    Pages 1 - 78
 9

10              TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE JAMES C. CACHERIS
11            UNITED STATES DISTRICT COURT JUDGE

12
                          COPY
13

...

25   COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

```
 1  APPEARANCES:

 2  FOR SMITHKLINE BEECHAM CORPORATION:

 3          CRAIG C. REILLY, ESQUIRE
            RICHARD, MCGETTIGAN, REILLY & WEST, P.C.
 4          1725 Duke Street
            Alexandria, Virginia  22314
 5          (703) 549-5353

 6          JOHN M. DESMARAIS, ESQUIRE
            CHRISTOPHER F. MIZZO, ESQUIRE
 7          JEFFREY B. CLARK, ESQUIRE
            D. SEAN TRAINOR, ESQUIRE
 8          PETER J. ARMENIO, ESQUIRE
            KIRKLAND & ELLIS, L.L.P.
 9          655 15th Street, NW, Suite 1200
            Washington, D.C.  20005
10          (202) 879-5000

11  FOR THE DEFENDANTS:

12          LAUREN A. WETZLER, ESQUIRE
            R. ANDREW PRICE, JR., ESQUIRE
13          JOSEPH SHER, ESQUIRE
            OFFICE OF THE UNITED STATES ATTORNEY
14          2100 Jamieson Avenue
            Alexandria, Virginia  22314
15          (703) 299-3752

16          STEPHEN WALSH, ESQUIRE
            Office of the Solicitor
17          United States Patent and Trademark Office
            Post Office Box 15667
18          Arlington, Virginia 22215

19  FOR ELAN PHARMACEUTICALS, INC., amicus curiae:

20          SCOTT J. PIVNICK, ESQUIRE
            VINCENT J. NAPOLEON, ESQUIRE
21          PILLSBURY, WINTHROP, SHAW & PITTMAN, L.L.P.
            1650 Tysons Boulevard
22          McLean, Virginia  22102-4859
            (703) 770-7900
23

24

25
```

```
 1  APPEARANCES CONTINUED:

 2  FOR AMERICAN INTELLECTUAL PROPERTY LAW ASSOCIATION,
    amicus curiae:
 3
            THOMAS J. O'BRIEN, ESQUIRE
 4          JERRY R. SELINGER, ESQUIRE
            MORGAN, LEWIS & BOCKIUS, L.L.P.
 5          1111 Pennsylvania Avenue, NW
            Washington, D.C.  20004
 6          (202) 739-5186

 7  FOR TRIANTAFYLLOS TAFAS, amicus curiae:

 8          JAMES E. NEALON, ESQUIRE
            JOSEPH D. WILSON, ESQUIRE
 9          STEVEN J. MOORE, ESQUIRE
            KELLEY, DRYE & WARREN, L.L.P.
10          Two Stamford Plaza
            281 Tresser Boulevard
11          Stamford, Connecticut  06901-3229
            (203) 351-8013
12
    FOR THE ROSKAMP INSTITUTE AND TIKVAH THERAPEUTICS, INC.,
13  amicus curiae:

14          RICHARD C. PETTUS, ESQUIRE
            KING & SPALDING, L.L.P. (NEW YORK)
15          1185 Avenue of the Americas
            New York, NY  10036-4003
16          (212) 556-2130

17  OFFICIAL COURT REPORTER:

18          RHONDA F. MONTGOMERY, RPR, CCR
            Albert V. Bryan United States Courthouse
19          401 Courthouse Square
            Alexandria, Virginia  22314
20          (703) 299-4599

21

22

23

24

25
```

1  until the Court has enough time in its judgment to
2  issue a more full decision.  So it can be either way,
3  Your Honor, a temporary restraining order today until
4  you issue a preliminary injunction order or right to a
5  preliminary injunction today.
6     And it's just a preliminary injunction until we
7  get to the merits.  And as we said in our papers, we're
8  happy to get on this briefing schedule that you've
9  already put in place for the *Tafas* case and have this
10 argued on the merits in December.  We think we can get
11 that done.  Most of the work has been done in the
12 preliminary injunction papers.
13     So we're only asking -- if you think about what
14 we're asking for, we're only asking for, you know, a
15 month and a half, to stop these new rules from going
16 into effect for a month and a half.  It's not a tall
17 order.  We asked the PTO to agree to it voluntarily,
18 but they insist on implementing the rules tomorrow.
19     It's important to keep in mind tomorrow.  There's
20 nothing special about tomorrow.  That's just the date
21 that the PTO picked.  They just decided, okay, let's do
22 it November 1.  There's nothing magical about that.
23     THE COURT:  They say they've spent 25,000 hours
24 training people and they've got their computers geared
25 up for it and what have you and it's going to be

1  to make decisions. They're going to be canceling
2  claims. They're going to be filing continuations.
3  They're going to be asking for restriction
4  requirements. They're going to do all the things
5  patent lawyers do with their clients' patent
6  applications. You can't undo those decisions.
7       That's why rushing to implement these rules
8  tomorrow makes absolutely no sense from the point of
9  view of where we are today. Because if we don't get
10 the injunction today and the rules go into effect, we
11 can't undo it. So the *status quo* will be changed
12 forever, the harm will be irreparable, and there will
13 be no way to unscramble the mess that we make in the
14 Patent Office. If we then win on the merits in
15 December, the rights that will be lost by all of the
16 applicants for these pending applications will be lost
17 forever and will not be able to be fixed.
18      On the contrary, if you give us the temporary
19 restraining order or the preliminary injunction, we're
20 asking for a very short period of time. We'll resolve
21 the merits of this case on whatever schedule Your Honor
22 wants to set. We're happy to do it on the current
23 schedule, which is December.
24      That's really what the public interest is in this
25 case. How do we know that more than just me saying it

1  unfortunately, Your Honor, or fortunately that is not a
2  good enough reason.
3      It's plaintiffs who have backed the Court up
4  against this date. It's not the government. As I
5  explained in trying to elucidate what happened, we
6  would not have had time to respond. We had no choice
7  but to ask for the amount of time we were entitled to
8  brief this topic.
9      Finally, as to the question of the briefing
10 schedule, there is or perhaps I should say was a
11 briefing schedule in the Tafas complaint. I say was
12 because Tafas unexpectedly jumped back into the fray
13 yesterday despite an agreement that plaintiffs were not
14 going to prosecute a preliminary injunction motion. So
15 our position simply is that the summary judgment
16 briefing schedule that the parties had agreed to is off
17 the table at this point.
18     In addition, even if it were still on the table,
19 even if the Court didn't perceive what Tafas had done
20 as a violation of the stipulation, that briefing
21 schedule is not adequate to accommodate the very
22 important interest that the PTO would have. As the
23 Court is aware, there are at least five *amici* who have
24 already expressed interest. Who knows how many more
25 will come in at the summary judgment stage?

1           When we negotiated with Tafas, that was an
2   arm's-length negotiation with one plaintiff.  With all
3   due respect to Mr. Tafas, he's a single inventor.  He's
4   not a billion dollar company like GSK.  So that
5   briefing schedule simply does not give the government
6   the time that it needs to respond.
7           THE COURT:  Very well.
8           MS. WETZLER:  Thank you, Your Honor.  For all of
9   those reasons, the Court should deny the preliminary
10  injunction.
11          THE COURT:  The Manbeck affidavit, I'll take
12  counsel's argument on that.
13          MR. DESMARAIS:  Should I respond?
14          THE COURT:  I'll let you respond after hearing the
15  argument on striking the Manbeck affidavit.
16          MR. PRICE:  Andrew Price of the U.S. Attorney's
17  Office, Your Honor.  Very briefly, the Manbeck
18  declaration simply does not comport with very
19  well-settled propositions that lawyers are not to
20  testify as experts on questions of law, particularly
21  the questions of law that the Court is required to
22  resolve on its own.
23          THE COURT:  You want the whole affidavit stricken,
24  or is there certain portions of it, Mr. Price?
25          MR. PRICE:  Your Honor, there's about four or five

1         (Recess from 11:32 a.m., until 11:49 a.m.)
2         THE COURT:  I've considered the arguments and the
3    briefs, which are very good in this case.  I compliment
4    counsel for their skill in the arguments as well as
5    their briefs.  After carefully considering the
6    arguments and the briefs, the Court is going to grant a
7    preliminary injunction at this time.  I'll file an
8    opinion and order by close of business this afternoon.
9    I need time to get the opinion going.
10        Question:  Is there any bond necessity in this
11   case or not, Ms. Wetzler?
12        MS. WETZLER:  Your Honor, I don't believe we would
13   ask for that.
14        THE COURT:  Then the question is the schedule.
15   You indicated there was some problem with the schedule
16   as to when you want to argue this and whatever.
17        MS. WETZLER:  Your Honor, in light of the Court
18   granting the preliminary injunction, I think that some
19   of the issues that I alluded to may be less pertinent.
20   In the *Tafas* briefing schedule, even if the Court were
21   to believe that were still in place, there was a
22   recognition that if the Court granted the preliminary
23   injunction, the parties would potentially renegotiate
24   the briefing schedule because there would be somewhat
25   less urgency on the part of the plaintiffs.  Certainly,

1  the PTO would like these rules to go into effect as
2  quickly as possible. However, we do recognize that
3  given the array of folks lined up against us, we do
4  want adequate time to brief the issue.
5      THE COURT: Very well. I'll let you all try to
6  work that out. If you can't, then come see myself or a
7  magistrate judge. Anyhow, thank you. I'll recess then
8  until tomorrow morning.

---

Time: 11:51 a.m.

I certify that the foregoing is a true and accurate transcription of my stenographic notes.

Rhonda F. Montgomery, RPR, CCR