# Defendants' Exhibit 4

**Wetzler, Lauren**

| | |
|---|---|
| **From:** | Nealon, James [JNealon@KelleyDrye.com] |
| **Sent:** | Tuesday, November 06, 2007 11:18 AM |
| **To:** | Wetzler, Lauren; cmizzo@kirkland.com |
| **Cc:** | Price, Andrew (USAVAE); jdesmarais@kirkland.com; Moore, Steven J. |
| **Subject:** | Re: Proposed Summary Judgment Briefing Schedule |

(#4)

Lauren:

Sorry I have been a bit out of pocket due to some other commitments and apologize for weighing in late and will do so early afternoon.

I think the proposed schedule is a sensible and fair one even if there were to be no discovery so I don't think the discovery should be an enormous factor in how we ultimately proceed. Certainly no one wants to be briefing like crazy over holidays and I assume the plaintiffs side has some flex in the dates we proposed. Of course, no one is suggesting either that by agreeing to the rough timetable we laid out this would somehow be deemed a consent by PTO to discovery.

Even without discovery the record is exceptionally voluminous and dense and absent an exigency no longer present due to the injunction I think we need to build in sufficient time.

We should be able to work this out.

Jim

--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)


----- Original Message -----
From: Wetzler, Lauren <Lauren.Wetzler@usdoj.gov>
To: Christopher Mizzo <cmizzo@kirkland.com>
Cc: Price, Andrew (USAVAE) <Andrew.Price@usdoj.gov>; John Desmarais <jdesmarais@kirkland.com>; Nealon, James; Moore, Steven J.
Sent: Tue Nov 06 10:24:24 2007
Subject: RE: Proposed Summary Judgment Briefing Schedule

Chris,

(#3)

Thank you for your e-mail. In the interest of a good faith "meet and confer," there are several issues that we believe need further discussion so that we may better understand your position on the briefing schedule.

First, it would be useful if you would please identify the ways in which you believe the "record is incomplete." As I'm sure you are aware, simply saying that the "record is incomplete" is insufficient to justify discovery in an APA case, where judicial review is ordinarily confined to the administrative record. If there are certain documents that you believe should have been included in the record and were not, or certain aspects of the agency's decision-making that you think are not captured in the 127-page Federal Register notice or the nearly 10,000-page record, we are willing to investigate to determine whether anything was inadvertently omitted from the record. If you all are unwilling even to identify what types of information you believe is missing, however, you cannot seriously expect us to sign on to a consent order that would give broad-ranging discovery.

Further, if your sole reason for wanting to engage in simultaneous briefing is to avoid having one party briefing over the holidays, we can certainly discuss ways to adjust due dates that would avoid that problem, for example by giving you all more in time January to respond. We are not in favor of simultaneous briefing. First, it tends to cause the parties to talk passed each other rather than joining the issues. Second, it burdens the court with six briefs, when four would be sufficient. Please advise whether there is some reason –

1

other than the avoidable issue of briefing over the holidays – that you wish to pursue simultaneous briefing.

Finally, please explain why you believe that our summary judgment motion should not be allowed to stand in for an answer.

We are having a difficult time understanding your counter-proposal when you previously asked the court to grant your preliminary injunction motion and enter a briefing schedule that would have you file a summary judgment motion on October 29 – without engaging in discovery, without simultaneous briefing, and without receiving an answer. We need your assistance in understanding this about-face. We are certainly willing to explain our position to you if that would advance the discussion.

Thanks,

Lauren


Lauren A. Wetzler

Assistant United States Attorney

Justin W. Williams United States Attorney's Building

2100 Jamieson Ave.

Alexandria, VA 22314

Tel: (703) 299-3752

Fax: (703) 299-3983

lauren.wetzler@usdoj.gov


From: Christopher Mizzo [mailto:cmizzo@kirkland.com]
Sent: Monday, November 05, 2007 7:34 PM
To: Wetzler, Lauren
Cc: Price, Andrew (USAVAE); John Desmarais; jnealon@kelleydrye.com; smoore@kelleydrye.com
Subject: RE: Proposed Summary Judgment Briefing Schedule

(# 2)

Lauren,

We believe the record is incomplete and, thus, we need discovery. In fact, Tafas filed four notices of deposition today for the month of December. Although GSK takes no position at this time on the propriety of that initial discovery, it shows that both Tafas and GSK will be seeking discovery to flesh out the record. By copying Jim Nealon, counsel for Tafas, on this message, I ask him to supplement, if necessary, the reason we have given for believing a discovery period needs to be built into the schedule at the outset.

Further, although we appreciate your perspective, it is premature for us to identify the additional discovery we will seek. Nonetheless, the two and a half months to resolve discovery-related issues and seek discovery we request is a short period of time and includes the due dates for Defendants' answers to the Plaintiffs' amended complaints and the filing of motions for summary judgment. Thus, we believe the schedule is reasonable. Further, the simultaneous briefing schedule is more appropriate because it gives both sides a fair

2

amount of time to submit opposition and rebuttal briefs without unnecessarily intruding on the holidays.

Best regards,
Chris


"Wetzler, Lauren" <Lauren.Wetzler@usdoj.gov>

11/05/2007 06:22 PM

   To

   "Christopher Mizzo" <cmizzo@kirkland.com>

   cc

   "John Desmarais" <jdesmarais@kirkland.com>, <jnealon@kelleydrye.com>, <smoore@kelleydrye.com>, "Price, Andrew \(USAVAE\)" <Andrew.Price@usdoj.gov>

   Subject

   RE: Proposed Summary Judgment Briefing Schedule




Chris,

We need some time to consider your counter-proposal. Not surprisingly, the proposed three month discovery period raises immediate concerns. If we had a better understanding of why you and Tafas counsel believe discovery is needed in this record review case and what discovery you might be seeking, we could more seriously entertain the counter-proposal. Without that information, it is difficult even to assess it.

Lauren

Lauren A. Wetzler
Assistant United States Attorney
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
lauren.wetzler@usdoj.gov

From: Christopher Mizzo [mailto:cmizzo@kirkland.com]
Sent: Monday, November 05, 2007 4:24 PM
To: Wetzler, Lauren
Cc: John Desmarais; jnealon@kelleydrye.com; smoore@kelleydrye.com
Subject: RE: Proposed Summary Judgment Briefing Schedule

3

Lauren,

Yes, Tafas agrees with the schedule that I sent to you.

Best regards,
Chris

"Wetzler, Lauren" <Lauren.Wetzler@usdoj.gov>

11/05/2007 04:20 PM

To

"Christopher Mizzo" <cmizzo@kirkland.com>

cc

"John Desmarais" <jdesmarais@kirkland.com>, <jnealon@kelleydrye.com>, <smoore@kelleydrye.com>

Subject

RE: Proposed Summary Judgment Briefing Schedule

Chris,

Please advise whether what you sent was created in conjunction with Tafas, or whether it reflects only GSK's views.

Thanks,
Lauren

Lauren A. Wetzler
Assistant United States Attorney
Justin W. Williams United States Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3752
Fax: (703) 299-3983
lauren.wetzler@usdoj.gov

From: Christopher Mizzo [mailto:cmizzo@kirkland.com]
Sent: Monday, November 05, 2007 3:55 PM
To: Wetzler, Lauren
Cc: John Desmarais; jnealon@kelleydrye.com; smoore@kelleydrye.com

4

Subject: Proposed Summary Judgment Briefing Schedule

Dear Lauren,

Thank you for sending us your proposed schedule on Friday. After considering your proposed schedule, however, we believe a simultaneous briefing schedule that gives all parties sufficient time to submit their papers would be more appropriate. Further, we believe the schedule should account for the Defendants' answers to the Plaintiffs' amended complaints, as well as allow for a discovery period (without requiring Defendants to take a position on the propriety of that discovery at this time).

In that regard, attached please find our proposed summary judgment briefing schedule.

Please let us know if you have any questions.

Best regards,
Chris

****************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
****************************************************************

5