# EXHIBIT A

Dockets.Justia.com

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
 2                     ALEXANDRIA DIVISION

 3   SMITHKLINE BEECHAM           .  Case 1:07-cv-01008
     CORPORATION, d/b/a           .
 4   GLAXOSMITHKLINE, et al.      .
                                  .
 5           Plaintiffs,           .
                                  .
 6       vs.                      .  Alexandria, Virginia
                                  .  October 31, 2007
 7   JON W. DUDAS, et al.         .  10:01 a.m.
                                  .
 8           Defendants.          .
     . . . . . . . . . . . . . .  .  Pages 1 - 78
 9

10              TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE JAMES C. CACHERIS
11            UNITED STATES DISTRICT COURT JUDGE

12
                         COPY
13

14

...

25      COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

1  until the Court has enough time in its judgment to
2  issue a more full decision.  So it can be either way,
3  Your Honor, a temporary restraining order today until
4  you issue a preliminary injunction order or right to a
5  preliminary injunction today.
6       And it's just a preliminary injunction until we
7  get to the merits.  And as we said in our papers, we're
8  happy to get on this briefing schedule that you've
9  already put in place for the *Tafas* case and have this
10 argued on the merits in December.  We think we can get
11 that done.  Most of the work has been done in the
12 preliminary injunction papers.
13      So we're only asking -- if you think about what
14 we're asking for, we're only asking for, you know, a
15 month and a half, to stop these new rules from going
16 into effect for a month and a half.  It's not a tall
17 order.  We asked the PTO to agree to it voluntarily,
18 but they insist on implementing the rules tomorrow.
19      It's important to keep in mind tomorrow.  There's
20 nothing special about tomorrow.  That's just the date
21 that the PTO picked.  They just decided, okay, let's do
22 it November 1.  There's nothing magical about that.
23      THE COURT:  They say they've spent 25,000 hours
24 training people and they've got their computers geared
25 up for it and what have you and it's going to be

1  unfortunately, Your Honor, or fortunately that is not a
2  good enough reason.
3      It's plaintiffs who have backed the Court up
4  against this date. It's not the government. As I
5  explained in trying to elucidate what happened, we
6  would not have had time to respond. We had no choice
7  but to ask for the amount of time we were entitled to
8  brief this topic.
9      Finally, as to the question of the briefing
10 schedule, there is or perhaps I should say was a
11 briefing schedule in the Tafas complaint. I say was
12 because Tafas unexpectedly jumped back into the fray
13 yesterday despite an agreement that plaintiffs were not
14 going to prosecute a preliminary injunction motion. So
15 our position simply is that the summary judgment
16 briefing schedule that the parties had agreed to is off
17 the table at this point.
18     In addition, even if it were still on the table,
19 even if the Court didn't perceive what Tafas had done
20 as a violation of the stipulation, that briefing
21 schedule is not adequate to accommodate the very
22 important interest that the PTO would have. As the
23 Court is aware, there are at least five *amici* who have
24 already expressed interest. Who knows how many more
25 will come in at the summary judgment stage?

```
 1          (Recess from 11:32 a.m., until 11:49 a.m.)
 2          THE COURT:  I've considered the arguments and the
 3   briefs, which are very good in this case.  I compliment
 4   counsel for their skill in the arguments as well as
 5   their briefs.  After carefully considering the
 6   arguments and the briefs, the Court is going to grant a
 7   preliminary injunction at this time.  I'll file an
 8   opinion and order by close of business this afternoon.
 9   I need time to get the opinion going.
10          Question:  Is there any bond necessity in this
11   case or not, Ms. Wetzler?
12          MS. WETZLER:  Your Honor, I don't believe we would
13   ask for that.
14          THE COURT:  Then the question is the schedule.
15   You indicated there was some problem with the schedule
16   as to when you want to argue this and whatever.
17          MS. WETZLER:  Your Honor, in light of the Court
18   granting the preliminary injunction, I think that some
19   of the issues that I alluded to may be less pertinent.
20   In the Tafas briefing schedule, even if the Court were
21   to believe that were still in place, there was a
22   recognition that if the Court granted the preliminary
23   injunction, the parties would potentially renegotiate
24   the briefing schedule because there would be somewhat
25   less urgency on the part of the plaintiffs.  Certainly,
```

```
```

1  the PTO would like these rules to go into effect as
2  quickly as possible. However, we do recognize that
3  given the array of folks lined up against us, we do
4  want adequate time to brief the issue.
5      THE COURT: Very well. I'll let you all try to
6  work that out. If you can't, then come see myself or a
7  magistrate judge. Anyhow, thank you. I'll recess then
8  until tomorrow morning.
9              ------------------------------------
                Time:   11:51 a.m.

         I certify that the foregoing is a true and
accurate transcription of my stenographic notes.

                              _____
                              Rhonda F. Montgomery, RPR, CCR