# EXHIBIT D



**GlaxoSmithKline**
709 Swedeland Road
P.O. Box 1539
King of Prussia, PA
19406-0939

Tel. 610 270 4800
Fax. 610 270 7777
www.gsk.com

November 8, 2007

**VIA HAND DELIVERY & E-MAIL**

Robert Fawcett
USPTO FOIA Officer
United States Patent and Trademark Office
Madison Building East
600 Dulany Street
Alexandria, VA 22314

    Re:    Freedom of Information Act Request -- Materials Relating to
            October 19, 2006 Commissioner Doll Statement

Dear Officer Fawcett:

In a panel discussion at the American Intellectual Property Law Association ("AIPLA") annual meeting on October 19, 2006, U.S. Patent and Trademark Office ("USPTO") Commissioner for Patents John J. Doll stated that the USPTO had evaluated the agency's chance of success in litigation challenging its rulemaking authority to make the proposed rules changes to continuation practice, 71 Fed. Reg. 48 (Jan. 3, 2006), and practice for examination of claims, 71 Fed. Reg. 61 (Jan. 3, 2006) (collectively "Proposed Rules"). Mr. Doll stated that a lawsuit challenging the USPTO rulemaking authority was highly likely and that the agency had a 50/50 chance of prevailing.

Under the Freedom of Information Act, 5 U.S.C. § 552, I am requesting copies of all documents on which Mr. Doll relied to make those public statements, including any embodiments of his personal assessment of the defensibility of the Proposed Rules.

This Freedom of Information Act request (and specifically its short-hand use of the term "documents") includes, and is not limited to, any memoranda, reports, papers, notes, summaries, case law, emails, voicemails, or other communications, presentations, audio/videotapes, or briefings. This request includes any documents or materials in the possession of the USPTO, the U.S. Department of Commerce, or both.

Robert Fawcett
November 8, 2007
Page 2

We are aware that on November 16, 2006, the law firm of Birch, Stewart, Kolasch & Birch LLP (with which the undersigned requester is not affiliated) filed a very similar request to the one we advance here for "all documents on which Mr. Doll relied to make [the AIPLA annual meeting] statement." We recognize that on December 20, 2006, you denied that request based on FOIA Exemption 5. In the letter providing the grounds for that decision (attached), you neglected, however, to explain why Exemption 5 was not waived based on Commissioner Doll's voluntary disclosure of a portion of the legal or other advice he had received about the defensibility of the Proposed Rules. We respectfully request that in any decision you issue on this FOIA request, you explain the basis (if necessary) for concluding that waiver does not apply.

Since this FOIA request is very similar to the previous request already searched by the USPTO, there would be no rational basis for the USPTO to claim the need to use all of the usual 20-day period in which to respond.[1] Also, since the request relates to documents underlying (i.e., preceding in time) Commissioner Doll's statement, there is no need to perform additional searches for documents that may have been generated since December 20, 2006, when the Birch, Stewart law firm request was denied. Therefore, in light of the previous denial that the USPTO issued concerning the very same material as requested by the Birch, Stewart law firm, **we will deem a failure to respond to this letter on or before November 14, 2007 by providing the documents requested or otherwise issuing a decision on the matter (including the failure to address the issue of waiving Exemption 5's applicability) to constitute a denial of this FOIA request.**

We pledge in advance to reimburse the USPTO for any fees involved in responding to this modest request that the USPTO has previously described as involving approximately 25 pages of materials.

If this request is denied in whole or part, we ask that you provide a *Vaughn* index of withheld documents by (1) identifying each document withheld; (2) stating the statutory exemption claimed; and (3) explaining how disclosure would damage the interests protected by the claimed exemption. *See, e.g., Kimberlin v. DOJ*, 139 F.3d 944, 949-50 (D.C. Cir. 1998). Please also specifically indicate whether any documents involve Commissioner Doll's own, individual assessment of the defensibility of the Proposed Rules. Please notify me of appeal procedures available under the law. If you have any questions about handling this request, you may

---

[1] The USPTO's prior search found less than 25 pages of records related to the FOIA request. Further, 15 C.F.R. § 4.3 and 37 C.F.R. § 102.3 require that the FOIA Officer preserve copies of all requested records. Therefore, the number of pages involved and the amount of work and/or time needed to process the present FOIA request should be very minimal.

Robert Fawcett
November 8, 2007
Page 3

telephone me at (610) 270-5484. This request should not be combined with any other FOIA requests that the undersigned may in the future file with the USPTO that would or may have the effect of delaying the response on this expedited FOIA request.

Sincerely,

Mark Rachlin
Senior Patent Counsel
GlaxoSmithKline

Encs.



# BIRCH, STEWART, KOLASCH & BIRCH, LLP
### INTELLECTUAL PROPERTY LAW

8110 GATEHOUSE ROAD
SUITE 100 EAST
FALLS CHURCH, VA 22042-1248
USA

(703) 205-8000
FAX: (703) 205-8050
(703) 698-8590 (G IV)

e-mail: mailroom@bskb.com
web: http://www.bskb.com

CALIFORNIA OFFICE:
SAN DIEGO, CALIFORNIA

FOIA
lo C20E

07-052

2006 NOV 21  AM 10: 56
U.S. PATENT AND TRADEMARK OFFICE
OFFICE OF THE GENERAL COUNSEL

November 16, 2006

USPTO FOIA Officer
United States Patent and Trademark Office
PO Box 1450
Alexandria, Va. 22313-1450

Re: Request for information under the Freedom of Information Act

In a recent talk at the AIPLA annual meeting in October 2006, Commissioner for Patents John Doll stated that the USPTO had evaluated chances of success if the USPTO rule making authority was challenged in connection with the proposed rules changes regarding changes to continuation practice, 71 Fed. Reg. 48, and changes to the practice for examination of claims, 71 fed. Reg. 61. He stated that the odds were 50-50 that the USPTO would prevail in such a challenge. This request is for all documents on which Mr. Doll relied to make this statement.

This request in made under the Freedom of Information Act (FOIA) for any and all documents relating to the legal analysis that the USPTO or its contractors or consultants has conducted with respect to the USPTO rulemaking authority to make the changes proposed in 71 Fed. Reg. 48 and 71 Fed. Reg. 61. This request for documents includes any memos, reports, papers, emails, presentations, case law or any other type of information on the legal basis of the rule making authority, analysis of the law, legal research, and position of the USPTO with respect to this authority question. This request also includes any information that Mr. Doll has based his statement and prediction on.

MAIL ADDRESS: P.O. BOX 747, FALLS CHURCH, VIRGINIA, USA 22040-0747

USPTO FOIA Officer
November 16, 2006
Page Two

We await your reply.

Very truly your,

BIRCH, STEWART, KOLASCH & BIRCH, LLP

James M. Slattery



# UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF THE GENERAL COUNSEL

Dear Sir/Madam:

Your Freedom of Information Act (FOIA) request was received by the Freedom of Information Officer (FOIA) on **11/21/06**.

Your request has been docketed as "**FOIA/PA Request No. 07-052.** Any further inquiries regarding your request should include that number. A copy of your request is attached for reference.

In the event your original request was incorrectly addressed, please address all inquiries regarding your request to:

    FREEDOM OF INFORMATION ACT (FOIA) OFFICER
    United States Patent and Trademark Office
    P.O. Box 1450
    Alexandria, VA 22313-1450

Sincerely,

Robert Fawcett
FOIA Officer



## UNITED STATES PATENT AND TRADEMARK OFFICE

GENERAL COUNSEL

DEC 20 2006

Mr. James M. Slattery
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Road
Suite 100 East
Falls Church, VA 22042-1248

    Re: Freedom of Information Act (FOIA) Request No. 07-052

Dear Mr. Slattery:

This is in response to your e-mail of November 16, 2006, in which you requested, under the Freedom of Information Act, 5 U.S.C. § 552, a copy of:

"(1)    all documents on which Mr. Doll relied to make [the] statement [that the USPTO had evaluated chances of success if the UPSTO rule making authority was challenged in connection with the proposed rules changes regarding changes to continuation practice, 71 Fed. Reg. 48, and changes to the practice for examination of claims, 71 Fed. Reg. 61]; and

(2)    any and all documents relating to the legal analysis that the USPTO or its contractors or consultants has conducted with respect to the USPTO rulemaking authority to make the changes proposed in 71 Fed. Reg. 48 and 71 Fed. Reg. 61. This request for documents includes any memos, reports, papers, e-mails, presentations, case law or any other type of information on the legal basis of the rule making authority, analysis of law, legal research, and position of the UPSTO with respect to this authority question."

The United States Patent and Trademark Office identified 25 pages of records responsive to your request. However, they are withheld in their entirety pursuant to Exemption 5 of the FOIA.

Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), protects an agency's deliberative process privilege. Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993). The privilege applies to documents which reflect "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975), quoting Carl Zeiss Stiftung & Co. v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C. 1966).

Here, the withheld document is an inter-agency communications containing the recommendations and opinions regarding proposed agency actions, i.e., "antecedent to the

adoption of an agency position" Jordan v. Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc), and deliberative, i.e., "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). The withheld information consists of internal discussions regarding proposed Agency actions. The pages withheld in their entirety constitute internal attorney-client communication from the Agency General Counsel concerning the matter described in your request. Also withheld was a draft communication prepared by an Agency Solicitor for the purpose of providing legal advice the Under Secretary and Director on the above matter. None of the withheld pages contain segregable facts. Disclosure of the intrinsic facts would expose most or all of the opinions contained therein. Draft documents are not appropriate for disclosure through the FOIA.

Predecisional, deliberative documents "are at the heart of Exemption 5, and sanctioning release of such material would almost certainly have *a chilling effect* on candid expression of views by subordinates [within an agency]." Schell v. Dep't of HHS, 843 F.2d 933, 942 (6th Cir. 1988) (emphasis added). In particular, disclosure of documents reflecting the positions discussed, but not ultimately adopted as agency decisions are deliberative, and thus exempt from disclosure. Fulbright & Jaworski v. Dep't of the Treasury, 545 F. Supp. 615, 621 (D.D.C. 1982).

The Exemption 5 withholding determination constitutes a denial of your request for records under the FOIA. The undersigned is the denying official. You have the right to appeal this initial decision to the Deputy General Counsel, United States Patent and Trademark Office, P.O Box 1450, Alexandria, VA 22313-1450. An appeal must be received within 30 calendar days from the date of this letter. See 37 C.F.R. § 102.10(a). The appeal must be in writing. You must include a copy of your original request, this letter, and a statement of the reasons why the information should be made available and why this initial denial is in error. Both the letter and the envelope must be clearly marked "Freedom of Information Appeal."

Sincerely,

Robert Fawcett
FOIA Officer