# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| TRIANTAFYLLOS TAFAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07cv846(L) (JCC/TRJ) |
| ) | |
| JON W. DUDAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CONSOLIDATED WITH

| | |
|---|---|
| SMITHKLINE BEECHAM ) | |
| CORPORATION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:07cv1008 (JCC/TRJ) |
| v. ) | |
| ) | |
| JON W. DUDAS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF TRIANTAFYLLOS TAFAS'S OBJECTION TO DEFENDANTS' WITHDRAWAL OF ITS PARTIAL MOTION TO DISMISS BEING WITHOUT PREJUDICE

Citing absolutely no legal authority, Plaintiff Triantafyllos Tafas has filed an "Objection to Defendants' Withdrawal of Its Partial Motion to Dismiss Being Without Prejudice," Dkt. No. 58, complaining that he will suffer "burden and expense" if he is required to respond at the summary judgment stage to the arguments raised in Defendant Jon Dudas and the United States Patent and Trademark Office's (the "USPTO's") withdrawn Partial Motion to Dismiss. Objection, p. 2. Dr. Tafas's objection is plainly without merit and must be overruled.

Dr. Tafas's argument that "[i]t would be unfair for Defendants to put Dr. Tafas through another expensive process of briefing the issues raised in the withdrawn Partial Motion to dismiss given that Dr. Tafas has been through at [sic] expensive process already" defies logic. Id. Given that Dr. Tafas's lawyers have already briefed the arguments at the motion to dismiss stage, Dr. Tafas would incur no further burden or expense from his lawyers "cutting and pasting" those same arguments into a summary judgment brief. Dr. Tafas simply will not be prejudiced by the USPTO's withdrawal of its motion.

In any event, the USPTO cannot be barred from later raising again its jurisdictional challenges to standing and ripeness. See Def. Partial Motion to Dismiss, Dkt. Nos. 17, 18. It is firmly established that arguments concerning lack of subject matter jurisdiction cannot be waived and may be raised by a party or the court itself at any stage of proceedings. United States v. Cotton, 535 U.S. 625, 630 (2002) ("Subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."); Fed. R. Civ. P. 12(h)(3). Moreover, as Dr. Tafas himself observed in "Plaintiffs' Memorandum in Opposition to Defendants' Partial Motion to Dismiss," Dkt. No. 31, a different amount of evidentiary proof is required to establish standing at the motion to dismiss and motion for summary judgment stages. Id. at 4 (citing Bennett v. Spear, 520 U.S. 154, 168 (1997); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Thus, even assuming arguendo that Dr. Tafas sufficiently established standing at the motion to dismiss stage by responding to the USPTO's Partial Motion to Dismiss with a declaration that addressed some of the jurisdictional defects in his amended complaint, see Dkt. No. 31-2, the USPTO would still be allowed to challenge whether he had met his burden to establish standing at the summary judgment stage. See, e.g., Mgmt. Ass'n for Private Photogrammetric Surveyors v. United States, 492 F. Supp. 2d 540, 542 (E.D. Va. 2007) (granting

summary judgment on grounds of lack of standing after denying motion to dismiss on standing grounds).

Even as to the non-jurisdictional arguments in the USPTO's Partial Motion to Dismiss, Dr. Tafas points to absolutely no authority suggesting that arguments made by a party but withdrawn before a Court rules on them may never be raised again. Such authority appears not to exist. In fact, even if this Court had ruled upon and rejected the merits of the USPTO's arguments, which it did not, the USPTO could still raise its arguments again at the summary judgment stage, albeit facing an uphill battle in convincing the Court to change course.

In the end, the USPTO's withdrawal of its Partial Motion to Dismiss reflects the sea-change that occurred in the posture of this case between the time the USPTO filed its Partial Motion to Dismiss on October 4, 2007 and when it withdrew its motion on November 5, 2007. In this one month span, the case went from a single suit by a solo inventor who agreed not to seek a preliminary injunction, to a consolidated suit involving the second largest pharmaceutical company in the world, which succeeded in having this Court preliminarily enjoin the USPTO's final rules concerning claims and continuations practice. See generally, SmithKline Beecham Corp. et al. v. Dudas, 1:07cv1008, Dkt. Nos. 1-65. In the face of this dramatic shift, as well as a nearly forty-page Memorandum Opinion by this Court setting out its preliminary views on the Final Rules, see 1:07cv1008, Dkt. No. 64, the USPTO cannot be faulted for wanting to reevaluate its arguments for dismissal before asking this Court to pass on them. There is simply no basis for preventing the USPTO from later raising any of its arguments at the summary judgment stage.

                        Respectfully submitted,

                        CHUCK ROSENBERG
                        UNITED STATES ATTORNEY


By:       /s/
                        LAUREN A. WETZLER
                        RALPH ANDREW PRICE JR.
                        R. JOSEPH SHER
                        Assistant United States Attorneys
                        Attorneys for All Defendants
                        Justin W. Williams U.S. Attorney's Building
                        2100 Jamieson Avenue
                        Alexandria, Virginia 22314
                        Tel: (703) 299-3752
                        Fax: (703) 299-3983
                        Lauren.Wetzler@usdoj.gov

OF COUNSEL:
James A. Toupin
General Counsel

Stephen Walsh
Acting Deputy General Counsel
   and Solicitor

William Covey
Deputy General Counsel

William G. Jenks
Janet A. Gongola
William LaMarca
Associate Solicitors

Jennifer M. McDowell
Associate Counsel

United States Patent and Trademark Office

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joseph Dale Wilson, III
Kelley Drye & Warren LLP
Washington Harbour
3050 K Street NW
Suite 400
Washington, DC 20007
Email: jwilson@kelleydrye.com

Joanna Elizabeth Baden-Mayer
Collier Shannon & Scott PLLC
3050 K St NW
Suite 400
Washington, DC 20007-5108
E-mail: jbaden-mayer@kelleydrye.com

*Counsel for Plaintiff Triantafyllos Tafas, 1:07cv846*

Elizabeth Marie Locke
Kirkland & Ellis LLP
655 15th St NW
Suite 1200
Washington, DC 20005
Email: elocke@kirkland.com

Craig Crandell Reilly
Richard McGettigan Reilly & West PC
1725 Duke St
Suite 600
Alexandria, VA 22314
Email: craig.reilly@rmrwlaw.com

Daniel Sean Trainor
Kirkland & Ellis LLP
655 15th St NW
Suite 1200
Washington, DC 20005
Email: dtrainor@kirkland.com

*Counsel for Plaintiffs SmithKline Beecham Corp. d/b/a GlaxoSmithKline, SmithKline Beecham PLC, and Glaxo Group Limited, d/b/a GlaxoSmithKline*

Thomas J. O'Brien
Morgan, Lewis & Bockius
1111 Pennsylvania Ave, NW
Washington, DC 20004
Email: to'brien@morganlewis.com

*Counsel for Amicus American Intellectual Property Lawyers Association*

Dawn-Marie Bey
Kilpatrick Stockton LLP
700 13th St NW
Suite 800
Washington, DC 20005
Email: dbey@kslaw.com

*Counsel for Amicus Hexas, LLC, The Roskamp Institute, Tikvah Therapeutics, Inc.*

James Murphy Dowd
Wilmer Cutler Pickering Hale & Dorr LLP
1455 Pennsylvania Ave NW
Washington, DC 20004
Email: james.dowd@wilmerhale.com


*Counsel for Putative Amicus Pharmaceutical Research and Manufacturers of America*

Randall Karl Miller
Arnold & Porter LLP
1600 Tysons Blvd
Suite 900
McLean, VA 22102
Email: randall_miller@aporter.com

*Counsel for Putative Amicus Biotechnology Industry Organization*

Rebecca M. Carr
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037
Rebecca.carr@pillsburylaw.com

Scott J. Pivnick

6

Pillsbury Winthrop Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4856
Scott.pivnick@pillsburylaw.com

*Counsel for Amicus Elan Pharmaceuticals, Inc.*

           /s/
LAUREN A. WETZLER
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
 2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3752
 Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov

*Counsel for All Defendants*