# EXHIBIT 3
# Page 2 of 3

Dockets.Justia.com

*Procedure*). Furthermore, the Court in *Bogese II* rejected the view that its previous case law (*e.g., Henriksen*) stood for the broad proposition that 35 U.S.C. 120 gave applicants *carte blanche* to prosecute continuing applications in any desired manner. *See Bogese II*, 303 F.3d at 1368 n.5, 64 USPQ2d at 1452 n.5.

35 U.S.C. 132(b) provides for the request for continued examination practice set forth in § 1.114. Unlike continuation application practice, the request for continued examination practice was recently added to title 35, U.S.C., in section 4403 of the American Inventors Protection Act of 1999. *See* Pub. L. 106–113, 113 Stat. 1501, 1501A–560 (1999). 35 U.S.C. 132(b) provides (*inter alia*) that the Office "shall prescribe regulations to provide for the continued examination of applications for patent at the request of the applicant." Nothing in 35 U.S.C. 132(b) or its legislative history suggests that the Office must or even should permit an applicant to file an unlimited number of requests for continued examination in an application. Therefore, the Office is proposing rules that allow applicants to file their first request for continued examination without any justification, but require applicants to justify the need for any further requests for continued examination in light of the past prosecution.

The Office appreciates that appropriate continued examination practice permits an applicant to obtain further examination and advance an application to final action. The current unrestricted continued examination practice, however, does not provide adequate incentives to assure that the exchanges between an applicant and the examiner during the examination process are efficient. The marginal value vis-a-vis the patent examination process as a whole of exchanges between an applicant and the examiner during the examination process tends to decrease after the first continued examination filing. The Office resources absorbed by the examination of a second or subsequent continued examination filing are diverted away from the examination of new applications, thus increasing the backlog of unexamined applications. Therefore, the Office is proposing to require that an applicant filing a second or subsequent continuing application or second or subsequent request for continued examination include a showing as to why the amendment, argument, or evidence could not have been previously submitted.

The Office also appreciates that applicants sometimes use continued

examination practice to obtain further examination rather than file an appeal to avoid the delays that historically have been associated with the appeal process. The Office, however, has taken major steps to eliminate such delays. The Board of Patent Appeals and Interferences (BPAI) has radically reduced the inventory of pending appeals from 9,201 at the close of fiscal year 1997 to 882 at the close of fiscal year 2005. The Office has also adopted an appeal conference program to review the rejections in applications in which an appeal brief has been filed to ensure that an appeal will not be forwarded to the BPAI for decision absent the concurrence of experienced examiners. *See Manual of Patent Examining Procedure* section 1208 (8th ed. 2001) (Rev. 3, August 2005) (MPEP). The Office is also in the process of adopting a pre-brief appeal conference program to permit an applicant to request that a panel of examiners review the rejections in his or her application prior to the filing of an appeal brief. *See New Pre-Appeal Brief Conference Program*, 1296 *Off. Gaz. Pat. Office* 67 (July 12, 2005). These programs provide for a relatively expeditious review of rejections in an application under appeal. Thus, for an applicant faced with a rejection that he or she feels is improper from a seemingly stubborn examiner, the appeal process offers a more effective resolution than seeking further examination before the examiner.

Efficient examination also requires that applicants share some of the burden of examination when they file multiple applications containing "conflicting" or patentably indistinct claims. The rules of practice currently provide that "[w]here two or more applications filed by the same applicant contain conflicting claims, elimination of such claims from all but one application may be required in the absence of good and sufficient reason for their retention during pendency in more than one application." *See* current § 1.78(b). The Office is proposing to revise this rule so that, when an applicant (or assignee) files multiple applications with the same effective filing date, a common inventor and overlapping disclosures, the Office will presume that the applications contain patentably indistinct claims. In such a situation, the applicant must either rebut this presumption by explaining to the satisfaction of the Director how the applications contain only patentably distinct claims, or submit the appropriate terminal disclaimers and explain to the satisfaction of the Director why two or more pending

applications containing "conflicting" or patentably indistinct claims should be maintained. The effect of this proposed rule will be to share the burden of examining multiple applications, with overlapping disclosure, a common inventor, and the same filing date, for double patenting.

Double patenting exists because a party (or parties to a joint research agreement under the Cooperative Research and Technology Enhancement Act of 2004 (CREATE Act), Public Law 108–453, 118 Stat. 3596 (2004)) has filed multiple patent applications containing patentably indistinct claims. The applicant (or the owner of the application) is in a far better position than the Office to determine whether there are one or more other applications or patents containing patentably indistinct claims. For this reason, where an applicant chooses to file multiple applications that are substantially the same, it will be the applicant's responsibility to assist the Office in resolving potential double patenting situations rather than taking no action until faced with a double patenting rejection.

Finally, the Office has a first action final rejection practice under which the first Office action in a continuing application may be made final under certain circumstances. See MPEP § 706.07(b). If the changes proposed in this notice are adopted, the Office will discontinue this practice as no longer necessary in continuing applications under 35 U.S.C. 120, 121, or 365(c) and in requests for continued examination under 35 U.S.C. 132(b). The Office, however, does not plan any change to the final action practice for the Office action following a submission under § 1.129(a). *See Changes to the Transitional Procedures for Limited Examination After Final Rejection in Certain Applications Filed Before June 8, 1995*, 70 FR 24005 (May 6, 2005), 1295 *Off. Gaz. Pat. Office* 22 (Jun. 7, 2005).

## Discussion of Specific Rules

Title 37 of the Code of Federal Regulations, Part 1, is proposed to be amended as follows:

*Section 1.78:* Section 1.78 is proposed to be reorganized as follows: (1) § 1.78(a) contains definitions of continuing application, continuation application, divisional application, and continuation-in-part application; (2) § 1.78(b) contains provisions relating to claims under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application; (3) § 1.78(c) contains provisions relating to delayed claims under 35 U.S.C. 119(e) for the benefit of

a prior-filed provisional application; (4) § 1.78(d) contains provisions relating to claims under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed nonprovisional or international application; (5) § 1.78(e) contains provisions relating to delayed claims under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed nonprovisional or international application; (6) § 1.78(f) contains provisions relating to applications naming at least one inventor in common and containing patentably indistinct claims; (7) § 1.78(g) contains provisions relating to applications or patents under reexamination naming different inventors and containing patentably indistinct claims; and (8) § 1.78(h) contains provisions pertaining to the treatment of parties to a joint research agreement under the CREATE Act.

Proposed 1.78(a)(1) defines a "continuing application" as a nonprovisional application or international application designating the United States of America that claims the benefit under 35 U.S.C. 120, 121, or 365(c) of a prior-filed nonprovisional application or international application designating the United States of America. Proposed 1.78(a)(1) further provides that an application that does not claim the benefit under 35 U.S.C. 120, 121, or 365(c) of a prior-filed application, is not a continuing application even if the application claims the benefit under 35 U.S.C. 119(e) of a provisional application, claims priority under 35 U.S.C. 119(a)–(d) or 365(b) to a foreign application, or claims priority under 35 U.S.C. 365(a) or (b) to an international application designating at least one country other than the United States of America. A continuing application must be one of a continuation application, a divisional application, or a continuation-in-part application. See MPEP § 201.11 ("To specify the relationship between the applications, applicant must specify whether the application is a continuation, divisional, or continuation-in-part of the prior application. Note that the terms are exclusive. An application cannot be, for example, both a continuation and a divisional or a continuation and a continuation-in-part of the same application.").

Proposed 1.78(a)(2) defines a "continuation application" as a continuing application as defined in § 1.78(a)(1) that discloses and claims only an invention or inventions that were disclosed in the prior-filed application. See MPEP § 201.07 (defines a continuation application as an application that discloses (or discloses

and claims) only subject matter that was disclosed in the prior-filed nonprovisional application).

Proposed § 1.78(a)(3) defines a "divisional application" as a continuing application as defined in § 1.78(a)(1) that discloses and claims only an invention or inventions that were disclosed and claimed in the prior-filed application, but were subject to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121 and not elected for examination in the prior-filed application. MPEP § 201.06 defines a divisional application as an application for an independent and distinct invention, which discloses and claims only subject matter that was disclosed in the prior-filed nonprovisional application. Proposed § 1.78(a)(3), however, limits a the definition of "divisional application" to an application that claims only an invention or inventions that were subject to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121 and not elected for examination in the prior-filed application. See 35 U.S.C. 121 ("[i]f two or more independent and distinct inventions are claimed in one application, the Director may require the application to be restricted to one of the inventions [and i]f the other invention is made the subject of a divisional application which complies with the requirements of [35 U.S.C.] 120 * * *").

Proposed § 1.78(a)(4) defines a "continuation-in-part application" as a continuing application as defined in § 1.78(a)(1) that discloses subject matter that was not disclosed in the prior-filed application. See MPEP § 201.08 (a continuation-in-part repeats some substantial portion or all of the earlier nonprovisional application and adds matter not disclosed in the prior-filed nonprovisional application).

Proposed § 1.78(b) contains provisions relating to claims under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application. 35 U.S.C. 119(e)(1) requires that a provisional application disclose the invention claimed in at least one claim of the later-filed application in the manner provided by 35 U.S.C. 112, ¶ 1, for the later-filed application to actually receive the benefit of the filing date of the provisional application. See New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co., 298 F.3d 1290, 1294, 63 USPQ2d 1843, 1846 (Fed. Cir. 2002) (for a nonprovisional application to actually receive the benefit of the filing date of the provisional application, "the

specification of the provisional [application] must 'contain a written description of the invention and the manner and process of making and using it, in such full, clear, concise, and exact terms,' 35 U.S.C. 112 ¶ 1, to enable an ordinarily skilled artisan to practice the invention claimed in the nonprovisional application"). Proposed § 1.78(b), however, does not also state (as does current § 1.78(a)(4)) that the provisional application discloses the invention claimed in at least one claim of the later-filed application in the manner provided by 35 U.S.C. 112, ¶ 1, because: (1) It is not necessary for the rules of practice to restate provisions of statute; and (2) the Office does not require or check for such a disclosure as a condition of permitting an application to claim the benefit of the filing date of a provisional application.

Proposed § 1.78(b) also provides that the nonprovisional application or international application designating the United States of America must be filed not later than twelve months after the date on which the provisional application was filed (35 U.S.C. 119(e)), and that this twelve-month period is subject to 35 U.S.C. 21(b) and 1.7(a) (proposed § 1.78(b)(1)). 35 U.S.C. 21(b) and § 1.7(a) provide that when the day, or the last day, for taking any action (e.g., filing a nonprovisional application within twelve months of the date on which the provisional application was filed) or paying any fee in the Office falls on Saturday, Sunday, or a Federal holiday within the District of Columbia, the action may be taken, or fee paid, on the next succeeding secular or business day. Proposed § 1.78(b) otherwise contains the provisions of current § 1.78(a)(4) and (a)(5) (with the changes in Provisions for Claiming the Benefit of a Provisional Application with a Non-English Specification and Other Miscellaneous Matters, 70 FR 56119 (Sept. 26, 2005), 1299 Off. Gaz. Pat. Office 142 (Oct. 25, 2005) (final rule)).

Proposed § 1.78(c) contains provisions relating to delayed claims under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application. Proposed § 1.78(c) contains the provisions of current § 1.78(a)(6).

Proposed § 1.78(d) contains provisions relating to claims under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed nonprovisional or international application.

Proposed § 1.78(d)(1) provides certain conditions under which an application may claim the benefit of a prior-filed nonprovisional application or international application designating the United States of America under 35 U.S.C. 120, 121, or 365(c) and § 1.78.

The Office will refuse to enter, or will delete if already present, any specific reference to a prior-filed application that is not permitted by § 1.78(d)(1) (*i.e.*, any claim for the benefit of a prior-filed nonprovisional application or international application designating the United States of America that does not meet one of the conditions specified in §§ 1.78(d)(1)(i) through 1.78(d)(1)(iii) and in which a petition under § 1.78(d)(1)(iv) either has not been filed or is not granted). If the claim for the benefit of a prior-filed nonprovisional application or international application designating the United States of America is not permitted by § 1.78(d)(1), the Office will refuse any benefit under 35 U.S.C. 120, 121, or 365(c) and § 1.78 of the prior-filed nonprovisional application or international application designating the United States of America during proceedings before the Office.

Proposed § 1.78(d)(1) provides that a nonprovisional application that is a continuation application as defined in § 1.78(a)(2) or a continuation-in-part application as defined in § 1.78(a)(4) may claim the benefit under 35 U.S.C. 120, 121, or 365(c) of only a single prior-filed application, if the benefit of such prior-filed application is not claimed in any other nonprovisional application other than a divisional application in compliance with § 1.78(d)(1)(ii), and no request for continued examination under § 1.114 has been filed in the prior-filed application (proposed § 1.78(d)(1)(i)). This provision will permit an applicant to continue prosecution of an application (other than a continuing application) via a continuation or continuation-in-part application as an alternative to a request for continued examination under § 1.114 (in the event that the prior-filed application is a design application, the applicant needs to add or claim subject matter not disclosed in the prior-filed application, or the applicant has other reasons for preferring a continuation or continuation-in-part application over a request for continued examination under § 1.114).

Proposed § 1.78(d)(1)(i) will also permit an applicant to continue prosecution of claims in a continuation-in-part application (via a "further" continuation or continuation-in-part application) that are directed solely to subject matter added in a "first" continuation-in-part application (provided that the "further" continuation or continuation-in-part application does not also claim the benefit of the prior-filed application relative to the "first" continuation-in-

part application). At least one claim of a later-filed application must be disclosed in the prior-filed application in the manner provided by 35 U.S.C. 112, ¶ 1, for the later-filed application to actually receive the benefit of the filing date of the prior-filed application (35 U.S.C. 120), and the term of any resulting patent will be measured under 35 U.S.C. 154(a)(2) from the filing date of the prior-filed application, even if the later-filed application never receives any benefit from the prior-filed application. *See Abbott Lab. v. Novopharm Ltd.*, 104 F.3d 1305, 1309, 41 USPQ2d 1535, 1537 (Fed. Cir. 1997). Thus, the Office is not proposing to require that such "further" continuation or continuation-in-part application contain a showing that all of the claims are directed solely to subject matter added in the "first" continuation-in-part application. Rather, proposed § 1.78(d)(1)(i) permits the "further" continuation or continuation-in-part application to claim the benefit of the first continuation-in-part application, but does not permit the "further" continuation or continuation-in-part application to also claim the benefit of the prior-filed initial application (the prior-filed application relative to the first continuation-in-part application). For example, consider an applicant who files: (1) An initial application, "A"; (2) a continuation-in-part application, "B," claiming the benefit of application A; and (3) a "further" continuation or continuation-in-part application "C," claiming the benefit of application B. Under proposed 1.78(d)(i), application C could not claim any benefit from application A (except as permitted under proposed § 1.78(d)(1)(iv)).

Proposed § 1.78(d)(1)(i) will also permit an applicant whose application (other than a continuing application) contains rejected claims and allowed claims to obtain a patent on the allowed claims and continue prosecution of the rejected or other claims in a continuation or continuation-in-part application.

Proposed § 1.78(d)(1) also provides that a nonprovisional application that is a divisional application as defined in § 1.78(a)(3) may claim the benefit under 35 U.S.C. 120, 121, or 365(c)) of only a single prior-filed application, if the prior-filed application was subject to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121, and the divisional application contains only claims directed to an invention or inventions that were identified in such requirement of unity of invention or for restriction but were not elected for examination in the prior-filed

application (proposed § 1.78(d)(1)(ii)). This will permit an applicant to obtain examination of claims that were withdrawn from consideration in the prior-filed application due to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121. Proposed § 1.78(d)(1)(ii) permits "involuntary" divisional applications (a continuing application filed as a result of a requirement of unity of invention under PCT Rule 13 or requirement for restriction under 35 U.S.C. 121 in the prior-filed application), but does not permit "voluntary divisional" applications (a continuing application not filed as a result of a requirement of unity of invention under PCT Rule 13 or requirement for restriction under 35 U.S.C. 121 in the prior-filed application).

Proposed § 1.78(d)(1) also provides that a nonprovisional application that is either a continuation application as defined in § 1.78(a)(2) or a continuation-in-part application as defined in § 1.78(a)(4) may claim the benefit under 35 U.S.C. 120, 121, or 365(c)) of only either a single divisional application in compliance with § 1.78(d)(1)(ii) and the prior-filed application whose benefit is claimed in such single divisional application, if no request for continued examination under § 1.114 has been filed in the prior-filed divisional application (proposed § 1.78(d)(1)(iii)). This provision will permit an applicant to continue prosecution of a divisional application via a single continuation application or continuation-in-part application as an alternative to a request for continued examination under § 1.114. Proposed § 1.78(d)(1)(iii), however, would not allow an applicant to file more than a single continuation application or continuation-in-part application of a divisional application as of right. Proposed § 1.78(d)(1)(iii) will also permit an applicant whose divisional application contains rejected claims and allowed claims to obtain a patent on the allowed claims, and continue prosecution of the rejected or other claims in a single continuation or continuation-in-part application.

Proposed § 1.78(d)(1) also provides that a continuing nonprovisional application that is filed to obtain consideration of an amendment, argument, or evidence that could not have been submitted during the prosecution of the prior-filed application may claim the benefit under 35 U.S.C. 120, 121, or 365(c) of such prior-filed application (proposed § 1.78(d)(1)(iv)). Proposed § 1.78(d)(1)(iv) specifically provides that such a continuing nonprovisional

application must have filed therein a petition accompanied by the fee set forth in § 1.17(f) and a showing to the satisfaction of the Director that the amendment, argument, or evidence could not have been submitted during the prosecution of the prior-filed application. This will permit an applicant to continue prosecution of an application via a continuing application to obtain consideration of an amendment, argument, or evidence that could not have been submitted during the prosecution of the prior-filed application. Applicants are permitted to submit any desired amendment, argument, or evidence after the first Office action in the prior-filed application, and are further permitted to file either a single continuation or continuation-in-part application (proposed §§ 1.78(d)(1)(i) and 1.78(d)(1)(iii)) or a single request for continued examination under § 1.114 to submit any desired amendment, argument, or evidence before or after the first Office action in the continuation or continuation-in-part application or request for continued examination under § 1.114. Since multiple opportunities are given to submit any desired amendment, argument, or evidence, that an amendment, argument, or evidence is refused entry because prosecution in the prior-filed application is again closed (after the filing of a continuation or continuation-in-part application (proposed §§ 1.78(d)(1)(i) and 1.78(d)(1)(iii)) or a request for continued examination under § 1.114) will not by itself be a sufficient reason to warrant the grant of a petition under § 1.78(d)(1)(iv). Rather, an applicant will be expected to demonstrate why the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the prior-filed application. Proposed § 1.78(d)(1)(iv) also sets forth the time period within which such a petition must be provided: (1) If the later-filed continuing application is an application filed under 35 U.S.C. 111(a), within four months from the actual filing date of the later-filed application; and (2) if the later-filed continuing application is a nonprovisional application which entered the national stage from an international application after compliance with 35 U.S.C. 371, within four months from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in the later-filed international application.

Proposed § 1.78(d) also provides that the Office will refuse to enter, or will delete if present, any specific reference to a prior-filed application that is not permitted by proposed § 1.78(d) (proposed § 1.78(d)(3)). If the claim for the benefit of a prior-filed nonprovisional application or international application designating the United States of America is not permitted by § 1.78(d)(1), the Office will refuse any benefit under 35 U.S.C. 120, 121, or 365(c) and § 1.78 of the prior-filed nonprovisional application or international application designating the United States of America during proceedings before the Office. Proposed § 1.78(d) also provides that the entry of or failure to delete a specific reference to a prior-filed application that is not permitted by § 1.78(d)(1) does not constitute a waiver of the provisions of § 1.78(d)(1). The grant of a petition under § 1.78(d)(1)(iv) or waiver of a requirement of § 1.78(d)(1) would be only by an explicit decision by the Office, and would not occur by implication due to the entry of or failure to delete a specific reference to a prior-filed application that is not permitted by § 1.78(d)(1).

Proposed § 1.78(d)(3) also includes the parenthetical "(i.e., whether the later-filed application is a continuation, divisional, or continuation-in-part of the prior-filed nonprovisional application or international application)" to clarify in the rules of practice what is meant by the requirement that an applicant identify (currently stated as indicate) the relationship of the applications. See MPEP § 201.11. Proposed § 1.78(d)(3) also provides that if an application is identified as a continuation-in-part application, the applicant must identify which claim or claims in the continuation-in-part application are disclosed in the manner provided by 35 U.S.C. 112, ¶ 1, in the prior-filed application. Any claim in the continuation-in-part application that is not identified as being disclosed in the manner provided by 35 U.S.C. 112, ¶ 1, in the prior-filed application will be treated as entitled only to the filing date of the continuation-in-part application.

Proposed § 1.78(d) also does not contain the provision that the prior-filed application disclose the invention claimed in at least one claim of the later-filed application in the manner provided by 35 U.S.C. 112, ¶ 1. It is necessary for the prior-filed application to disclose the invention claimed in at least one claim of the later-filed application in the manner provided by 35 U.S.C. 112, ¶ 1, for the later-filed application to actually receive the benefit of the filing date of the prior-filed application (35 U.S.C. 120), but the Office does not require such a disclosure as a condition of permitting

an application to claim the benefit of the filing date of a prior-filed application. See MPEP § 201.08 ("Unless the filing date of the earlier nonprovisional application is actually needed * * *, there is no need for the Office to make a determination as to whether the requirement of 35 U.S.C. 120, that the earlier nonprovisional application discloses the invention of the second application in the manner provided by 35 U.S.C. 112, ¶ 1, is met and whether a substantial portion of all of the earlier nonprovisional application is repeated in the second application in a continuation-in-part situation. Accordingly, an alleged continuation-in-part application should be permitted to claim the benefit of the filing date of an earlier nonprovisional application if the alleged continuation-in-part application complies with the * * * formal requirements of 35 U.S.C. 120.").

Proposed § 1.78(d) also provides that cross-references to applications for which a benefit is not claimed under title 35, United States Code, must be located in a separate paragraph from the references required by 35 U.S.C. 119(e) or 120 and § 1.78 to applications for which a benefit is claimed under 35 U.S.C. 119(e), 120, 121, or 365(c) (proposed § 1.78(d)(6)).

Proposed § 1.78(d) otherwise contains the provisions of current § 1.78(a)(1) and (a)(2).

Proposed § 1.78(e) contains provisions relating to delayed claims under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed nonprovisional or international application. Proposed § 1.78(e) provides that a petition to accept an unintentionally delayed claim under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed application will not be granted in an application in which a request for continued examination under § 1.114 has been filed. Proposed § 1.114(f) does not permit a request for continued examination in a continuing application (other than a divisional application in compliance with § 1.78(d)(1)(iii)), without a petition showing to the satisfaction of the Director that the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the application. Thus, proposed § 1.78(e) provides that an applicant may not add a delayed claim under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed application in an application in which a request for continued examination under § 1.114 has been filed. Proposed § 1.78(e) otherwise contains the provisions of current § 1.78(a)(3).