# EXHIBIT 4

Dockets.Justia.com

States Code, names at least one inventor in common with the one or more other pending or patented nonprovisional applications, is owned by the same person, or subject to an obligation of assignment to the same person, and contains substantial overlapping disclosure as the one or more other pending or patented nonprovisional applications, a rebuttable presumption shall exist that the nonprovisional application contains at least one claim that is not patentably distinct from at least one of the claims in the one or more other pending or patented nonprovisional applications. In this situation, the applicant in the nonprovisional application must either:

(i) Rebut this presumption by explaining to the satisfaction of the Director how the application contains only claims that are patentably distinct from the claims in each of such other pending applications or patents; or

(ii) Submit a terminal disclaimer in accordance with § 1.321(c). In addition, where one or more other pending nonprovisional applications have been identified, the applicant must explain to the satisfaction of the Director why there are two or more pending nonprovisional applications naming at least one inventor in common and owned by the same person, or subject to an obligation of assignment to the same person, which contain patentably indistinct claims.

(3) In the absence of good and sufficient reason for there being two or more pending nonprovisional applications naming at least one inventor in common and owned by the same person, or subject to an obligation of assignment to the same person, which contain patentably indistinct claims, the Office may require elimination of the patentably indistinct claims from all but one of the applications.

(g) *Applications or patents under reexamination naming different inventors and containing patentably indistinct claims.* If an application or a patent under reexamination and at least one other application naming different inventors are owned by the same party and contain patentably indistinct claims, and there is no statement of record indicating that the claimed inventions were commonly owned or subject to an obligation of assignment to the same person at the time the later invention was made, the Office may require the assignee to state whether the claimed inventions were commonly owned or subject to an obligation of assignment to the same person at the time the later invention was made, and if not, indicate which named inventor is the prior inventor.

(h) *Parties to a joint research agreement.* If an application discloses or is amended to disclose the names of parties to a joint research agreement (35 U.S.C. 103(c)(2)(C)), the parties to the joint research agreement are considered to be the same person for purposes of this section. If the application is amended to disclose the names of parties to a joint research agreement under 35 U.S.C. 103(c)(2)(C), the identification of such one or more other nonprovisional applications as required by paragraph (f)(1) of this section must be submitted with the amendment under 35 U.S.C. 103(c)(2)(C) unless such identification is or has been submitted within the four-month period specified in paragraph (f)(1) of this section.

3. Section 1.114 is amended by revising the introductory text of paragraph (a) and by adding a new paragraph (f) to read as follows:

**§ 1.114 Request for continued examination.**

(a) If prosecution in an application is closed, an applicant may, subject to the conditions of this section, file a request for continued examination of the application by filing a submission and the fee set forth in § 1.17(e) prior to the earliest of:

\* \* \* \* \*

(f) An applicant may not file more than a single request for continued examination under this section in any application, and may not file any request for continued examination under this section in any continuing application (§ 1.78(a)(1)) other than a divisional application in compliance with § 1.78(d)(1)(ii), unless the request for continued examination also includes a petition accompanied by the fee set forth in § 1.17(f) and a showing to the satisfaction of the Director that the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the application. Any other proffer of a request for continued examination in an application not on appeal will be treated as a submission under § 1.116. Any other proffer of a request for continued examination in an application on appeal will be treated only as a request to withdraw the appeal.

4. Section 1.495 is amended by revising paragraph (g) to read as follows:

**§ 1.495 Entering the national stage in the United States of America.**

\* \* \* \* \*

(g) The documents and fees submitted under paragraphs (b) and (c) of this section must be clearly identified as a submission to enter the national stage under 35 U.S.C. 371. If the documents and fees contain conflicting indications as between an application under 35 U.S.C. 111 and a submission to enter the national stage under 35 U.S.C. 371, the documents and fees will be treated as a submission to enter the national stage under 35 U.S.C. 371.

\* \* \* \* \*

Dated: December 19, 2005.

Jon W. Dudas,

*Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.*

[FR Doc. 05–24528 Filed 12–30–05; 8:45 am]

BILLING CODE 3510–16–P

---

**DEPARTMENT OF COMMERCE**

**Patent and Trademark Office**

**37 CFR Part 1**

[Docket No.: 2005–P–067]

RIN 0651–AB94

**Changes to Practice for the Examination of Claims in Patent Applications**

**AGENCY:** United States Patent and Trademark Office, Commerce.

**ACTION:** Notice of proposed rule making.

**SUMMARY:** The United States Patent and Trademark Office (Office) is proposing to revise the rules of practice relating the examination of claims in patent applications. The Office is proposing to focus its initial examination on the claims designated by the applicant as representative claims. The representative claims will be all of the independent claims and only the dependent claims that are expressly designated by the applicant for initial examination. The Office is also proposing that if an application contains more than ten independent claims (a rare occurrence), or if the applicant wishes to have initial examination of more than ten representative claims, then the applicant must provide an examination support document that covers all of the independent claims and the dependent claims designated for initial examination. The changes proposed in this notice will allow the Office to do a better, more thorough and reliable examination since the number of claims receiving initial examination will be at a level which can be more effectively and efficiently evaluated by an examiner.

*Comment Deadline Date:* To be ensured of consideration, written comments must be received on or before May 3, 2006. No public hearing will be held.

**ADDRESSES:** Comments should be sent by electronic mail message over the Internet addressed to *AB94Comments@uspto.gov*. Comments may also be submitted by mail addressed to: Mail Stop Comments—Patents, Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313–1450, or by facsimile to (571) 273–7735, marked to the attention of Robert A. Clarke. Although comments may be submitted by mail or facsimile, the Office prefers to receive comments via the Internet. If comments are submitted by mail, the Office prefers that the comments be submitted on a DOS formatted 3½ inch disk accompanied by a paper copy.

Comments may also be sent by electronic mail message over the Internet via the Federal eRulemaking Portal. See the Federal eRulemaking Portal Web site *(http://www.regulations.gov)* for additional instructions on providing comments via the Federal eRulemaking Portal.

The comments will be available for public inspection at the Office of the Commissioner for Patents, located in Madison East, Tenth Floor, 600 Dulany Street, Alexandria, Virginia, and will be available via the Office Internet Web site (address: *http://www.uspto.gov*). *Because comments will be made available for public inspection, information that is not desired to be made public, such as an address or phone number, should not be included in the comments.*

**FOR FURTHER INFORMATION CONTACT:** Robert A. Clarke, Deputy Director, Office of Patent Legal Administration, Office of the Deputy Commissioner for Patent Examination Policy, by telephone at (571) 272–7735, by mail addressed to: Mail Stop Comments—Patents, Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313–1450, or by facsimile to (571) 273–7735, marked to the attention of Robert A. Clarke, or preferably via electronic mail message addressed to: *robert.clarke@uspto.gov*.

**SUPPLEMENTARY INFORMATION:** The Office's current practice for examination of claims in patent applications provides for an initial examination of each and every claim, independent and dependent, in every Office action on the merits of the application. The Office's current practice for examination of claims in patent applications is less efficient than it could be because it requires an initial patentability examination of every claim in an application, notwithstanding that this effort is wasted when the patentability of the dependent claims stand or fall together with the independent claim from which they directly or indirectly depend. Thus, the Office is proposing to delay the patentability examination of most dependent claims until the application is otherwise in condition for allowance. The Office, however, will examine every claim in an application before issuing a patent on the application.

Both the Board of Patent Appeals and Interferences (BPAI) and the courts commonly employ some form of using representative claims to focus and manage issues in a case. The BPAI's representative claim practice provides that if the applicant desires the BPAI to consider the patentability of a claim separately from the other claims also subject to the same ground of rejection, the applicant must include a subheading in the arguments section of the appeal brief setting out an argument for the separate patentability of the claim. See 37 CFR 41.37(c)(1)(vii). If there are multiple claims subject to the same ground of rejection and the applicant argues the patentability of the claims as a group, the BPAI will select a claim from the group of claims and decide the appeal with respect to that group of claims on the basis of the selected claim alone. *See id.*

The Office plans to apply a similar practice to the BPAI's representative claim practice to the examination of patent applications. Specifically, the Office will provide an initial patentability examination to the claims designated by the applicant as representative claims. The representative claims will be all of the independent claims and the dependent claims that are expressly designated by the applicant for initial examination. Thus, each independent claim and each dependent claim that is designated for initial examination will be treated as a representative claim for examination purposes. The examination of the dependent claims that are not designated for initial examination will be deferred until the application is otherwise in condition for allowance. Specifically, applicants will be required to assist the Office in eliminating unnecessary effort by permitting the Office to provide an initial examination to a more focused set of claims; that is, only to the independent and designated dependent claims. The Office will continue its practice of withdrawing from further consideration claims that are drawn to a non-elected invention.

The Office previously requested comments on a proposal to limit the number of total and independent claims that would be examined in an application. *See Changes to Implement the Patent Business Goals,* 63 FR 53497, 53506–08 (Oct. 5, 1998), 1215 *Off. Gaz. Pat. Office* 87, 95–97 (Oct. 27, 1998). The Office, however, ultimately decided not to proceed with a proposed change to 37 CFR 1.75 to limit the number of total and independent claims that would be examined in an application. *See Changes to Implement the Patent Business Goals,* 64 FR 53771, 53774–75 (Oct. 4, 1999), 1228 *Off. Gaz. Pat. Office* 15, 17–18 (Nov. 2, 1999). Nevertheless, applications which contain a large number of claims continue to absorb an inordinate amount of patent examining resources, as they are extremely difficult to properly process and examine. The Office is now proposing changes to its practice for examination of claims in patent applications that avoids placing limits on the number of total or independent claims that may be presented for examination in an application, but does share with an applicant who presents more than a sufficiently limited number of claims for simultaneous examination the burden so imposed. Specifically, an applicant who declines to designate fewer than ten representative claims for initial examination will be required to assist the Office with this more extensive examination by providing an examination support document covering all of the claims designated for initial examination.

The Office is proposing the following changes to the rules of practice in title 37 of the Code of Federal Regulations (CFR) for the examination of claims in an application: First, the Office will give an initial examination only to the representative claims, namely, all of the independent claims and only the dependent claims that are expressly designated for initial examination. Second, if the number of representative claims is greater than ten, the Office will require the applicant to share the burden of examining the application by submitting an examination support document covering all of the representative claims.

The Office's Patent Application Locating and Monitoring (PALM) records show that the Office has received 216,327 nonprovisional applications since January 1, 2005 (based upon PALM records as of October 13, 2005). The Office's PALM records show that only 2,522 (866 small entity), or about 1.2 percent of all nonprovisional applications, included more than ten independent claims. Thus, this proposal will allow for the examination of every independent claim in 98.8 percent of the applications filed since January 1, 2005, without any additional effort by the applicant.

The Office conducted a random survey of five hundred applications in which an appeal brief was filed in fiscal year 2004. Only nine applications out of these five-hundred applications (1.8 percent) had more than ten representative claims. In addition, the average and median numbers of representative claims in these five hundred appeals were 2.73 and 2, respectively.

The Office currently has a procedure for requesting accelerated examination under which an application will be taken out of turn for examination if the applicant files a petition to make special and (*inter alia*):

> Submits a statement(s) that a pre-examination search was made, listing the field of search by class and subclass, publication, Chemical Abstracts, foreign patents, *etc.* The pre-examination search must be directed to the invention as claimed in the application for which special status is requested. A search made by a foreign patent office satisfies this requirement if the claims in the corresponding foreign application are of the same or similar scope to the claims in the U.S. application for which special status is requested;
>
> Submits one copy each of the references deemed most closely related to the subject matter encompassed by the claims if said references are not already of record; and
>
> Submits a detailed discussion of the references, which discussion points out, with the particularity required by 37 CFR 1.111(b) and (c), how the claimed subject matter is patentable over the references.

*See Manual of Patent Examining Procedure* § 708.02 (8th ed. 2001) (Rev. 3, August 2005) (MPEP). Based upon the Office's PALM records, it appears that about 1,225 applicants have filed a petition to make special under this accelerated examination procedure to date in fiscal year 2005. The proposed examination support document requirements are similar to the requirements set forth in MPEP § 708.02 for having an application taken out of turn for examination under this accelerated examination procedure.

These changes will mean faster more effective examination for the typical applicant without any additional work on the applicant's part, but a small minority of applicants who place an extensive burden on the Office's ability to effectively examine applications will be required to assist the Office in handling the burden they place on the Office.

**Discussion of Specific Rules**

Title 37 of the Code of Federal Regulations, Part 1, is proposed to be amended as follows:

*Section 1.75:* Section 1.75(b) (introductory text) is proposed to be amended to set forth the provisions concerning dependent claims that are currently in § 1.75(c), namely, that "[o]ne or more claims may be presented in dependent form, referring back to and further limiting another claim or claims in the same application," and that "[c]laims in dependent form shall be construed to include all the limitations of the claim incorporated by reference into the dependent claim." Section 1.75(b) (introductory text) is further proposed to be amended to provide that unless a dependent claim has been designated for initial examination prior to the application being taken up for examination, the examination of such dependent claim may be held in abeyance until the application is otherwise in condition for allowance. *See also* proposed § 1.104(b). As discussed previously, the Office will provide an initial patentability examination to each of the representative claims. If the applicant fails to designate any dependent claim for initial examination, the Office will initially examine only the independent claims. Thus, the applicant must expressly designate which (if any) dependent claims are to be given initial examination, even if there are ten or fewer total (independent and dependent) claims in the application. Section 1.75(b) (introductory text) is further proposed to be amended to provide that the mere presentation of a dependent claim in an application is not a designation of the dependent claim for initial examination. An applicant may designate one or more dependent claims for initial examination in the transmittal letter or in a separate paper, but the mere inclusion of a dependent claim in an application will not be considered a designation of the dependent claim for initial examination.

Section 1.75(b)(1) is proposed to provide that an applicant must submit an examination support document in compliance with § 1.261 that covers each representative claim if either: (1) The application contains, or is amended to contain, more than ten independent claims; or (2) the number of representative claims (*i.e.*, the independent claims plus the number of dependent claims designated for initial examination) is greater than ten. Thus, the applicant may designate a number of dependent claims up to ten minus the number of independent claims in the application to be given initial examination without filing an examination support document under proposed § 1.261. For example, if an application contains three independent claims and a total of twenty claims, the applicant may designate up to seven (ten minus three) dependent claims for initial examination without filing an examination support document under § 1.261.

Proposed § 1.75(b)(1) further provides that a dependent claim (including a multiple dependent claim) designated for examination must depend only from a claim or claims that are also designated for examination. Thus, if dependent claim 3 depends upon dependent claim 2, which in turn depends upon independent claim 1, the applicant cannot designate claim 3 for initial examination without also designating claim 2 for initial examination. Likewise, if multiple dependent claim 4 depends (in the alternative) upon dependent claim 3 and dependent claim 2, and claim 3 and claim 2 each depend upon independent claim 1, the applicant cannot designate claim 4 for initial examination without also designating claim 3 and claim 2 for initial examination.

Proposed § 1.75(b)(2) provides for claims in dependent form that are effectively independent claims. Proposed § 1.75(b)(2) provides that a claim that refers to another claim but does not incorporate by reference all of the limitations of the claim to which such claim refers will be treated as an independent claim for fee calculation purposes under § 1.16 (or § 1.492) and for purposes of § 1.75(b)(1). The Office must treat such claims as independent claims because 35 U.S.C. 112, ¶ 4, provides (*inter alia*) that a dependent "shall be construed to incorporate by reference all the limitations of the claim to which it refers." *See* 35 U.S.C. 112, ¶ 4. Examples of claims that appear to be a dependent claim but are in actuality an independent claim that references another claim in short-hand form without incorporating by reference all the limitations of the claim to which it refers are included in the applications at issue in the following decisions: *In re Thorpe*, 777 F.2d 695, 696, 227 USPQ 964, 965 (Fed. Cir. 1985) ("product by process" claim 44); *In re Kuehl*, 475 F.2d 658, 659, 177 USPQ 250, 251 (CCPA 1973) (claim 6); and *Ex parte Rao*, 1995 WL 1747720, *1 (BPAI 1998) (claim 8). Proposed § 1.75(b)(2) also provides that a claim that refers to a claim of a different statutory class of invention will be treated as an independent claim for fee calculation purposes under § 1.16 (or § 1.492) and for purposes of paragraph (b)(1) of this section. Examples of such claims are included in the applications at issue in the following decisions: *Thorpe*, 777 F.2d at 696, 227 USPQ at 965 ("product by process" claim 44); *Ex parte Porter*,

25 USPQ2d 1144, 1145 (BPAI 1992) (claim 6); and *Ex parte Blattner*, 2 USPQ2d 2047, 2047–48 (BPAI 1987) (claim 14).

Section 1.75(b)(3) is proposed to provide that the applicant will be notified if an application contains or is amended to contain more than ten independent claims, or the number of independent claims plus the number of dependent claims designated for initial examination is greater than ten, but an examination support document under § 1.261 has been omitted (proposed § 1.75(b)(3)). Proposed § 1.75(b)(3) further provides that if prosecution of the application is not closed and it appears that omission was inadvertent, the notice will set a one-month time period that is not extendable under § 1.136(a) within which to avoid abandonment of the application the applicant must: (1) File an examination support document in compliance with § 1.261; (2) cancel the requisite number of independent claims and rescind the designation for initial examination of the requisite number of dependent claims that necessitate an examination support document in compliance with § 1.261; or (3) submit a suggested requirement for restriction accompanied by an election without traverse of an invention to which there are drawn fewer than ten independent claims and fewer than the residual number of designated dependent claims. The phrase "an application in which prosecution is not closed" means an application that is not under appeal, and in which the last Office action on the merits is not a final action (§ 1.113), a notice of allowance (§ 1.311), or an action that otherwise closes prosecution in the application. The submission of additional claims after close of prosecution would be treated under the provisions of §§ 1.116, 1.312, 41.33 or 41.110. Due to the increase in patent pendency that would result from the routine granting of extensions in these situations, the Office is limiting extensions of this one-month time period to those for which there is sufficient cause (§ 1.136(b)).

Section 1.75(b)(4) is proposed to provide for the situation in which: (1) A nonprovisional application contains at least one claim that is patentably indistinct from at least one claim in one or more other nonprovisional applications or patents; and (2) the one or more other nonprovisional applications or patents either name at least one inventor in common and are owned by the same person as the nonprovisional application, or are subject to an obligation of assignment to the same person as the first nonprovisional application; and (3) the at least one patentably indistinct claim has support under 35 U.S.C. 112, ¶ 1, in the earliest of such one or more other nonprovisional applications or patents. Proposed § 1.75(b)(4) provides that in this situation, the Office may require elimination of the patentably indistinct claims from all but one of the nonprovisional applications. In addition, proposed § 1.75(b)(4) provides that if the patentably indistinct claims are not eliminated from all but one of the nonprovisional applications, the Office will treat the independent claims and the dependent claims designated for initial examination in the first nonprovisional application and in each of such other nonprovisional applications or patents as present in each of the nonprovisional applications for purposes of § 1.75(b)(1). That is, if the conditions specified in proposed § 1.75(b)(4)) are present, the Office would treat each such nonprovisional application as having the total of all of the representative claims for purposes of determining whether an examination support document is required by proposed § 1.75(b)(1) (but not for purposes of calculating the excess claims fee due in each such nonprovisional application).

If two or more inventions are claimed in an application, the examiner may, if appropriate, still require that the application be restricted to a single invention. The criteria for making such a restriction requirement would remain the same. Any restriction requirement would be based on all the claims pending in the application, and not just the claims designated for initial examination. If the examiner makes a restriction requirement and applicant's election results in representative claims being withdrawn from consideration, applicant may designate additional representative claims for initial examination without filing an examination support document under proposed § 1.261 so long as the total number of representative claims drawn to the elected invention does not exceed ten. Any additional dependent claims designated for initial examination must be drawn to the elected invention. The designation of the additional dependent claims must be made in the reply to the restriction requirement or as permitted by the examiner.

The Office is also requesting comments on how claims written in the alternative form, such as claims in an alternative form permitted by *Ex parte Markush*, 1925 Dec. Comm'r Pat. 126 (1924), should be counted for purposes of proposed § 1.75(b)(1). Should the Office simply count each alternative in the claim as a separate claim for purposes of § 1.75(b)(1)? Should the Office count each alternative in the claim as a separate claim for purposes of § 1.75(b)(1) unless the applicant shows that each alternative in the claim includes a common core structure and common core property or activity, in which the common core structure constitutes a structurally distinctive portion in view of existing prior art and is essential to the common property or activity (*see* MPEP 1850)?

Section 1.75(c) is proposed to be amended to provide only for multiple dependent claims (with dependent claims being provided for in § 1.75(b)), and to further provide that multiple dependent claims and claims depending from a multiple dependent claim will be considered to be that number of claims to which direct reference is made in the multiple dependent claim for purposes of § 1.75(b)(1).

*Section 1.104:* Section 1.104(a)(1) is proposed to be amended to change "invention as claimed" to "invention as claimed in the independent and designated dependent claims" for consistency with the change to examination practice. The Office plans to generally delay the patentability examination of any dependent claim that was not designated for initial examination until the application is otherwise in condition for allowance.

Section 1.104(b) is proposed to be amended to add that "[t]he examination of a dependent claim that has not been designated for initial examination may be held in abeyance until the application is otherwise in condition for allowance."

Section 1.104(c) is proposed to be amended to change "[i]f the invention is not considered, or not considered patentable as claimed" to "[i]f the invention claimed in the independent and designated dependent claims is not considered patentable" for consistency with the proposed change to examination practice.

*Section 1.105:* Section 1.105(a)(1) is proposed to be amended to provide that an applicant may be required to set forth where (by page and line or paragraph number) the specification of the application, or any application the benefit of whose filing date is sought under title 35, United States Code, provides written description support for the invention as defined in the claims (independent or dependent), and of manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention, under 35

Federal Register / Vol. 71, No. 1 / Tuesday, January 3, 2006 / Proposed Rules    65

U.S.C. 112, ¶ 1. Therefore, in situations in which it is not readily apparent where the specification of the application, or an application for which a benefit is claimed, provides written description support under 35 U.S.C. 112, ¶ 1, for a claim or a limitation of a claim, the examiner may require the applicant to provide such information. The Office considers this authority to be inherent under the patent statute and existing rules (including current § 1.105), but is proposing to amend § 1.105 to make the authority explicit. See MPEP 2163.04.

*Section 1.117:* The Consolidated Appropriations Act 2005 (Consolidated Appropriations Act), provides that 35 U.S.C. 41(a), (b), and (d) shall be administered in a manner that revises patent application fees (35 U.S.C. 41(a)) and patent maintenance fees (35 U.S.C. 41(b)), and provides for a separate filing fee (35 U.S.C. 41(a)), search fee (35 U.S.C. 41(d)(1)), and examination fee (35 U.S.C. 41(a)(3)) during fiscal years 2005 and 2006. See Pub. L. 108–447, 118 Stat. 2809 (2004). The Consolidated Appropriations Act also provides that the Office may, by regulation, provide for a refund of any part of the excess claim fee specified in 35 U.S.C. 41(a)(2) for any claim that is canceled before an examination on the merits has been made of the application under 35 U.S.C. 131. See 35 U.S.C. 41(a)(2) (as administered during fiscal years 2005 and 2006 pursuant to the Consolidated Appropriations Act). Section 1.117 is proposed to be added to implement this provision of the Consolidated Appropriations Act. Proposed § 1.117(a) provides that if an amendment canceling a claim is submitted in reply to a notice under § 1.75(b)(3) and prior to the first examination on the merits of the application, the applicant may request a refund of any fee paid on or after December 8, 2004, for such claim under § 1.16(h), (i), or (j) or under § 1.492(d), (e), or (f). Thus, if an applicant decides to cancel the claims necessitating an examination support document under § 1.261, rather than provide an examination support document in compliance with § 1.261, the applicant may request a refund of any fee paid on or after December 8, 2004, for such claim under § 1.16(h), (i), or (j) or under § 1.492(d), (e), or (f). As the Consolidated Appropriations Act authorizes a refund only for a claim that has been canceled before an examination on the merits has been made of the application under 35 U.S.C. 131, the Office cannot grant a refund on the basis of the mere rescission of a designation of a dependent claim for initial examination (rather than cancellation of the dependent claim), or on the basis of the cancellation of a claim after an examination on the merits has been made of the application under 35 U.S.C. 131. If an amendment adding one or more claims is also filed before the application has been taken up for examination on the merits, the Office may apply first any refund under § 1.117 resulting from the cancellation of one or more claims to any excess claims fees due as a result of such an amendment.

Proposed § 1.117(b) provides that a claim in an application filed under 35 U.S.C. 111(a) will also be considered canceled for purposes of this section if a declaration of express abandonment under § 1.138(d) has been filed in an application containing such claim in sufficient time to permit the appropriate officials to recognize the abandonment and remove the application from the files for examination before the application has been taken up for examination.

Proposed § 1.117(c) provides that any request for refund under this section must be filed within two months from the date on which the claim was canceled, and that this two-month period is not extendable.

The patent fee provisions of the Consolidated Appropriations Act expire (in the absence of subsequent legislation) on September 30, 2006 (at the end of fiscal year 2006). Therefore, in the absence of subsequent legislation, the refund provision in proposed § 1.117 will likewise expire on September 30, 2006 (at the end of fiscal year 2006), regardless of the date on which the excess claims fee was paid.

*Section 1.261:* Section 1.261 is proposed to be added to set forth what an "examination support document" (proposed to be required under § 1.75(b)(1)) entails.

Proposed § 1.261(a) provides that an examination support document as used in 37 CFR part 1 means a document that includes: (1) A statement that a preexamination search was conducted, including an identification (in the manner set forth in MPEP § 719) of the field of search by class and subclass and the date of the search, where applicable, and, for database searches, the search logic or chemical structure or sequence used as a query, the name of the file or files searched and the database service, and the date of the search; (2) an information disclosure statement in compliance with § 1.98 citing the reference or references deemed most closely related to the subject matter of each of the independent claims and designated dependent claims; (3) an identification of all the limitations of the independent claims and designated dependent claims that are disclosed by the references cited; (4) a detailed explanation of how each of the independent claims and designated dependent claims are patentable over the references cited with the particularity required by § 1.111(b) and (c); (5) a concise statement of the utility of the invention as defined in each of the independent claims; and (6) a showing of where each limitation of the independent claims and the designated dependent claims finds support under 35 U.S.C. 112, ¶ 1, in the written description of the specification (and if the application claims the benefit of one or more applications under title 35, United States Code, the showing must also include where each limitation of the independent claims and the designated dependent claims finds support under 35 U.S.C. 112, ¶ 1, in each such application in which such support exists).

Section 1.133(a)(2) was recently amended to permit an interview before first Office action in any application if the examiner determines that such an interview would advance prosecution of the application. If the examiner, after considering the application and examination support document, still has questions concerning the invention or how the claims define over the prior art or are patentable, the examiner may request an interview before first Office action. If the applicant declines such a request for an interview or if the interview does not result in the examiner obtaining the necessary information, the examiner may issue a requirement for information under § 1.105 to obtain such information.

Proposed § 1.261(b) provides that the preexamination search referred to in § 1.261(a)(1) must involve U.S. patents and patent application publications, foreign patent documents, and non-patent literature, unless the applicant can justify with reasonable certainty that no references more pertinent than those already identified are likely to be found in the eliminated source and includes such a justification with the statement required by § 1.261(a)(1). Proposed § 1.261(b) also provides that the preexamination search referred to in § 1.261(a)(1) must encompass all of the features of the independent claims and must cover all of the features of the designated dependent claims separately from the claim or claims from which the dependent claim depends, giving the claims the broadest reasonable interpretation. A search report from a foreign patent office will not satisfy the requirement in § 1.261(a)(1) for a

**66**    Federal Register / Vol. 71, No. 1 / Tuesday, January 3, 2006 / Proposed Rules

preexamination search unless the search report satisfies the requirements for a preexamination search set forth in § 1.261.

Proposed § 1.261(c) provides that the applicant will be notified and given a one-month time period within which to file a corrected or supplemental examination support document to avoid abandonment if: (1) The examination support document or pre-examination search is deemed to be insufficient; (2) an explanation of the invention or how the independent and designated dependent claims define the invention is deemed necessary; or (3) the claims have been amended such that the examination support document no longer covers each independent claim. Proposed § 1.261(c) further provides that this one-month period is not extendable under § 1.136(a).

*Section 1.704:* Section 1.704(c) is proposed to be amended to provide that the failure to file an examination support document in compliance with § 1.261 when necessary under § 1.75(b) is a circumstance that constitutes a failure of an applicant to engage in reasonable efforts to conclude processing or examination of an application under 35 U.S.C. 154(b)(2)(C) because the failure to provide an examination support document in compliance with § 1.261 when necessary under § 1.75(b) will delay processing or examination of an application because the Office must issue a notice and await the applicant's reply before examination of the application may begin. Therefore, proposed § 1.704(c) provides that where there is a failure to file an examination support document in compliance with § 1.261 when necessary under § 1.75(b), the period of adjustment set forth in § 1.703 shall be reduced by the number of days, if any, beginning on the day after the date that is the later of the filing date of the amendment necessitating an examination support document in compliance with § 1.261, or four months from the filing date of the application in an application under 35 U.S.C. 111(a) or from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in an application which entered the national stage from an international application after compliance with 35 U.S.C. 371, and ending on the date that either an examination support document in compliance with § 1.261, or an amendment, a suggested restriction requirement and election (§ 1.75(b)(3)(iii)) that obviates the need for an examination support document under § 1.261, was filed.

The proposed changes to §§ 1.75 and 1.104 (if adopted) would be applicable to any application filed on or after the effective date of the final rule, as well as to any application in which a first Office action on the merits (§ 1.104) was not mailed before the effective date of the final rule. The Office will provide applicants who filed their applications before the effective date of the final rule and who would be affected by the changes in the final rule with an opportunity to designate dependent claims for initial examination, and to submit either an examination support document under § 1.261 (proposed) or a new set of claims to avoid the need for an examination support document (if necessary). The Office appreciates that making the changes in the final rule also applicable to certain applications filed before its effective date will cause inconvenience to some applicants. The Office is also requesting suggestions for ways in which the Office can make the changes in the final rule also applicable to these pending applications with a minimum of inconvenience to such applicants.

*Regulatory Flexibility Act:* For the reasons set forth herein, the Deputy General Counsel for General Law of the United States Patent and Trademark Office has certified to the Chief Counsel for Advocacy of the Small Business Administration that changes proposed in this notice will not have a significant economic impact on a substantial number of small entities. *See* 5 U.S.C. 605(b).

This notice proposes to require an examination support document that covers each independent claim and each dependent claim designated for initial examination if: (1) The application contains or is amended to contain more than ten independent claims; or (2) the number of independent claims plus the number of dependent claims designated for initial examination is greater than ten. There are no fees associated with this proposed rule change.

*The changes proposed in this notice will not affect a substantial number of small entities.* The Office's PALM records (PALM records as of October 13, 2005) show that the Office has received 216,327 nonprovisional applications (65,785 small entity) since January 1, 2005, with about 2,522 (866 small entity) of these nonprovisional applications including more than ten independent claims. Thus, since January 1, 2005, only 1.2 percent of all nonprovisional applications and 1.3 percent of the small entity nonprovisional applications contain or were amended to contain more than ten independent claims. In addition, Office experience is that most applications which contain more than ten independent claims contain claims that are directed to inventions that are independent and distinct under 35 U.S.C. 121, and the proposed rule permits an applicant to avoid submitting an examination support document by suggesting a requirement for restriction accompanied by an election of an invention to which there are drawn no more than ten independent claims. Therefore, the Office estimates that the proposed examination support document requirement would not impact a substantial number of small entities. It is also noted that the proposed rule change would not disproportionately impact small entity applicants.

*The changes proposed in this notice will not have a significant economic impact upon small entities.* The primary impact of this change would be to require applicants who submit an excessive number of claims to share the burden of examining the application by filing an examination support document covering the independent claims and the designated dependent claims. There are no fees associated with this proposed rule change. The American Intellectual Property Law Association (AIPLA) 2003 Report of the Economic Survey indicates that the seventy-fifth percentile charge (for those reporting) for a patent novelty search, analysis, and opinion was $2,500.00. Given that the pre-filing preparation of an application containing more than ten independent claims should involve obtaining such a patent novelty search, analysis, and opinion, the Office does not consider the additional cost of providing an examination support document to be a significant economic impact on an applicant who is submitting an application containing more than ten independent claims. In any event, any applicant may avoid the costs of such an examination support document simply by refraining from presenting more than ten independent claims in an application.

*Executive Order 13132:* This rule making does not contain policies with federalism implications sufficient to warrant preparation of a Federalism Assessment under Executive Order 13132 (Aug. 4, 1999).

*Executive Order 12866:* This rule making has been determined to be significant for purposes of Executive Order 12866 (Sept. 30, 1993).

*Paperwork Reduction Act:* This notice involves information collection requirements which are subject to review by the Office of Management and Budget (OMB) under the Paperwork

Reduction Act of 1995 (44 U.S.C. 3501 et seq.). The collection of information involved in this notice has been reviewed and previously approved by OMB under OMB control number 0651–0031. This notice proposes to require an examination support document that covers each independent claim and each dependent claim designated for initial examination if: (1) The application contains or is amended to contain more than ten independent claims; or (2) the number of independent claims plus the number of dependent claims designated for initial examination is greater than ten. The United States Patent and Trademark Office is resubmitting an information collection package to OMB for its review and approval because the changes in this notice do affect the information collection requirements associated with the information collection under OMB control number 0651–0031.

The title, description and respondent description of the information collection under OMB control number 0651–0031 is shown below with an estimate of the annual reporting burdens. Included in the estimate is the time for reviewing instructions, gathering and maintaining the data needed, and completing and reviewing the collection of information.

*OMB Number:* 0651–0031.

*Title:* Patent Processing (Updating).

*Form Numbers:* PTO/SB/08, PTO/SB/17i, PTO/SB/17p, PTO/SB/21–27, PTO/SB/24B, PTO/SB/30–32, PTO/SB/35–39, PTO/SB/42–43, PTO/SB/61–64, PTO/SB/64a, PTO/SB/67–68, PTO/SB/91–92, PTO/SB/96–97, PTO–2053–A/B, PTO–2054–A/B, PTO–2055–A/B, PTOL–413A.

*Type of Review:* Approved through July of 2006.

*Affected Public:* Individuals or Households, Business or Other For-Profit Institutions, Not-for-Profit Institutions, Farms, Federal Government and State, Local and Tribal Governments.

*Estimated Number of Respondents:* 2,284,439.

*Estimated Time Per Response:* 1 minute and 48 seconds to 12 hours.

*Estimated Total Annual Burden Hours:* 2,732,441 hours.

*Needs and Uses:* During the processing of an application for a patent, the applicant or applicant's representative may be required or desire to submit additional information to the United States Patent and Trademark Office concerning the examination of a specific application. The specific information required or which may be submitted includes: Information disclosure statement and citation, examination support documents, requests for extensions of time, the establishment of small entity status, abandonment and revival of abandoned applications, disclaimers, appeals, petitions, expedited examination of design applications, transmittal forms, requests to inspect, copy and access patent applications, publication requests, and certificates of mailing, transmittals, and submission of priority documents and amendments.

Comments are invited on: (1) Whether the collection of information is necessary for proper performance of the functions of the agency; (2) the accuracy of the agency's estimate of the burden; (3) ways to enhance the quality, utility, and clarity of the information to be collected; and (4) ways to minimize the burden of the collection of information to respondents.

Interested persons are requested to send comments regarding these information collections, including suggestions for reducing this burden, to: (1) the Office of Information and Regulatory Affairs, Office of Management and Budget, New Executive Office Building, Room 10202, 725 17th Street, NW., Washington, DC 20503, Attention: Desk Officer for the Patent and Trademark Office; and (2) Robert J. Spar, Director, Office of Patent Legal Administration, Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313–1450.

Notwithstanding any other provision of law, no person is required to respond to nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a currently valid OMB control number.

### List of Subjects in 37 CFR Part 1

Administrative practice and procedure, Courts, Freedom of information, Inventions and patents, Reporting and recordkeeping requirements, Small businesses.

For the reasons set forth in the preamble, 37 CFR part 1 is proposed to be amended as follows:

### PART 1—RULES OF PRACTICE IN PATENT CASES

1. The authority citation for 37 CFR part 1 continues to read as follows:

**Authority:** 35 U.S.C. 2(b)(2).

2. Section 1.75 is amended by revising paragraphs (b) and (c) to read as follows:

### § 1.75  Claim(s)

\*    \*    \*    \*    \*

(b) More than one claim may be presented provided they differ substantially from each other and are not unduly multiplied. One or more claims may be presented in dependent form, referring back to and further limiting another claim or claims in the same application. Claims in dependent form shall be construed to include all the limitations of the claim incorporated by reference into the dependent claim. Unless a dependent claim has been designated for initial examination prior to when the application has been taken up for examination, the examination of such dependent claim may be held in abeyance until the application is otherwise in condition for allowance. The mere presentation of a dependent claim in an application is not a designation of the dependent claim for initial examination.

(1) An applicant must submit an examination support document in compliance with § 1.261 that covers each independent claim and each dependent claim designated for initial examination if either:

(i) The application contains or is amended to contain more than ten independent claims; or

(ii) The number of independent claims plus the number of dependent claims designated for initial examination is greater than ten. A dependent claim (including a multiple dependent claim) designated for initial examination must depend only from a claim or claims that are also designated for initial examination.

(2) A claim that refers to another claim but does not incorporate by reference all of the limitations of the claim to which such claim refers will be treated as an independent claim for fee calculation purposes under § 1.16 (or § 1.492) and for purposes of paragraph (b)(1) of this section. A claim that refers to a claim of a different statutory class of invention will also be treated as an independent claim for fee calculation purposes under § 1.16 (or § 1.492) and for purposes of paragraph (b)(1) of this section.

(3) The applicant will be notified if an application contains or is amended to contain more than ten independent claims, or the number of independent claims plus the number of dependent claims designated for initial examination in such an application is greater than ten, but an examination support document under § 1.261 has been omitted. If prosecution of the application is not closed and it appears that omission was inadvertent, the notice will set a one-month time period that is not extendable under § 1.136(a) within which, to avoid abandonment of the application, the applicant must:

(i) File an examination support document in compliance with § 1.261 that covers each independent claim and each dependent claim designated for initial examination;

(ii) Cancel the requisite number of independent claims and rescind the designation for initial examination of the requisite number of dependent claims that necessitate an examination support document under § 1.261; or

(iii) Submit a suggested requirement for restriction accompanied by an election without traverse of an invention to which there are drawn no more than ten independent claims as well as no more than ten total independent claims and dependent claims designated for initial examination.

(4) If a nonprovisional application contains at least one claim that is patentably indistinct from at least one claim in one or more other nonprovisional applications or patents, and if such one or more other nonprovisional applications or patents and the first nonprovisional application are owned by the same person, or are subject to an obligation of assignment to the same person, and if such patentably indistinct claim has support under the first paragraph of 35 U.S.C. 112 in the earliest of such one or more other nonprovisional applications or patents, the Office may require elimination of the patentably indistinct claims from all but one of the nonprovisional applications. If the patentably indistinct claims are not eliminated from all but one of the nonprovisional applications, the Office will treat the independent claims and the dependent claims designated for initial examination in the first nonprovisional application and in each of such other nonprovisional applications or patents as present in each of the nonprovisional applications for purposes of paragraph (b)(1) of this section.

(c) Any dependent claim which refers to more than one other claim ("multiple dependent claim") shall refer to such other claims in the alternative only. A multiple dependent claim shall not serve as a basis for any other multiple dependent claim. For fee calculation purposes under § 1.16 (or § 1.492) and for purposes of paragraph (b)(1) of this section, a multiple dependent claim will be considered to be that number of claims to which direct reference is made therein. For fee calculation purposes under § 1.16 (or § 1.492) and for purposes of paragraph (b)(1) of this section, any claim depending from a multiple dependent claim will be considered to be that number of claims to which direct reference is made in that multiple dependent claim. In addition to the other filing fees, any original application which is filed with, or is amended to include, multiple dependent claims must have paid therein the fee set forth in § 1.16(j). A multiple dependent claim shall be construed to incorporate by reference all the limitations of each of the particular claims in relation to which it is being considered.

\* \* \* \* \*

3. Section 1.104 is amended by revising paragraphs (a)(1), (b), and (c)(1) to read as follows:

### § 1.104   Nature of examination.

(a) *Examiner's action.* (1) On taking up an application for examination or a patent in a reexamination proceeding, the examiner shall make a thorough study thereof and shall make a thorough investigation of the available prior art relating to the subject matter of the invention as claimed in the independent and the designated dependent claims. The examination shall be complete with respect both to compliance of the application or patent under reexamination with the applicable statutes and rules and to the patentability of the invention as claimed in the independent and the designated dependent claims, as well as with respect to matters of form, unless otherwise indicated.

\* \* \* \* \*

(b) *Completeness of examiner's action.* The examiner's action will be complete as to all matters, except that in appropriate circumstances, such as misjoinder of invention, fundamental defects in the application, and the like, the action of the examiner may be limited to such matters before further action is made. However, matters of form need not be raised by the examiner until a claim is found allowable. The examination of a dependent claim that has not been designated for initial examination may be held in abeyance until the application is otherwise in condition for allowance.

(c) *Rejection of claims.* (1) If the invention claimed in the independent and designated dependent claims is not considered patentable, the independent and the designated dependent claims, or those considered unpatentable, will be rejected.

\* \* \* \* \*

4. Section 1.105 is amended by adding a new paragraph (a)(1)(ix) to read as follows:

### § 1.105   Requirements for information.

(a)(1) \* \* \*

(ix) *Support in the specification:* Where (by page or paragraph and line) the specification of the application, or any application the benefit of whose filing date is sought under title 35, United States Code, provides written description support for the invention as defined in the claims (independent or dependent), and of manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the invention, under the first paragraph of 35 U.S.C. 112.

\* \* \* \* \*

5. Section 1.117 is added to read as follows:

### § 1.117   Refund due to cancellation of claim.

(a) If an amendment canceling a claim is submitted in reply to a notice under § 1.75(b)(3) and prior to the first examination on the merits of the application, the applicant may request a refund of any fee paid on or after December 8, 2004, for such claim under § 1.16(h), (i), or (j) or under § 1.492(d), (e), or (f).

(b) A claim in an application filed under 35 U.S.C. 111(a) will also be considered canceled for purposes of this section if a declaration of express abandonment under § 1.138(d) has been filed in an application containing such claim in sufficient time to permit the appropriate officials to recognize the abandonment and remove the application from the files for examination before the application has been taken up for examination.

(c) Any request for refund under this section must be filed within two months from the date on which the claim was canceled. This two-month period is not extendable.

6. Section 1.261 is added in numerical order under the undesignated center heading "Miscellaneous Provisions" to read as follows:

### § 1.261   Examination support document.

(a) An examination support document as used in this part means a document that includes the following:

(1) A statement that a preexamination search was conducted, including an identification of the field of search by United States class and subclass and the date of the search, where applicable, and, for database searches, the search logic or chemical structure or sequence used as a query, the name of the file or files searched and the database service, and the date of the search;

(2) An information disclosure statement in compliance with § 1.98 citing the reference or references deemed most closely related to the

subject matter of each of the independent claims and designated dependent claims;

(3) For each reference cited, an identification of all the limitations of the independent claims and designated dependent claims that are disclosed by the reference;

(4) A detailed explanation of how each of the independent claims and designated dependent claims are patentable over the references cited with the particularity required by § 1.111(b) and (c);

(5) A concise statement of the utility of the invention as defined in each of the independent claims; and

(6) A showing of where each limitation of the independent claims and the designated dependent claims finds support under the first paragraph of 35 U.S.C. 112 in the written description of the specification. If the application claims the benefit of one or more applications under title 35, United States Code, the showing must also include where each limitation of the independent claims and the designated dependent claims finds support under the first paragraph of 35 U.S.C. 112 in each such application in which such support exists.

(b) The preexamination search referred to in paragraph (a)(1) of this section must involve U.S. patents and patent application publications, foreign patent documents, and non-patent literature, unless the applicant can justify with reasonable certainty that no references more pertinent than those already identified are likely to be found in the eliminated source and includes such a justification with the statement required by paragraph (a)(1) of this section. The preexamination search referred to in paragraph (a)(1) of this section must be directed to the claimed invention and encompass all of the features of the independent claims and must cover all of the features of the designated dependent claims separately from the claim or claims from which the dependent claim depends, giving the claims the broadest reasonable interpretation. The preexamination search referred to in paragraph (a)(1) of this section must also encompass the disclosed features that may be claimed.

(c) If an examination support document is required, but the examination support document or pre-examination search is deemed to be insufficient, an explanation of the invention or how the independent and designated dependent claims define the invention is deemed necessary, or the claims have been amended such that the examination support document no longer covers each independent claim and each designated dependent claim, applicant will be notified and given a one-month time period within which to file a corrected or supplemental examination support document to avoid abandonment. This one-month period is not extendable under § 1.136(a).

7. Section 1.704 is amended by redesignating paragraph (c)(11) as (c)(12) and adding new paragraph (c)(11) to read as follows:

§ 1.704  Reduction of period of adjustment of patent term.

* * * * *

(c) * * *

(11) Failure to file an examination support document in compliance with § 1.261 when necessary under § 1.75(b), in which case the period of adjustment set forth in § 1.703 shall be reduced by the number of days, if any, beginning on the day after the date that is the later of the filing date of the amendment necessitating an examination support document under § 1.261, or four months from the filing date of the application in an application under 35 U.S.C. 111(a) or from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in an application which entered the national stage from an international application after compliance with 35 U.S.C. 371, and ending on the date that either an examination support document in compliance with § 1.261, or an amendment or suggested restriction requirement and election (§ 1.75(b)(3)(iii)) that obviates the need for an examination support document under § 1.261, was filed;

* * * * *

Dated: December 19, 2005.

Jon W. Dudas,

*Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.*

[FR Doc. 05-24529 Filed 12-30-05; 8:45 am]

BILLING CODE 3510-16-P

---

ENVIRONMENTAL PROTECTION AGENCY

40 CFR Part 51

[OAR-2004-0489; FRL-8016-8]

RIN 2060-AN20

Air Emissions Reporting Requirements

AGENCY: Environmental Protection Agency (EPA).

ACTION: Proposed rule; amendments.

SUMMARY: Today's action proposes changes to EPA's emission inventory reporting requirements. The proposed amendments would consolidate, reduce, and simplify the current requirements; add limited new requirements; and provide additional flexibility to States in the way they collect and report emissions data. The proposed amendments would also accelerate the reporting of emissions data to EPA by State and local agencies. The EPA intends to issue final amendments during 2006.

DATES: Comments must be received on or before May 3, 2006. Under the Paperwork Reduction Act, comments on the information collection provisions must be received by OMB on or before February 2, 2006.

The EPA will hold a public hearing on today's proposal only if requested by February 2, 2006.

ADDRESSES: Submit your comments, identified by Docket ID No. OAR-2004-0489, by one of the following methods:

• *http://www.regulations.gov.* Follow the on-line instructions for submitting comments.

• E-mail: *a-and-r-docket@epa.gov.*

• Fax: (202) 566-1741.

• Mail: Air Emissions Reporting Requirements Rule, Docket No. OAR-2004-0489, Environmental Protection Agency, Mailcode: 6102T, 1200 Pennsylvania Ave., NW., Washington, DC 20460. In addition, please mail a copy of your comments on the information collection provisions to the Office of Information and Regulatory Affairs, Office of Management and Budget (OMB), Attn: Desk Officer for EPA, 725 17th St., NW., Washington, DC 20503.

• Hand Delivery: EPA Docket Center, 1301 Constitution Avenue, NW., Room B102, Washington, DC. Such deliveries are only accepted during the Docket's normal hours of operation, and special arrangements should be made for deliveries of boxed information.

*Instructions:* Direct your comments to Docket ID No. OAR-2004-0489. The EPA's policy is that all comments received will be included in the public docket without change and may be made available online at *www.regulations.gov,* including any personal information provided, unless the comment includes information claimed to be Confidential Business Information (CBI) or other information whose disclosure is restricted by statute. Do not submit information that you consider to be CBI or otherwise protected through regulations.gov, or e-mail. The *www.regulations.gov* website is "anonymous access" systems, which means EPA will not know your identity or contact information unless you provide it in the body of your comment.