# EXHIBIT 16

# PART 3 OF 3

## Appendix A    These comments are timely

The attached correspondence with this author indicates that leave to file these comments after October 1, 2007 was granted.

**From:** McKelvey, Fred [mailto:Fred.McKelvey@USPTO.GOV]**On Behalf Of** BPAI Rules
**Sent:** Monday, October 01, 2007 11:53 AM
**To:** Ron Katznelson
**Subject:** RE: Extension of time for Comment on proposed RIN 0651-AC12 including its Paperwork Reduction Act analysis. Your request for a formal extension of time to comment on the Notice of Proposed Rulemaking, 71 Fed. Reg. 41472 (July 30, 2007) (Rules of Practice Before the Board of Patent Appeals and Interferences in Ex Parte Appeals) has been received. The process of reviewing comments and determining a final rule has begun today, October 1, 2007. While a formal extension of time will not be granted, any comments received before comment review is complete will be considered. Please feel free to submit any comments as soon as possible.

Fred E. McKelvey
Senior Administrative Patent Judge
Board of Patent Appeals and Interferences

-----Original Message-----
**From:** Ron Katznelson [mailto:rkatznelson@roadrunner.com]
**Sent:** Wednesday, September 26, 2007 7:44 PM
**To:** bpai.comments@uspto.gov; Robert.Clarke@USPTO.GOV
**Subject:** Extension of time for Comment on proposed RIN 0651-AC12 including its Paperwork Reduction Act analysis.

I write to request that the Comment period for the proposed Ex Parte Appeal Rules be extended. Because I rely in my comments on results of a survey obtained only recently, it has recently become clear that not enough time remains to adequately structure, complete the analysis and write the Comments by September 28th. An additional 20 days would be appreciated.

Sincerely,

Ron D. Katznelson, Ph.D.
Encinitas, CA
Office: 760 753-0668
Mobile: 858 395-1440
rkatznelson@roadrunner.com

20

## Appendix B    Numerical Data

| Fiscal Year | Appeals received in FY | | | Appeals backlog at FY end | Appeal dispositions | Examiner's final rejections | UPR appeal rate (%) | BPAI staff members | Dispositions/Staff member |
|---|---|---|---|---|---|---|---|---|---|
| | All | Design | UPR | | | | | | |
| Source | 1 | 1 | 2 | 1 | 3 | 4 | 5 | 4 | 6 |
| Item $Y$ | $A$ | $B$ | $C$ | $D$ | $E$ | $F$ | $G$ | $H$ | $J$ |
| 1992 | | | | 1,871 | | | | | |
| 1993 | 4,487 | | | 2,273 | 4,085 | | | | |
| 1994 | 4,481 | | | 3,754 | 3,000 | | | | |
| 1995 | 5,225 | | | 5,533 | 3,446 | | | | |
| 1996 | 4,139 | | | 7,364 | 2,308 | 63,754 | 6.49 | 84 | 27.5 |
| 1997 | 4,639 | | | 9,201 | 2,802 | 64,095 | 7.24 | 81 | 34.6 |
| 1998 | 3,779 | | | 8,889 | 4,091 | 64,868 | 5.83 | 86 | 47.6 |
| 1999 | 4,040 | 70 | 3,970 | 8,344 | 4,585 | 69,759 | 5.69 | 102 | 45.0 |
| 2000 | 2,981 | 39 | 2,942 | 6,322 | 5,003 | 76,611 | 3.84 | 117 | 42.8 |
| 2001 | 3,855 | 26 | 3,829 | 5,050 | 5,127 | 78,807 | 4.86 | 114 | 45.0 |
| 2002 | 3,125 | 18 | 3,107 | 3,090 | 5,085 | 87,126 | 3.57 | 110 | 46.2 |
| 2003 | 2,721 | 25 | 2,696 | 1,968 | 3,843 | 91,981 | 2.93 | 109 | 35.3 |
| 2004 | 2,469 | 18 | 2,451 | 985 | 3,452 | 96,442 | 2.54 | 109 | 31.7 |
| 2005 | 2,834 | 29 | 2,805 | 882 | 2,937 | 121,957 | 2.30 | 103 | 28.5 |
| 2006 | 3,349 | 6 | 3,343 | 1,357 | 2,874 | | | | |

**Table 2**. BPAI workload related statistics by fiscal year. *Sources*: See below.

**Sources:**

1. USPTO, Annual Reports, at http://www.uspto.gov/web/offices/com/annual/ and BPAI Process Production Reports at http://www.uspto.gov/web/offices/dcom/bpai/docs/process/index.htm.
2. UPR Appeals derived by: $C = A - B$, for years data is available.
3. Appeal Dispositions derived by: $E(Y) = A(Y) + D(Y - 1) - D(Y)$
4. Trilateral Patent Offices, *Trilateral Statistical Reports*. At http://www.trilateral.net/tsr
5. UPR Appeal Rate derived by: $G = C/F$ (approximated by $G = A/F$ for years up to 1998).
6. Appeal Dispositions per BPAI staff member derived by: $J = E/H$.

## Appendix C    Average incremental costs for preparing Appeal Briefs and Replay Briefs compliant with the proposed Appeal Rules

In order to estimate the amount of work in excess of what is done under current practice for the same Appeal Briefs and Reply Briefs, I obtained the relevant characteristics of a small sample of cases in appeals that were before the BPAI. These were examined based on BPAI final decisions as reported most recently on its final decision database.[50] The prosecution histories available on the USPTO's PAIR system[51] were then consulted and for each case, an estimate was made of the incremental time required for each proposed rule element based on the number of figures in the application on appeal, number of independent claims on appeal, dependent claims on appeal and, where available, the number of claims argued separately. For each proposed rule element, the basis for the calculation and the average incremental time burden across the sample of appeals was entered in Table 4 and Table 5 for the Appeal Brief and Reply Brief respectively. The general statistical characteristics of the appeals sample are provided in Table 3. It should be noted, however, that because the sample is small, no reliable inference can be made on the variance or 'tail' of the probability distribution for each of the attributes identified in Table 3. While the resulting *average* burdens supplied in Table 4 and Table 5 may be within reasonable confidence limits for the purpose of these comments, the USPTO must provide statistical information on a much larger sample in order to properly establish these burdens and their tail distributions.

|  | Total number of claims on appeal | Number of independent claims on appeal | Number of Figures in Application on appeal. | Number of pages in Appeal Brief | Number of pages in Examiner's Answer | Number of pages in Reply Brief |
|---|---|---|---|---|---|---|
| Average | 18.1 | 2.4 | 8.3 | 20.7 | 14.8 | 9.6 |
| Standard Deviation | 11.4 | 1.6 | 8.5 | 8.8 | 7.6 | 6.2 |
| Minimum | 1 | 1 | 0 | 10 | 6 | 2 |
| Maximum | 45 | 6 | 29 | 44 | 32 | 22 |

**Table 3.** Sample statistics of the first 17 appeals decided by the BPAI on September 20, 2007. *Source*: See text.

The number of incremental hours required for the tasks identified in Table 4 and Table 5 are predominantly those of senior patent attorney time with very little paralegal support. According to the economic survey of the AIPLA, the national average billing rate of a patent attorney in 2006 was $332 per hour.[52] Therefore, the hourly rate in the tables assumes a $300/hr blend for the average billing rates of a patent attorney and that of a paralegal assistant.

---

[50] *See* http://des.uspto.gov/Foia/BPAIReadingRoom.jsp . The first 17 cases decided on September 20, 2007 were examined.
[51] Available at http://portal.uspto.gov/external/portal/pair .
[52] *AIPLA Report of the Economic Survey 2007*. American Intellectual Property Law Association, Arlington, VA. (July 2007) (Page I-5, Table for Q27, Q28, Q29, Q31).

## Table 4. APPEAL BRIEF REQUIREMENTS AND INCREMENTAL COSTS UNDER THE PROPOSED BPAI RULES

| Item | Section | Proposed Rule | Requirement | Provided under current practice? | Duplication of material already in Agency records | Estimated average incremental time to comply — Hours | Source/Note § |
|---|---|---|---|---|---|---|---|
| | | | **Appeal Brief** | | | | |
| 1 | Statement of the real party in interest | 41.37(f) | Identification of the name of the real party in interest | Yes | | | |
| 2 | Statement of related cases. | 41.37(g) | Identify all related applications, patents, appeals, interferences or court docket numbers. Include all cases known that relate to, directly affect, or would be directly affected by or have a bearing on the Board's decision in the appeal. | Yes | | | |
| 3 | Jurisdictional statement. | 41.37(h) | A statement of the statute under which the appeal is taken, the date of the decision from which the appeal is taken, the date the notice of appeal was filed, and the date the appeal brief is being filed. | In Part | | | |
| 4 | Table of contents. | 41.37(e), 41.37(i), 41.37(v)(1) | Identification of the items listed in Proposed 41.37(e) along with a page reference where each item begins. | Rarely | | 0.0 | This estimate is conservative, as many practitioners preparing briefs under the current rules do not know how to use the automated Table-of-Contents facilities of their word processors. |
| 5 | Table of authorities. | 41.37(j) | List court and administrative decisions (alphabetically arranged), statutes, and other authorities, along with a reference to the pages where each authority is cited. | No | | 1.0 | Automated tools require a great deal of manual intervention |
| 6 | Status of claims. | 41.37(k) | List "status of pending claims" (e.g., rejected—appealed, rejected—not appealed, cancelled, allowable, withdrawn from consideration, or objected to). | Yes | | | |
| 7 | Status of amendments. | 41.37(l) | Indicate the "status of amendments" for all amendments filed after final rejection (e.g., entered or not entered). | Yes | | | |
| 8 | Rejections to be reviewed. | 41.37(m) | Set out the "rejections to be reviewed," including the claims subject to rejection under each statute. | Yes | | | |
| 9 | Statement of facts. | 41.37(n) | Setting out in an objective and non-argumentative manner the material facts relevant to the rejections on appeal. Including scope and content of the prior art, any differences between the claims on appeal and the prior art, and the level of skill in the art. | In Part | | 1.5 | To comply with new specific requirements articulated in the preamble of the NPRM, as those requirements apply to the average claim mix in the Appeals Sample. |
| 10 | Argument. | 41.37(o) | Contain an argument comprising an analysis explaining, as to each rejection to be reviewed, why the appellant believes the examiner erred as to each rejection to be reviewed. Would have to address all points made by the examiner with which the appellant disagrees. | In Part | | 0.8 | To comply with new specific requirements articulated in the preamble of the NPRM, as those requirements apply to the average claim mix in the Appeals Sample. |
| | **Appendix containing:** | | | | | | |
| 11 | Claims section | 41.37(p) | Accurate clean copy in numerical order of all claims pending in the application, not just those under rejection. The status of each claim would have to be indicated. | In Part | | 0.3 | To review and include claims not under appeal and identification of their status. |
| 12 | Claim support section | 41.37(q) | For each claim argued separately, an annotated copy of the claim indicating in bold face between braces ({}) after *each limitation* where, by page and line numbers, the limitation is described in the specification as filed. | No | | 2.0 | Requires substantial analysis of facts related to *all limitations* of the claims (including those not raised by the examiner) and are therefore not discussed under current practice. Reflects the requirements as applied to the average claim mix in the Appeals Sample. |
| 13 | Drawing analysis section | 41.37(r) | For each claim argued separately indicating in bold face between braces ({}) where *each limitation* is shown in the drawings or sequence. | No | | 1.5 | Same comment as for Item 12 above. This estimate is proportional to the number of figures in the application and reflects the requirements as applied to the average claim mix and the figure count in the Appeals Sample. |
| 14 | Means or step plus function analysis section | 41.37(s) | For each claim argued separately, and for each means or step plus function limitation, provide annotated copy of the claim indicating in bold face between braces ({}) the page and line of the specification and the drawing figure and element numeral that describes the structure, material or acts corresponding to each claimed | No | | 0.0 | The occurrence of this claiming form has become rare and its average burden is assumed to be de minimus. |
| 15 | Evidence section | 41.37(i), 41.37(j), 41.37(t), 41.37(v)(1) | Contain papers which have been entered by the examiner and the applicant during prosecution and a table of contents setting forth the contents of the Evidence Section. | In Part | Yes | 3.0 | The Evidence appendix, its table of contents and pagination requirements of Proposed 41.37(v)(1) as stated are far more precise than the Federal Circuit's, and are circularly dependent so that they will require multiple iterations. Assembling and page-numbering the Appendix, and then back-substituting Appendix page numbers into the body of the brief cannot be done electronically. Based on Federal Circuit brief preparation experience of several practitioners, the attorney time shown is a *very* conservative cost estimate for actual attorney and paralegal costs. |
| 16 | Related cases section | 41.37(u), 41.37(v)(1) | Provide copies of orders and opinions required to be cited pursuant to 41.37(g). | In Part | In Part | | |
| 17 | | | Applicant's time to review the full appeal package including required appendices | In Part | | 0.5 | Under current practice, many appeals are filed without client review. Under the proposed rules which establish strict non forgiving criteria that might result in a loss of patent right, more practitioners are expected to demand more exchange, client review and sign-off to reduce their malpractice liability. |

Total Incremental Hours: **10.6**
Hourly Rate: **$300**
Total Incremental Cost: **$3,180**

$300/Hr assumes a blend of the average billing rates of a patent attorney and of a paralegal. 2007 AIPLA Economic Survey data for average billing rate of a patent attorney in 2006 is $332 (Page I-5, Table for Q27, Q28, Q29, Q31).

§ Estimates were made based on a sample of the first 20 appeals decided by the BPAI and published on September 20, 2007: Average numbers: Total claims on appeal - 18.1, with 2.4 independent claims; Figures in the application on appeal - 8.3, Pages in Appeal Brief - 20.7, Pages in Reply Brief - 9.6

## Table 5. REPLY BRIEF REQUIREMENTS AND INCREMENTAL COSTS UNDER THE PROPOSED BPAI RULES

| Item | Section | Proposed Rule | Requirement | Provided under current practice? | Duplication of material already in Agency records | Estimated average Incremental time to comply | |
|---|---|---|---|---|---|---|---|
| | | | | | | Hours | Source/Note § |
| | | | **Reply Brief** | | | | |
| 1 | Table of contents. | 41.37(i), 41.37(v)(1), 41.41(d)(1) | Identification of the items listed in Proposed 41.41(d) along with a page reference where each item begins. | No | | 0.0 | This estimate is conservative, as many practitioners preparing briefs under the current rules do not know how to use the automated Table-of-Contents facilities of their word processors. |
| 2 | Table of authorities. | 41.37(j), 41.41(d)(2) | List court and administrative decisions (alphabetically arranged), statutes, and other authorities, along with a reference to the pages where each authority is cited. | No | | 0.4 | Automated tools require a great deal of manual intervention |
| 3 | Statement of timeliness | 41.41(d)(3), 41.41(e) | Establish that the reply brief is being timely filed by including a statement of the date the examiner's answer was entered and the date the reply brief is being filed. For reply briefs filed after the time specified in this subpart, indicate the date an extension of time was requested and the date the request was granted. | No | | 0.1 | This statement is not required under the current practice. Compliance requires review of the timeline record (possibly of other attorney's) |
| 4 | Statement of additional facts. | 41.41(d)(4), 41.41(f) | Statement of the additional facts that appellant believes are necessary to address the points raised in the examiner's answer and, as to each fact, must identify the point raised in the examiner's answer to which the fact relates. | In Part | | 0.6 | To comply with new specific requirements articulated in the preamble of the NPRM, as those requirements apply to the average claim mix in the Appeals Sample. |
| 5 | Argument. | 41.41(d)(5), 41.41(g) | Provide argument which would be limited to responding to points made in the examiner's answer. No general restatement of the case should be repeated in a reply brief. | In Part | | 0.8 | To comply with new specific requirements articulated in the preamble of the NPRM, as those requirements apply to the average claim mix in the Appeals Sample. |
| | **Supplemental Appendix:** To be provided If the examiner entered a new rejection in the examiner's answer. Time estimates reflect an average including cases having no new rejections. | | | | | | |
| 6 | Table of contents. | 41.37(i), 41.37(v)(1), 41.41(h)(1) | Identification of the items listed in Proposed 41.41(h) along with a page reference where each item begins. | No | | 0.0 | Table cannot be generated automatically |
| 7 | The Examiner's Answer | 41.37(l), 41.41(h)(2) | Include a copy of the Examiner Answer to which the Reply Brief is directed. | No | Yes | 0.2 | Reformatting and manual pagination required for inclusion |
| 8 | Supplemental Evidence section | 41.37(l), 41.37(v)(1), 41.41(h)(3) | All evidence upon which the examiner's answer relied in support of the new rejection that does not already appear in the evidence section accompanying the appeal brief, except the specification, any drawings, U.S. patents and U.S. published applications. | No | Yes | 1.0 | To meet Applicant's new burden of reproducing and documenting the Examiner's Answer's evidentiary record including reformatting and manual pagination |

Total Incremental Hours: 3.1
Hourly Rate: $300
Total Incremental Cost: $930

$300/Hr assumes a blend of the average billing rates of a patent attorney and of a paralegal. 2007 AIPLA Economic Survey data for average billing rate of a patent attorney in 2006 is $332 (Page I-5, Table for Q27, Q28, Q29, Q31).

§ Estimates were made based on a sample of the first 20 appeals decided by the BPAI and published on September 20, 2007. Average numbers: Total claims on appeal - 18.1, with 2.4 independent claims; Figures in the application on appeal - 8.3, Pages in Appeal Brief - 20.7; Pages in Reply Brief - 9.6