# DEFENDANTS' EXHIBIT 2

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLUE OCEAN INSTITUTE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-CV-01869-HHK |
| ) | |
| CARLOS M. GUTIERREZ, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD

This motion seeks to compel completion of an administrative record that is so incomplete it will hamper effective judicial review of defendants' unlawful failure to protect the critically depleted population of western Atlantic bluefin tuna (hereinafter "bluefin") in the Gulf of Mexico. The incomplete administrative record lacks notes of telephone conversations, informal notes of meetings and discussions, and emails, generated by defendants or their agents in response to a June, 2005 Petition filed by the plaintiffs that requested a closure of certain fishing in the Gulf that kills many spawning bluefin. Thus, the record does not provide the required comprehensive documentation of all materials directly or indirectly considered or relied upon by the defendants in rejecting that Petition and deciding to allow spawning bluefin to continue to be killed in the Gulf despite the fact that the bluefin population is at an all time low. As they have already been ordered to do by at least one other court in a strikingly similar case, defendants must produce the "whole record" for this Court's review – a record that is more comprehensive than the limited version they have produced thus far.

Outside reviewers joined the plaintiffs in suggesting that the Fisheries Service develop a "decision matrix" for this purpose, but the Service declined to do so. *See* AR Doc. D70 at [un-numbered page] 7 (outside comments suggesting the need for a decision matrix); AR Doc. D67 at 3 (outside peer review agreeing that criteria should be established to evaluate closures that take into account, *inter alia*, the status of the affected fish population). The record establishes that Fisheries Service staff explicitly discussed this question, *see* AR Doc. E20 at 7 (NMFS Memorandum for the File dated September 12, 2006), but it contains no materials reflecting the details of that discussion or of any related communications, reports, or analyses.

Notably, the Fisheries Service has not endeavored to justify its withholding of relevant materials by asserting that they are somehow protected. Although an agency can attempt to withhold documents on the basis that they are subject to a legal privilege, to do so it must submit a privilege log identifying specific documents that have been withheld and providing specific grounds for each document. Even then, the plaintiffs are entitled to challenge those privilege determinations, and a court may find that those documents must be produced for the purposes of pending litigation. *See Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861-62 (D.C. Cir. 1980) (agency bears burden of proving privilege which can be overridden by litigation needs); *accord Miami Nation of Indians*, 979 F. Supp. at 778-79 (although drafts and internal deliberations are generally part of the administrative record, agency may prove deliberative process privilege applies to discrete documents upon a particularized showing that interests in confidentiality outweigh need for document for judicial review). It is impermissible for the Fisheries Service to close the door to these documents at the outset by excluding whole classes of documents – such as emails – from the administrative record without asserting that they are somehow protected.