# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **TRIANTAFYLLOS TAFAS,** | : | |
| Plaintiff, | : | |
| v. | : | 1:07cv846 (JCC/TRJ) |
| **JON W. DUDAS, et al.,** | : | |
| Defendants. | : | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **SMITHKLINE BEECHAM CORPORATION,** d/b/a **GLAXOSMITHKLINE, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | 1:07cv1008 (JCC/TRJ) |
| **JON W. DUDAS, et al.,** | : | |
| Defendants. | : | |

**GLAXOSMITHKLINE'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

Pursuant to Rule 34, Fed. R. Civ. P., Plaintiff GlaxoSmithKline ("GSK"), by and through its undersigned attorney, requests that Defendants Jon W. Dudas and the United States Patent and Trademark Office produce the documents and things described below within the time period prescribed by the rules, at the offices of Kirkland & Ellis LLP, 655 15th Street, N.W., Suite 1200, Washington, DC 20005, or at such other place and time as the Court so orders.

## DEFINITIONS

1. "Defendants" shall mean the Defendants Jon W. Dudas, in his official capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the United States Patent and Trademark Office.

2. "PTO" shall mean the United States Patent and Trademark Office.

3. "Person" means any natural person, corporation, association, firm, company, partnership, or any other organization, whether or not possessing a separate legal existence.

4. "You" or "Your" shall mean Defendants, as defined above.

5. "Proposed Rules" means the Notice of Proposed Rule Making entitled "Changes to Practice for Continuing Applications, Requests for Continuing Patent Applications, Requests for Continued Examination Practice, and Applications Containing Patentably Indistinct Claims" and published at 71 Fed. Reg. 48 (Jan. 3, 2006), and the Notice of Proposed Rule Making entitled "Changes to Practice for the Examination of Claims in Patent Applications" and published at 71 Fed. Reg. 61 (Jan. 3, 2006).

6. "Final Rules" means the final rules that the PTO promulgated on August 21, 2007 entitled "Changes To Practice for Continued Examination Filings, Patent Applications Containing Patentably Indistinct Claims, and Examination of Claims in Patent Applications" and published at 72 Fed. Reg. 46,716, 46,716-46,843 (Aug. 21, 2007).

7. "PTO Rules" means the Proposed Rules and the Final Rules, together, as each is defined above.

8. "Document" shall have the full meaning ascribed to it in Federal Rule of Civil Procedure 34 and shall include every writing or record of every type and description such as correspondence, presentations, memoranda, minutes, summaries, tapes, stenographic or handwritten notes, calendars, date or log books, studies, publications, pamphlets, photographs,

audio or video recordings, computer files, disks, diskettes, e-mails, reports, financial statements, work sheets, and electronic or magnetic data, and includes all copies of every such writing or record (or draft thereof) whenever a copy of a document is not an identical copy of the original or where such copy contains any commentary, notes or markings whatsoever that do not appear on the original.

9. "Each" includes the word "every and "every" includes the word "each"; "any" includes the word "all" and "all" includes the word "any"; "and" includes the word "or" and "or" includes the word "and," as necessary to bring within the scope of the request information which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request for documents.

2. Produce the responsive documents in your possession, custody, or control.

3. If documents responsive to any request have been destroyed, identify the document destroyed, state when and where such documents were destroyed, identify the person who directed that such documents be destroyed, and state the reason the documents were destroyed.

4. If any responsive documents are withheld under a claim of privilege, furnish a list specifying each such document and setting forth the following information: (a) an index number; (b) any identifying (or "Bates") number from the Administrative Record; (c) the date of the document; (d) a description of the subject matter of the document; (e) the name, address, and identification by employment and title of each person who prepared, received, viewed and has or has had possession, custody or control of the document; and (f) a statement of the basis upon which the privilege is claimed.

5. These Requests shall be deemed to be continuing so as to require prompt, further, and supplemental production if Defendants discover additional information or documents that should have been produced in response to this Request after the time of initial production or that come to exist after the time of initial production.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All documents concerning Defendants restricting the number of continuing applications, the number of requests for continued examination, and the number of claims in a patent application, including, but not limited to, the Defendants' decisions to restrict the number of continuing applications, the number of requests for continued examination, and the number of claims in a patent application.

**Request No. 2:** All documents concerning the petition and showing requirement referenced in the PTO Rules and relating to the Defendants restricting the number of continuing applications and requests for continued examination an applicant may file as of right, including, but not limited to, the Defendants' decision to promulgate a petition and showing requirement in the Final Rules.

**Request No. 3:** All documents concerning the examination support document in the PTO Rules, including, but not limited to, all documents concerning the Defendants' decision to require an examination support document.

**Request No. 4:** All documents concerning the pre-examination search requirement of the examination support document in the PTO Rules.

**Request No. 5:** All documents concerning any alternative(s) that the Defendants considered when considering the PTO Rules, regardless of whether the alternatives were rejected or adopted.

**Request No. 6:**   All communications with third parties, and documents concerning any such communications, relating to the PTO Rules, including, but not limited to, Congress or any members of Congress and any members of the general public, including the media, commentators, professors (including academics of any sort), or businesses.

**Request No. 7:**   All communications with the Office of Management and Budget or any other Executive Branch agency of any kind, and documents concerning any such communications, in connection with the PTO Rules.

**Request No. 8:**   All documents concerning the Defendants' attempt to link the Manual of Patent Examining Procedure ("MPEP") to the PTO Rules, including, but not limited to, the Defendants' attempt to link the MPEP to the pre-examination search standards in the comments to the Final Rules, and the burdens that MPEP compliance will impose on prospective patent applicants.

**Request No. 9:**   All documents that the Defendants considered when formulating any and all guidance documents issued by the Defendants to the public regarding the Final Rules.

**Request No. 10:**   All documents concerning the impact that the PTO Rules would have on particular industries, including the pharmaceutical and biotechnology industries.

**Request No. 11:**   All documents concerning any mathematical or policy models that the Defendants or their contractors used to generate data on or to quantify the patent application process, including, but not limited to, any explanation of how such models were developed and how they operate.

**Request No. 12:**   All documents concerning any mathematical or policy models used to generate predictions about patent applications in the system under the PTO Rules, including, but not limited to, any explanation of how such models were developed and how they operate.

5

**Request No. 13:**   All documents concerning the data that the Defendants used in their mathematical or policy models to generate predictions about patent applications in the system under the PTO Rules, including, but not limited to, all spreadsheets generated in connection with the PTO Rules.

**Request No. 14:**   All embodiments, in software or spreadsheet form, of any mathematical or policy model(s) used in considering the PTO Rules.

Date:   November 20, 2007                              Respectfully submitted,

/s/
Craig C. Reilly VSB # 20942
RICHARDS MCGETTIGAN REILLY
 & WEST, P.C.
1725 Duke Street, Suite 600
Alexandria, Virginia 22314
Tel:    (703) 549-5353
E-mail:       craig.reilly@rmrwlaw.com
Fax:    (703) 683-2941
*Counsel for Plaintiffs*

*Of Counsel for Plaintiffs:*
John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Tel:    (212) 446-4800

F. Christopher Mizzo
Jeffrey Bossert Clark
D. Sean Trainor VSB # 43260
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005
Tel:    (202) 879-5000

**ATTORNEYS FOR PLAINTIFFS**
**SmithKline Beecham Corporation d/b/a GlaxoSmithKline, SmithKline Beecham plc, and Glaxo Group Limited d/b/a GlaxoSmithKline**