# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **TRIANTAFYLLOS TAFAS,** | : | |
| Plaintiff, | : | |
| v. | : | 1:07cv846 (JCC/TRJ) |
| **JON W. DUDAS, et al.,** | : | |
| Defendants. | : | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **SMITHKLINE BEECHAM CORPORATION,** d/b/a **GLAXOSMITHKLINE, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | 1:07cv1008 (JCC/TRJ) |
| **JON W. DUDAS, et al.,** | : | |
| Defendants. | : | |

### GLAXOSMITHKLINE'S INTERROGATORIES TO DEFENDANTS

Pursuant to Rule 33, Fed. R. Civ. P., Plaintiff GlaxoSmithKline ("GSK"), by and through its undersigned attorney, hereby request that Defendants Jon W. Dudas and the United States Patent and Trademark Office answer separately and truthfully in writing within the time period allowed under the rules, or as otherwise order by the Court, each of the Interrogatories set forth below.

# DEFINITIONS

1. "Defendants" shall mean the Defendants Jon W. Dudas, in his official capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the United States Patent and Trademark Office.

2. "PTO" shall mean the United States Patent and Trademark Office.

3. "Person" means any natural person, corporation, association, firm, company, partnership, or any other organization, whether or not possessing a separate legal existence.

4. "You" or "Your" shall mean Defendants, as defined above.

5. "Proposed Rules" means the Notice of Proposed Rule Making entitled "Changes to Practice for Continuing Applications, Requests for Continuing Patent Applications, Requests for Continued Examination Practice, and Applications Containing Patentably Indistinct Claims" and published at 71 Fed. Reg. 48 (Jan. 3, 2006), and the Notice of Proposed Rule Making entitled "Changes to Practice for the Examination of Claims in Patent Applications" and published at 71 Fed. Reg. 61 (Jan. 3, 2006).

6. "Final Rules" means the final rules that the PTO promulgated on August 21, 2007 entitled "Changes To Practice for Continued Examination Filings, Patent Applications Containing Patentably Indistinct Claims, and Examination of Claims in Patent Applications" and published at 72 Fed. Reg. 46,716, 46,716-46,843 (Aug. 21, 2007).

7. "PTO Rules" means the Proposed Rules and the Final Rules, together, as each is defined above.

8. "Document" shall have the full meaning ascribed to it in Federal Rule of Civil Procedure 34 and shall include every writing or record of every type and description such as correspondence, presentations, memoranda, minutes, summaries, tapes, stenographic or handwritten notes, calendars, date or log books, studies, publications, pamphlets, photographs,

audio or video recordings, computer files, disks, diskettes, e-mails, reports, financial statements, work sheets, and electronic or magnetic data, and includes all copies of every such writing or record (or draft thereof) whenever a copy of a document is not an identical copy of the original or where such copy contains any commentary, notes or markings whatsoever that do not appear on the original.

9. "Each" includes the word "every and "every" includes the word "each"; "any" includes the word "all" and "all" includes the word "any"; "and" includes the word "or" and "or" includes the word "and," as necessary to bring within the scope of the request information which might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request for documents.

2. If the answer to any part of an Interrogatory is not presently known or available, furnish all information currently known or available.

3. To the extent that an Interrogatory calls for information broken down in more detail than is available, respond to such Interrogatory by providing all information responsive thereto, in whatever detail is available. A negative response to an Interrogatory will be understood to be a representation that you have no responsive information in any lesser detail.

4. Whenever necessary to bring within the scope of a request an Interrogatory that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa; (iii) the use of the word "each" shall be construed to included within its use "any," "some," or "all"; and (iv) the connectives "and" and "or" shall be construed either conjunctively or disjunctively.

3

5.  If any information called for by any Interrogatory is withheld because you claim that such information is privileged, You must nevertheless provide the following information pursuant to Federal Rule of Civil Procedure 26(b)(5), unless divulging the information would disclose the privileged information: (1) the nature of the privilege claimed (including work product); (2) the date of the document or oral communication; (3) if a document, its type (correspondence, memorandum, facsimile, e-mail, etc.), custodian, location, and such other information sufficient to identify the document for a document request, including, where appropriate, the author, the addressee, and, if not apparent, the relationship between the author and the addressee; (4) if an oral communication, the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and (5) the general subject matter of the document or oral communication.

6.  If Defendants object to any part of an Interrogatory, set forth the basis for their objection and respond to all parts of the Interrogatory to which they do not object. If Defendants are withholding responsive information pursuant to general objections, then Defendants should so indicate.

7.  These Interrogatories are deemed to be of a continuing nature. Defendants are under a continuous obligation to supplement their responses.

### INTERROGATORIES

**Interrogatory No. 1:**    Describe any model(s) used to justify predictions about how the Proposed Rules and the Final Rules would reduce the PTO's workload, a step-by-step explanation of how each model functions, and any assumptions that underlie each model.

**Interrogatory No. 2:**    State (i) all projections or estimates, present and/or past, that Defendants have made regarding the number of petitions that would be filed to exceed the restrictions on continuing applications and/or requests for continued examination under the PTO

Rules; (ii) the number and/or percentage of such petitions that the PTO would grant; and (iii) when Defendants made each such projection.

**Interrogatory No. 3:**   State (i) all projections or estimates, present and/or past, that Defendants have made regarding the number of examination support documents that would be filed under the PTO Rules; (ii) the number and/or percentage of such requests that the Defendants would deem sufficient; and (iii) when Defendants made each such projection.

Date:   November 20, 2007                        Respectfully submitted,

/s/
Craig C. Reilly VSB # 20942
RICHARDS MCGETTIGAN REILLY
 & WEST, P.C.
1725 Duke Street, Suite 600
Alexandria, Virginia 22314
Tel:   (703) 549-5353
E-mail:   craig.reilly@rmrwlaw.com
Fax:   (703) 683-2941
*Counsel for Plaintiffs*

*Of Counsel for Plaintiffs:*
John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Tel:   (212) 446-4800

F. Christopher Mizzo
Jeffrey Bossert Clark
D. Sean Trainor VSB # 43260
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005
Tel:   (202) 879-5000

**ATTORNEYS FOR PLAINTIFFS**
**SmithKline Beecham Corporation d/b/a**
**GlaxoSmithKline, SmithKline Beecham plc,**
**and Glaxo Group Limited d/b/a**
**GlaxoSmithKline**