# EXHIBIT K

## Bahr, Robert

**From:** Collier, John [JohnCollier@icfi.com]
**Sent:** Wednesday, April 25, 2007 9:08 AM
**To:** Ostrup, Amber
**Cc:** Bahr, Robert; McDowell, Jennifer
**Subject:** Follow-up to yesterday's call

Amber,

   As a follow-up to our call yesterday, let me first say that I understand and fully accept your comments this afternoon. In our shoes, I would have said the same thing. As you have not been involved, I'd like to sketch out what's been happening on this project in terms of the analytical events and developments in the rule, just to show the changes that have affected the analysis.

   In our August briefing at PTO, we reported that the incremental cost of the claims rule was on the order of $1,800-$4,300 per applicant. At that time, PTO estimated that less than 2% of applicants would be affected. In September, based on Bob's answers to ICF's questions, these costs increased to $6,000-$8,500, but the number of applicants did not change and the certification was reasonable. In January, after our first task order had expired, we learned that the claims rule would affect 15%-35% of applicants but that the scope (and presumably the cost) of the examination support document (ESD) would decrease by 25%-40%; moreover, AB93 would not be enacted. We did not have a task order at that time, though, and could not carefully analyze the combined effect.

   When our new task order took effect on March 7, the scope of the ESD was back to what it had been previously but, more significantly, the two rules had been combined. The combination of the two rules required us to make significant changes to our analysis and spreadsheets. These changes had just finished undergoing my QA/QC when, on April 5, we learned that PTO had revised its paperwork burden analysis to increase the estimated ESD costs; the effect of the change raised our estimate of the incremental costs of the claims rule by approximately 45%, to $9,100-$11,700. On April 13 and April 17, I learned about the SBA inquiry and the need for yesterday's call. This was two weeks earlier than called for in the new task order and (regrettably) some other pressing project commitments reduced my preparation time for yesterday's call.

   In retrospect, I should have been able to give you the "heads-up" shortly after our new task order was in place. Instead of focusing on the claims rule on its own, I focused on completing the mechanical revisions of reworking the analysis to address the combination of rules, where the impacts would have been certifiable. I apologize to you, Bob, and Jenny, for any impact on your meeting with SBA.

7/16/07

A08237