# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **TRIANTAFYLLOS TAFAS,**<br><br>               Plaintiff,<br><br>    v.<br><br>**JON W. DUDAS,** in his official capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the **UNITED STATES PATENT AND TRADEMARK OFFICE,**<br><br>               Defendants. | **CIVIL ACTION: 1:07cv846 (JCC/TRJ)**<br>**and Consolidated Case (below)** |
| **SMITHKLINE BEECHAM CORPORATION,**<br><br>               Plaintiff,<br><br>    v.<br><br>**JON DUDAS,** in his official capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the **UNITED STATES PATENT AND TRADEMARK OFFICE,**<br><br>               Defendants. | |

### PLAINTIFF TRIANTAFYLLOS TAFAS' SUPPLEMENTAL MEMORANDUM CONCERNING PRESUMPTION OF REGULARITY IN APA PROCEEDINGS AND AVAILABILITY OF DISCOVERY ON CONSTITUTIONAL CLAIMS

#### PRELIMINARY STATEMENT

The Plaintiff, Triantafyllos Tafas ("Tafas") respectfully submits this supplemental memorandum in connection with the Court's continuation of the November 16th hearing (the "Hearing") on Defendants' Motion for an Expedited Scheduling Order in Lieu of a Standard Initial Scheduling Order dated November 9, 2007 (the "Motion")(Docket No. 60-61) and Tafas' Objection and Memorandum in Opposition dated November 14, 2007 (the "Opposition Brief").

1

As requested by the Hon. Magistrate Judge Thomas Rawles Jones, Jr., Tafas submits this memorandum to distinguish the cases handed up by the USPTO at the Hearing for the propositions that: (i) Tafas should be denied discovery based on "a presumption of regularity" in the USPTO's informal rule making process; and (ii) because Tafas' constitutional claims are effectively coterminous with Tafas' APA claims.

<u>**A**RGUMENT</u>

**TAFAS SHOULD BE PERMITTED DISCOVERY
ON HIS BAD FAITH AND CONSTITUTIONAL CLAIMS**

In his Opposition Brief, Tafas cited authority, including the U.S. Supreme Court's decision in <u>Webster</u>, that assertion of a constitutional claim is an exception to APA limits on discovery outside of the administrative record if the facts attempted to be elicited through discovery will advance the constitutional claim. (*See* cases cited at pp. 8, Opposition Brief). Here, Tafas has alleged bad faith by the USPTO and has provided factual support for his allegations. Tafas has asserted, *inter alia*, that the USPTO has, in bad faith, attempted to usurp congressional rule-making power and has also violated the Patent Clause by failing to adequately weigh whether its rules would promote the progress of the arts and sciences. (*See* pp. 12-24, Opposition Brief).

The cases handed up to the Court by the USPTO at the Hearing concerning the whether or not discovery is permissible on constitutional claims are all readily distinguishable. To begin with, in <u>Harvard Pilgrim Health Care of New England</u>, the court noted that courts have allowed parties to supplement the existing agency record if, among other things, the agency relied on some "secret" but important information that was not part of the record, or if the agency engaged in bad faith or improper behavior. <u>Harvard Pilgrim Health Care of New England v. Thompson</u>, 318 F.Supp.2d 1, 9 (D.R.I. 2004)("<u>Harvard Pilgrim</u>").

In the present case, Tafas is alleging that the USPTO did exactly that – that is, relied on some secret (or at the very least undisclosed) but important information not part of the record. In any case, although the court in Harvard Pilgrim ultimately found that the administrative record could not be supplemented, the point is that our case differs because the plaintiff in Harvard Pilgrim was not alleging bad faith, and so could not even make use of the bad faith exception the court recognized there. The plaintiff in Harvard Pilgrim was simply saying that its constitutional claim should allow it to go outside of the administrative record. Id. at 10.

Alabama-Tombigbee Rivers Coalition, relied upon by Defendants, is likewise distinguishable. In that case, the plaintiffs submitted "evidence" to support its assertion of bad faith by the Department of the Interior, but the court found that the evidence fell "woefully short" of showing any bad faith. Alabama-Tombigbee Rivers Coalition v. Norton, 2002 WL 227032 (N.D. Ala. 2002). In the present case, plaintiff has submitted factual support for his allegations of bad faith by the USPTO, and the court has yet to consider that factual support. *See* pp. 12-24, Opposition Brief.

Malone Mortgage Company is similarly distinguishable case. In that case, plaintiff failed to provide sufficient factual support for its assertion of bad faith by the defendants. Malone Mortgage Company v. Martinez, 2003 WL 23272381 at *4 (N.D. Tex. 2003). The plaintiff in Malone merely pointed to a sworn affidavit and also argued that bad faith should be inferred from disagreement among the officials making the decision to affirm the suspension. Id. at *4. The court found such "evidence" to be inadequate in proving bad faith and refused to infer bad faith simply from disagreement. Id. at *4. Here, Tafas is not asking the court to infer bad faith from disagreement or from anything else. Rather, plaintiff provided

3

actual factual evidence of bad faith in its Opposition Brief.  (*See* pp. 12-24, Opposition Brief).

The USPTO's reliance on Blue Ocean v. Gutierrez, 503 F.Supp.2d 366, 369 (D.D.C. 2007)("Blue Ocean") for the proposition that the "presumption of regularity" precludes Tafas from seeking any discovery is misplaced and does not provide a shield for Defendants here.  To the contrary, the Blue Ocean court made it clear that the subjective intent of the rule makers will come directly into issue and may be the subject of discovery where there is a showing of bad faith.  Blue Ocean, 503 F.Supp.2d at 371 ("[T]he actual subjective motivation of agency decision-makers is immaterial as a matter of law – unless there is a showing of bad faith or improper behavior").

Along these same lines, the court in City of Cookeville said that although agency determinations were "entitled to a presumption of regularity," the presumption did not shield the decision from a "thorough, probing, in-depth review."  Smith v. City of Cookeville, 381 F.Supp.100, 109 (M.D. Tenn. 1974).  A finding of bad faith pierces not only the "presumption of regularity," but also the deliberative process privilege.  Tummino v. C. Von Eschenbach, 427 F.Supp.2d 212, 234 (E.D.N.Y. 2006) ("As to the deliberative process privilege, the decision in Overton Park implicitly rejects the application of the privilege to agency proceedings where a showing of bad faith has been made").  Thus, courts have routinely said that bad faith or improper behavior by agency decision-makers serves as a basis for expanding the scope of review and discovery.  Tummino, 427 F.Supp.2d at 230.  In any case, at a minimum, Tafas has provided a sufficient *prima facie* case of bad faith to be afforded some discovery to further develop the issue.

Moreover, the cases relied upon by the USPTO supposedly precluding Tafas from going "outside the administrative record" do not apply because -- at root -- **Tafas is not seeking to take discovery beyond the administrative record.** Quite to the contrary, Tafas has demonstrated that the administrative record provided by the USPTO does not contain all the information that the USPTO directly and indirectly considered. Also, the USPTO's attorneys readily admit that they have withheld substantial amounts of highly pertinent material based on a purported deliberative process privilege. In the informal rulemaking context, the standard of judicial review is determined by § 706 of the Administrative Procedure Act, 5 U.S.C. §706, which says that the reviewing court is limited to setting aside informal agency action that does not comply with constitutional, statutory, or procedural requirements. Schicke v. Romney, 474 F.2d 309, 314 (2d Cir. 1973). In applying this standard, the court must conduct a "thorough, probing, in-depth review of the administrative action." A court also needs to be particularly wary of the need to insure the integrity and completeness of the administrative record tendered by the agency in an informal rule-making context (such as presented here) where there is no formal closed administrative record. Natural Resources Defense Council, Inc. v. Securities and Exchange Commission, 606 F.2d 1031, 1053 (D.C. Cir. 1979) ("We must also inevitably be more circumspect in our review when, as here, it is based on a record of an informal rulemaking proceeding. The record presented to us … the parties have deposited a sundry mass of materials that have neither passed through the filter of rules of evidence nor undergone the refining fire of adversarial presentation."). Plaintiff reminds the court that the USPTO's promulgation of the rules at issue in the present case are tantamount to informal rulemaking. As such, according to cases such as Natural Resources Defense Council, Inc. and Schicke, the court must be more wary of the completeness of the record presented by the USPTO.

It is somewhat ironic that Tafas' so called discovery efforts are ironically focused at discovering the **true administrative record** rather than being shackled to the fictional and grossly incomplete record proffered by the PTO (again prompting Tafas' counsel to analogize at the Hearing to the scene from the Wizard of Oz).  Here, Tafas' discovery efforts will aid the Court in helping to ensure that ultimately the Court will have a complete record of all matters considered directly and indirectly by the USPTO in formulating, proposing, and finally implementing the challenged rules.

        Respectfully submitted,

         /s/ Joseph D. Wilson_____
Joseph D. Wilson (VSB # 43693)
Steven J. Moore, Esq. *(pro hac vice)*
James E. Nealon, Esq. *(pro hac vice)*
KELLEY DRYE & WARREN LLP
Washington Harbor, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
E-mail: jwilson@kelleydrye.com

*Counsel for Plaintiff Triantafyllos Tafas*

*Of Counsel:*

William R. Golden Jr., Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178-0002
Telephone:  (212) 808-7992
Facsimile:  (212) 808-7897
E-mail:  wgolden@kelleydrye.com

Dated: November 20, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elizabeth Marie Locke
Kirkland & Ellis LLP
655 15th Street, NW
Suite 1200
Washington, DC  20005
Email:  elocke@kirkland.com

Craig Crandell Reilly
Richard McGettingan Reilly & West PC
1725 Duke Street
Suite 600
Alexandria, VA  22314
Email:  craig.reilly@rmrwlaw.com

Daniel Sean Trainor
Kirkland & Ellis LLP
655 15th Street, NW
Suite 1200
Washington, DC  20005
Email:  dtrainor@kirkland.com

*Counsel for Plaintiffs SmithKline Beecham Corp. d/b/a GlaxoSmithKline, SmithKline Beecham PLC, and Glaxo Group Limited, d/b/a GlaxoSmithKline*

Thomas J. O'Brien
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Email:  to'brien@morganlewis.com

*Counsel for Putative Amicus American Intellectual Property Lawyers Association*

Dawn-Marie Bey
Kilpatrick Stockton LLP
700 13th Street NW
Suite 800
Washington, DC  20005
Email:  dbey@kslaw.com

*Counsel for Putative Amicus Hexas, LLC, The Roskamp Institute, Tikvah Therapeutics, Inc.*

James Murphy Dowd
Wilmer Cutler Pickering Hale & Dorr LLP
1455 Pennsylvania Avenue NW
Washington, DC  20004
Email:  james.dowd@wilmerhale.com

*Counsel for Putative Amicus Pharmaceutical Research and Manufacturers of America*

Randall Karl Miller
Arnold & Porter LLP
1600 Tysons Blvd
Suite 900
McLean, VA  22102
Email:  randall_miller@aporter.com

*Counsel for Putative Amicus Biotechnology Industry Organization*

Rebecca M. Carr
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037
Rebecca.carr@pillsburylaw.com

Scott J. Pivnick
Pillsbury Winthrop Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4856
Scott.pivnick@pillsburylaw.com

*Counsel for Putative Amicus Elan Pharmaceuticals, Inc.*

Lauren A. Wetzler
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia  22134
Tel: (703) 299-3752
Fax: (703) 299-3983
Lauren.Wetzler@usdoj.gov

*Counsel for All Defendants*

        /s/ Joseph D. Wilson_____
Joseph D. Wilson (VSB # 43693)
KELLEY DRYE & WARREN LLP
Washington Harbor, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
E-mail: jwilson@kelleydrye.com

*Counsel for Plaintiff Triantafyllos Tafas*