# EXHIBIT 2

**Proposed Topics for Commissioner John Doll**

|   | **Broad Lines of Inquiry** | **Exemplar Issues** |
|---|---|---|
| 1. | Good faith basis in Certification Analysis under the Regulatory Flexibility Act that USPTO does not maintain statistical data on patent filings within a given industry. | • Commissioner Doll's understanding, as former director of Group 1600 and 1800, of the fact that continuation practice is used substantially more in the chemical, biological, and medical arts than in other art units.<br><br>• Commissioner Doll's understanding of the amount of the backlog of patent applications due to "business method patents," and the amount of these applications filed by large entities vs. small entities. |
| 2. | Good faith basis for the USPTO asserting that it considered alternative methods of resolving its backlog problem. | • USPTO's consideration of satellite offices in promulgating new rules in light of November 2007 statement by John Doll that "It's a really good idea, but right now we're still very much in the preliminary stages."<br><br>• USPTO's full consideration of the idea of deferred examination alternatives in light of its statements in Federal Register that it still considering the idea.<br><br>• Review of petty patent idea and collaborative examination.<br><br>• In light of his statements that the most appropriate manner of dealing with the backlog is the hiring of more examiners, efforts undertaken by USPTO to deal with its large attrition rate.<br><br>• Consideration of its backlog problem due to its high examiner attrition rate – consideration of ways to reduce attrition rate. |
| 3. | Good faith basis for USPTO's assertion that backlog has its root in | • Investigation into whether problem due to |

| | | |
|---|---|---|
| | continuation/claim practice. | examiner delay or applicant delay. |
| | | • Basis for implicit implication that the fees USPTO collects from applications with more than 5/25 claims do not throughout their life correspond with the added share of examination resources. |
| | | • As 35 U.S.C. §132(b) permits the Director to establish appropriate fees for RCEs, why the USPTO does not feel the fees could be set in a manner to reduce the number of "frivolous" RCE filings. |
| | | • Any studies undertaken by USPTO to determine the underlying causes of the Office's backlog. |
| | | • Agency model and assumption which J. Doll invited the AIPLA board to take a look at during October 19, 2006 talk to AIPLA. |
| 4. | Inquiry into whether the USPTO has a good faith belief that the continuation rules will reduce its backlog without affecting substantive rights. | • Basis of Commissioner Doll's assertion that almost one-third of applications filed in Fiscal Year 2004 were rework with "mostly only minor changes." |
| | | • Study indicating the number of continuation applications that are voluntary divisionals, or involuntary divisionals (filed as continuation applications). |
| | | • Commissioner Doll's basis for asserting that continuation-in-part applications are intended for "delay in prosecution." |
| | | • Basis for USPTO withholding computer programs for USPTO models used in determination of numbers supplied to OMB. |
| 5. | Inquiry into good faith basis for asserting that less than 10% of applicants will seek to file a petition to file a continuation. | • Basis for number of petitions asserted to OMB in respect of continuation filings. |
| | | • Inquiry into whether any study was undertaken comparing anticipated petition filing rates of |

|    |    | large entities vs. small entities. |
|----|----|-----|
| 6. | Inquiry into good faith basis that ESD does not limit the number of claims that an applicant may make – particularly a small entity applicant. | • Query on his awareness that USPTO has asserted only 5000 ESDs would be filed in any year (given that more than 143,000 applications per year are now filed with more than five independent or 25 total claims). |