IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | | |
|---|---|---|
| **Triantafyllos Tafas,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:07cv846 |
| | ) | |
| **Jon Dudas,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Consolidated With

| | | |
|---|---|---|
| **SmithKline Beecham** | ) | |
| **Corporation,** *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:07cv1008 |
| | ) | |
| **Jon Dudas,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are four motions: defendants' motion for issuance of a summary judgment briefing schedule without discovery (no. 60); plaintiff GlaxoSmithKline's motion to order a privilege log (no. 70); GlaxoSmithKline's motion to compel a complete administrative record (no. 75); and plaintiff Tafas' motion to compel a privilege log (no. 80).

For the reasons that follow, defendants' motion (no. 60) is GRANTED and the three plaintiffs' motions (nos. 70, 75, and 80) are DENIED. (Defendants' motion requests *inter alia* that four noticed depositions not be conducted, and is therefore to that extent a request for a Rule 26(c)(1) protective order. That request is also granted, and the depositions in issue may not be conducted.)

In this action under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*, plaintiffs attack new rules and regulations promulgated by the United States Patent and Trademark Office on several grounds.  As relevant here, they claim that the agency's actions are arbitrary and capricious, and that the administrative record is incomplete.  (They also argue bad faith, but neither amended complaint includes an explicit assertion of bad faith.)

The four motions before the court collectively present the issue whether plaintiffs are entitled to any discovery to assist in preparation of their motions for summary judgment and defend against defendants' anticipated summary judgment motion.

As Judge Cacheris recognized in his opinion filed October 31, 2007 (no. 49), in some situations limited discovery is appropriate in actions attacking agency decisions under the APA. However, the magistrate judge finds that no discovery is warranted in the circumstances presented here.  I do so after application of the standards discussed in *Fort Sumter Tours, Inc. v. Babbit*, 66 F.3d 1324, 1336 (4th Cir. 1995) and the other applicable authorities cited by the parties.

In the papers and at oral argument, plaintiffs assert that discovery would be useful if not necessary to pursue these claims.  However, their assertions, in their briefs and especially at oral argument, make it clear despite their denials that they want to go on a classic "fishing expedition."  Their argument, stripped to its essence, is that bad faith, arbitrariness, and incompleteness of the administrative record are all apparent on the face of the present record, and they want to go on a speculative search for additional evidence to support already-demonstrated claims.  That is not a proper basis for discovery in an action under the APA under Fourth Circuit or any other precedent.  Defendants have met and overcome each of plaintiffs' particular assertions in their omnibus response to plaintiffs' motions (no. 83) and in the brief in support of their own motion (no. 61).  Those points need not be repeated here.

Discovery is indeed appropriate in some APA cases, as this court has previously ruled. This is not such a case.

Defendants' motion (no. 60) is accordingly GRANTED, and plaintiffs' motions (nos. 70, 75, and 80) are DENIED.

It is so ORDERED.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

November 28, 2007
Alexandria, Virginia