# EXHIBIT 3

*NGB NEPA Handbook*

# APPENDIX X

## *Department of Justice Guidance on Compiling Administrative Records*

Dated: January 1999

## Guidance to Federal Agencies on Compiling
## The Administrative Record

### Introduction

Under the Administrative Procedure Act (APA), a court reviews an agency's action to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In making this determination, a court evaluates the agency's whole administrative record. The administrative record is the paper trail that documents the agency's decision-making process and the basis for the agency's decision.

The APA governs judicial review of a challenged agency decision. However, several statutes specify what documents and materials constitute an administrative record, e.g., 42 U.S.C. § 7607(d)(7)(A) (provision states what materials will constitute the record for the purpose of judicial review of certain enumerated types of rulemaking issued under the Clean Air Act); 42 U.S.C. § 9613(j) and (k) (CERCLA). At the outset, be sure to determine whether a statute other than the APA applies in the case. In addition, regulations may govern how to assemble a record. See, e.g., 40 C.F.R. 300.800 -300.825 (CERCLA); 40 C.F.R. Part 24 (RCRA Corrective Action). See also FRAP Rules 16 and 17 (record on review or enforcement and filing of the record).

The purpose of this memorandum is to provide guidance to agencies in compiling the administrative record of agency decisions other than a formal rulemaking or an administrative adjudication. Optimally, an agency will compile the administrative record as documents and materials are generated or received in the course of the agency decision-making process. The record may be a contemporaneous record of the action. However, the administrative record may be compiled by the agency after litigation has been initiated. An agency employee should be designated to be responsible for compiling the administrative record. That individual will be responsible for certifying the administrative record to the court. S/he may keep a record of where s/he searched for the documents and materials and who was consulted in the process of compiling the administrative record.

It is critical for the agency to take great care in compiling a complete administrative record. If the agency fails to compile the whole administrative record, it may significantly impact our ability to defend and the court's ability to review a challenged agency decision.

1.  General Principles for Compiling the Administrative Record

The administrative record consists of all documents and materials directly or indirectly considered by the agency decision maker in making the challenged decision. It is not limited to documents and materials relevant only to the merits of the agency's decision. It includes

documents and materials relevant to the process of making the agency's decision.

- Include documents and materials whether they support or do not support the final agency decision.

- Include documents and materials which were before or available to the decision-making office at the time the decision was made.

- Include documents and materials that were considered by or relied upon by the agency.

- Include documents and materials that were before the agency at the time of the challenged decision, even if they were not specifically considered by the final agency decision-maker.

- Include privileged and non-privileged documents and materials. (See section 4).

2.  **Where To Find The Documents and Materials That Comprise The Administrative Record**

The agency should identify an agency employee to be responsible for compiling the administrative record. The identified agency person should be responsible, careful, and prepared to provide an affidavit. S/he should keep a record of where s/he searched for documents and who was consulted in the process. S/he should conduct a thorough search for the purpose of compiling the whole record, including the following:

- Contact all agency people, including program personnel and attorneys, involved in the final agency action and ask them to search their files and agency files for documents and materials related to the final agency action. Include agency people in field offices.

- Contact agency units other than program personnel, such as congressional and correspondence components.

- Where personnel involved in the final agency action are no longer employed by the agency, search the archives for documents and materials related to the final agency action. A former employee may be contacted for guidance as to where to search.

- Determine whether there are agency files relating to the final agency action. If there are such files, search those files.

- If more than one agency was involved in the decision-making process, the lead agency should contact the other agencies to be sure the record

       contains all the documents and materials that were considered or relied on by the lead agency.

- Search a public docket room to determine whether there are relevant documents or materials.

3. What Documents and Materials To Include In The Administrative Record

   a) Types of materials:

   - Documents that are to be included in the administrative record should not be limited to paper but should include other means of communication or ways of storing or presenting information, including e-mail, computer tapes and discs, microfilm and microfiche. See 36 C.F.R. Chapter XII, subchapter B (electronic records). The term should include data files, graphs, charts and handwritten notes. Do not include personal notes, meaning an individual's notes taken at a meeting or journals maintained by an individual, unless they are included in an agency file. An agency file is determined by agency control, possession and maintenance.

   b) Kinds of Information:

   - Include all documents and materials prepared, reviewed, or received by agency personnel and used by or available to the decision-maker, even though the final decision-maker did not actually review or know about the documents and materials.

   - Include policies, guidelines, directives and manuals.

   - Include articles and books. Be sensitive to copyright laws governing duplication.

   - Include factual information or data.

   - Include communications the agency received from other agencies and from the public, and any responses to those communications. Be aware that documents concerning meetings between an agency and OMB should be included but may qualify, either partially or fully, for the deliberative process privilege.

   - Include documents and materials that contain information that support or oppose the challenged agency decision.

- Exclude documents and materials that were not in existence at the time of the agency decision.

- As a general rule, do not include internal "working" drafts of documents that were or were not superseded by a more complete, edited version of the same document. Generally, include all draft documents that were circulated for comment either outside the agency or outside the author's immediate office, if changes in these documents reflect significant input into the decision-making process. Drafts, excluding "working" drafts, should be flagged for advice from the DOJ attorney or the Assistant United States Attorney (AUSA) on whether: 1) the draft was not an internal "working" draft; and 2) the draft reflects significant input into the decision-making process.

- Include technical information, sampling results, survey information, engineering reports or studies.

- Include decision documents.

- Include minutes of meetings or transcripts thereof.

- Include memorializations of telephone conversations and meetings, such as a memorandum or handwritten notes, unless they are personal notes.

4. How To Handle Privileged Documents and Materials

Generally, the administrative record includes privileged documents and materials and documents and materials that contain protected information. However, once the record is compiled privileged or protected documents and materials are redacted or removed from the record.

The agency should consult with the agency counsel and the DOJ attorney or the AUSA as to the type and the extent of the privilege(s) asserted. Be sensitive to the relevant privileges and prohibitions against disclosure, including, but not limited to, attorney-client, attorney work product, Privacy Act, deliberative or mental processes, executive, and confidential business information.

If documents and materials are determined to be privileged or protected, the index of record must identify the documents and materials, reflect that they are being withheld, and state on what basis they are being withheld.

5. How to Organize the Administrative Record

- Organize the documents and materials in a logical and accessible way.

- Organize the documents and materials in chronological order and/or by topic.

- Documents and materials that do not fit into a chronological order may be separated by category, e.g., internal policies, guidelines or manuals.

- After a DOJ attorney or an AUSA has had the opportunity to review the administrative record for completeness and organization, it may be useful to bates stamp or to number each item. A DOJ attorney or an AUSA may review the documents and materials the agency decided were not contained in the administrative record.

- Prepare an index to the administrative record.

- Index should identify each document and material by the bates stamp number or document number and a brief description of the document or material, e.g., "memorandum dated June 5, 1997 from Mary Smith to EPA Administrator Jones regarding June 6, 1997 meeting agenda." If a document or material is being withheld based on a privilege or prohibition, state the privilege or prohibition.

- The agency must certify the administrative record.[1] Certificate language should reflect how the agency person who was responsible for compiling the record has personal knowledge of the assembly of the administrative record. Attached are sample certificates. Neither a DOJ attorney nor an AUSA should certify the record to avoid having them be a possible witness in the case.

- The DOJ attorney or the AUSA must consult the local rules of the court in which the matter is pending to determine how to file the administrative record with the court. If the local rules are silent on this issue, the DOJ attorney or the AUSA can address the issue with the parties and the court. For example, it may be appropriate to file only the index with the court and to provide the parties with copies of the index and the opportunity to review the record or to file the parts of the record that the parties will rely on as grounds for their motions for

---

[1] If the agency fails to certify the record, the government may not be able to file a motion for summary judgment.

summary judgment. The U.S. Attorney's Office in the jurisdiction in which the matter is pending should always be consulted.

6. **Important For Court To Have The Whole Administrative Record**

   - A court reviews the agency action based on the whole administrative record before the agency at the time the decision was made.

   - The whole administrative record allows the court to determine whether the agency's decision complied with the appropriate APA standard of review.

   - All agency findings and conclusion and the basis must appear in the record.

   - The administrative record is the agency's evidence that its decision and its decision-making comply with relevant statutory and regulatory requirements.

   - A court may remand the matter where the agency's reasoning for its decision is not contained in the administrative record.

7. **Consequences of Incomplete Administrative Record**

   - If record is incomplete, government may be permitted to complete the record but, by doing so, you also may raise questions about the completeness of the entire record.

   - If the court decides the record is not complete, it should remand the matter to the agency. However, it may allow extra-record discovery, including depositions of agency personnel, and may allow court testimony of agency personnel.

   - Generally, although it may vary from circuit to circuit, courts will allow discovery when a party has proffered sufficient evidence suggesting:

     * bad faith;

     * improprieties may have influenced the decision-maker; or

     * agency relied on substantial materials not included in the record.

   A party must make a strong showing that one of these exceptions applies before a court will allow extra-record inquiry.

8. Supplementation of the record

- When the administrative record fails to explain the agency's action, effectively frustrating judicial review, the court may allow the agency to supplement the record with affidavits or testimony.

- Be aware once the government supplements with affidavits or testimony, opposing party might depose your witnesses and/or submit additional affidavits or testimony.

- Be aware if agency counsel becomes a potential witness, it may be appropriate to screen the agency counsel from participation in the litigation. ABA Model Rule of Professional Responsibility 3.7.

### Conclusion

When an agency must defend a final agency action before a court, it should take great care in preparing the administrative record for that decision. It is worth the effort and may avoid unnecessary and/or unfortunate litigation issues later on.

This memorandum provides only internal Department of Justice guidance. It does not create any rights, substantive or procedural, which are enforceable at law by any party. No limitations are hereby placed on otherwise lawful prerogatives of the Department of Justice or any other federal agency.

Attachments