# EXHIBIT 19-b

Dockets.Justia.com

473-74 (2d Cir. 1993) (suggesting, in cases involving "large quantities of disputed documents," a court utilize "an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps.") (citations omitted). The log fails, however, to provide sufficient aid to the court in determining whether the documents listed in Appendix C are properly withheld as material, which, if released, would compromise the sanctity of the agency's deliberative process. At a bare minimum, the log must comply with Rule 26(b)(5)'s requirement that a party seeking to shield documents by a claim of privilege describe the nature of the documents withheld in sufficient detail "to enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Determining whether this objective is accomplished requires that "[t]he focus [be] on the specific descriptive portion of the log, and not on the conclusory invocations of the privilege." *Bowne*, 150 F.R.D. at 474 (citations omitted). This is so because "the burden of the party withholding documents cannot be 'discharged by mere conclusory or *ipse dixit* assertions.' " *Id.* (citations omitted). The defendant's log suffers that failing.

A typical entry in the log provides information as to the document's bates number, length in pages, author, and recipient. The entries also contain a one-line description of the withheld document and the type of privilege or privileges claimed to support nondisclosure. Describing a document as, for example, a "Draft Request for Clinical Inspection – Auditing Plan B Actual Use Study," and labeling it "confidential commercial information" and "deliberative process" privileged material, is of little use to the plaintiffs, and especially the court, which has sparse knowledge of the complex details associated with this matter, in determining whether the defendant is correct in its application of the privilege. (*See* Entry for Tummino-2752-54, Def.'s Privilege Log, Aug. 10, 2006, attached to Def.'s Letter to Mag. J. Pohorelsky, Aug. 11, 2006.)

No information is provided as to whether this document was relied upon by FDA staff in formulating Plan B policy or what distinguishing features warrant the "draft" label.

Of course, the privilege log is only part of the submission, since the documents identified in the log were also produced to the court for *in camera* review. Indeed, it may have been recognition of this fact that caused the defendant to submit a privilege log with truncated information. The law is clear, however, that, even when submitting the documents for *in camera* review, the burden remains on the defendant to sustain its invocation of the deliberative process privilege by, among other things, "showing 'what deliberative process is involved, and the role played by the documents in issue in the course of that process.' " *Arthur Anderson & Co. v. I.R.S.*, 679 F.2d 254, 258 (D.C. Cir. 1982) (quoting 5 U.S.C. § 552(a)(4)(B) (provision setting forth framework for obtaining governmental records under FOIA), *and Coastal States*, 617 F.2d at 868).

In this respect, the court receives considerable guidance from the well-developed body of law, primarily in the District of Columbia Circuit, concerning agency assertions of privilege in the Freedom of Information Act or FOIA context.[11] In these situations, an agency seeking to shield documents from disclosure on the basis of privilege, including the oft-employed deliberative process privilege, must provide " 'the reviewing court a reasonable basis to evaluate the claim of privilege.' " *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006) (quoting *Gallant v. N.L.R.B.*, 26 F.3d 168, 172-73 (D.C. Cir. 1994)). This often involves

---

[11]The court notes that both parties have relied on FOIA cases in their submissions to the court. (*See, e.g.*, Def.'s Mem. of Law in Opp'n Pls.' Mot. to Compel 9 (citing *Mobil Oil Corp. v. EPA*, 879 F.2d 698 (9th Cir. 1989)); Pls.' Letter to Mag. J. Pohorelsky 2, Aug. 29, 2006 (citing *Hopkins*, 929 F.2d at 81).)

submission of a so-called *Vaughn* index, similar in form and function to a privilege log,[12] in

addition to other measures such as submitting the documents themselves for *in camera* review.

*See, e.g., Grand Cent. P'ship*, 166 F.3d at 477 (pursuant to FOIA claim, *Vaughn* index and

documents withheld on basis of deliberative process privilege submitted for *in camera* review).

Although the defendant's privilege log complies in form with these requirements, it does not

give the court sufficient guidance about what to look for in testing the defendant's assertions of

privilege.  Not even a single page out of the 1,179 pages of documents submitted for review

contained any limitation concerning assertion of the privilege by, for example, redactions or

indications of portions not subject to the privilege.  Nor has the defendant offered any document-

specific explanation, individually or by type of document, which would aid the court in assessing

the applicability of the privilege.  The significance of the problem is exacerbated when the *in*

---

[12]To pass muster, a *Vaughn* index must, at a minimum,

> (1) [B]e contained in one document, complete in itself;
> (2) [A]dequately describe each withheld document or deletion from a released document; [and]
> (3) [S]tate the exemption claimed for each deletion or withheld document, and explain why the exemption is applicable to that deletion.

*Founding Church of Scientology of Washington, D. C., Inc. v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979); *accord Lawyers Comm. for Human Rights v. I.N.S.*, 721 F. Supp. 552, 560 (S.D.N.Y. 1989) (citations omitted).

As the District of Columbia Circuit recently explained,

> The *Vaughn* index . . . serves three important functions: [I]t forces the government to analyze carefully any material withheld, it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court.

*Judicial Watch, Inc. v. FDA*, 449 F.3d at 146 (quoting *Keys v. U.S. Dep't of Justice*, 830 F.2d 337, 349 (D.C. Cir. 1987)).  These principles are equally applicable to the present matter, especially since it is also the government here which seeks to shield information from public view.

*camera* review is voluminous, as it is here, which creates the " 'unreasonable . . . expect[ation] [that] a trial judge . . . do as thorough a job of illumination and characterization as would a party interested in the case.' " *Arthur Anderson*, 679 F.2d at 258 (quoting *Vaughn*, 484 F.2d at 825).[13] At the end, it is the defendant's, not the court's, burden to offer a justification as to why a document should be withheld as privileged, and to delineate the proper reach of the privilege within the document. *Judicial Watch, Inc. v. FDA*, 449 F.3d at 147 ("Broad, sweeping claims of privilege without reference to the withheld documents would impede judicial review and undermine the functions served by the *Vaughn* index requirement. The agency must therefore explain *why* the exemption applies and *may not ignore the contents of the withheld documents.*") (citing *Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 30-31 (D.C. Cir. 1998)) (emphasis added). The defendant has, thus far, failed to provide the court with information that even remotely satisfies these requirements.

These failings do not warrant complete disclosure of these documents at this point in the proceedings, however. Instead, as the FOIA-line of authority suggests, the defendant, having failed to carry its burden, can amend the privilege log to address the court's concerns as expressed above. *See, e.g., Judicial Watch, Inc. v. FDA*, 449 F.3d at 153-54 (remanding matter to allow defendant an opportunity to remedy various defects in *Vaughn* index); *Wilderness Soc'y*, 344 F. Supp. 2d at 14 (same). To that end, the defendant shall identify those portions of

---

[13] As the *Arthur Anderson* court explained in further detail,

> Because the party seeking disclosure is ignorant of the contents of withheld documents and a court may be unable to undertake an exhaustive in camera review, *Vaughn* required that an agency justify withholding of documents through itemized and indexed explanations. Otherwise, the burden of justification would be imposed on the court.

*Id.*

-24-

the documents listed in Appendix C which it still wishes to withhold as privileged. In doing so, the defendant shall supplement the log with information that would aid the court in determining why the privilege applies, including details of the document's " 'function and significance . . . in the agency's decisionmaking process.' " *Arthur Anderson*, 679 F.2d at 258 (quoting *Taxation With Representation Fund v. IRS*, 646 F.2d 666, 678 (D.C. Cir. 1981)). The defendant shall also make a concerted, good faith effort to segregate from and disclose those portions of the Attachment C documents which are "purely factual," or otherwise do not qualify for the privilege according to the principles set forth above.

## CONCLUSION

For the foregoing reasons, the defendant's motion for a protective order to stay all discovery or in the alternative to preclude discovery relating to the White House is denied. The deposition of Dr. Kweder may proceed. The defendant shall produce for inspection and copying the documents listed in Appendices A and B within ten days. As to the documents listed in Appendix C the defendant shall produce such portions as are purely factual or otherwise not covered by the privilege in accordance with this opinion within ten days, and as to those portions to which the defendant continues to assert the privilege the defendant shall supplement the privilege log to provide the necessary information to enable review of the assertions within twenty days. Finally, as to the remaining documents withheld by the defendant but which have not yet been submitted for *in camera* review, the defendant shall review all such documents in light of this opinion and produce such documents and portions of documents that are not privileged within 30 days. The remaining documents and an appropriate privilege log are to be submitted for *in camera* review within 45 days.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          November 6, 2006

## APPENDIX A – NON-PRIVILEGED DOCUMENTS

### Bates Numbers:

TUMMINO – 895-896
     1063-1065
     2737-2739
     2966-2968
     3197
     3782
     3879-3881
     3884-3886
     3888-3890
     3914-3915
     4049-4051
     4079-4080
     4081-4083
     4251-4254
     4693-4694
     4702-4703
     5933

## APPENDIX B – DOCUMENTS EVIDENCING BAD FAITH

**Bates Numbers:**

TUMMINO – 1038
1156
1162-1166
1212-1214
1235
1236
1237
1243-1245
1741-1743
1746-1747
1780-1781
1782-1784
1787
1789
1853
1866
1871
1872
1875
1876
1902
2928-2934
3139
3197
3205-3206
3512-3522
3851-3852
3928-3929
4079-4080
5168-5177
5192-5195
5197-5200
5202-5204
5263-5266
5273-5276
5279
5364-5365
5366
5409-5413

5415-5417
5435-5436
5540-5541
5575
5774
5818

## APPENDIX C – DOCUMENTS REQUIRING REASSESSMENT FOR PROPER APPLICATION OF THE PRIVILEGE

### Bates Numbers:

TUMMINO – 1059-1061
            1215-1216
            1223-1234
            1756-1757
            2752-2754
            2787-2790
            2823-2826
            2860-2863
            2866-2867
            2936-2937
            2939-2942
            2962-2965
            3028-3077
            3086-3136
            3141-3188
            3207-3225
            3235-3255
            3257-3307
            3317-3365
            3367-3415
            3800-3850
            3854-3873
            3892-3911
            3955-4003
            4005-4024
            4031-4041
            4057-4076
            4087-4106
            4246-4249
            4256-4285
            4294-4324
            4338-4358
            4427-4452
            4626-4629
            4717-4721
            5268-5271
            5367-5375
            5552-5558

5576-5590
5592-5600
5736-5739
5745-5756
5761-5772
5841-5847