UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TRIANTAFYLLOS TAFAS,<br><br>          Plaintiff,<br><br>   - against -<br><br>JON. W. DUDAS, et al., et al.,<br><br>          Defendants. | 1:07cv846 JCC/TRJ<br>Judge Cacheris |
| SMITHKLINE BEECHAM CORPORATION, et al.),<br><br>          Plaintiff,<br><br>   - against -<br><br>JON. W. DUDAS, et al., et al.,<br><br>          Defendants. | 1:07cv1008 (JCC/TRJ)<br>Judge Cacheris |

**MOTION OF *AMICUS CURIAE* POLESTAR CAPITAL AND NORSEMAN GROUP
FOR LEAVE TO FILE BRIEF IN SUPPORT OF PLAINTIFFS
AND FOR EXTENSION OF TIME TO DECEMBER 27, 2007**

Polestar Capital Associates, LLC, and The Norseman Group LLC by undersigned counsel, request leave to file their brief as *amicus curiae* in support of the Tafas and GSK plaintiffs' motions for summary judgment, and requests extension of time to file until December 27, 2007.

-1-     MOTION OF *AMICI CURIAE* POLESTAR AND NORSEMAN FOR
LEAVE TO FILE BRIEF IN SUPPORT OF PLAINTIFFS

Polestar Capital Associates, LLC is a specialty finance company in New York, New York.  The Norseman Group is a specialty finance company in Parsippany, New Jersey.  Polestar and Norseman have developed inventions that save millions of dollars in real estate financing costs for their clients.   The nature of the inventions requires that they be completely disclosed to all parties every time they are used.  Without patent protection, both inventions would now be available for copying by any of Polestar's and Norseman's competitors.  Because both Polestar and Norseman are small companies, no more than fifteen employees each, and their competitors are multi-billion dollar banks, both Polestar and Norseman are crucially reliant on their patents to stay in business.

Patent owners like Polestar and Norseman <u>must</u> have the ability to frame their applications to meet all the technicalities of the law of infringement.   The PTO's new rules deprive Polestar, Norseman, and all other patent applicants of the ability to comply with that law.  Polestar and Norseman meet the requirements of law by filing many claims in their applications.  For example, Polestar has one application with 18 independent claims, and 178 total claims, and Norseman has one application with 12 independent and 148 total claims.  Contrary to what the PTO represents throughout its rulemaking notices, **every claim is necessary, because it is directed to meet some specific requirement of law or to address some unknowable future contingency**.  Fewer claims, or serial prosecution, or fewer continuations, as the PTO proposes, would foreclose substantial patent rights that Congress designed into the statute.  For example, some of Polestar's and Norseman's claims are directed to patentably-indistinct but legally-distinct characterizations on the same conceptual invention.   These are absolutely necessary, because the Federal Circuit has often made clear that it is a patentee's obligation to provide as many legally-distinct but patentably-indistinct claims as are necessary to cover every legal, technological, temporal, and territorial technicality.  *E.g.*, *Monsanto Co. v. Syngenta Seeds Inc.*, 503 F.3d 1352 (Fed. Cir. 2007) (no infringement because the patentee failed to present sufficient claims to cover situations involving timing interrelationships); *BMC Resources Inc. v.*

*PaymenTech L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) (no infringement because patentee failed to separate out claims directed to each actor in a multi-actor invention).  Polestar and Norseman note that the PTO has not disclosed any well-founded basis for its stated "belief" that "sufficient" patent coverage can be obtained under these rules, and has cited no basis to distinguish Federal Circuit authority that puts the burden of thorough claiming on applicants.

These rules would force applicants to use alternative prosecution strategies that would, in Polestar's case, deprive them of <u>over five years of patent term</u> for <u>86% of the invention</u>.  Polestar and Norseman are crucially dependent on patent term adjustment under 35 U.S.C. § 154(b) to compensate for delay by the PTO.  If the PTO has a backlog, in Polestar's and Norseman's experience, it is largely because of the failure of PTO management to create any incentives, or to provide any management or direction to ensure careful and procedurally-complete examination early in the process – these rules force all the discipline onto applicants, with no observable compensating obligations of "focus" on examiners.  The PTO should not impose prosecution strategies on applicants that force them to forego a benefit that Congress specifically created in 1999 to compensate for PTO delays.

The brief of these *amici* will discuss a number of failures of procedure in the PTO's rulemaking, and show that the procedural failings result in rules that are arbitrary and capricious.

The Tafas and GSK plaintiffs consent.   The PTO takes no position on the motion for leave to file as *amicus* as long as the brief is filed on or before December 27, 2007 and it fits the page length requirements established by the Court.

Also attached is the court's order, which appears to grant extension of time for all *amici*.  Polestar and Norseman request confirmation that the extension of time is applicable to them as well.

For the foregoing reasons, *amicus curiae* Polestar Capital requests that the Court grant leave to file an *amicus* brief in support of Plaintiffs' motions for summary judgment.

Respectfully submitted,

/s/_____
Craig J. Franco, Esquire
ODIN, FELDMAN & PITTLEMAN, P.C.
Virginia State Bar No. 41449
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
Telephone:  703-218-2302
Facsimile: 703-218-2160
craig.franco@ofplaw.com
*Attorneys for Polestar Capital Associates, LLC and the Norseman Group, LLC*

CERTIFICATE OF SERVICE

      I hereby certify that on this 19th day of December 2007, I electronically filed in the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

      /s/_____
Craig J. Franco, Esquire
ODIN, FELDMAN & PITTLEMAN, P.C.
Virginia State Bar No. 41449
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
Telephone: 703-218-2302
Facsimile: 703-218-2160
craig.franco@ofplaw.com
*Attorneys for Polestar Capital Associates, LLC and the Norseman Group, LLC*