IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| TRIANTAFYLLOS TAFAS,<br><br>Plaintiff,<br><br>- against -<br><br>JON. W. DUDAS, et al., et al.,<br><br>Defendants. | 1:07cv846 JCC/TRJ<br>Judge Cacheris |
| SMITHKLINE BEECHAM CORPORATION, et al.,<br><br>Plaintiff,<br><br>- against -<br><br>JON. W. DUDAS, et al., et al.,<br><br>Defendants. | 1:07cv1008 (JCC/TRJ)<br>Judge Cacheris |

**MOTION OF CFPH, LLC FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' ANTICIPATED SUMMARY JUDGMENT MOTIONS**

CFPH, LLC (Cantor Fitzgerald Patent Holdings, "CFPH"), hereby moves for leave to file the attached brief *amicus curiae* in support of the anticipated motions for summary judgment of Plaintiffs SmithKline Beecham PLC and Glaxo Group Limited (collectively, "GSK"), and Triantafyllos Tafas challenging the Changes to Practice for Continued Examination Filings, Patent Applications Containing Patentably Indistinct Claims, and Examination of Claims in Patent Applications; Final Rule. 72 Fed. Reg. 46,715 (Aug. 21, 2007) (to be codified at 37 CFR Part 1) ("the Final Rules"). CFPH does not request oral argument on this motion or on GSK's

and Tafas's summary judgment motions. As discussed in further detail in the accompanying memorandum in support and brief, CFPH, Cantor Fitzgerald, L.P. and their affiliates (collectively "Cantor") have a direct and substantial interest in the outcome of this litigation and can provide the Court with a unique perspective on the issues.

As described in the attached brief and in the Declaration of Dean Alderucci, Vice President and Assistant General Counsel of Cantor Fitzgerald, L.P., accompanying the brief, Cantor is a global financial services provider. It is a recognized leader in the specialized areas of equity and fixed income capital markets, offering products and services to more than 5000 institutional clients around the world. Cantor operates trading desks in every major financial center in the world with 41 offices and more than 3000 employees. Cantor also operates in other areas including investment banking, merchant banking, asset management, clearing and market data services, and energy emissions. Cantor invests substantial financial and human resources in developing important new technologies in these areas and in seeking patent protection for them. Cantor provided extensive comments on the proposed rules that were published by the PTO. These comments, attached to the Alderucci Declaration, explain why the proposed rules were unauthorized substantive rules, how they would illegally shift burdens of proof, that they lacked evidentiary support and rational justification, and many other legal failures. As explained in the brief and the Alderucci Declaration, Cantor (and other financial services companies) would be dramatically and adversely affected if the Final Rules were allowed to go into effect.

CFPH believes that the Court will benefit from understanding the implications of the Final Rules for financial services companies like Cantor (and other similarly situated parties). In particular, the attached brief addresses three ways that the Final Rules impose substantive changes to the examination procedures employed by the U.S. Patent and Trademark Office

2

("PTO"), which illegally shift from the PTO to applicants the burdens of proving patentability of their claimed inventions. These substantive changes include: (1) adopting a presumption of patentable indistinctness (Rule 1.78(f)(2)(ii)); (2) requiring Examination Support Documents ("ESDs") that require applicants to perform searches, to explain patentability over the prior art, and to identify written description support for each element of every claim (Rule 1.265(a)(1), (4) & (5)); and (3) limiting applicants to two continuation applications and one Request for Continued Examination ("RCE") absent a successful petition demonstrating that the new claim, argument, or evidence could not have been filed earlier (Rules 1.78(d)(1)(i)-(vi) and 1.114(f) & (g)). These changes would adversely affect Cantor's patent rights and their duration, and would dramatically increase Cantor's costs of prosecution. As discussed in the attached brief and in the Alderucci Declaration, Cantor could not avoid the adverse consequences of the Final Rules, and thus the rules will have dramatic and adverse effects on Cantor's investments and finances.

Although CFPH supports the anticipated arguments of the Plaintiffs, the attached brief addresses factual perspectives unique to the financial services industry, and factual analysis of and legal arguments regarding the Final Rules that CFPH believes may not be fully or adequately addressed by the parties or other amici. In particular, the attached brief addresses the presumption of patentably indistinct claims imposed by new Rule 1.78(f)(2)(ii), and explains why that rule constitutes an illegal substantive rule and illegally shifts the burden of proof regarding double patenting, and how that change will adversely affect Cantor. Accordingly, CFPH believes its amicus brief will not duplicate the arguments of the parties and other amici.

CFPH has contacted counsel for Plaintiffs GSK and Tafas, who have consented to the filing of this motion and CFPH's amicus brief. Counsel for Defendants John Dudas and the PTO have taken no position on CFPH's motion or filing of its amicus brief. CFPH's motion and

amicus brief are submitted in accordance with paragraph 2 of the Court's scheduling Order of November 29, 2007, and comply with the page restrictions specified therein.

CFPH does not request oral argument on this Motion and all parties agree that such argument is not necessary. A memorandum in support of this Motion and a Proposed Order also are attached.

**December 20, 2007**                                  Respectfully submitted,

By: _____/s/_____
Richard S. Meyer (VSB #66236)
TOWNSEND AND TOWNSEND AND CREW LLP
1301 K Street, N.W., Ninth Floor, East Tower
Washington, DC 20005
Telephone: (202) 481-9900
Facsimile: (202) 481-3972
e-mail: rmeyer@townsend.com

Jonathan D. Link (VSB #42951)
TOWNSEND AND TOWNSEND AND CREW LLP
1301 K Street, N.W., Ninth Floor, East Tower
Washington, DC 20005
Telephone: (202) 481-9900
Fax: (202) 481-3972
e-mail: jlink@townsend.com

ATTORNEYS FOR *AMICUS CURIAE*
CFPH, LLC

*Of Counsel*
Dean Alderucci, Esq.
Vice President and Assistant General Counsel
 CFPH, LLC
110 East 59th Street
New York, NY 10022
Telephone: (212) 829-7009
Facsimile: (212) 308-7505
e-mail: dalderucci@cantor.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of December 2007, I electronically filed in Case Nos. 1:07cv1008 and 1:07cv846 (JCC/TRJ) the foregoing "**MOTION OF CFPH, LLC FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' ANTICIPATED SUMMARY JUDGMENT MOTIONS" and "PROPOSED ORDER"** using the CM/ECF system and that service was thereby accomplished on:

Elizabeth M. Locke, Esq.
KIRKLAND & ELLIS LLP
655 15th Street, NW - Suite 1200
Washington, DC  20005
e-mail:  elocke@kirkland.com

and

Craig C. Reilly, Esq.
RICHARD MCGETTIGAN REILLY & WEST PC
1725 Duke Street, Suite 600
Alexandria, VA  22314
e-mail:  craig.reilly@rmrwlaw.com

*Counsel for Plaintiffs in Civil Action No. 1:07cv1008 (JCC/TRJ)*

Joseph Dale Wilson, III, Esq.
KELLEY DRYE & WARREN LLP
Washington Harbour
3050 K Street, NW, Suite 400
Washington, DC  20007
e-mail:  jwilson@kelleydrye.com

*Counsel for Plaintiff in Civil Action No. 1:A07cv846 (JCC/TRJ)*

Lauren A. Wetzler, Esq.
United States Attorney's Office
2100 Jamison Ave.
Alexandria, VA  22314
e-mail:  lauren.wetzler@usdoj.gov

*Counsel for Defendants in Civil Action Nos. 1:07cv1008 (JCC/TRJ) and 1:07cv846 (JCC/TRJ)*

Thomas J. O'Brien  
Morgan, Lewis & Bockius  
1111 Pennsylvania Ave., NW  
Washington, DC  20004  
e-mail:  to'obrien@morganlewis.com  
*Counsel for Amicus American Intellectual Property Lawyers Association*

Dawn-Marie Bey  
Kilpatrick Stockton, LLP  
700 13th Street, NW Suite 800  
Washington, DC  20005  
e-mail:  dbey@kslaw.com  

*Counsel for Amicus Hexas, LLC, The Roskamp Institute, Tikvah Therapeutics, Inc.*

James Murphy Dowd  
Wilmer Cutler Pickering Hale & Dorr LLP  
1455 Pennsylvania Ave., NW  
Washington, DC  20004  
e-mail:  james.dowd@wilmerhale.com  

*Counsel for Amicus Pharmaceutical Research and Manufacturers of America*

Randall Karl Miller  
Arnold & Porter LLP  
1600 Tysons Blvd., Suite 900  
McLean, VA  22102  
e-mail:  randall_miller@aporter.com  

*Counsel for Amici BIO and Monsanto Company*

Charles Gorenstein  
Michael K. Mutter  
Birch, Stewart, Kolasch & Birch, LLP  
8110 Gatehouse Rd, Suite 100 East  
Falls Church, Virginia  22042  
e-mail:  cg@bskb.com  

*Counsel for Amicus Intellectual Property Institute of the William Mitchell College of Law*

Rebecca M. Carr
Pillsbury Winthrop
Shaw Pittman, LLP
2300 N Street, N.W.
Washington, DC  20037
e-mail:  rebecca.carr@pillsburylaw.com

*Counsel for Amicus Elan Pharmaceuticals, Inc.*

By: /s/
Jonathan D. Link (VSB #42951)
TOWNSEND AND TOWNSEND AND CREW LLP
1301 K Street, N.W., Ninth Floor, East Tower
Washington, DC  20005
Telephone:  (202) 481-9900
Fax:  (202) 481-3972
e-mail:  jlink@townsend.com

61239652 v1