IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| TRIANTAFYLLOS TAFAS, <br><br> Plaintiff, <br><br> - against - <br><br> JON. W. DUDAS, et al., et al., <br><br> Defendants. | 1:07cv846 JCC/TRJ <br> Judge Cacheris |
| SMITHKLINE BEECHAM CORPORATION, et al., <br><br> Plaintiff, <br><br> - against - <br><br> JON. W. DUDAS, et al., et al., <br><br> Defendants. | 1:07cv1008 (JCC/TRJ) <br> Judge Cacheris |

**MEMORANDUM IN SUPPORT OF MOTION OF CFPH, LLC
FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF
PLAINTIFFS' ANTICIPATED SUMMARY JUDGMENT MOTIONS**

CFPH, LLC (Cantor Fitzgerald Patent Holdings, "CFPH") hereby submits this

memorandum in support of its motion for leave to file a brief amicus curiae in support of the

anticipated motions for summary judgment of Plaintiffs SmithKline Beecham PLC and Glaxo

Group Limited (collectively, "GSK"), and Triantafyllos Tafas challenging the Changes to

Practice for Continued Examination Filings, Patent Applications Containing Patentably Indistinct

Claims, and Examination of Claims in Patent Applications; Final Rule. 72 Fed. Reg. 46,715

(Aug. 21, 2007) (to be codified at 37 CFR Part 1) ("the Final Rules").  As discussed in further detail below and in the attached brief, CFPH, Cantor Fitzgerald, L.P. and their affiliates (collectively "Cantor") have a direct and substantial interest in the outcome of this litigation and can provide the Court with a unique perspective on the issues.

## INTRODUCTION

As described in the attached brief and in the Declaration of Dean Alderucci, Vice President and Assistant General Counsel of Cantor Fitzgerald, L.P., accompanying the brief, Cantor is a global financial services provider.  It is a recognized leader in the specialized areas of equity and fixed income capital markets, offering products and services to more than 5000 institutional clients around the world.  Cantor operates trading desks in every major financial center in the world with 41 offices and more than 3000 employees.  Cantor also operates in other areas including investment banking, merchant banking, asset management, clearing and market data services, and energy emissions.  Cantor invests substantial financial and human resources in developing important new technologies in these areas and in seeking patent protection for them.  Cantor provided extensive comments on the proposed rules that were published by the PTO.  These comments, attached to the Alderucci Declaration, explain why the proposed rules were unauthorized substantive rules, how they would illegally shift burdens of proof, that they lacked evidentiary support and rational justification, and many other legal failures.  As explained in the brief and the Alderucci Declaration, Cantor (and other financial services companies) would be dramatically and adversely affected if the Final Rules were allowed to go into effect.

CFPH believes that the Court will benefit from understanding the implications of the Final Rules for financial services companies like Cantor (and other similarly situated parties).  In particular, CFPH's brief addresses three ways that the Final Rules impose substantive changes to the examination procedures employed by the U.S. Patent and Trademark Office ("PTO"), which

illegally shift from the PTO to applicants the burdens of proving patentability of their claimed inventions. These substantive changes include: (1) adopting a presumption of patentable indistinctness (Rule 1.78(f)(2)(ii)); (2) requiring Examination Support Documents ("ESDs") that require applicants to perform searches, to explain patentability over the prior art, and to identify written description support for each element of every claim (Rule 1.265(a)(1), (4) & (5)); and (3) limiting applicants to two continuation applications and one Request for Continued Examination ("RCE") absent a successful petition demonstrating that the new claim, argument, or evidence could not have been filed earlier (Rules 1.78(d)(1)(i)-(vi) and 1.114(f) & (g)). These changes would adversely affect Cantor's patent rights and their duration, and would dramatically increase Cantor's costs of prosecution. As discussed in the attached brief and in the Alderucci Declaration, Cantor could not avoid the adverse consequences of the Final Rules, and thus the rules will have dramatic and adverse effects on Cantor's investments and finances.

Although CFPH supports the anticipated arguments of the Plaintiffs, the attached brief addresses factual perspectives unique to the financial services industry and factual analysis of and legal arguments regarding the Final Rules that CFPH believes may not be fully or adequately addressed by the parties or other amici. CFPH is in a unique position to explain how the Final Rules adversely affect patent applicants in the financial services industry. CFPH therefore respectfully requests leave to file its amicus brief in support of the Plaintiffs' motions for summary judgment.

## ARGUMENT

The decision whether to allow a non-party to participate as an *amicus curiae*, and the extent and manner of such participation, is within the court's discretion. See, e.g., *Cobell v Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). The court may allow participation by an *amicus* "if the information is timely and useful." *Waste Mgmt. of Pa. v City of York*, 162 F.R.D. 34, 36

3

(M.D. Pa. 1995). "An *amicus* brief should normally be allowed … when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Cobell*, 246 F. Supp. 2d at 62, or when the *amicus* can "offer insights not available from the parties," *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (quotations omitted). This Court has already authorized the filing by December 20, 2007 of amicus briefs in support of the Parties' cross-motions for summary judgment.

      CFPH's amicus brief is timely filed pursuant to that schedule, and provides unique perspectives and additional insights not available from the parties. In particular, the attached brief and accompanying Declaration of Dean Alderucci contain unique and special information regarding the financial services industry not otherwise available to the Court. As explained in the brief and in the Alderucci Declaration, Cantor invests millions of dollars in inventions relating to the areas of equity and fixed income capital markets, investment banking, merchant banking, asset management, clearing and market data services, and energy emissions, and needs to seek full protection for those inventions by filing claims to patentably distinct inventions in multiple applications, by filing more than 5 independent and 25 dependent claims in single applications, and by filing more than two continuing applications. Further, as explained in the brief and in the Alderucci Declaration, if allowed to go into effect the Final Rules would result in Cantor: losing patent claims and patent term to which Cantor otherwise would be entitled; obtaining claims only after additional delays, resulting in the loss of substantial value to Cantor's investments in inventions; and increasing dramatically the costs of prosecuting those claims that Cantor would still consider worth pursuing under the new rules. The attached brief and the Alderucci Declaration also explain why these results cannot be avoided by Cantor.

CFPH believes that its amicus brief will not duplicate the arguments of the parties and of other amici.  The attached brief provides detailed explanations of how the Final Rules change examination procedures that CFPH believes will not be supplied (or will not be supplied as clearly) by the parties or other amici.  In particular, the attached brief addresses the presumption of patentably indistinct claims imposed by new Rule 1.78(f)(2)(ii), and explains how that rule changes existing law regarding the PTO's burden to make a prima-facie case of double patenting.  The attached brief also explains how the ESD requirements change existing law regarding the PTO's burden to make a prima-facie case on other patentability criteria, and why existing rules (including applicants' duty of candor under 37 CFR § 1.56) do not require applicants to shoulder the PTO's burden.  The attached brief further explains how the continuation rules impose limits that cannot be justified as interpretations of existing statutory, judicial, or regulatory authority.  Finally, the attached brief explains why all of these new rules constitute illegal substantive rules and why the presumption of patentably indistinct claims and the ESD requirements illegally shift the burdens of proof from the PTO to applicants.

In contrast, the preliminary injunction papers of the Plaintiffs and of *amicus curiae* Elan Pharmaceuticals focused on Section 120 of the Patent Act, did not address the illegal burden shifting of the presumption of patentably indistinct claims, and did not provide detailed explanations of how the rules change examination practices and applicants' rights from the previously existing rules.  Nor do those papers explain why the adverse consequences of the shifted burdens of proof and changed examination practices cannot be avoided by patent applicants like Cantor.

Accordingly, the Court should exercise its discretion to allow the filing of CFPH's amicus brief.  No oral argument is requested on this motion or in regard to the Plaintiffs' summary judgment motions, and all parties agree that oral argument is not needed on the motion.

## CONCLUSION

For the foregoing reasons and for good cause shown, CFPH respectfully requests that the Court grant CFPH's motion for leave to file its amicus brief in support of the Plaintiffs' anticipated summary judgment motions.

**December 20, 2007**                              Respectfully submitted,


By: _____/s/_____
Richard S. Meyer (VSB #66236)
TOWNSEND AND TOWNSEND AND CREW LLP
1301 K Street, N.W., Ninth Floor, East Tower
Washington, DC  20005
Telephone:  (202) 481-9900
Facsimile:  (202) 481-3972
e-mail:  rmeyer@townsend.com

Jonathan D. Link (VSB #42951)
TOWNSEND AND TOWNSEND AND CREW LLP
1301 K Street, N.W., Ninth Floor, East Tower
Washington, DC  20005
Telephone:  (202) 481-9900
Fax:  (202) 481-3972
e-mail:  jlink@townsend.com

ATTORNEYS FOR *AMICUS CURIAE*
CFPH, LLC

*Of Counsel*
Dean Alderucci, Esq.
Vice President and Assistant General Counsel
  CFPH, LLC
110 East 59th Street
New York, NY  10022
Telephone:  (212) 829-7009
Facsimile:  (212) 308-7505
e-mail:  dalderucci@cantor.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December 2007, I electronically filed in Case Nos. 1:07cv1008 and 1:07cv846 (JCC/TRJ) the foregoing "**MEMORANDUM IN SUPPORT OF MOTION OF CFPH, LLC FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' ANTICIPATED SUMMARY JUDGMENT MOTIONS**" using the CM/ECF system and that service was thereby accomplished on:

Elizabeth M. Locke, Esq.
KIRKLAND & ELLIS LLP
655 15th Street, NW - Suite 1200
Washington, DC  20005
e-mail:  elocke@kirkland.com

and

Craig C. Reilly, Esq.
RICHARD MCGETTIGAN REILLY & WEST PC
1725 Duke Street, Suite 600
Alexandria, VA  22314
e-mail:  craig.reilly@rmrwlaw.com

*Counsel for Plaintiffs in Civil Action No. 1:07cv1008 (JCC/TRJ)*

Joseph Dale Wilson, III, Esq.
KELLEY DRYE & WARREN LLP
Washington Harbour
3050 K Street, NW, Suite 400
Washington, DC  20007
e-mail:  jwilson@kelleydrye.com

*Counsel for Plaintiff in Civil Action No. 1:A07cv846 (JCC/TRJ)*

Lauren A. Wetzler, Esq.
United States Attorney's Office
2100 Jamison Ave.
Alexandria, VA  22314
e-mail:  lauren.wetzler@usdoj.gov

*Counsel for Defendants in Civil Action Nos. 1:07cv1008 (JCC/TRJ) and 1:07cv846 (JCC/TRJ)*

Thomas J. O'Brien
Morgan, Lewis & Bockius
1111 Pennsylvania Ave., NW
Washington, DC  20004
e-mail:  to'obrien@morganlewis.com

*Counsel for Amicus American Intellectual Property Lawyers Association*

Dawn-Marie Bey
Kilpatrick Stockton, LLP
700 13th Street, NW Suite 800
Washington, DC  20005
e-mail:  dbey@kslaw.com

*Counsel for Amicus Hexas, LLC, The Roskamp Institute, Tikvah Therapeutics, Inc.*

James Murphy Dowd
Wilmer Cutler Pickering Hale & Dorr LLP
1455 Pennsylvania Ave., NW
Washington, DC  20004
e-mail:   james.dowd@wilmerhale.com

*Counsel for Amicus Pharmaceutical Research and Manufacturers of America*

Randall Karl Miller
Arnold & Porter LLP
1600 Tysons Blvd., Suite 900
McLean, VA  22102
e-mail:  randall_miller@aporter.com

*Counsel for Amici BIO and Monsanto Company*

Charles Gorenstein
Michael K. Mutter
Birch, Stewart, Kolasch & Birch, LLP
8110 Gatehouse Rd, Suite 100 East
Falls Church, Virginia  22042
e-mail:  cg@bskb.com

*Counsel for Amicus Intellectual Property Institute of the William Mitchell College of Law*

Rebecca M. Carr
Pillsbury Winthrop
Shaw Pittman, LLP
2300 N Street, N.W.
Washington, DC  20037
e-mail:  rebecca.carr@pillsburylaw.com

*Counsel for Amicus Elan Pharmaceuticals, Inc.*

By: /s/
Jonathan D. Link (VSB #42951)
TOWNSEND AND TOWNSEND AND CREW LLP
1301 K Street, N.W., Ninth Floor, East Tower
Washington, DC  20005
Telephone:  (202) 481-9900
Fax:  (202) 481-3972
e-mail:  jlink@townsend.com

61239653 v1