## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| TRIANTAFYLLOS TAFAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv846 (JCC/TRJ) |
| | ) | |
| JON W. DUDAS, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CONSOLIDATED WITH

| | | |
|---|---|---|
| SMITHKLINE BEECHAM | ) | |
| CORPORATION, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv1008 (JCC/TRJ) |
| | ) | |
| JON W. DUDAS, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM IN SUPPORT OF MOTION OF
### CROPLIFE AMERICA FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Pursuant to the Court's December 18, 2007 Order, CropLife America (CLA) has

moved for leave to file a brief as *amicus curiae* on December 27, 2007, in support of

Plaintiffs in this case challenging newly issued Patent and Trademark Office (PTO) rules

governing important aspects of patent protection practice.  Plaintiffs do not oppose

CLA's Motion, while Defendants take no position with regard to the Motion.

CropLife submits that it has unique and useful information to provide to the court

in its brief that will assist the court in resolving the important issues before it.

Dockets.Justia.com

**FACTUAL BACKGROUND**

On August 21, 2007, the PTO published the Final Rules that are at issue in this

case.[1]  The PTO's new rulemaking upends the well-established current patent scheme

and, consequently, an inventor's ability to protect its trade secrets and patent applications

through continuing applications, additional claims, and requests for continued

examination (RCE).  Specifically, Final Rules 78 and 114 allow, as a matter of right, a

patent applicant to file two continuation applications, as well as a single RCE, after the

filing of its initial application.  *Tafas v. Dudas,* 511 F. Supp.2d 652, 657 (E.D. Va. 2007).

In order to prosecute a third continuing application, or a second RCE, an applicant must

submit a "petition and showing" explaining why the amendment, or the bases for the

amendment, could not have been submitted with previously filed applications.  *Id.*  These

Rules apply to all initial and continuing applications filed on or after November 1, 2007.

*Id.*  As a result, the provisions are to be applied retroactively to pending initial

applications that are the subject of a continuing application.  Pls.' Br. 10-11.

Because of these Rules, if GlaxoSmithKline cannot satisfy the "could not have

been submitted" showing for a particular continuing application, it will lose the benefit of

priority it was otherwise entitled to under the old Rules.  Pls.' Br. 9.  With respect to the

submission of claims, Final Rule 75 limits an applicant to a total of five independent

claims and twenty-five total claims without providing any further information about those

claims.  *Tafas,* 511 F.Supp.2d at 658.  In order to exceed that limitation, Rule 75 requires

an applicant to submit an "examination support document" (ESD) containing information

---

[1] The Final Rules were entitled "Changes to Practice for Continued Examination Filings, Patent Applications Containing Patentably Indistinct Claims, and Examination of Claims in Patent Applications."  72 Fed. Reg. 46716-46843 (Aug. 21, 2007).  The Final Rules were to be codified at 37 C.F.R. pt. 1 with an effective date of November 1, 2007.

about the claims that may assist the examiner in determining the patentability of the

claimed inventions. *Id.* This Rule applies to all application filed on or after November 1,

2007, thus, the Rule is to be applied retroactively. *Id.*

In arguing against the requested temporary restraining order, the PTO stated that

there were no property rights implications in its new rules. 72 Fed. Reg. 46,716, 46,834

(Aug. 21, 2007) (to be codified at 37 C.F.R. pt. 1). Specifically, the PTO argued that

companies do not have a vested property right in their patent applications. Defs.' Br. 33

(citing *Marsh v. Nichols, Sheperd & Co.,* 128 U.S. 605, 612 (1888)). Based upon this

assertion, the PTO argued that there could be no retroactivity finding. Defs.' Br. 33.

## INTERESTS OF CROPLIFE AMERICA

The members of CropLife America (CLA) are the world's leaders in the

development of improved crop protection and bioengineered plants. They invest many

millions of dollars a year to develop new and better sources of food, fiber, and fuel for

America and the world. America's leadership in this technological innovation is made

possible only by the strong legal protections provided by our nation's patent system,

through which CLA's member companies are able to recoup the enormous cost of

developing these inventions and processes by obtaining, in return, a limited exclusive

right to market these products.

 CLA was organized in 1933 as a national, non-profit trade organization

representing the major manufacturers, formulators, and distributors of crop protection and

pest control products. Headquartered in Washington, D.C., CLA's member companies

produce, sell, and distribute most of the active compounds used in crop protection

products registered for use in the United States. CLA's members are responsible for

obtaining EPA's registration of their products, which cannot be sold unless registered.
*See* Federal Insecticide, Fungicide, and Rodenticide Act § 3, 7 U.S.C. § 136a (West
2007).  CLA represents its members' interests by monitoring federal agency regulations
and agency actions and related litigation to identify issues of concern to the crop
protection and pest control industry, and participating in lawsuits when the interests of its
members are at stake.

The immense benefits that crop protection and biotechnology have already
delivered to growers and will deliver in the future do not come without cost.  The process
of researching promising chemical formulations and genetic traits and commercializing
the resulting products is expensive and time-consuming.  For example, Monsanto
Company invested decades and hundreds of millions of dollars in developing a trait for
tolerance to herbicides that could be used in crop plants, and Pioneer Hi-Bred
International, Inc. and Syngenta (along with its predecessors) each invested comparable
time and sums in developing crop plant traits for insect resistance.  Although many of
these investments have proven valuable in hindsight, for every innovation that is
commercialized, biotechnology companies must investigate numerous possibilities that
do not yield significant economic return.

To encourage such companies to risk "often enormous costs in terms of time,
research, and development," *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 480 (1974),
the Patent Clause of the U.S. Constitution gives Congress the power to "promote the
Progress of Science and useful Arts, by securing for limited Times to Authors and
Inventors the exclusive Right to their respective Writings and Discoveries."  U.S. Const.
art. I, § 8, cl. 8.  The laws Congress has passed pursuant to the Patent Clause, *see, e.g.*, 35

U.S.C. §§ 101-105, apply to protect not only those who develop novel inanimate objects,

but also those who invent novel living organisms, including, among other things,

bioengineered bacteria and plant breeds. *See Diamond v. Chakrabarty*, 447 U.S. 303,

313 (1980) ("[T]he relevant distinction [is] not between living and inanimate things, but

between products of nature, whether living or not, and human-made inventions."); *see*

*also J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124 (2001).

## ARGUMENT

The decision whether to allow a non-party to participate as *amicus curiae* is

within the court's discretion. *Tafas*, 511 F. Supp.2d at 659; *Cobell v. Norton*, 246 F.

Supp.2d 59, 62 (D.D.C. 2003). As this Court has recognized, *amicus* are "allowed at the

trial level where they provide helpful analysis of the law" or "they have a special interest

in the subject matter of the suit . . . ." *Tafas*, 511 F. Supp.2d at 659. "An *amicus* brief

should normally be allowed when . . . the amicus has unique information or perspective

that can help the court beyond the help that the lawyers for the parties are able to

provide." *Ryan v. Commodies Futures Trading Comm'n*, 125 F.3d 1062 (7th Cir. 1997).

As discussed below, CLA meets this standard and the court should therefore grant its

motion for leave to file an *amicus* brief in this case.

CLA's brief will address the property rights implications of the PTOs new rules,

including the potential that the PTO's new rules will result in unconstitutional takings of

private property in violation of the Fifth Amendment, and the appropriate remedy for the

taking of patent rights. CLA's brief will also discuss the legal implications of PTO's

failure to adequately consider the takings implications of its new rules. Lastly, CLA's

brief will examine the historical context for the recognition of patent rights as a form of

property rights, and explain why it was important to the Framers of our legal system that inventors receive strong patent protection to reward their hard work and innovation.

As a representative of the plant science and crop protection industry, CLA can provide useful information about these issues. CLA's member companies and organizations have different missions, strategies, and resources from the Plaintiffs, and therefore the effect of the new PTO rules on these companies and organizations will be different from Plaintiffs' experiences. CLA can also present the court with useful information on the property rights implications of the PTO's new rules, beyond that presented by the parties.

Where Plaintiffs and CLA's concerns about the new PTO rules might coincide, CLA can supply the court with information on the effects of the new PTO rules on the plant science and crop protection industry. The new PTO rules threaten to adversely and irreparably affect CLA members' ability to protect their intellectual property and investment in research and development. Because continuing applications are prevalent and necessary in the plant science and crop protection industry, the new PTO rules will have a greater impact in the crop protection field. As CLA's *amicus* brief will explain, the new rules do not reward incremental innovation and will impair CLA members' ability to develop the next generation of plant science advances or formulate new strains of plants to meet environmental and human health need.

Accordingly, CLA meets the standard required for leave to file as *amicus curiae* in this case, and CLA can provide the court with new and unique information that is timely and useful, and not available from the parties themselves.

**CONCLUSION**

For the foregoing reasons, CLA respectfully asks this Court to grant its Motion

for Leave to File a Brief as *amicus curiae* in support of Plaintiffs.


Respectfully submitted,


_____/s/_____

December 20, 2007          John C. Maginnis
                          Virginia Bar # 16757
                          1350 Connecticut Ave. NW, Suite 301
                          Washington, DC 20036
                          (202) 659-4420 (phone)
                          (202) 775-2463 (fax)
                          maginnisdclaw@msn.com

                          Roger J. Marzulla
                          Nancie G. Marzulla
                          MARZULLA LAW
                          1350 Connecticut Ave. NW, Suite 410
                          Washington, DC 20036
                          Phone: (202) 822-6760
                          Fax: (202) 822-6760
                          roger@marzulla.com
                          nancie@marzulla.com

                          *Attorneys for Amicus Curiae*
                          *Croplife America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th Day of December, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Joseph Dale Wilson, III**
Kelley Drye & Warren LLP
Washington Harbour
3050 K Street NW
Suite 400
Washington, DC 20007
202-342-8504
Fax: 202-342-8451
Email: jwilson@kelleydrye.com

**Joanna Elizabeth Baden-Mayer**
Collier Shannon & Scott PLLC
3050 K St NW
Suite 400
Washington, DC 20007-5108
202-342-8400
Fax: 202-342-8451
Email: jbaden-mayer@kelleydrye.com

*Counsel for the Plaintiff Tafas*

**Craig Crandall Reilly**
Richard McGettigan Reilly & West PC
1725 Duke St
Suite 600
Alexandria, VA 22314
(703) 549-5353
Email: craig.reilly@rmrwlaw.com

**Daniel Sean Trainor**
Kirkland & Ellis LLP
655 15th St NW
Suite 1200
Washington, DC 20005
202-879-5000
Fax: 202-879-5229
Email: dtrainor@kirkland.com

**Elizabeth Marie Locke**
Kirkland & Ellis LLP
655 15th St NW
Suite 1200
Washington, DC 20005
202-879-5000
Fax: 202-879-5200
Email: elocke@kirkland.com

*Counsel for GSK Plaintiffs*


**Lauren A. Wetzler**
United States Attorney's Office
2100 Jamieson Ave
Alexandria, VA 22314
(703) 299-3752
Fax: (703) 299-3983
Email: lauren.wetzler@usdoj.gov

*Counsel for Defendants*


**James Murphy Dowd**
Wilmer Cutler Pickering Hale & Dorr LLP
1455 Pennsylvania Ave NW
Washington, DC 20004
(202) 942-8400
Email: james.dowd@wilmerhale.com

*Counsel for Amicus Pharmaceutical Research and Manufacturers of America*


**Randall Karl Miller**
Arnold & Porter LLP
1600 Tysons Blvd
Suite 900
McLean, VA 22102
(703) 720-7000
Email: randall_miller@aporter.com

*Counsel for Amicus Biotechnology Industry Organization and the Monsanto Company*

**Scott Jeffrey Pivnick**
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd
Suite 1400
McLean, VA 22102
(703) 770-7864
Email: scott.pivnick@pillsburylaw.com

**Rebecca Malkin Carr**
Pillsbury Winthrop Shaw Pittman LLP
2300 N St NW
Washington, DC 20037
202-663-8000
Fax: 202-663-8007
Email: rebecca.carr@pillsburylaw.com

*Counsel for Amicus Elan Pharmaceuticals, Inc.*

**Thomas J. O'Brien**
Morgan, Lewis & Bockius
1111 Pennsylvania Ave, NW
Washington, DC 20004
202-739--5186
Fax: (202) 739-3001
Email: to'brien@morganlewis.com

*Counsel for American Intellectual Property Law Institute*

**Dawn-Marie Bey**
King & Spalding LLP
1700 Pennsylvania Avenue
Suite 200
Washington, DC 20006
(202) 626-8978
Fax: 202 626-3737
Email: dbey@kslaw.com

*Counsel for Amicus HEXAS, LLC, The Roskamp Institute, and Tikvah Therapeutics, Inc.*

3

**Charles Gorenstein**
Birch Stewart Kolasch & Birch LLP
8110 Gatehouse Rd
PO Box 747
Falls Church, VA 22040-0747
(703) 205-8000
Email: cg@bskb.com

*Counsel for Amicus Intellectual Property Institute of William Mitchell College of Law*

**Robert Emmett Scully, Jr.**
Stites & Harbison, PLLC
1199 North Fairfax St.
Suite 900
Alexandria, VA 22314
(703) 739- 4900
Fax: (703) 739- 9577
Email: rscully@stites.com

*Counsel for Amicus Human Genome Sciences, Inc.*

**Craig James Franco**
Odin Feldman & Pittleman PC
9302 Lee Highway
Suite 1100
Fairfax, VA 22031
(703) 218-2100
Email: craig.franco@ofplaw.com

*Counsel for Amicus Polestar Capital Associates, LLC and Norseman Group, LLC*

**Matthew Christian Schruers**
Computer & Communications Industry Association
900 17th St NW
Suite 1100
Washington, DC 20006
(202) 470-3620
Email: MSchruers@ccianet.org

*Counsel for Computer and Communications Industry Association; AARP; Consumer
Federation of America; Essential Action; Foundation for Taxpayer and Consumer
Rights; Initiative for Medicines, Access and Knowledge; Knowledge Ecology
International; Prescription Access Litigation; Public Knowledge; Research on
Innovation; and Software Freedom Law Center*

4

5

                                          _____/s/_____

                                          John C. Maginnis
                                          Virginia Bar # 16757
                                          ATTORNEY FOR *AMICUS CURIAE*
                                          CROPLIFE AMERICA
                                          1350 Connecticut Ave. NW, Suite 301
                                          Washington, DC 20036
                                          (202) 659-4420 (phone)
                                          (202) 775-2463 (fax)
                                          maginnislaw2@verizon.net