# Defendants' Exhibit 4d

Dockets.Justia.com

*9/6/07*

# GUIDELINES FOR EXAMINATION SUPPORT DOCUMENT (ESD)
## Under 37 CFR 1.265

**Introduction**

Applicant may present more than five independent claims or more than twenty-five total claims in an application, if applicant files an examination support document (ESD) in compliance with 37 CFR 1.265 before the first Office action on the merits of the application. See 37 CFR 1.75(b)(1).

37 CFR 1.265(a) provides that an ESD must include the following:

1. Preexamination Search Statement: a statement that a preexamination search in compliance with 37 CFR 1.265(b) was conducted, including an identification of the field of search by United States class and subclass and the date of the search, where applicable, and, for database searches, the search logic or chemical structure or sequence used as a query, the name of the file or files searched and the database service, and the date of the search;

2. Listing of References Deemed Most Closely Related: a listing of the reference or references deemed most closely related to the subject matter of each of the claims (whether in independent or dependent form) in compliance with 37 CFR 1.265(c);

3. Identification of Claim Limitations Disclosed by References: for each reference cited, an identification of all the limitations of each of the claims (whether in independent or dependent form) that are disclosed by the reference;

4. Detailed Explanation of Patentability: a detailed explanation particularly pointing out how each of the independent claims is patentable over the cited references; and

5. Showing of Support under 35 U.S.C. 112, ¶1: a showing of where each limitation of each of the claims (whether in independent or dependent form) finds support under the first paragraph of 35 U.S.C. 112 in the written description of the specification. If the application claims the benefit of one or more applications under title 35, United States Code, the showing must also include where each limitation of each of the claims finds support under the first paragraph of 35 U.S.C. 112 in each such priority or benefit application in which such support exists.

1

*9/6/07*

## I. Preexamination Search Statement

<u>The Preexamination Search Must Encompass All of the Limitations of Each Claim</u>

An ESD must include a statement that a preexamination search in compliance with 37 CFR 1.265(b) was conducted. The preexamination search must be directed to the claimed invention and encompass all of the limitations of each of the claims (whether in independent or dependent form), giving the claims the broadest reasonable interpretation.

In performing the preexamination search, the claims must be given the broadest reasonable interpretation. See MPEP §§ 2111-2116.01.

- The preexamination search must encompass all the limitations of the independent claims. It must also encompass all the limitations of the dependent claims separately from the claim or claims from which they depend.
  - o For example, if independent claim 1 recites elements ABC and dependent claim 2 depends on claim 1, incorporates all the limitations of claim 1 and additionally recites element D, then, even if applicant cannot find elements ABC and believes elements ABC to be novel, applicant must still search for element D.

  - o For each means- (or step-) plus-function claim element invoking consideration under 35 U.S.C. 112, ¶ 6, the preexamination search must encompass the structure, material, or acts described in the specification that correspond to the means- (or step-) plus-function claim element and equivalents thereof.

- It is strongly recommended that applicants include disclosed but unclaimed features that applicant may later claim in the initial preexamination search to avoid the need to update the preexamination search.
  - o For example, for any amendment to the claims that is not encompassed by the previous ESD, applicant is required to provide a supplemental ESD that encompasses the amended or new claims at the time of filing the amendment.

- A search report from a foreign patent office and an international search report will not automatically satisfy the requirement for a preexamination search, unless it includes the information required by 37 CFR 1.265.
  - o For example, an applicant who wishes to rely on a foreign search report to satisfy the preexamination search requirement must ensure that:
    - (1) The search conducted by the foreign patent office includes U.S. patents and patent application publications, foreign patent documents, and non-patent literature;
    - (2) The foreign patent office search encompasses all the claim limitations of each claim of the U.S. nonprovisional application in which the ESD is filed; and
    - (3) For any database search, the foreign search report identifies the search logic or chemical structure or sequence used as a query in the database search, the name of the files searched and the database service, and the date of the search.

*9/6/07*

- A search from a prior-filed U.S. nonprovisional application will also not automatically satisfy the requirement for a preexamination search, unless it includes the information required by 37 CFR 1.265.
  - o Since the preexamination search must encompass all the limitations of each of the claims (whether in independent or dependent form) of the continuing application, giving the claims the broadest reasonable interpretation, a search from a prior-filed application will not encompass any newly added limitations of the claims in the continuing application.
  - o Furthermore, if the scope of the claims in the continuing application is broader than or different from the scope of the claims in the prior-filed application, the search for the claims in the prior-filed application generally will not be sufficient for the claims in the continuing application.
    - ■ For example, a search conducted in an application for a claim that was limited to an "orange" will not be sufficient to cover a claim that is drawn to a "fruit" because the search for a claim to a "fruit" must cover types of fruits other than oranges.
    - ■ Another example is that a search conducted in an application for a single claim to the combination of elements "A, B, and C" will generally not be sufficient to cover a claim to element "A", a claim to element "B", or a claim to element "C" because the search for claims to each element must cover elements "A", "B", and "C" separately from the combination of "A, B, and C".

- In a continuing application, applicant must file a complete ESD in compliance with 37 CFR 1.265 rather than a supplemental ESD to make sure the record in the continuing application is complete.
  - o For example, applicant should make sure that the preexamination search encompasses all of the limitations of each of the claims (whether in independent or dependent form) of the continuing application, giving the claims the broadest reasonable interpretation.

<u>Identification of the Field of Search and Search Queries</u>

The ESD must identify (in the manner set forth in MPEP § 719.05):
1. The field of search by U.S. class and subclass and the date of the search; and
2. For database searches, the search logic or chemical structure or sequence used as a query, the name of the file or files searched and the database service, and the date of the search.

The preexamination search referred to in 37 CFR 1.265(a)(1) must involve:
1. U.S. patents and patent application publications;
2. Foreign patent documents; and
3. Non-patent literature.

- These sources cannot be eliminated from the preexamination search unless the applicant justifies with reasonable certainty that no references more pertinent than those already

*9/6/07*

identified are likely to be found in the eliminated sources.
- o The justification must be included in the preexamination search statement required by 37 CFR 1.265(a)(1).
- o For example, applicant is required to identify the field of search by U.S. class and subclass if a justification is not included in the preexamination search statement.
- o The justification provided must be specific rather than including only general boiler-plate assertions, e.g., "no relevant prior art expected to be found" or "the best prior art was already located."
- o An elimination of a search source is expected to be rare.

- The USPTO has published patent search templates to help applicants to define the field of search, search tools, and search methodologies that should be considered when performing a search.
  - o The search templates are published on the USPTO's Internet Web site at http://www.uspto.gov/web/patents/searchtemplates/.

- The standard for the preexamination search that is required is the same standard that the USPTO uses to examine patent applications, which is set forth in MPEP §§ 904-904.03.

- A general statement that applicant has searched the USPTO's database and the resources available to examiners would not be sufficient because it would not identify the field of search, the date of the search, and, for database searches, the search logic or chemical structure or sequence used as a query, the name of the files searched and the database service, and the date of the search.

- The Office may consider a preexamination search insufficient if the Office determines that a number of references found in the areas where applicant has searched are more closely related to the subject matter of the claims than those references cited by the applicant. However, the Office will generally not hold a preexamination search insufficient simply because the Office has knowledge of a closer prior art reference than the prior art cited by the applicant (unless that prior art reference is applicant's own work).

- If the preexamination search is insufficient, the Office will notify the applicant of the deficiency and may provide suggestions on how the deficiency could be overcome.

- A search that includes the following three items should generally be sufficient:

  1. A classification search of U.S. patents and published patent applications (see discussion below);

  2. A text search of the U.S. patents and published patent applications, foreign patent documents, and non-patent literature (NPL) (see discussion below); and

  3. A search employing any special tools (see discussion below).

*9/6/07*

*A classification search of the U.S. patents and published patent applications* in the U.S. class and subclass where the subject matter of each claim is most likely to be classified in the United States Patent Classification (USPC) system. The field of search should extend to all probable classes and subclasses relevant to the subject matter of each claim.

- o For example, applicant should consider searching in the U.S. classes and subclasses listed on the U.S. patent or application publication that is most closely related to the claimed invention.
- o The Office will generally not hold a preexamination search insufficient simply because the Office considers another class and subclass is preferred or required.

- - Applicant should consult with the Manual of Classification for appropriate search areas. The Manual of Classification is available on the USPTO web site at http://www.uspto.gov/web/patents/classification/.
  - o A presentation slide set on basic search strategy is available on the USPTO web site at: http://www.uspto.gov/web/patents/accelerated/.
  - o Other information on search tools and classification information such as the definitions of the U.S. classes and subclasses, and the examiner's handbook for USPC system, are available at http://www.uspto.gov/web/offices/opc/index.html.

- - Applicant should also consult with the USPTO search notes in the Manual of Classification to determine if any other highly relevant classes should also be considered and thereafter, a further search be performed in those other classes as appropriate.

- - A classification search is defined as a complete search of all the documents in a particular subclass and it is not limited by any text query or other means (e.g., abstract only).
  - o In order to perform a complete classification search, applicant should not limit a search of a patent document classification database by a text query or a set of text queries or other means.
  - o In rare situations where applicant conducted a limited classification search, applicant must clearly indicate the limitation in the preexamination search statement by using an appropriate annotation after the class and subclass.
    - ■ For example, 414/1 (U.S. only); 238/6 (1954 to date); and 705/14 (text search only – see search logic).

*A text search of the U.S. patents and published patent applications, foreign patent documents, and non-patent literature (NPL),* that covers the subject matter of each claim using terms and synonyms recognized in the art, giving the claims their broadest reasonable interpretation.

- - The text search should consider individual features by themselves and combinations of features. The search should be commensurate with the scope of the claims, from the broadest to the narrowest claim.

5

*9/6/07*

- The preexamination search statement must identify the search logic or chemical structure or sequence used as a query, the name of the file or files searched and the database service, and the date of the search.

- Applicant should use appropriate terms, Boolean operators, truncations, and proximities for the particular database used in the search.
  o Terms recognized in the art;
  o Synonyms with appropriate Boolean operators (e.g., "and", "or" and "not");
    ■ For example: "radio or receiver or tuner" or "Television or (Cathode and Tube)";
  o Truncation operators - using the appropriate operators for the search engine employed
    ■ Truncation operators generally introduce a "wildcard" value to the root of a word;
    ■ For example: "micro$", where the $ is the truncation operator, would return any word that starts with the letters "micro" and any letters thereafter (such as "microprocessor", "microcomputer", etc.); and
  o Proximity operators - using the proper proximity operators for the search engine employed;
    ■ Proximity operators are used to search a first word within a defined number of words of a second word;
    ■ For example, "coupon near10 identification", where "near10" is the proximity operator specific to the search engine being used, would return "coupon" within 10 words of "identification".

- Applicant should note that merely providing a list of the terms used in the text search will not be sufficient.

- Applicant should also conduct assignee name and inventor name searches, if appropriate.

- For the text search of foreign patent documents, applicant may consider the sources listed in the PCT minimum documentation, which is available at http://www.wipo.int/standards/en/part_04.html.

- The search may be completed using the USPTO Universal Public Workstation (UPWS) in the USPTO Public Search Room Facility, Patent and Trademark Depository Libraries, or through other available commercial database providers.

- The text search of non-patent literature (NPL) should include at least the sources identified in the current USPTO search templates (available on the USPTO Web site at http://www.uspto.gov/web/patents/searchtemplates/searchtemplates.htm) as well as other appropriate sources.

9/6/07

*A search employing any special tools* (<u>e.g.</u>, nucleic acid, protein sequence or chemical structure searching tools) as identified in the current USPTO search templates should be completed if applicable.

**Text Search Example**

Database Searches:

1) Database Service:      USPTO EAST

   Files Searched:
           US Patent Document Databases: US-PGPUB, USPAT, USOCR
           Foreign Patent Document Databases: EPO, JPO, DERWENT
           IBM Technical Disclosure Bulletin database: IBM_TDB

   Search Logic:

   L1      (coupon  or promotion or ad or advert$9 or banner or discount or incentive
   or offer$9) near10 (id or identif$9 or code or unique or serial adj number)
   L2      (coupon  or promotion or ad or advert$9 or banner or discount or incentive
   or offer$9) with (select$9 or pick$9 or chose$9 or choos$9 or decide$9 or
   decision or choice)…
   L11     (coupon  or promotion or ad or advert$9 or banner or discount or incentive or offer$9)
           same (redeem$9 or redemption) same (history$9 or previous$9 or before or already or
           prior or preced$9 or past or earlier) same (user or customer or consumer or shopper or
           buyer or purchaser)

   Date Conducted:      August 8, 2006.

2) Database Service:      Dialog

   Files Searched:
   (Non Patent Literature) ABI/INFORM® [Bell & Howell Information and Learning], Business
   & Industry™ [Responsive Database  Services, Inc.], Business Week [The McGraw-Hill
   Companies Publications Online], Business Wire [Business Wire], Computer Database™ [The
   Gale Group], … USA Today, Washington Post Online.

   Search Logic:

   S1      (coupon  or promotion or ad or advert? or banner or discount or incentive
   or offer?) (10n) (id or identif? or code or unique or serial(w)number)…
   S11     (coupon  or promotion or ad or advert? or banner or discount or incentive or offer?)
           (10n) (redeem? or redemption) (10n) (histor? or previous? or before or already or prior
           or preced? or past or earlier) (10n) (user or customer or consumer or shopper or buyer or
           purchaser)

   Date Conducted:      August 8, 2006.

*9/6/07*

<u>Other sources</u>:
- Applicant's own work including references by at least one of the inventors.
- References cited in any prior-filed application in which a benefit or priority is claimed.
- References cited in an international search report of a national stage application.

<u>For more information</u>:
- Applicants who are preparing an examination support document under 37 CFR 1.265 may find the information on an accelerated examination support document helpful because the requirements for an accelerated examination support document are similar to the requirements for an examination support document requirements under 37 CFR 1.265. <u>See</u> <u>Changes to Practice for Petitions in Patent Applications To Make Special and for Accelerated Examination</u>, 71 FR 36232 (June 26, 2006), 1308 <u>Off. Gaz. Pat. Office</u> 106 (July 18, 2006) (notice). The USPTO has posted samples of a pre-examination search document and an examination support document under the revised accelerated examination procedure on the USTPO's Internet Web site at <u>http://www.uspto.gov/web/patents/accelerated/</u>.

## II. Listing of References Deemed Most Closely Related

An ESD must include a listing of the reference or references deemed most closely related to the subject matter of each of the claims (whether in independent or dependent form) in compliance with 37 CFR 1.265(c).

> The references that would be most closely related to the subject matter of the claims include:
> 1. A reference that discloses the most number of limitations in an independent claim;
> 2. A reference that discloses a limitation of an independent claim that is not shown in any other reference in the listing of references; and
> 3. A reference that discloses a limitation of a dependent claim that is not shown in any other reference in the listing of references.

- If the reference that is most closely related to the subject matter of the claims has a prior art date (such as the publication date) less than a year prior to the filing date or the effective filing date of the application, applicant is encouraged to include any other reference that has a prior art date that is earlier (<u>e.g.</u>, more than one year), but might be equal or less closely related to the subject matter of the claims.

- References that are only relevant to the general subject matter of the claims would not be most closely related to the subject matter of each of the claims if there are other references that are deemed to be more closely related to the subject matter of the claims.

- The preexamination search should result in the references that are most closely related to the subject matter of the claims. However, an applicant may not exclude a reference (including the inventor's own work) from an ESD simply because the reference was not

the result of the preexamination search. The reference, for instance, may have been brought to applicant's attention via a foreign or PCT search report. Applicant must consider all of the references that have been brought to the applicant's attention regardless of the source of those references when identifying the references most closely related to the subject matter of each of the claims.

- If applicant wishes to cite references to the Office for consideration that are not required by 37 CFR 1.265(a)(2), applicant must submit such references in an IDS in compliance with 37 CFR 1.97 and 1.98, rather than an ESD listing of references.

- A supplemental ESD is required if a reference being submitted in a later filed IDS is **as closely, or more closely, related** to the subject matter of at least one claim than the references provided in the previously filed ESD.

The listing of references provided as part of an ESD must include a list identifying each of the cited references, a copy of each reference if required by 37 CFR 1.265(c)(3), and each English language translation if required by 37 CFR 1.265(c)(4). See 37 CFR 1.265(c).

1. The list of cited references must itemize U.S. patents and U.S. patent application publications (including international applications designating the U.S.) in a section separate from the list of other references.

2. Each cited reference must be separately identified.

3. The listing of references required under 37 CFR 1.265(a)(2) must also be accompanied by a legible copy of each cited reference, except for references that are U.S. patents or U.S. patent application publications.

4. If a non-English language document is being cited in the listing of references required under 37 CFR 265(a)(2) as part of an ESD, any existing English language translation of the non-English language document must also be submitted if the translation is within the possession, custody, or control of, or is readily available to any individual identified in 37 CFR 1.56(c).

Applicant is encouraged to use the USPTO's form "Examination Support Document Listing of References" or may use any form that complies with the requirements set forth in 37 CFR 1.265(c).

- If an ESD is filed in compliance with 37 CFR 1.265 in an application that contains more than five independent claims or more than twenty-five total claims, the examiner will consider the cited references, place his or her initials next to each citation of the reference that has been considered on the form (similar to an IDS), and include a copy of the form with the next communication to applicant.

- If the references are cited on the USPTO's form and have been considered by the

*9/6/07*

examiner, the citation of the considered references will be printed on any resulting patent of the application.

### III. Identification of Claim Limitations Disclosed by References

For each reference cited, the ESD must include an identification of all the limitations of each of the claims (whether in independent or dependent form) that are disclosed by the reference.

- Applicant may satisfy this requirement by mapping the limitations of each of the claims to the references (*i.e.*, for each claim indicate where the cited references disclose features, showings, or teachings that are relevant to each limitation of such claim).

- Applicant must identify at least one appearance in the reference (a representative portion) of a specific feature, showing, or teaching for which the reference is being cited. If the feature, showing, or teaching appears in more than one portion of the reference, applicant would not need to specifically point out more than one occurrence. Applicant, however, should do so where the additional appearance may not be apparent to the examiner and may have some additional significance over its first identified appearance.

- If applicant recognizes that a document is relevant for more than one feature, showing, or teaching, applicant would need to specifically identify each additional feature, showing, or teaching and the portion where the feature, showing, or teaching appears in the document.

- A small entity as defined by the Regulatory Flexibility Act (5 U.S.C. 601 et seq.) may claim an exemption from the requirement in 37 CFR 1.265(a)(3) for an identification of all of the limitations of each of the claims that are disclosed by the references cited in the listing of the references. See 37 CFR 1.265(f).

*9/6/07*

### Example of an Identification of Limitations Disclosed by a Reference

| Claim 1 | Purcell et al. (US 20040193487) |
|---|---|
| A method of delivering a secure promotion to a user comprising: | Abstract; figure 6 |
| a) collecting a plurality of offers; | Implied by offers presented to user in figure 6 |
| b) assigning a unique identifier to each of the offers from the plurality of offers; | Abstract; ¶0018; ¶0049 |
| c) encoding each of the unique identifiers; | Abstract; ¶0018; ¶0049 |
| d) providing a retailer with the plurality of coupons; | Figure 4 box 4; ¶0043 (retailer provided with coupons) |
| e) identifying the user; | Figure 6 box 602 (user logs onto retailer site) |
| f) providing the user with a plurality of coupons for selection; | Figure 6 box 606 (user selects offers) |
| g) determining which of the provided coupons the user has selected; | Figure 6 boxes 614, 620,626 (that the user prints/receives coupons requires determining which coupons were selected) |
| h) informing the retailer about the selected coupons by the user; | Figure 6 boxes 616-618 (if the user chooses electronic delivery the selections are sent to the retailer |
| i) decoding the identifiers on the selected coupons and validating the selected coupons using the decoded identifiers; | ¶0049; ¶0050 |
| j) redeeming the validated coupons; and k) providing a clearinghouse with the redemption information. | Figure 4 boxes 406-408; ¶0043; ¶0050 ¶0043 (the offers are totaled and reported to a service system, the service system can be considered a clearinghouse. |

*9/6/07*

## IV. Detailed Explanation of Patentability

An ESD must include a detailed explanation particularly pointing out how each of the independent claims is patentable over the cited references.

- The ESD must set out with particularity, by reference to one or more specific claim limitations, why the claimed subject matter is not described in the references, taken as a whole. The applicant must explain why a person of ordinary skill in the art would not have combined the features disclosed in one reference with the features disclosed in another reference to arrive at the claimed subject matter. The applicant must also explain why the claim limitations of the independent claims render the claimed subject matter novel and non-obvious over the cited prior art.

- General statements that the independent claims are neither anticipated nor rendered obvious by the cited references or that the references are not properly combinable will not be acceptable. A general statement that all of the claim limitations of the independent claims are not described in a single reference does not satisfy the requirements of 37 CFR 1.265(a)(4).

## V. Showing of Support under 35 U.S.C. 112, ¶1

An ESD must include a showing of where each limitation of each of the claims (whether in independent or dependent form) finds support under the first paragraph of 35 U.S.C. 112 in the written description of the specification. If the application claims the benefit of one or more applications under title 35, United States Code, the showing must also include where each limitation of each of the claims finds support under the first paragraph of 35 U.S.C. 112 in each such priority or benefit application in which such support exists.

- Applicants are required to specify, with particularity, where in the specification each limitation of the claims finds support. If the application claims the benefit of a prior-filed provisional application, nonprovisional application, foreign application, or international application, the showing must also include where each limitation of the claims finds support in each prior-filed application.

- For means- (or step-) plus-function claim elements invoking consideration under 35 U.S.C. 112, ¶ 6:
  1. The claim limitation must be identified as means- (or step-) plus-function claim element that invokes consideration under 35 U.S.C. 112, ¶ 6; and
  2. The structure, material, or acts in the specification that correspond to each means- (or step-) plus-function claim element that invokes consideration under 35 U.S.C. 112, ¶ 6, must be identified.

  Where the limitation is intended to cover multiple embodiments of the structures, acts, or materials to perform the recited function, each should be separately identified.

13

*9/6/07*

- An assertion that the claims are supported by the entire specification would not be sufficient to meet the requirement.

- The Office may accept an ESD that does not show the support of a claim limitation that can be easily found in the written description of the specification and the omission appears to have been inadvertent. However, if the ESD does not show numerous limitations or the omission appears not to have been inadvertent, the Office may consider such an ESD as insufficient.


## VI. Supplemental ESD

Applicant is required to file a supplemental ESD in the following situations:
1. When applicant subsequently becomes aware of a reference that is as closely, or more closely, related to the subject matter of at least one claim than the references provided in the previous ESD (see 37 CFR 1.265(d)); and
2. When applicant files an amendment to the claims that is not encompassed by the previous ESD (see 37 CFR 1.265(e)).
   - For example, if the scope of the amended or new claims is broader than or different from the scope of the original claims and the previous search does not cover the scope of the amended or new claims, applicant is required to conduct a new search and submit a new preexamination search statement in a supplemental ESD.

A. For the situation where applicant is submitting a new reference in a supplemental ESD, applicant is not required to resubmit any references that have been submitted in the previous ESD. The supplemental ESD must include:

   1. A listing of new references in compliance with 37 CFR 1.265(a)(2) and (c);
   2. An identification of all of the limitations of each of the claims that are disclosed by the new reference in compliance with 37 CFR 1.265(a)(3); and
   3. A detailed explanation particularly pointing out how each of the independent claims is patentable over the newly cited references in compliance with 37 CFR 1.265(a)(4).

   - A supplemental ESD is required if a reference being submitted in a later filed IDS is **as closely, or more closely, related** to the subject matter of at least one claim than the references provided in the previously filed ESD.

B. For the situation where applicant is filing an amendment to the claims that is not encompassed by the previous ESD, applicant is required to provide a supplemental ESD that encompasses the amended or new claims at the time of filing the amendment.

   - The supplemental ESD must include:
     1. A new preexamination search in compliance with 37 CFR1.265(a)(1) if a new

14

search has been conducted to encompass the amended or new claims;
2. A listing of references in compliance with 37 CFR 1.265(a)(2) and (c) if a new
   reference is being cited;
3. For each new reference cited, an identification of all of the limitations of each of
   the claims that are disclosed by the reference; and for each previously cited
   reference, an identification of all of the limitations of each of the amended or new
   claims;
4. A detailed explanation particularly pointing out how each of the new or amended
   independent claims is patentable over the cited references; and
5. A showing of where each limitation of each of the amended or new claims finds
   support in the application and in any prior-filed application(s).

## VII. Notification of Non-Compliant ESD

If an ESD is required, but the ESD or pre-examination search is deemed to be insufficient, or the
claims have been amended such that the previous ESD no longer covers each of the claims,
applicant will be notified.
- The notice will provide a two-month time period within which, to avoid abandonment of
  the application, the applicant must:
  1. File a corrected or supplemental examination support document in compliance 37
     CFR 1.265 that covers each of the claims (whether in independent or dependent
     form); or
  2. Amend the application such that it contains no more than five independent claims and
     no more than twenty-five total claims.

The two-month time period is not extendable under 37 CFR 1.136(a).

## VIII. Certification under 37 CFR 1.265(f)

A small entity as defined by the Regulatory Flexibility Act (5 U.S.C. 601 et seq.) may claim an
exemption from the requirement in 37 CFR 1.265(a)(3) for an identification of all of the
limitations of each of the claims that are disclosed by the references cited in the listing of the
references. See 37 CFR 1.265(f). If applicant is such a small entity and wishes to claim the
exemption, applicant must file the ESD with a certification that any rights in the application have
not been assigned, granted, conveyed, or licensed, and there is no obligation under contract or
law to assign, grant, convey, or license any rights in the application, other than a security interest
that has not been defaulted upon, to any entity other than:

1. A business or other concern:
   (i) Whose number of employees, including affiliates, does not exceed 500 persons; and
   (ii) Which has not assigned, granted, conveyed, or licensed (and is under no obligation to
        do so) any rights in the invention to any person who made it and could not be

*9/6/07*

      classified as an independent inventor, or to any concern which would not qualify as a non-profit organization or a small business concern under 37 CFR 1.265(f)(1)(i).

2. A not-for-profit enterprise which is independently owned and operated and is not dominant in its field; or

3. A government of a city, county, town, township, village, school district, or special district, with a population of less than fifty thousand.

- An entity that meets the definition of a small entity set forth in 37 CFR 1.27 for paying reduced patent fees may or may not meet one of the definitions under 37 CFR 1.265(f)(1) through (f)(3) to make a certification under 37 CFR 1.265(f).

- The USPTO will **not** give advisory opinions as to whether or not a specific individual or entity meets the definitions under 37 CFR 1.265(f)(1) through (f)(3) to make a certification under 37 CFR 1.265(f).

- Questions related to standards for a small business concerns, not-for-profit enterprises, or governments may be directed to: Small Business Administration, Size Standards Staff, 409 Third Street, S.W., Washington, DC 20416.

# ACCELERATED EXAMINATION FAQs

○ The application, petition, and required fees must be filed electronically using the USPTO's electronic filing system (EFS-Web). Applicant should use form PTO/SB/28 for filing the petition to make special. The form is available on EFS-Web and on the USPTO's Internet Web site at *http://www.uspto.gov/web/forms/index.html.* If the USPTO's EFS-Web are not available to the public during the normal business hours for these systems at the time of filing the application, applicant may file the application, other papers and fees by mail accompanied by a statement that EFS-Web was not available during the normal business hours, but the final disposition of the application may occur later than twelve months from the filing of the application.

**EFS 2.** Can an applicant submit the listing of the information disclosure statement (IDS) electronically, but file a paper copy of the cited foreign and NPL documents via mail?

○ All documents must be filed electronically through EFS-Web. Applicant may file any cited foreign and NPL documents electronically by scanning them into the applicant's computer as PDF files and then electronically submitted the PDF files with the IDS as attachments via EFS-Web.

**EFS 3.** If an applicant makes a payment using a deposit account without access to the account's password (e.g., filing a substitute 875 fee worksheet with authorization to charge the deposit account), will it qualify as a "same day" payment of fees?

○ Yes.

**EFS 4.** I tried to submit my application by EFS but was unable to. What recourse do I have, since the program requires electronic filing?

○ If EFS or EFS-Web is unavailable at the time of filing (during ordinary business hours) applicant may file the application by express mail accompanied by a statement that EFS or EFS-Web was unavailable. The statement must be specific as to the time period of the alleged, unscheduled outage. Applicant is advised to contact the USPTO's Patent Electronic Business Center, 1-866-217-9197 (toll free for U.S.) or 571-272-4100 (local & international callers) from 6 a.m. to 12 midnight Eastern Time, Monday - Friday 6 a.m. to midnight or by e-mail at