# EXHIBIT B



# EPO boards of appeal decisions

homepage => search & index => boards of appeal decisions

|  |  |
|---|---|
| Search mask | List of updates |

| Date of decision | 05 August 1992 | Case number | J 0011/91 - 3.1.1 |
|---|---|---|---|
| **Application number** | 91101158.3 |  |  |
| **IPC** | - | **Proceedings Language** | EN |
| **Title of the application** |  |  | - |
| **Applicant name** | DOW | **Opponent name** | - |
| **Headnote**<br><br>1. A European divisional patent application on a pending earlier European patent application may still be validly filed after the approval in accordance with Rule 51(4) EPC of the text in which the European patent for the earlier application is to be granted (departure from Rule 25(1) EPC). However, such a late filing of a divisional application shall not affect the approved text of the European patent for the earlier application nor delay the termination of the grant procedure relating thereto.<br><br>2. The filing of a European divisional application is excluded once the EPO and the applicant are bound by the decision pursuant to Article 97(2) EPC to |  | **Articles and Rules** | EPC . Art 76<br>. Art 122<br>. R 25(1)<br>. R 51(4) |

grant the European patent for the earlier application.

3. An applicant may not have his right to file a divisional application re-established pursuant to Article 122 EPC, if the divisional application is filed after the decision to grant a European patent has been taken with respect to the earlier application.

4. The fees paid for a divisional application under Rule 25(2) EPC shall be refunded if the application is not accepted as a divisional application, i.e. if it does not have the benefit of the date of filing and priority, if any, of the earlier application.

| Keywords | Cited Decisions | - |
|---|---|---|
| Filing of divisional application permitted up to grant of parent patent<br>Re-establishment of right to file divisional application refused | | |

**Catchwords**: -

- *No PDF file is available for this document. Images are not displayed in the following [full text](#)*
- *Es gibt keine PDF-Version dieses Dokuments. In der folgenden [Voll-Text Version](#) sind keine Bilder enthalten*
- *Il n'y pas d'une version PDF de ce document. [Le texte complet](#) suivant de la décision ne comprend pas les image*

## Summary of Facts and Submissions



I. The cases J 11/91 and J 16/91, consolidated with the consent of the appellant, concern two separate attempts to file a divisional application in respect of parent application No. 86 906 040.0, filed on 5 August 1986, claiming priority from 5 August 1985 (hereinafter referred to as the parent application).

The parent application resulted in the grant of a European patent, and the following dates relating to proceedings leading to that grant are relevant to the two appeals under consideration. A communication under Rule 51(4) EPC was sent to the applicant by the EPO on 14 March 1990 informing him of the text in which the Examination Division intended to grant the European patent. The applicant approved that text on 19 July 1990. The EPO then sent a communication under Rule 51(6) EPC, requesting the applicant to pay the fees for grant and printing and to file translations of the claims on 3 August 1990. The fees were paid and translations filed on 6 November 1990.

The applicant was notified by the EPO of the decision to grant the patent by a communication dated and posted on 21 December 1990. The communication stated that the European patent "is hereby granted" and that "This decision will take effect on the date on which the European Patent Bulletin mentions the grant (Article 97(4) and (5) EPC)". The mention of the grant would be published in European Patent Bulletin 91/05 of 30 January 1991.

On 11 January 1991, the applicant requested the EPO "to exercise its discretion" and permit the filing of a divisional patent application based on the parent application.

On 30 January 1991, in accordance with Article 97(4) EPC, the grant of European patent No. 0 231 373 with respect to the parent application was mentioned in the European Patent Bulletin.

II. On 29 January 1991, the applicant filed European patent application No. 91 101 158.3 as a divisional application of the parent application and the required fees were paid.

III. On 22 February 1991, the Receiving Section of the EPO sent the applicant a Communication pursuant to Rule 69(1) EPC refusing to treat the application as a European divisional application because, according to Rule 25(1) EPC, divisional applications could not be filed after the date on which approval of the text had been given pursuant to Rule 51(4) EPC.

On 15 March 1991, the applicant requested a decision in accordance with Rule 69(2) EPC. On 19 April 1991, the Receiving Section, relying on Rule 25(1) EPC, issued a Decision refusing to allow the application as a divisional application of the parent application. The grounds for the decision were the following:

(1) a divisional application could not be filed once the procedure in respect of the parent application had ended in the grant of a patent (see Guidelines for Examination, part A, Chapter IV, 1.1.2 and part C., Chapter VI, 9.3). In the view of the Receiving Section, the procedure in this case had been concluded on 19 July 1990, the date on which the text of the parent application had been approved by the applicant pursuant to Rule 51(4) EPC;

(2) the EPO had no discretion to allow a divisional application after approval of the text (Rule 25 (1) EPC).

IV. On 17 June 1991, the appellant's representative filed a notice of appeal (file No. J 11/91) against this Decision, paying the appeal fee on the same day. The grounds of appeal were filed on 4 August 1991.

In his grounds of appeal, the appellant explained the background to his efforts to file a divisional application of the parent application. The parent application had originally been filed in the name of Commtech International on 5 August 1986. It had subsequently been assigned to the appellant as part of a substantial package of patents and patent applications also transferred. Pursuant to the agreement, the appellant took over prosecution and maintenance of the transferred patents and applications. Many months were needed to consider all the issues arising on each of these documents. Thus it was not until the 17 or 18 December 1990 that an employee of the appellant recognised for the first time the possibility of a collision between the disclosure of the parent application and the claims of another European patent application filed by the appellant on 27 May 1987, claiming priority from 27 May 1986. The filing of a divisional application based on the parent application was the only way to obtain a European patent in respect of the subject matter common to both applications. Subsequent events have been described above.

The appellant submitted that, whatever the stated intention of the Administrative Council of the EPO regarding the amendment made to Rule 25(1) EPC, which entered into force on 1 October 1988, the Rule did not preclude the filing of a divisional application after approval of the text in accordance with Rule 51(4) EPC. It was submitted that the words in the English version of Rule 25(1) EPC "may file" (and also "peut" and "kann" respectively in the French and German texts) do not preclude the filing of a divisional application at some other time. Permission expressed in the form that an applicant may do something in specific circumstances is silent as to what might be permitted under different circumstances. Alternatively, the appellant argued that there was a discretion to allow the filing of a divisional application out of time under Rule 25(1) EPC but before grant in wholly exceptional circumstances such as those present in the case under consideration. The filing of such a divisional application would not prejudice the public and would be in accordance with natural justice.

The appellant also drew attention to the pre-1988 version of Rule 25 EPC, which specifically provided that a divisional application could be filed at any time subject to the filing being

considered justified by the Examining Division. The time during which a divisional application could be filed as of right was strictly limited. The amendment to the Rule removed the requirement for approval to be given to the filing of a divisional application by the Examining Division. It did not follow that all discretion available to the EPO had been removed. The Receiving Section had stated that the filing of a divisional application after the time specified in amended Rule 25(1) EPC would circumvent the objective of the amendment. The Appellant submitted that it was the wording of the Rule which was decisive and not any stated or perceived objective. The removal of a discretion would be contrary to the clearly-established efforts of the EPO to provide for natural justice when the rights of third parties are not prejudiced.

V. In respect of the parent application, by letter of 4 February 1991, the appellant requested re-establishment under Article 122 EPC of his right under Article 76 EPC to file a divisional application of the parent application, and paid the required fee.

The request for re-establishment was refused by a decision of the Examining Division (Senior Formalities Officer) dated 6 May 1991. The reasons for the decision were the following:

re-establishment of rights is only possible if the applicant has failed to observe a time limit vis-à-vis the EPO. Rule 25(1) EPC does not lay down a time limit. It merely identifies a point in the grant procedure after which a divisional application may no longer be filed. This point is decided upon by the applicant when he gives his approval pursuant to Rule 51(4) EPC. In the absence of a time limit to be observed, re-establishment of rights is not possible. Moreover, under Rule 25(1) EPC, the EPO has no discretion to allow a divisional application to be filed after the approval of the text. The Rule specifies a point in the grant procedure up to which a divisional application may be filed. By implication it is not possible to file such an application thereafter. The intention of the amendment to Rule 25 EPC adopted on 1 October 1988 was to clarify the grant procedure in this respect, by indicating a clear point, identifiable in advance by the applicant, at which the matter for which protection is sought is agreed upon.

VI. By letter dated 17 June 1991, received at the EPO the same day by fax, the appellant's representative filed a notice of appeal (file No. J 16/91) against this decision, paying the appeal fee on the same day. Grounds of appeal were filed on 4 August 1991. In its grounds of appeal, the appellant gave the facts of the case as set out in case J 11/91 and submitted that, despite all the due care required by the circumstances having been taken, it had been unable to file the necessary divisional application before the text of the parent application had been approved and so had been unable to meet the requirements of Rule 25(1) EPC. As a direct consequence, the applicant had lost the right to file the divisional application under Article 76. Accordingly, it was submitted that Article 122 permitted re-establishment of that right. The purpose of Article 122 EPC was to ensure that in appropriate cases the loss of substantive rights did not result from procedural errors or oversights. The failure to notice the problem confronting the appellant at an earlier date had been due to the wholly exceptional history of the parent application and had been outside its control. As soon as the problem had come to light, the appellant had acted swiftly to remedy the situation.

With regard to the decision under appeal, the appellant submitted that it was not correct to say that the Examining Division is not competent in respect of an application under Article 122 following grant of the application. Article 122 starts from the premise that rights have been lost. In the normal case, there is no application pending before the EPO because it will have been deemed withdrawn. In the present case, there was a pending application in existence at the material time. He submitted also that Rule 25(1) EPC does stipulate a time limit. The latest date on which that time limit can expire is the expiration of the time limit given under Rule 51(4) but it may expire earlier if the applicant approves the text.

VII. The President of the EPO, at his own request, was invited to comment on the case pursuant to Article 12(a) of the Rules of Procedure of the Boards of Appeal of the European Patent Office (OJ EPO 1989, 361). His observations may be summarised as follows. In the appeal J 11/91, the application could not be treated as a divisional application because it had not been filed in due time. Rule 25(1) EPC only allowed the filing of a divisional application on a pending earlier patent application up to the approval of the text, in accordance with Rule 51(4) EPC, in which the European patent was to be granted. This was a binding provision. There was also no discretionary power vested in the EPO to allow a divisional application after the approval. The word "may" in the English text of Rule 25(1) EPC, and the wording "peut" and "kann" in the French and German texts respectively, was used to clarify the voluntary as opposed to the obligatory nature of the right to file a divisional application. Article 76(3) EPC provided for the procedure and special conditions to be complied with by a divisional application to be laid down in the Implementing Regulations. Rule 25(1) EPC laid down an important point of this procedure, namely the deadline for filing such an application and it followed a contrario that after that date a divisional could not be filed.

It was the intention of the legislator when Rule 25(1) EPC was amended in 1988 that a divisional application should not be allowable after approval of the text. The previous version of Rule 25 EPC distinguished between a voluntary division (for which the approval of the Examining Division was required) and a mandatory division imposed by the Examining Division. In order to simplify proceedings and reduce the burden of work of the Examining Division, this distinction had been dropped and a clear time introduced by which an applicant should file a divisional application. To allow a discretion on this point would circumvent the true intention of the legislator.

In the appeal in case J 16/91, re-establishment of rights was not possible as the EPO had no further competence once the patent had been granted. Any further decision on the subject-matter already decided upon would violate the principle of res judicata. The time limitation provided for in Rule 25(1) EPC was not a time limit within the meaning of Article 122 EPC. Moreover, Article 122 EPC was not a means of enabling a party to give effect to a change of mind.

VIII. On 19 March 1992, the appellant filed comments on the written observations of the President of the EPO referred to in paragraph VII, above. The appellant submitted that neither the European Patent Convention nor the Implementing Regulations as originally adopted in 1973, nor as amended in 1988, could be interpreted as precluding the filing of a divisional application at least up to the time when the parent application was granted. Alternatively, if the President's interpretation was correct, the appellant took the view that the 1988 amendment to Rule 25(1) EPC was ultra vires. In support of his position, the appellant argued that neither the Convention nor the Implementing Regulations, in their original form, contained any prohibition on filing a divisional application before grant of the parent, nor any power to create such a prohibition. Article 76(3) EPC was divided in three parts:

(a) the procedure to be followed in filing European divisional applications; (b) the special conditions to be complied with by such an application; (c) time limits for the payment of certain fees.

To understand the meaning of "special conditions", Article 76(3) EPC should be contrasted with Article 78(3) EPC. The latter refers to the conditions for filing an ordinary European patent application. The conditions relate to the content of the application itself and not to the conditions for its filing. Article 76(3) EPC could not be read as meaning that the "special conditions" could include a new rule of law taking away the right to file a divisional application

after a certain stage in the procedure. Such a rule of law was not a condition to be complied with by the application. Prior to 1988, Rule 25 EPC allowed the filing of a voluntary divisional application whenever the Examining Division considered it justified. The parties to the Convention had not contemplated the creation of a bar to the filing of a divisional application prior to grant of the patent.

The powers of the Administrative Council under Article 33 EPC were subject to two important qualifications:

(1) The function of the Implementing Regulations was not to create substantive rules of law but to implement the Convention.

(2) Article 33 EPC was subject to Article 164(2) EPC which provided that, in the case of conflict between the Convention and the Regulations, the Articles of the Convention prevailed. Thus, the Administrative Council had no power to amend the regulations in a manner which was inconsistent with the Convention. Rule 25(1) EPC did not concern a procedural question only; the creation of such a novel and irrevocable time bar was a matter of substantive law.

There were circumstances in which the approval of the text was not regarded as having irrevocable consequences. The Examining Division could decide to reopen a case when it considered it appropriate. In such circumstances, the President accepted that a divisional application could be filed. Thus he contended that, although the right to file a divisional application might arise fortuitously in such a case, there was nevertheless no discretion to permit filing of a divisional application in the circumstances of the case under appeal.

The President relied in his observations on the passage in the travaux préparatoires to the 1988 amendment to Rule 25(1) EPC, where it was stated: "It should be emphasised that the filing of a divisional application is under no circumstances admissible once the applicant has approved the text". Since it was accepted, however, that there are circumstances in which such filing was permissible, that passage could not be relied upon. Moreover, it was to be noted that according to the travaux préparatoires Rule 25(1) EPC was intended to "remove unnecessary and cumbersome restrictions and allow more flexibility in the interests of the applicant" (CA 29/88 Summary, paragraph 2).

With regard to the date upon which a decision to grant took effect, the President maintained that the subject- matter of the parent application could no longer be regarded as pending after the decision to grant. That interpretation was contrary to Article 97(4) EPC which stated specifically that "The decision to grant a European patent shall not take effect until the date on which the European Patent Bulletin mentions the grant".

As regards the points made by the President on the question of re-establishment of rights, the appellant argued that, at the time an attempt was made to file the divisional application, the time limit imposed by Rule 25(1) EPC had expired and the EPO therefore had the power to grant re-establishment of the right to file a divisional application. The President also maintained that Rule 25(1) EPC did not set a time limit, although in his observations he had repeatedly referred to it as such (see e.g. paragraphs 2, 9 and 10 of his letter).

In summary, the appellant submitted that the President's interpretation of Rule 25(1) EPC was inconsistent with the function of the Implementing Regulations and was in conflict with the Convention. Accordingly, the Convention should prevail and provide a discretion to permit filing of the divisional application after approval of the text. He submitted also that there was a discretion to permit re-establishment of rights.

IX. At the request of the Appellant, oral proceedings were held on 25 March 1992 at which both the appellant and the President of the EPO were represented.

The appellant's representative brought forward the following additional argument in support of his case. As regards the date on which a decision of the Examining Division to grant a patent takes effect, he maintained that the decision did not take effect until mention of the grant appeared in the European Patent Bulletin. Until that date, an application was still pending. Pendency of the application was proved by the fact that the EPO recorded assignments of the property in an application and renewal fees were payable in respect of an application up to that date.

At the conclusion of the oral proceedings the appellant made the following requests: The main request of the appellant concerned appeal J 11/91 and sought the setting aside of the decision under appeal of the Receiving Section dated 19 April 1991 and that European patent application No. 91 101 158.3 should be allowed to proceed as a divisional application of European patent application No. 86 906 040.0.

An auxiliary request concerned appeal J 16/91 and sought the setting aside of the decision of the Examining Division (Senior Formalities Officer) of 6 May 1991 and re-establishment of the appellant's right to file a divisional application of European patent application No. 86 906 040.0.

The decision of the Board was reserved.

**Reasons for the Decision** 

1. The consolidated appeals J 11/91 and J 16/91 are admissible.

2. Appeal in Case J 11/91

2.1 Background to the Relevant Legal Provisions

2.1.1 Article 76(1) EPC provides for the filing of European divisional applications in respect of subject-matter which does not extend beyond the content of the earlier application as filed; in so far as this provision is complied with, the divisional application shall be deemed to have been filed on the date of the earlier application and shall have the benefit of any priority. According to Article 76(3) EPC the procedure to be followed in carrying out the provisions of paragraph (1), the special conditions to be complied with by a divisional application and the time limit for paying the filing, search and designation fees are laid down in the Implementing Regulations.

2.1.2 Rule 25 EPC, which contains the implementing regulations for the filing of European divisional applications, provides that a divisional application on a pending earlier European patent application may be filed "up to the approval of the text, in accordance with Rule 51, paragraph 4, in which the European patent is to be granted".

2.1.3 Prior to 1988, Rule 25 EPC contained no limitation as regards the time at which such an application should be made and, as a matter of practice, the filing of such an application was possible at any time up to grant. The old Rule 25, paragraphs (1) and (2) EPC, which have subsequently been changed twice, originally read as follows:

"(1) A European divisional application may be filed :

(a) at any time after the date of receipt of the earlier European patent application by the European Patent Office, provided that, after receipt of the first communication from the Examining Division, the divisional application is filed within the period prescribed in that communication or that after that period the Examining Division considers the filing of a divisional application to be justified;

(b) within two months following the limitation at the invitation of the Examining Division of the earlier European patent application if the latter did not meet the requirements of Article 82.

(2) Where possible, the description and drawings of the earlier European patent application or any European divisional application shall relate only to the matter for which protection is sought by that application. However, when it is necessary for an application to describe the matter for which protection is sought by another application, it shall include a cross-reference to that other application."

2.1.4 At that time a distinction was made in paragraph (1) between obligatory division for lack of unity (1) (b) and voluntary division by the applicant (1) (a). For the latter possibility three alternatives as to the filing date were foreseen :

(a) before the request for examination according to Article 94, at any time,

(b) after receipt of the first official communication under Article 96(2), within the period prescribed for reply to that communication.

(c) after that period, if the examiner considered such filing to be justified.

The original version of Rule 25 EPC, therefore, did not preclude the filing of a divisional application after the approval of the text of an application in accordance with Rule 51(4) EPC.

2.1.5 As regards the procedure, the Guidelines (Part C, Chapter VI, No. 94) prescribed that comparison of the divisional application with the earlier application was necessary to ensure that, as far as possible, each application described only matter falling within the ambit of its claims. This meant that the examination procedure for the earlier application was held up because in most cases the parent application had to be altered. Furthermore, it had to await the arrival of the divisional application from the Receiving Section in The Hague where it was examined first as to formal requirements. Therefore, when a case arose in which the applicant, after approval of the text of the parent application, filed a divisional application without seeking any amendments to the parent application, the filing of the divisional application was considered to be justified because the parent application was not affected in any way by the filing of the divisional application (see T 229/86 of 28 September 1988, unpublished).

2.1.6 Subsequently, the procedure was considered too cumbersome and time consuming and the approval of the Examining Division for filing a voluntary divisional application was no longer considered necessary.

2.1.7 Consequently, by decision of the Administrative Council of 10 June 1988 (in force since 1 October 1988, OJ 1988, 290) paragraph (1) of Rule 25 EPC was changed and the present simplified version adopted, which contains one deadline only for all cases of filing a divisional application. The procedural differences between voluntary and non-voluntary division were removed.

2.1.8 The Guidelines were changed also. Comparison of the divisional application with the

parent application was no longer required. Instead it was prescribed that amendment of the description should be required only where it was absolutely necessary. Thus there was no need to object to the repetition in a divisional application of matter in the parent application unless it was clearly unrelated to or inconsistent with the invention claimed in the divisional application.

2.1.9 When the possibility of filing a divisional application was restricted to the date of approval of the text of the parent application, it would seem that the considerations and reasons developed in Decision T 229/86, mentioned above, for allowing a divisional after that time, if the approval of the text of the parent was maintained, were overlooked or disregarded.

2.1.10 The second change (in force since 1 June 1991, OJ 1991, 4), consisted in the deletion of paragraph (2), which had become superfluous because overlapping descriptions of the parent and the divisional application had become generally accepted.

2.2 Questions To Be Decided

The first question to be decided is whether the Receiving Section was right in deciding that in all circumstances Rule 25(1) EPC precludes an applicant from filing a divisional application after the date on which the text of the parent application is approved by the applicant pursuant to Rule 51(4) EPC. If that is not the case, the question arises at what stage in the proceedings leading to grant does the possibility to file a European Divisional application end? Two possible alternative dates have been considered: the date upon which the Examining Division decides to grant the European patent (Article 97(2) EPC) or the date upon which the decision to grant takes effect in accordance with Article 97(4) EPC on mention in the European Patent Bulletin. These three dates are hereinafter referred to as the Rule 25(1) date, the Article 97(2) date and the Article 97(4) date.

2.3 The Rule 25(1) Date

2.3.1 In its decision deciding in favour of the Rule 25(1) EPC date, the Receiving Section maintained that the intention of the amendment to Rule 25(1) EPC, together with Rule 51(4) EPC, had been to clarify the grant procedure by indicating a clear point, identifiable in advance by the applicant, at which the matter for which protection is sought is agreed upon.

2.3.2 It should be noted, in this respect, that it is not disputed that the Examining Division may reopen a case after approval by the applicant of the text in which it intends to grant the patent if it finds relevant state of the art. Once the Examining Division has reopened the case, it is also not disputed that the applicant may file a divisional application. This being so, Rule 25 (1) EPC must be interpreted narrowly while respecting the intention of the legislator. That intention was to avoid the problems caused to the EPO and the applicant by the previous Rule 25 EPC and to simplify the procedure. It was also intended that the approved text of the parent application should no longer be questioned and that the grant procedure of the parent patent should not be delayed.

2.3.3 In the view of the Board, there is no justification for the time limit set in Rule 25(1) EPC; it is unreasonable because several months elapse before the end of the period of pendency of the application, i.e. before the grant of a patent in respect of the parent application ( date at which the EPO is bound by its decision). Such an early time limit is unnecessary with respect to the needs both of the EPO and applicants. Moreover, in the opinion of the Board, Article 76(3) cannot be interpreted as authorising a general prohibition on the filing of divisional applications at a time when the subject-matter which has been divided out from the parent application is still pending before the EPO. According to Article 69(2), second sentence EPC, it is "the

European patent as granted" which "shall determine retroactively the protection conferred by the European patent application". It is not until the grant that the subject-matter of the patent becomes res judicata as it is the grant that conclusively determines what is included within the scope of the patent and what is excluded. Therefore, the approval referred to in Rule 51 (4) EPC is not an irreversible occurrence in the proceedings relating to the parent application. Furthermore, if the Examining Division has occasion and is so disposed it may reopen the examination proceedings after approval of the text. In such a case, there is no doubt that an applicant is entitled to file a divisional application.

2.3.4 The question arises whether Rule 25(1) EPC, as amended in 1988, is compatible with Article 4G of the Paris Convention for the Protection of Industrial Property (the Paris Convention) as well as with Article 76 EPC. The Paris Convention gives the applicant the right to divide a patent application. The conditions of the exercise of such right - including the term within which it must be exercised - are left to be determined by national legislation (c.f. Bodenhausen, Guide to the Paris Convention, BIRPI, 1968, page 57). Thus, there is no doubt that the EPC may set a time limit within which an applicant must file a divisional application. However, such a limit should not be arbitrary and it is doubtful if the Paris Convention can be relied upon to justify cutting off the possibility to file a divisional application several months before the parent application becomes res judicata. There is no good reason for such an early date. Article 76(3) EPC, which lays down the procedure to be followed in applying for a divisional application, provides for the Implementing Regulations to lay down, first, the "special conditions to be complied with by a divisional application" and, second, the time limits for paying certain fees. It is questionable whether Article 76 EPC provides a basis for setting a time limit for applying for a divisional application as long as the parent application is still pending. The article distinguishes between special conditions, which may be understood to relate to the special requirements to be met by the application, and certain time limits to be laid down. In this connection, it is noteworthy that the original Implementing Regulations adopted at the same time as the EPC by the Contracting States did not provide a specific time limit within which a divisional application had to be filed. The power of the Administrative Council to change the Regulations with respect to divisional applications may be derived only from Article 76 EPC. The Regulations may deal only with procedural questions and not with matters of substantive law. The question arises whether the new time limit introduced in Rule 25(1) EPC is a procedural matter or a question of substantive law. This can be tested by posing the question: "Does the new rule cut down the rights of the applicant in some significant way?" The introduction of a time limit before the real conclusion of the proceedings appears to the Board to be a substantial limitation of this essential right of the applicant which, as said above, is not justified. The original application is still pending and the later filing of a divisional application would not affect the envisaged text thereof or hinder the completion of the proceedings before the EPO relating to the grant of a patent in relation to the parent application.

2.3.5 As seen above, the approval of the text of an application is not an irreversible event in examination proceedings before the EPO. The date of the approval of the text is not a definitive date because the case may be reopened. Later opportunities for filing a divisional may arise also; for example, if the grant of a patent has been refused, appeal proceedings may be started and then a divisional may be filed. It is difficult to justify linking a definitive loss of rights to a reversible event and to allow the EPO to reverse that event while refusing the same possibility to the applicant.

2.3.6 For these reasons, the Board takes the view that Rule 25(1) EPC is incompatible with Article 76 EPC and does not represent the final date by which a divisional application on a pending earlier European patent application must be filed.

2.4 The Article 97(2) Date

The EPO and the applicant are bound by a decision of the Examining Division to grant the patent. The decision may not be reconsidered thereafter by the EPO. It becomes res judicata; only linguistic errors, errors of transcription and obvious mistakes may be corrected pursuant to Rule 89 EPC. In a written procedure, the date on which the parties become bound by the decision to grant is the date of posting. That date is the date after which the Examining Division may not resume the proceedings even with the consent of the applicant (see also Guidelines, Chapter 6, paragraph 4.10 and G. Gall in GRUR

Int. 1983, 11).

2.5 Article 97(4) Date

2.5.1 According to Article 97(4) EPC, the decision to grant mentioned in Article 97(2) EPC shall not take effect until the date on which the European Patent Bulletin mentions the grant.

2.5.2 The effects of the mention in the European Patent Bulletin of the grant of the patent include the conferring on its proprietor of rights in the Contracting States. It also is the start of the period within which notice of opposition to the patent must be given. Thus the mention of the grant of the patent is the date on which the grant of the patent takes effect with respect to the protection granted and with respect to third parties. It is suggested by the appellant that the decision to grant has no effects either with respect to the applicant until the date of mention and that the application remains pending right up until that date. In support of this argument, the applicant pointed out that the application was treated still at that stage as a pending application by the EPO in that, for example, assignments of the property in the application were recorded by the EPO and renewal fees were payable in respect of an application up to that date.

2.6 The Board does not dispute that certain effects of the decision to grant are dependent on the mention of the grant pursuant to Article 97(4) EPC. Nevertheless, the Board considers that the date of the decision to grant pursuant to Article 97(2) EPC is the decisive date as between the EPO and the applicant. The EPO is bound thereafter by its decision in relation to the text of the patent to be granted, the claims, description and drawings, and the subject-matter of the text of the patent becomes res judicata at that date. This general principle of law is a fundamental doctrine applied in all courts and legal proceedings to the effect that there must be an end to litigation. It means that the rights and obligations of the parties have been determined by a given decision and that the parties are estopped from reopening the issues in the case. The fact that the effects of the decision will not take effect with respect to third parties at the same date does not change the position so far as the parties to the decision (here the applicant and the EPO) are concerned.

3. Appeal in Case J 16/91

3.1 Article 122 EPC provides for the applicant who, in spite of all due care required by the circumstances having been taken, was unable to observe a time limit vis-à-vis the EPO, to have his rights re-established if the non- observance in question has led to a loss of rights.

3.2 In this case, the applicant failed to file an application for a divisional application not only by the date set by Rule 25(1) EPC, but also by the date of the decision to grant in accordance with Article 97(2) EPC. In fact the application was filed on the day prior to the date of the mention of grant in the European Patent Bulletin. For restitution of rights to be possible, there must be a failure to meet a time limit vis-à-vis the EPO, i.e. a time limit given specifically to the applicant

pursuant to the EPC or by an officer of the EPO within which he must accomplish a certain act. The last time limit given to the applicant in this case by the EPO was in the notification pursuant to Rule 51(4) EPC requesting approval of the text in which the Examining Division intended to grant the patent by a certain date. This time limit was observed by the applicant and the required approval given.

3.3 No other time limit within the meaning of Article 122 is present in this case. The date of the decision to grant is not a time limit the applicant was asked to observe by the EPO in the course of the examination proceedings. There can be no restitution of rights in relation to a decision. The remedy foreseen by the EPC for a decision by which a party is adversely affected is appeal in accordance with the provisions of Article 108 EPC.

3.4 For these reasons, an applicant may not have his right to file a divisional application re-established pursuant to Article 122 EPC, if the divisional application is filed after the decision to grant a European patent has been taken with respect to the earlier (i.e. parent) application.

4. Reimbursement of Fees

4.1 As the appeal in case J 11/91 is to be dismissed, the question arises as to whether the fees paid for the divisional application, namely, in this case, filing fee, search fee, designation fees, renewal fees, examination fees and claims fee should be reimbursed.

4.2 In this respect, Article 90(2) EPC should be taken into account. It provides that, "if a date of filing cannot be accorded ... the application shall not be dealt with as a European patent application". The fees payable for a European patent application are paid to no purpose if, after the fees have been paid, the application is denied a filing date. The fees therefore should be reimbursed (Münchener Gemeinschaftsktr. Article 90, No. 81). The words "a date of filing" in Article 90(2) EPC give rise to problems because a date of filing may be accorded to a divisional application which is not also the date of filing of the parent application. On the other hand, the applicant expressly requested permission to file a divisional application within the meaning of Article 76 EPC. This Article (see paragraph (1) thereof) provides that a divisional application is "deemed to have been filed on the date of filing of the earlier application and shall have the benefit of any right to priority". No other application was of interest to the applicant because the parent application otherwise would form part of the state of the art in relation to the later-filed, divisional application. Therefore, only the filing and priority (if any) dates of the earlier application are pertinent. If those dates are denied, no divisional application comes into existence. This case is comparable to the case dealt with in Article 90(2) EPC, so that an analogous application of that provision is justified. The case where the filing of an application as a divisional application is not allowed, which means implicitly that the applicant does not have the benefit of the relevant dates of the parent application, must be distinguished from other cases where the divisional application is rejected because of substantive deficiencies. In these cases, of course, no reimbursement of fees is possible. It is only in the case where the admissibility of the divisional application fails because it cannot be accorded the relevant dates of the parent application that the fees already paid must be refunded.

4.3 The rule in Article 79(3), third sentence, EPC, that designation fees shall not be refunded, does not apply because it presupposes an existing application, which is not the case here (see also Article 77(5), second sentence EPC).

**ORDER** 

For these reasons, it is decided that:

1. The appeals are dismissed.

2. The reimbursement of the following fees is ordered: filing fee, search fee, designation fees, renewal fees, examination fee and claims fees.

**Remarks: The cases J 0011/91 and J 0016/91 have been consolidated**

**Case law reports: CLBA 1996 ; OJ/EPO-SE 1996**

EPO Home Page | Recent updates | Request info | Send comments | Index
Patent information on the internet

Last updated on Tue, 7 Sep 2004 13:49:54 UTC +01:00
Copyright © 1997-2002 European Patent Office . All Rights Reserved.
E-mail: EPO Mail Distribution