# EXHIBIT 2

CHARLES E. SCHUMER
NEW YORK

COMMITTEES:

BANKING
JUDICIARY
RULES
FINANCE

# United States Senate
WASHINGTON, DC 20510

October 25, 2007

The Honorable Jon W. Dudas
Undersecretary of Commerce for Intellectual Property and Director
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, Virginia 22313

Via facsimile to: (571) 273-0085

Dear Undersecretary Dudas:

    I write to raise concerns about two recently proposed rules, entitled "Changes to Practice for Continuing Applications, Requests for Continued Examination Practice, and Applications Containing Patentably Indistinct Claims," and "Changes to Practice for the Examination of Claims in Patent Applications," published on August 21, 2007. It is my understanding that these rules are scheduled to become final on November 1, 2007. Because concerns have been raised about the potential impact of the new rules and there is a pending lawsuit in the Eastern District of Virginia seeking an injunction of the new rules, I ask that the PTO consider a delay in their implementation.

    With respect to the rule on continuing applications, under the current rules, there is effectively no limit on the number of continuation applications – or requests for continuation applications – that a prospective patent holder could file. The pending rule change would limit the number of continuations and requests for continued examination without a showing by the petitioner. Concerns have been raised as to the impact this proposed rule will have on certain types of inventions. In addition, there are questions as to whether the PTO has the necessary authority to limit the number of continuation applications. More time would allow all interested parties to analyze these questions further.

    The proposed rule regarding examination of claims raises additional concerns. It would require the filing of an extensive examination support document whenever an applicant needs to file more than ten representative claims to accurately describe its invention. Examination support documents can be very costly, thereby requiring an inventor to choose between significant costs and additional claims in the patent (which may be appropriate to accurately define and describe an invention). The proposed rule may thus serve to undermine core principles of patenting process, full candor and disclosure to the PTO and the public.

    As you know, there is a pending lawsuit in the Eastern District of Virginia seeking an injunction of the new rules. This court case also cautions against making the

proposed rules final at this time. A delay would allow the courts to assess the merits of the pending suit. Finally, Congress is currently considering a patent reform bill in which these issues may be addressed.

I appreciate the PTO's goal to create the most efficient and effective process to ensure both continued innovation and protection for the research and development efforts of patentholders. The proposed rules, however, may have the unintended consequences of stifling such innovation, and I urge you to consider delaying their implementation. Please do not hesitate to contact me with any questions. Thank you very much for your time and close attention.

Sincerely,

CHARLES E. SCHUMER
United States Senator