Tafas v. Dudas et al
Doc. 142 Att. 23
Case 1:07-cv-00846-JCC-TRJ     Document 142-24     Filed 12/20/2007     Page 1 of 51

# EXHIBIT 16

Dockets.Justia.com

O:\COE\COE07702.xml

S.L.C.

110TH CONGRESS
1ST SESSION

# S. _____

To amend title 35, United States Code, to provide for patent reform.

---

## IN THE SENATE OF THE UNITED STATES

Mr. LEAHY (for himself, Mr. HATCH, Mr. SCHUMER, and Mr. CORNYN) introduced the following bill; which was read twice and referred to the Committee on

---

# A BILL

To amend title 35, United States Code, to provide for patent reform.

1    *Be it enacted by the Senate and House of Representa-*

2    *tives of the United States of America in Congress assembled,*

3    **SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

4        (a) SHORT TITLE.—This Act may be cited as the

5    "Patent Reform Act of 2007".

6        (b) TABLE OF CONTENTS.—The table of contents of

7    this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Reference to title 35, United States Code.
Sec. 3. Right of the first inventor to file.
Sec. 4. Inventor's oath or declaration.
Sec. 5. Right of the inventor to obtain damages.
Sec. 6. Post-grant procedures and other quality enhancements.
Sec. 7. Definitions; patent trial and appeal board.

O:\COE\COE07702.xml                                                S.L.C.

2

Sec. 8. Study and report on reexamination proceedings.
Sec. 9. Submissions by third parties and other quality enhancements.
Sec. 10. Venue and jurisdiction.
Sec. 11. Regulatory authority.
Sec. 12. Technical amendments.
Sec. 13. Effective date; rule of construction.

1 **SEC. 2. REFERENCE TO TITLE 35, UNITED STATES CODE.**

2     Whenever in this Act a section or other provision is

3 amended or repealed, that amendment or repeal shall be

4 considered to be made to that section or other provision

5 of title 35, United States Code.

6 **SEC. 3. RIGHT OF THE FIRST INVENTOR TO FILE.**

7     (a) DEFINITIONS.—Section 100 is amended by add-

8 ing at the end the following:

9     ''(f) The term 'inventor' means the individual or, if

10 a joint invention, the individuals collectively who invented

11 or discovered the subject matter of the invention.

12     ''(g) The terms 'joint inventor' and 'coinventor' mean

13 any 1 of the individuals who invented or discovered the

14 subject matter of a joint invention.

15     ''(h) The 'effective filing date of a claimed invention'

16 is—

17         ''(1) the filing date of the patent or the applica-

18     tion for patent containing the claim to the invention;

19     or

20         ''(2) if the patent or application for patent is

21     entitled to a right of priority of any other applica-

22     tion under section 119, 365(a), or 365(b) or to the

O:\COE\COE07702.xml                                     S.L.C.

3

1    benefit of an earlier filing date in the United States

2    under section 120, 121, or 365(c), the filing date of

3    the earliest such application in which the claimed in-

4    vention is disclosed in the manner provided by the

5    first paragraph of section 112.

6    "(i) The term 'claimed invention' means the subject

7  matter defined by a claim in a patent or an application

8  for a patent.

9    "(j) The term 'joint invention' means an invention

10  resulting from the collaboration of inventive endeavors of

11  2 or more persons working toward the same end and pro-

12  ducing an invention by their collective efforts.".

13    (b) CONDITIONS FOR PATENTABILITY.—

14        (1) IN GENERAL.—Section 102 is amended to

15    read as follows:

16  **"§ 102. Conditions for patentability; novelty**

17    "(a) NOVELTY; PRIOR ART.—A patent for a claimed

18  invention may not be obtained if—

19        "(1) the claimed invention was patented, de-

20      scribed in a printed publication, or in public use or

21      on sale—

22          "(A) more than one year before the effec-

23        tive filing date of the claimed invention; or

24          "(B) one year or less before the effective

25        filing date of the claimed invention, other than

O:\COE\COE07702.xml                                                    S.L.C.

4

1      through disclosures made by the inventor or a

2      joint inventor or by others who obtained the

3      subject matter disclosed directly or indirectly

4      from the inventor or a joint inventor; or

5          "(2) the claimed invention was described in a

6      patent issued under section 151, or in an application

7      for patent published or deemed published under sec-

8      tion 122(b), in which the patent or application, as

9      the case may be, names another inventor and was

10     effectively filed before the effective filing date of the

11     claimed invention.

12     "(b) EXCEPTIONS.—

13         "(1) PRIOR INVENTOR DISCLOSURE EXCEP-

14     TION.—Subject matter that would otherwise qualify

15     as prior art under subparagraph (B) of subsection

16     (a)(1) shall not be prior art to a claimed invention

17     under that subparagraph if the subject matter had,

18     before the applicable date under such subparagraph

19     (B), been publicly disclosed by the inventor or a

20     joint inventor or others who obtained the subject

21     matter disclosed directly or indirectly from the in-

22     ventor, joint inventor, or applicant.

23         "(2) DERIVATION AND COMMON ASSIGNMENT

24     EXCEPTIONS.—Subject matter that would otherwise

25     qualify as prior art only under subsection (a)(2),

5

1    after taking into account the exception under para-

2    graph (1), shall not be prior art to a claimed inven-

3    tion if—

4        "(A) the subject matter was obtained di-

5        rectly or indirectly from the inventor or a joint

6        inventor; or

7        "(B) the subject matter and the claimed

8        invention, not later than the effective filing date

9        of the claimed invention, were owned by the

10       same person or subject to an obligation of as-

11       signment to the same person.

12       "(3) JOINT RESEARCH AGREEMENT EXCEP-

13   TION.—

14       "(A) IN GENERAL.—Subject matter and a

15       claimed invention shall be deemed to have been

16       owned by the same person or subject to an obli-

17       gation of assignment to the same person in ap-

18       plying the provisions of paragraph (2) if—

19           "(i) the claimed invention was made

20           by or on behalf of parties to a joint re-

21           search agreement that was in effect on or

22           before the effective filing date of the

23           claimed invention;

24           "(ii) the claimed invention was made

25           as a result of activities undertaken within

O:\COE\COE07702.xml                                      S.L.C.

6

1          the scope of the joint research agreement;

2          and

3               "(iii) the application for patent for

4          the claimed invention discloses or is

5          amended to disclose the names of the par-

6          ties to the joint research agreement.

7          "(B) For purposes of subparagraph (A),

8          the term 'joint research agreement' means a

9          written contract, grant, or cooperative agree-

10         ment entered into by two or more persons or

11         entities for the performance of experimental,

12         developmental, or research work in the field of

13         the claimed invention.

14         "(4) PATENTS AND PUBLISHED APPLICATIONS

15         EFFECTIVELY FILED.—A patent or application for

16         patent is effectively filed under subsection (a)(2)

17         with respect to any subject matter described in the

18         patent or application—

19              "(A) as of the filing date of the patent or

20         the application for patent; or

21              "(B) if the patent or application for patent

22         is entitled to claim a right of priority under sec-

23         tion 119, 365(a), or 365(b) or to claim the ben-

24         efit of an earlier filing date under section 120,

25         121, or 365(c), based upon one or more prior

7

1        filed applications for patent, as of the filing

2        date of the earliest such application that de-

3        scribes the subject matter.''.

4        (2) CONFORMING AMENDMENT.—The item re-

5    lating to section 102 in the table of sections for

6    chapter 10 is amended to read as follows:

''102. Conditions for patentability; novelty.''.

7        (c) CONDITIONS FOR PATENTABILITY; NON-OBVIOUS

8 SUBJECT MATTER.—Section 103 is amended to read as

9 follows:

10 **"§ 103. Conditions for patentability; nonobvious sub-**

11           **ject matter**

12        "A patent for a claimed invention may not be ob-

13 tained though the claimed invention is not identically dis-

14 closed as set forth in section 102, if the differences be-

15 tween the claimed invention and the prior art are such

16 that the claimed invention as a whole would have been ob-

17 vious before the effective filing date of the claimed inven-

18 tion to a person having ordinary skill in the art to which

19 the claimed invention pertains. Patentability shall not be

20 negated by the manner in which the invention was made.''.

21        (d) REPEAL OF REQUIREMENTS FOR INVENTIONS

22 MADE ABROAD.—Section 104, and the item relating to

23 that section in the table of sections for chapter 10, are

24 repealed.

8

1    (e) REPEAL OF STATUTORY INVENTION REGISTRA-

2 TION.—

3         (1) IN GENERAL.—Section 157, and the item

4    relating to that section in the table of sections for

5    chapter 14, are repealed.

6         (2) REMOVAL OF CROSS REFERENCES.—Section

7    111(b)(8) is amended by striking "sections 115,

8    131, 135, and 157" and inserting "sections 131 and

9    135".

10   (f) EARLIER FILING DATE FOR INVENTOR AND

11 JOINT INVENTOR.—Section 120 is amended by striking

12 "which is filed by an inventor or inventors named" and

13 inserting "which names an inventor or joint inventor".

14   (g) CONFORMING AMENDMENTS.—

15         (1) RIGHT OF PRIORITY.—Section 172 is

16    amended by striking "and the time specified in sec-

17    tion 102(d)".

18         (2) LIMITATION ON REMEDIES.—Section

19    287(c)(4) is amended by striking "the earliest effec-

20    tive filing date of which is prior to" and inserting

21    "which has an effective filing date before".

22         (3) INTERNATIONAL APPLICATION DESIG-

23    NATING THE UNITED STATES: EFFECT.—Section

24    363 is amended by striking "except as otherwise

25    provided in section 102(e) of this title".

O:\COE\COE07702.xml                                          S.L.C.

9

1      (4) PUBLICATION OF INTERNATIONAL APPLICA-

2  TION: EFFECT.—Section 374 is amended by striking

3  "sections 102(e) and 154(d)" and inserting "section

4  154(d)".

5      (5) PATENT ISSUED ON INTERNATIONAL APPLI-

6  CATION: EFFECT.—The second sentence of section

7  375(a) is amended by striking "Subject to section

8  102(e) of this title, such" and inserting "Such".

9      (6) LIMIT ON RIGHT OF PRIORITY.—Section

10  119(a) is amended by striking "; but no patent shall

11  be granted" and all that follows through "one year

12  prior to such filing".

13      (7) INVENTIONS MADE WITH FEDERAL ASSIST-

14  ANCE.—Section 202(c) is amended—

15          (A) in paragraph (2)—

16              (i) by striking "publication, on sale,

17          or public use," and all that follows through

18          "obtained in the United States" and in-

19          serting "the 1-year period referred to in

20          section 102(a) would end before the end of

21          that 2-year period"; and

22              (ii) by striking "the statutory" and

23          inserting "that 1-year"; and

24          (B) in paragraph (3), by striking "any

25      statutory bar date that may occur under this

O:\COE\COE07702.xml                                                S.L.C.

10

1           title due to publication, on sale, or public use"

2           and inserting "the expiration of the 1-year pe-

3           riod referred to in section 102(a)".

4       (h) REPEAL OF INTERFERING PATENT REMEDIES.—

5   Section 291, and the item relating to that section in the

6   table of sections for chapter 29, are repealed.

7       (i) ACTION FOR CLAIM TO PATENT ON DERIVED IN-

8   VENTION.—Section 135(a) is amended to read as follows:

9       "(a) DISPUTE OVER RIGHT TO PATENT.—

10          "(1)   INSTITUTION   OF   DERIVATION   PRO-

11          CEEDING.—An applicant may request initiation of a

12          derivation proceeding to determine the right of the

13          applicant to a patent by filing a request which sets

14          forth with particularity the basis for finding that an

15          earlier applicant derived the claimed invention from

16          the applicant requesting the proceeding and, without

17          authorization, filed an application claiming such in-

18          vention. Any such request may only be made within

19          12 months after the date of first publication of an

20          application containing a claim that is the same or is

21          substantially the same as the claimed invention,

22          must be made under oath, and must be supported

23          by substantial evidence. Whenever the Director de-

24          termines that patents or applications for patent

25          naming different individuals as the inventor interfere

O:\COE\COE07702.xml                                    S.L.C.

11

1     with one another because of a dispute over the right

2     to patent under section 101, the Director shall insti-

3     tute a derivation proceeding for the purpose of de-

4     termining which applicant is entitled to a patent.

5         "(2) REQUIREMENTS.—A proceeding under this

6     subsection may not be commenced unless the party

7     requesting the proceeding has filed an application

8     that was filed not later than 18 months after the ef-

9     fective filing date of the application or patent

10    deemed to interfere with the subsequent application

11    or patent.

12        "(3) DETERMINATION BY PATENT TRIAL AND

13    APPEAL BOARD.—In any proceeding under this sub-

14    section, the Patent Trial and Appeal Board—

15            "(A) shall determine the question of the

16        right to patent;

17            "(B) in appropriate circumstances, may

18        correct the naming of the inventor in any appli-

19        cation or patent at issue; and

20            "(C) shall issue a final decision on the

21        right to patent.

22        "(4) DERIVATION PROCEEDING.—The Board

23    may defer action on a request to initiate a derivation

24    proceeding until 3 months after the date on which

O:\COE\COE07702.xml                                    S.L.C.

12

1       the Director issues a patent to the applicant that

2       filed the earlier application.

3           "(5) EFFECT OF FINAL DECISION.—The final

4       decision of the Patent Trial and Appeal Board, if

5       adverse to the claim of an applicant, shall constitute

6       the final refusal by the Patent and Trademark Of-

7       fice on the claims involved. The Director may issue

8       a patent to an applicant who is determined by the

9       Patent Trial and Appeal Board to have the right to

10      patent. The final decision of the Board, if adverse

11      to a patentee, shall, if no appeal or other review of

12      the decision has been or can be taken or had, con-

13      stitute cancellation of the claims involved in the pat-

14      ent, and notice of such cancellation shall be endorsed

15      on copies of the patent distributed after such can-

16      cellation by the Patent and Trademark Office.".

17      (j) ELIMINATION OF REFERENCES TO INTER-

18  FERENCES.—(1) Sections 6, 41, 134, 141, 145, 146, 154,

19  305, and 314 are each amended by striking "Board of

20  Patent Appeals and Interferences" each place it appears

21  and inserting "Patent Trial and Appeal Board".

22      (2) Sections 141, 146, and 154 are each amended—

23          (A) by striking "an interference" each place it

24      appears and inserting "a derivation proceeding";

25      and

O:\COE\COE07702.xml                                    S.L.C.

13

1          (B) by striking "interference" each additional
2       place it appears and inserting "derivation pro-
3       ceeding".
4          (3) The section heading for section 134 is
5       amended to read as follows:

6    **"§ 134. Appeal to the Patent Trial and Appeal Board".**

7          (4) The section heading for section 135 is
8       amended to read as follows:

9    **"§ 135. Derivation proceedings".**

10         (5) The section heading for section 146 is
11      amended to read as follows:

12   **"§ 146. Civil action in case of derivation proceeding".**

13         (6) Section 154(b)(1)(C) is amended by striking
14      "INTERFERENCES" and inserting "DERIVATION PRO-
15      CEEDINGS".
16         (7) The item relating to section 6 in the table
17      of sections for chapter 1 is amended to read as fol-
18      lows:

"6. Patent Trial and Appeal Board.".

19         (8) The items relating to sections 134 and 135
20      in the table of sections for chapter 12 are amended
21      to read as follows:

"134. Appeal to the Patent Trial and Appeal Board.
"135. Derivation proceedings.".

O:\COE\COE07702.xml                                                    S.L.C.

14

1          (9) The item relating to section 146 in the table

2      of sections for chapter 13 is amended to read as fol-

3      lows:

"146. Civil action in case of derivation proceeding.".

4          (10)        CERTAIN        APPEALS.—Subsection

5      1295(a)(4)(A) of title 28, United States Code, is

6      amended to read as follows:

7              "(A) the Patent Trial and Appeal Board of

8          the United States Patent and Trademark Office

9          with respect to patent applications, derivation

10         proceedings, and post-grant review proceedings,

11         at the instance of an applicant for a patent or

12         any party to a patent interference (commenced

13         before the effective date of the Patent Reform

14         Act of 2007), derivation proceeding, or post-

15         grant review proceeding, and any such appeal

16         shall waive any right of such applicant or party

17         to proceed under section 145 or 146 of title

18         35;".

19  **SEC. 4. INVENTOR'S OATH OR DECLARATION.**

20      (a) INVENTOR'S OATH OR DECLARATION.—

21          (1) IN GENERAL.—Section 115 is amended to

22      read as follows:

23  **"§ 115. Inventor's oath or declaration**

24      "(a) NAMING THE INVENTOR; INVENTOR'S OATH OR

25  DECLARATION.—An application for patent that is filed

O:\COE\COE07702.xml                                                S.L.C.

15

1 under section 111(a), that commences the national stage

2 under section 363, or that is filed by an inventor for an

3 invention for which an application has previously been

4 filed under this title by that inventor shall include, or be

5 amended to include, the name of the inventor of any

6 claimed invention in the application. Except as otherwise

7 provided in this section, an individual who is the inventor

8 or a joint inventor of a claimed invention in an application

9 for patent shall execute an oath or declaration in connec-

10 tion with the application.

11     ''(b) REQUIRED STATEMENTS.—An oath or declara-

12 tion under subsection (a) shall contain statements that—

13         ''(1) the application was made or was author-

14     ized to be made by the affiant or declarant; and

15         ''(2) such individual believes himself or herself

16     to be the original inventor or an original joint inven-

17     tor of a claimed invention in the application.

18     ''(c) ADDITIONAL REQUIREMENTS.—The Director

19 may specify additional information relating to the inventor

20 and the invention that is required to be included in an

21 oath or declaration under subsection (a).

22     ''(d) SUBSTITUTE STATEMENT.—

23         ''(1) IN GENERAL.—In lieu of executing an oath

24     or declaration under subsection (a), the applicant for

25     patent may provide a substitute statement under the

O:\COE\COE07702.xml                                                    S.L.C.

16

1    circumstances described in paragraph (2) and such

2    additional circumstances that the Director may

3    specify by regulation.

4        "(2) PERMITTED CIRCUMSTANCES.—A sub-

5    stitute statement under paragraph (1) is permitted

6    with respect to any individual who—

7            "(A) is unable to file the oath or declara-

8        tion under subsection (a) because the indi-

9        vidual—

10                "(i) is deceased;

11                "(ii) is under legal incapacity; or

12                "(iii) cannot be found or reached after

13            diligent effort; or

14            "(B) is under an obligation to assign the

15        invention but has refused to make the oath or

16        declaration required under subsection (a).

17        "(3) CONTENTS.—A substitute statement under

18    this subsection shall—

19            "(A) identify the individual with respect to

20        whom the statement applies;

21            "(B) set forth the circumstances rep-

22        resenting the permitted basis for the filing of

23        the substitute statement in lieu of the oath or

24        declaration under subsection (a); and

17

1          "(C) contain any additional information,

2       including any showing, required by the Direc-

3       tor.

4       "(e) MAKING REQUIRED STATEMENTS IN ASSIGN-

5    MENT OF RECORD.—An individual who is under an obliga-

6    tion of assignment of an application for patent may in-

7    clude the required statements under subsections (b) and

8    (c) in the assignment executed by the individual, in lieu

9    of filing such statements separately.

10      "(f) TIME FOR FILING.—A notice of allowance under

11    section 151 may be provided to an applicant for patent

12    only if the applicant for patent has filed each required

13    oath or declaration under subsection (a) or has filed a sub-

14    stitute statement under subsection (d) or recorded an as-

15    signment meeting the requirements of subsection (e).

16      "(g) EARLIER-FILED APPLICATION CONTAINING RE-

17    QUIRED STATEMENTS OR SUBSTITUTE STATEMENT.—

18    The requirements under this section shall not apply to an

19    individual with respect to an application for patent in

20    which the individual is named as the inventor or a joint

21    inventor and that claims the benefit under section 120 or

22    365(c) of the filing of an earlier-filed application, if—

23          "(1) an oath or declaration meeting the require-

24       ments of subsection (a) was executed by the indi-

18

1    vidual and was filed in connection with the earlier-

2    filed application;

3        "(2) a substitute statement meeting the re-

4    quirements of subsection (d) was filed in the earlier

5    filed application with respect to the individual; or

6        "(3) an assignment meeting the requirements

7    of subsection (e) was executed with respect to the

8    earlier-filed application by the individual and was re-

9    corded in connection with the earlier-filed applica-

10    tion.

11    "(h) SUPPLEMENTAL AND CORRECTED STATE-

12    MENTS; FILING ADDITIONAL STATEMENTS.—

13        "(1) IN GENERAL.—Any person making a state-

14    ment required under this section may withdraw, re-

15    place, or otherwise correct the statement at any

16    time. If a change is made in the naming of the in-

17    ventor requiring the filing of 1 or more additional

18    statements under this section, the Director shall es-

19    tablish regulations under which such additional

20    statements may be filed.

21        "(2) SUPPLEMENTAL STATEMENTS NOT RE-

22    QUIRED.—If an individual has executed an oath or

23    declaration under subsection (a) or an assignment

24    meeting the requirements of subsection (e) with re-

25    spect to an application for patent, the Director may

O:\COE\COE07702.xml                                    S.L.C.

19

1    not thereafter require that individual to make any

2    additional oath, declaration, or other statement

3    equivalent to those required by this section in con-

4    nection with the application for patent or any patent

5    issuing thereon.

6    "(3) SAVINGS CLAUSE.—No patent shall be in-

7    valid or unenforceable based upon the failure to

8    comply with a requirement under this section if the

9    failure is remedied as provided under paragraph

10    (1).".

11    (2) RELATIONSHIP TO DIVISIONAL APPLICA-

12    TIONS.—Section 121 is amended by striking "If a

13    divisional application" and all that follows through

14    "inventor.".

15    (3) REQUIREMENTS FOR NONPROVISIONAL AP-

16    PLICATIONS.—Section 111(a) is amended—

17    (A) in paragraph (2)(C), by striking "by

18    the applicant" and inserting "or declaration";

19    (B) in the heading for paragraph (3), by

20    striking "AND OATH"; and

21    (C) by striking "and oath" each place it

22    appears.

23    (4) CONFORMING AMENDMENT.—The item re-

24    lating to section 115 in the table of sections for

25    chapter 10 is amended to read as follows:

"115. Inventor's oath or declaration.".

O:\COE\COE07702.xml                                      S.L.C.

20

1    (b) FILING BY OTHER THAN INVENTOR.—Section

2 118 is amended to read as follows:

**"§ 118. Filing by other than inventor**

4    "A person to whom the inventor has assigned or is

5 under an obligation to assign the invention may make an

6 application for patent. A person who otherwise shows suf-

7 ficient proprietary interest in the matter may make an ap-

8 plication for patent on behalf of and as agent for the in-

9 ventor on proof of the pertinent facts and a showing that

10 such action is appropriate to preserve the rights of the

11 parties. If the Director grants a patent on an application

12 filed under this section by a person other than the inven-

13 tor, the patent shall be granted to the real party in inter-

14 est and upon such notice to the inventor as the Director

15 considers to be sufficient.".

16    (c) SPECIFICATION.—Section 112 is amended—

17        (1) in the first paragraph——

18            (A) by striking "The specification" and in-

19        serting "(a) IN GENERAL.—The specification";

20            (B) by striking "of carrying out his inven-

21        tion" and inserting "or joint inventor of car-

22        rying out the invention"; and

23        (2) in the second paragraph—

21

1          (A) by striking "The specifications" and

2     inserting "(b) CONCLUSION.—The specifica-

3     tions"; and

4          (B) by striking "applicant regards as his

5     invention" and inserting "inventor or a joint in-

6     ventor regards as the invention";

7          (3) in the third paragraph, by striking "A

8     claim" and inserting "(c) FORM.—A claim";

9          (4) in the fourth paragraph, by striking "Sub-

10    ject to the following paragraph," and inserting "(d)

11    REFERENCE IN DEPENDENT FORMS.—Subject to

12    subsection (e),";

13         (5) in the fifth paragraph, by striking "A

14    claim" and inserting "(e) REFERENCE IN MULTIPLE

15    DEPENDENT FORM.—A claim"; and

16         (6) in the last paragraph, by striking "An ele-

17    ment" and inserting "(f) ELEMENT IN CLAIM FOR

18    A COMBINATION.—An element".

19  **SEC. 5. RIGHT OF THE INVENTOR TO OBTAIN DAMAGES.**

20    (a) DAMAGES.—Section 284 is amended—

21         (1) in the first paragraph—

22              (A) by striking "Upon" and inserting "(a)

23         AWARD OF DAMAGES.—

24         "(1) IN GENERAL.—Upon";

O:\COE\COE07702.xml                                S.L.C.

22

1              (B) by aligning the remaining text accord-

2         ingly; and

3              (C) by adding at the end the following:

4         "(2) RELATIONSHIP OF DAMAGES TO CON-

5    TRIBUTIONS OVER PRIOR ART.—The court shall con-

6    duct an analysis to ensure that a reasonable royalty

7    under paragraph (1) is applied only to that economic

8    value properly attributable to the patent's specific

9    contribution over the prior art. In a reasonable roy-

10   alty analysis, the court shall identify all factors rel-

11   evant to the determination of a reasonable royalty

12   under this subsection, and the court or the jury, as

13   the case may be, shall consider only those factors in

14   making the determination. The court shall exclude

15   from the analysis the economic value properly attrib-

16   utable to the prior art, and other features or im-

17   provements, whether or not themselves patented,

18   that contribute economic value to the infringing

19   product or process.

20       "(3) ENTIRE MARKET VALUE.—Unless the

21   claimant shows that the patent's specific contribu-

22   tion over the prior art is the predominant basis for

23   market demand for an infringing product or process,

24   damages may not be based upon the entire market

25   value of that infringing product or process.

O:\COE\COE07702.xml                                                S.L.C.

23

1        "(4) OTHER FACTORS.—In determining dam-
2    ages, the court may also consider, or direct the jury
3    to consider, the terms of any nonexclusive market-
4    place licensing of the invention, where appropriate,
5    as well as any other relevant factors under applica-
6    ble law.";

7        (2) by amending the second undesignated para-
8    graph to read as follows:

9    "(b) WILLFUL INFRINGEMENT .—

10        "(1) INCREASED DAMAGES.—A court that has
11    determined that the infringer has willfully infringed
12    a patent or patents may increase the damages up to
13    three times the amount of damages found or as-
14    sessed under subsection (a), except that increased
15    damages under this paragraph shall not apply to
16    provisional rights under section 154(d).

17        "(2) PERMITTED GROUNDS FOR WILLFUL-
18    NESS.—A court may find that an infringer has will-
19    fully infringed a patent only if the patent owner pre-
20    sents clear and convincing evidence that—

21            "(A) after receiving written notice from
22        the patentee—

23                "(i) alleging acts of infringement in a
24            manner sufficient to give the infringer an

24

1 objectively reasonable apprehension of suit

2 on such patent, and

3 "(ii) identifying with particularity

4 each claim of the patent, each product or

5 process that the patent owner alleges in-

6 fringes the patent, and the relationship of

7 such product or process to such claim,

8 the infringer, after a reasonable opportunity to

9 investigate, thereafter performed one or more of

10 the alleged acts of infringement;

11 "(B) the infringer intentionally copied the

12 patented invention with knowledge that it was

13 patented; or

14 "(C) after having been found by a court to

15 have infringed that patent, the infringer en-

16 gaged in conduct that was not colorably dif-

17 ferent from the conduct previously found to

18 have infringed the patent, and which resulted in

19 a separate finding of infringement of the same

20 patent.

21 "(3) LIMITATIONS ON WILLFULNESS.—(A) A

22 court may not find that an infringer has willfully in-

23 fringed a patent under paragraph (2) for any period

24 of time during which the infringer had an informed

25 good faith belief that the patent was invalid or unen-

O:\COE\COE07702.xml                                                    S.L.C.

25

1    forceable, or would not be infringed by the conduct

2    later shown to constitute infringement of the patent.

3        "(B) An informed good faith belief within the

4    meaning of subparagraph (A) may be established

5    by—

6            "(i) reasonable reliance on advice of coun-

7        sel;

8            "(ii) evidence that the infringer sought to

9        modify its conduct to avoid infringement once it

10       had discovered the patent; or

11           "(iii) other evidence a court may find suffi-

12       cient to establish such good faith belief.

13       "(C) The decision of the infringer not to

14   present evidence of advice of counsel is not relevant

15   to a determination of willful infringement under

16   paragraph (2).

17       "(4) LIMITATION ON PLEADING.—Before the

18   date on which a court determines that the patent in

19   suit is not invalid, is enforceable, and has been in-

20   fringed by the infringer, a patentee may not plead

21   and a court may not determine that an infringer has

22   willfully infringed a patent. The court's determina-

23   tion of an infringer's willfulness shall be made with-

24   out a jury."; and

O:\COE\COE07702.xml                                              S.L.C.

26

1        (3) in the third undesignated paragraph, by

2    striking "The court" and inserting "(c) EXPERT

3    TESTIMONY.—The court".

4        (b) DEFENSE TO INFRINGEMENT BASED ON EAR-

5    LIER INVENTOR.—Section 273 of title 35, United States

6    Code, is amended—

7            (1) in subsection (a)—

8                (A) in paragraph (1)—

9                    (i) by striking "of a method"; and

10                   (ii) by striking "review period;" and

11                inserting "review period; and";

12               (B) in paragraph (2)(B), by striking the

13            semicolon at the end and inserting a period;

14            and

15               (C) by striking paragraphs (3) and (4);

16           (2) in subsection (b)—

17               (A) in paragraph (1)—

18                   (i) by striking "for a method"; and

19                   (ii) by striking "at least 1 year before

20                the effective filing date of such patent,

21                and" and all that follows through the pe-

22                riod and inserting "and commercially used,

23                or made substantial preparations for com-

24                mercial use of, the subject matter before

27

1 the effective filing date of the claimed in-

2 vention.'';

3     (B) in paragraph (2)—

4         (i) by striking ''The sale or other dis-

5 position of a useful end result produced by

6 a patented method'' and inserting ''The

7 sale or other disposition of subject matter

8 that qualifies for the defense set forth in

9 this section''; and

10         (ii) by striking ''a defense under this

11 section with respect to that useful end re-

12 sult'' and inserting ''such defense''; and

13     (C) in paragraph (3)—

14         (i) by striking subparagraph (A); and

15         (ii) by redesignating subparagraphs

16 (B) and (C) as subparagraphs (A) and

17 (B), respectively;

18     (3) in paragraph (7), by striking ''of the pat-

19 ent'' and inserting ''of the claimed invention''; and

20     (4) by amending the heading to read as follows:

21 **''§ 273. Special defenses to and exemptions from in-**

22         **fringement''.**

23   (c) TABLE OF SECTIONS.—The item relating to sec-

24 tion 273 in the table of sections for chapter 28 is amended

25 to read as follows:

''273. Special defenses to and exemptions from infringement.''.

O:\COE\COE07702.xml                                              S.L.C.

28

1    (d) EFFECTIVE DATE.—The amendments made by

2 this section shall apply to any civil action commenced on

3 or after the date of enactment of this Act.

4 **SEC. 6. POST-GRANT PROCEDURES AND OTHER QUALITY**

5        **ENHANCEMENTS.**

6    (a) REEXAMINATION.—Section 303(a) is amended to

7 read as follows:

8    "(a) Within 3 months after the owner of a patent

9 files a request for reexamination under section 302, the

10 Director shall determine whether a substantial new ques-

11 tion of patentability affecting any claim of the patent con-

12 cerned is raised by the request, with or without consider-

13 ation of other patents or printed publications. On the Di-

14 rector's own initiative, and at any time, the Director may

15 determine whether a substantial new question of patent-

16 ability is raised by patents and publications discovered by

17 the Director, is cited under section 301, or is cited by any

18 person other than the owner of the patent under section

19 302 or section 311. The existence of a substantial new

20 question of patentability is not precluded by the fact that

21 a patent or printed publication was previously cited by or

22 to the Office or considered by the Office.".

23    (b) REEXAMINATION.—Section 315(c) is amended by

24 striking "or could have raised".

29

1    (c) REEXAMINATION PROHIBITED AFTER DISTRICT

2 COURT DECISION.—Section 317(b) is amended—

3        (1) in the subsection heading, by striking

4    "FINAL DECISION" and inserting "DISTRICT COURT

5    DECISION"; and

6        (2) by striking "Once a final decision has been

7    entered" and inserting "Once the judgment of the

8    district court has been entered".

9    (d) EFFECTIVE DATES.—Notwithstanding any other

10 provision of law, sections 311 through 318 of title 35,

11 United States Code, as amended by this Act, shall apply

12 to any patent that issues before, on, or after the date of

13 enactment of this Act from an original application filed

14 on any date.

15    (e) POST-GRANT OPPOSITION PROCEDURES.—

16        (1) IN GENERAL.—Part III is amended by add-

17    ing at the end the following new chapter:

18 **"CHAPTER 32—POST-GRANT REVIEW**

19                    **PROCEDURES**

"Sec.
"321. Petition for post-grant review.
"322. Timing and bases of petition.
"323. Requirements of petition.
"324. Prohibited filings.
"325. Submission of additional information; showing of sufficient grounds.
"326. Conduct of post-grant review proceedings.
"327. Patent owner response.
"328. Proof and evidentiary standards.
"329. Amendment of the patent.
"330. Decision of the Board.
"331. Effect of decision.
"332. Relationship to other pending proceedings.

O:\COE\COE07702.xml                                              S.L.C.

30

"333. Effect of decisions rendered in civil action on future post-grant review
      proceedings.
"334. Effect of final decision on future proceedings.
"335. Appeal.

1   **"§ 321. Petition for post-grant review**

2       "Subject to sections 322, 324, 332, and 333, a per-

3   son who is not the patent owner may file with the Office

4   a petition for cancellation seeking to institute a post-grant

5   review proceeding to cancel as unpatentable any claim of

6   a patent on any ground that could be raised under para-

7   graph (2) or (3) of section 282(b) (relating to invalidity

8   of the patent or any claim). The Director shall establish,

9   by regulation, fees to be paid by the person requesting

10  the proceeding, in such amounts as the Director deter-

11  mines to be reasonable.

12  **"§ 322. Timing and bases of petition**

13      "A post-grant proceeding may be instituted under

14  this chapter pursuant to a cancellation petition filed under

15  section 321 only if—

16          "(1) the petition is filed not later than 12

17          months after the grant of the patent or issuance of

18          a reissue patent, as the case may be;

19          "(2)(A) the petitioner establishes a substantial

20          reason to believe that the continued existence of the

21          challenged claim in the petition causes or is likely to

22          cause the petitioner significant economic harm; or

O:\COE\COE07702.xml                                                S.L.C.

31

1    "(B) the petitioner has received notice from the

2    patent holder alleging infringement by the petitioner

3    of the patent; or

4        "(3) the patent owner consents in writing to the

5    proceeding.

6  **"§ 323. Requirements of petition**

7    "A cancellation petition filed under section 321 may

8  be considered only if—

9        "(1) the petition is accompanied by payment of

10    the fee established by the Director under section

11    321;

12        "(2) the petition identifies the cancellation peti-

13    tioner; and

14        "(3) the petition sets forth in writing the basis

15    for the cancellation, identifying each claim chal-

16    lenged and providing such information as the Direc-

17    tor may require by regulation, and includes copies of

18    patents and printed publications that the cancella-

19    tion petitioner relies upon in support of the petition;

20    and

21        "(4) the petitioner provides copies of those doc-

22    uments to the patent owner or, if applicable, the

23    designated representative of the patent owner.

O:\COE\COE07702.xml                                                S.L.C.

32

1 **"§ 324. Prohibited filings**

2     "A post-grant review proceeding may not be insti-

3 tuted under paragraph (1), (2), or (3) of section 322 if

4 the petition for cancellation requesting the proceeding

5 identifies the same cancellation petitioner and the same

6 patent as a previous petition for cancellation filed under

7 the same paragraph of section 322.

8 **"§ 325. Submission of additional information; show-**

9          **ing of sufficient grounds**

10     "The cancellation petitioner shall file such additional

11 information with respect to the petition as the Director

12 may require. The Director may not authorize a post-grant

13 review proceeding to commence unless the Director deter-

14 mines that the information presented provides sufficient

15 grounds to proceed.

16 **"§ 326. Conduct of post-grant review proceedings**

17     "(a) IN GENERAL.—The Director shall—

18         "(1) prescribe regulations, in accordance with

19     section 2(b)(2), establishing and governing post-

20     grant review proceedings under this chapter and

21     their relationship to other proceedings under this

22     title;

23         "(2) prescribe regulations setting forth the

24     standards for showings of substantial reason to be-

25     lieve and significant economic harm under section

26     322(2) and sufficient grounds under section 325;

O:\COE\COE07702.xml                                          S.L.C.

33

1       "(3) prescribe regulations establishing proce-

2    dures for the submission of supplemental informa-

3    tion after the petition for cancellation is filed; and

4       "(4) prescribe regulations setting forth proce-

5    dures for discovery of relevant evidence, including

6    that such discovery shall be limited to evidence di-

7    rectly related to factual assertions advanced by ei-

8    ther party in the proceeding, and the procedures for

9    obtaining such evidence shall be consistent with the

10   purpose and nature of the proceeding.

11   "(b)    POST-GRANT    REGULATIONS.—Regulations

12 under subsection (a)(1)—

13       "(1) shall require that the final determination

14   in a post-grant proceeding issue not later than one

15   year after the date on which the post-grant review

16   proceeding is instituted under this chapter, except

17   that, for good cause shown, the Director may extend

18   the 1-year period by not more than six months;

19       "(2) shall provide for discovery upon order of

20   the Director;

21       "(3) shall prescribe sanctions for abuse of dis-

22   covery, abuse of process, or any other improper use

23   of the proceeding, such as to harass or to cause un-

24   necessary delay or unnecessary increase in the cost

25   of the proceeding;

O:\COE\COE07702.xml                                                                S.L.C.

34

1        "(4) may provide for protective orders gov-
2    erning the exchange and submission of confidential
3    information; and

4        "(5) shall ensure that any information sub-
5    mitted by the patent owner in support of any
6    amendment entered under section 328 is made avail-
7    able to the public as part of the prosecution history
8    of the patent.

9        "(c) CONSIDERATIONS.—In prescribing regulations
10    under this section, the Director shall consider the effect
11    on the economy, the integrity of the patent system, and
12    the efficient administration of the Office.

13        "(d) CONDUCT OF PROCEEDING.—The Patent Trial
14    and Appeal Board shall, in accordance with section 6(b),
15    conduct each post-grant review proceeding authorized by
16    the Director.

17    **"§ 327. Patent owner response**

18        "After a post-grant proceeding under this chapter
19    has been instituted with respect to a patent, the patent
20    owner shall have the right to file, within a time period
21    set by the Director, a response to the cancellation petition.
22    The patent owner shall file with the response, through af-
23    fidavits or declarations, any additional factual evidence
24    and expert opinions on which the patent owner relies in
25    support of the response.

O:\COE\COE07702.xml                                                      S.L.C.

35

1 **"§ 328. Proof and evidentiary standards**

2    "(a) IN GENERAL.—The presumption of validity set

3 forth in section 282 shall not apply in a challenge to any

4 patent claim under this chapter.

5    "(b) BURDEN OF PROOF.—The party advancing a

6 proposition under this chapter shall have the burden of

7 proving that proposition by a preponderance of the evi-

8 dence.

9 **"§ 329. Amendment of the patent**

10    "(a) IN GENERAL.—In response to a challenge in a

11 petition for cancellation, the patent owner may file 1 mo-

12 tion to amend the patent in 1 or more of the following

13 ways:

14        "(1) Cancel any challenged patent claim.

15        "(2) For each challenged claim, propose a sub-

16    stitute claim.

17        "(3) Amend the patent drawings or otherwise

18    amend the patent other than the claims.

19    "(b) ADDITIONAL MOTIONS.—Additional motions to

20 amend may be permitted only for good cause shown.

21    "(c) SCOPE OF CLAIMS.—An amendment under this

22 section may not enlarge the scope of the claims of the pat-

23 ent or introduce new matter.

24 **"§ 330. Decision of the Board**

25    "If the post-grant review proceeding is instituted and

26 not dismissed under this chapter, the Patent Trial and

O:\COE\COE07702.xml                                    S.L.C.

36

1   Appeal Board shall issue a final written decision with re-

2   spect to the patentability of any patent claim challenged

3   and any new claim added under section 329.

4   **"§ 331. Effect of decision**

5        "(a) IN GENERAL.—If the Patent Trial and Appeal

6   Board issues a final decision under section 330 and the

7   time for appeal has expired or any appeal proceeding has

8   terminated, the Director shall issue and publish a certifi-

9   cate canceling any claim of the patent finally determined

10  to be unpatentable and incorporating in the patent by op-

11  eration of the certificate any new claim determined to be

12  patentable.

13       "(b) NEW CLAIMS.—Any new claim held to be pat-

14  entable and incorporated into a patent in a post-grant re-

15  view proceeding shall have the same effect as that speci-

16  fied in section 252 for reissued patents on the right of

17  any person who made, purchased, offered to sell, or used

18  within the United States, or imported into the United

19  States, anything patented by such new claim, or who made

20  substantial preparations therefore, prior to issuance of a

21  certificate under subsection (a) of this section.

22  **"§ 332. Relationship to other pending proceedings**

23       "Notwithstanding subsection 135(a), sections 251

24  and 252, and chapter 30, the Director may determine the

25  manner in which any reexamination proceeding, reissue

O:\COE\COE07702.xml                                    S.L.C.

37

1 proceeding, interference proceeding (commenced before

2 the effective date of the Patent Reform Act of 2007), deri-

3 vation proceeding, or post-grant review proceeding, that

4 is pending during a post-grant review proceeding, may

5 proceed, including providing for stay, transfer, consolida-

6 tion, or termination of any such proceeding.

7 **"§ 333. Effect of decisions rendered in civil action on**

8 **future post-grant review proceedings**

9 "If a final decision has been entered against a party

10 in a civil action arising in whole or in part under section

11 1338 of title 28 establishing that the party has not sus-

12 tained its burden of proving the invalidity of any patent

13 claim—

14 "(1) that party to the civil action and the

15 privies of that party may not thereafter request a

16 post-grant review proceeding on that patent claim on

17 the basis of any grounds, under the provisions of

18 section 311, which that party or the privies of that

19 party raised or had actual knowledge of; and

20 "(2) the Director may not thereafter maintain

21 a post-grant review proceeding previously requested

22 by that party or the privies of that party on the

23 basis of such grounds.

38

1 **"§ 334. Effect of final decision on future proceedings**

2    "(a) IN GENERAL.—If a final decision under section

3 330 is favorable to the patentability of any original or new

4 claim of the patent challenged by the cancellation peti-

5 tioner, the cancellation petitioner may not thereafter,

6 based on any ground which the cancellation petitioner

7 raised during the post-grant review proceeding—

8        "(1) request or pursue a reexamination of such

9    claim under chapter 31;

10        "(2) request or pursue a derivation proceeding

11    with respect to such claim;

12        "(3) request or pursue a post-grant review pro-

13    ceeding under this chapter with respect to such

14    claim; or

15        "(4) assert the invalidity of any such claim, in

16    any civil action arising in whole or in part under sec-

17    tion 1338 of title 28.

18    "(b) EXTENSION OF PROHIBITION.—If the final deci-

19 sion is the result of a petition for cancellation filed on the

20 basis of paragraph (2) of section 322, the prohibition

21 under this section shall extend to any ground which the

22 cancellation petitioner raised during the post-grant review

23 proceeding.

24 **"§ 335. Appeal**

25    "A party dissatisfied with the final determination of

26 the Patent Trial and Appeal Board in a post-grant pro-

39

1   ceeding under this chapter may appeal the determination

2   under sections 141 through 144. Any party to the post-

3   grant proceeding shall have the right to be a party to the

4   appeal.''.

5       (f) CONFORMING AMENDMENT.—The table of chap-

6   ters for part III is amended by adding at the end the fol-

7   lowing:

**"32. Post-Grant Review Proceedings** ......................................... **321".**

8       (g) REGULATIONS AND EFFECTIVE DATE.—

9           (1) REGULATIONS.—The Under Secretary of

10          Commerce for Intellectual Property and Director of

11          the United States Patent and Trademark Office (in

12          this subsection referred to as the ''Director'') shall,

13          not later than the date that is 1 year after the date

14          of the enactment of this Act, issue regulations to

15          carry out chapter 32 of title 35, United States Code,

16          as added by subsection (e) of this section

17          (2) APPLICABILITY.—The amendments made

18          by subsection (e) shall take effect on the date that

19          is 1 year after the date of the enactment of this Act

20          and shall apply to patents issued before, on, or after

21          that date, except that, in the case of a patent issued

22          before that date, a petition for cancellation under

23          section 321 of title 35, United States Code, may be

24          filed only if a circumstance described in paragraph

O:\COE\COE07702.xml                                    S.L.C.

40

1      (2), (3), or (4) of section 322 of title 35, United

2      States Code, applies to the petition.

3      (3) PENDING INTERFERENCES.—The Director

4      shall determine the procedures under which inter-

5      ferences commenced before the effective date under

6      paragraph (2) are to proceed, including whether any

7      such interference is to be dismissed without preju-

8      dice to the filing of a cancellation petition for a post-

9      grant opposition proceeding under chapter 32 of title

10     35, United States Code, or is to proceed as if this

11     Act had not been enacted. The Director shall include

12     such procedures in regulations issued under para-

13     graph (1).

14   **SEC. 7. DEFINITIONS; PATENT TRIAL AND APPEAL BOARD.**

15     (a) DEFINITIONS.—Section 100 (as amended by this

16   Act) is further amended—

17     (1) in subsection (e), by striking "or inter

18     partes reexamination under section 311";

19     (2) by adding at the end the following:

20     "(k) The term 'cancellation petitioner' means the real

21   party in interest requesting cancellation of any claim of

22   a patent under chapter 31 of this title and the privies of

23   the real party in interest.".

24     (b) PATENT TRIAL AND APPEAL BOARD.—Section 6

25   is amended to read as follows:

O:\COE\COE07702.xml                                                    S.L.C.

41

1 **"§ 6. Patent Trial and Appeal Board**

2     "(a) ESTABLISHMENT AND COMPOSITION.—There

3 shall be in the Office a Patent Trial and Appeal Board.

4 The Director, the Deputy Director, the Commissioner for

5 Patents, the Commissioner for Trademarks, and the ad-

6 ministrative patent judges shall constitute the Patent

7 Trial and Appeal Board. The administrative patent judges

8 shall be persons of competent legal knowledge and sci-

9 entific ability who are appointed by the Director. Any ref-

10 erence in any Federal law, Executive order, rule, regula-

11 tion, or delegation of authority, or any document of or

12 pertaining to the Board of Patent Appeals and Inter-

13 ferences is deemed to refer to the Patent Trial and Appeal

14 Board.

15     "(b) DUTIES.—The Patent Trial and Appeal Board

16 shall—

17         "(1) on written appeal of an applicant, review

18     adverse decisions of examiners upon application for

19     patents;

20         "(2) on written appeal of a patent owner, re-

21     view adverse decisions of examiners upon patents in

22     reexamination proceedings under chapter 30; and

23         "(3) determine priority and patentability of in-

24     vention in derivation proceedings under subsection

25     135(a); and

O:\COE\COE07702.xml                                          S.L.C.

42

1          "(4) conduct post-grant opposition proceedings

2      under chapter 32.

3   Each appeal and derivation proceeding shall be heard by

4   at least 3 members of the Patent Trial and Appeal Board,

5   who shall be designated by the Director. Only the Patent

6   Trial and Appeal Board may grant rehearings. The Direc-

7   tor shall assign each post-grant review proceeding to a

8   panel of 3 administrative patent judges. Once assigned,

9   each such panel of administrative patent judges shall have

10  the responsibilities under chapter 32 in connection with

11  post-grant review proceedings.".

**12  SEC. 8. STUDY AND REPORT ON REEXAMINATION PRO-**

**13            CEEDINGS.**

14      The Under Secretary of Commerce for Intellectual

15  Property and Director of the Patent and Trademark Of-

16  fice shall, not later than 3 years after the date of the en-

17  actment of this Act—

18          (1) conduct a study of the effectiveness and ef-

19      ficiency of the different forms of proceedings avail-

20      able under title 35, United States Code, for the re-

21      examination of patents; and

22          (2) submit to the Committees on the Judiciary

23      of the House of Representatives and the Senate a

24      report on the results of the study, including any of

25      the Director's suggestions for amending the law, and

O:\COE\COE07702.xml                                    S.L.C.

43

1    any other recommendations the Director has with

2    respect to patent reexamination proceedings.

**SEC. 9. SUBMISSIONS BY THIRD PARTIES AND OTHER**

**QUALITY ENHANCEMENTS.**

5    (a) PUBLICATION.—Section 122(b)(2) is amended—

6        (1) by striking subparagraph (B); and

7        (2) in subparagraph (A)—

8            (A) by striking "(A) An application" and

9        inserting "An application"; and

10           (B) by redesignating clauses (i) through

11       (iv) as subparagraphs (A) through (D), respec-

12       tively.

13   (b) PREISSUANCE SUBMISSIONS BY THIRD PAR-

14   TIES.—Section 122 is amended by adding at the end the

15   following:

16   "(e) PREISSUANCE SUBMISSIONS BY THIRD PAR-

17   TIES.—

18        "(1) IN GENERAL.—Any person may submit for

19       consideration and inclusion in the record of a patent

20       application, any patent, published patent application

21       or other publication of potential relevance to the ex-

22       amination of the application, if such submission is

23       made in writing before the earlier of—

O:\COE\COE07702.xml                                                 S.L.C.

44

1          "(A) the date a notice of allowance under

2      section 151 is mailed in the application for pat-

3      ent; or

4          "(B) either—

5              "(i) 6 months after the date on which

6          the application for patent is published

7          under section 122, or

8              "(ii) the date of the first rejection

9          under section 132 of any claim by the ex-

10         aminer during the examination of the ap-

11         plication for patent,

12     whichever occurs later.

13         "(2) OTHER REQUIREMENTS.—Any submission

14     under paragraph (1) shall—

15         "(A) set forth a concise description of the

16     asserted relevance of each submitted document;

17         "(B) be accompanied by such fee as the

18     Director may prescribe; and

19         "(C) include a statement by the submitter

20     affirming that the submission was made in

21     compliance with this section.".

22 **SEC. 10. VENUE AND JURISDICTION.**

23     (a) VENUE FOR PATENT CASES.—Section 1400 of

24 title 28, United States Code, is amended by striking sub-

25 section (b) and inserting the following:

O:\COE\COE07702.xml                                    S.L.C.

45

1    "(b) Any civil action arising under any Act of Con-
2  gress relating to patents, other than an action for declara-
3  tory judgment or an action seeking review of a decision
4  of the Patent Trial and Appeal Board under chapter 13
5  of title 35, may be brought only—

6        "(1) in the judicial district where either party
7     resides; or

8        "(2) in the judicial district where the defendant
9     has committed acts of infringement and has a reg-
10    ular and established place of business.

11    "(c) Notwithstanding section 1391(c) of this title, for
12  purposes of venue under subsection (b), a corporation
13  shall be deemed to reside in the judicial district in which
14  the corporation has its principal place of business or in
15  the State in which the corporation is incorporated.".

16    (b) INTERLOCUTORY APPEALS.—Subsection (c)(2) of
17  section 1292 of title 28, United States Code, is amended
18  by adding at the end the following:

19        "(3) of an appeal from an interlocutory order
20     or decree determining construction of claims in a
21     civil action for patent infringement under section
22     271 of title 35.

23  Application for an appeal under paragraph (3) shall be
24  made to the court within 10 days after entry of the order
25  or decree, and proceedings in the district court under such

46

1 paragraph shall be stayed during pendency of the ap-
2 peal.".

3 **SEC. 11. REGULATORY AUTHORITY.**

4     Section 3(a) is amended by adding at the end the
5 following:

6         "(5) REGULATORY AUTHORITY.—In addition to
7     the authority conferred by other provisions of this
8     title, the Director may promulgate such rules, regu-
9     lations, and orders that the Director determines ap-
10     propriate to carry out the provisions of this title or
11     any other law applicable to the United States Patent
12     and Trademark Office or that the Director deter-
13     mines necessary to govern the operation and organi-
14     zation of the Office.".

15 **SEC. 12. TECHNICAL AMENDMENTS.**

16     (a) JOINT INVENTIONS.—Section 116 is amended—

17         (1) in the first paragraph, by striking
18     "When" and inserting "(a) JOINT INVEN-
19     TIONS.—When";

20         (2) in the second paragraph, by striking
21     "If a joint inventor" and inserting "(b) OMIT-
22     TED INVENTOR.—If a joint inventor"; and

23         (3) in the third paragraph, by striking
24     "Whenever" and inserting "(c) CORRECTION OF
25     ERRORS IN APPLICATION.—Whenever".

O:\COE\COE07702.xml                                              S.L.C.

47

1     (b) FILING OF APPLICATION IN FOREIGN COUN-
2  TRY.—Section 184 is amended—

3       (1) in the first paragraph, by striking "Except
4      when" and inserting "(a) FILING IN FOREIGN
5      COUNTRY.—Except when";

6       (2) in the second paragraph, by striking "The
7      term" and inserting "(b) APPLICATION.—The
8      term"; and

9       (3) in the third paragraph, by striking "The
10     scope" and inserting "(c) SUBSEQUENT MODIFICA-
11     TIONS, AMENDMENTS, AND SUPPLEMENTS.—The
12     scope".

13    (c) REISSUE OF DEFECTIVE PATENTS.—Section 251
14  is amended—

15      (1) in the first paragraph, by striking "When-
16     ever" and inserting "(a) IN GENERAL.—Whenever";

17      (2) in the second paragraph, by striking "The
18     Director" and inserting "(b) MULTIPLE REISSUED
19     PATENTS.—The Director";

20      (3) in the third paragraph, by striking "The
21     provision" and inserting "(c) APPLICABILITY OF
22     THIS TITLE.—The provisions"; and

23      (4) in the last paragraph, by striking "No re-
24     issued patent" and inserting "(d) REISSUE PATENT

O:\COE\COE07702.xml                                    S.L.C.

48

1   ENLARGING SCOPE OF CLAIMS.—No reissued pat-
2   ent''.

3       (d) EFFECT OF REISSUE.—Section 253 is amend-
4   ed—

5           (1) in the first paragraph, by striking ''When-
6       ever'' and inserting ''(a) IN GENERAL.—Whenever'';
7       and

8           (2) in the second paragraph, by striking ''in
9       like manner'' and inserting ''(b) ADDITIONAL DIS-
10      CLAIMER OR DEDICATION.—In the manner set forth
11      in subsection (a),''.

12      (e) CORRECTION OF NAMED INVENTOR.—Section
13   256 is amended—

14          (1) in the first paragraph, by striking ''When-
15      ever'' and inserting ''(a) CORRECTION.—Whenever'';
16      and

17          (2) in the second paragraph, by striking ''The
18      error'' and inserting ''(b) PATENT VALID IF ERROR
19      CORRECTED.—The error''.

20      (f) PRESUMPTION OF VALIDITY.—Section 282 is
21   amended—

22          (1) in the first undesignated paragraph, by
23      striking ''A patent'' and inserting ''(a) IN GEN-
24      ERAL.—A patent'';

O:\COE\COE07702.xml                                           S.L.C.

49

1          (2) in the second undesignated paragraph, by

2      striking "The following" and inserting "(b) DE-

3      FENSES.—The following"; and

4          (3) in the third undesignated paragraph, by

5      striking "In actions" and inserting "(c) NOTICE OF

6      ACTIONS; ACTIONS DURING EXTENSION OF PATENT

7      TERM.—In actions".

**8 SEC. 13. EFFECTIVE DATE; RULE OF CONSTRUCTION.**

9          (a) EFFECTIVE DATE.—Except as otherwise provided

10  in this Act, the provisions of this Act shall take effect 12

11  months after the date of the enactment of this Act and

12  shall apply to any patent issued on or after that effective

13  date.

14          (b) CONTINUITY OF INTENT UNDER THE CREATE

15  ACT.—The enactment of section 102(b)(3) of title 35,

16  United States Code, under section (3)(b) of this Act is

17  done with the same intent to promote joint research activi-

18  ties that was expressed, including in the legislative history,

19  through the enactment of the Cooperative Research and

20  Technology Enhancement Act of 2004 (Public Law 108–

21  453; the "CREATE Act"), the amendments of which are

22  stricken by section 3(c) of this Act. The United States

23  Patent and Trademark Office shall administer section

24  102(b)(3) of title 35, United States Code, in a manner

25  consistent with the legislative history of the CREATE Act

O:\COE\COE07702.xml                                              S.L.C.

50

1 that was relevant to its administration by the Patent and

2 Trademark Office.