# EXHIBIT 17

Dockets.Justia.com

O:\GRA\GRA07B17.xml                                                    S.L.C.

AMENDMENT NO._____          Calendar No._____

Purpose: To provide a complete substitute.

**IN THE SENATE OF THE UNITED STATES—110th Cong., 1st Sess.**

# S. 1145

To amend title 35, United States Code, to provide for patent
reform.

Referred to the Committee on _____ and
ordered to be printed

Ordered to lie on the table and to be printed

AMENDMENT IN THE NATURE OF A SUBSTITUTE intended
to be proposed by Mr. LEAHY

Viz:

1     Strike all after the enacting clause and insert the fol-

2   lowing:

3   **SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

4     (a) SHORT TITLE.—This Act may be cited as the

5   "Patent Reform Act of 2007".

6     (b) TABLE OF CONTENTS.—The table of contents of

7   this Act is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Right of the first inventor to file.
Sec. 3. Inventor's oath or declaration.
Sec. 4. Right of the inventor to obtain damages.
Sec. 5. Post-grant procedures and other quality enhancements.
Sec. 6. Definitions; patent trial and appeal board.

O:\GRA\GRA07B17.xml                                          S.L.C.

2

Sec. 7. Submissions by third parties and other quality enhancements.
Sec. 8. Venue and jurisdiction.
Sec. 9. Patent and Trademark Office regulatory authority.
Sec. 10. Residency of Federal Circuit judges.
Sec. 11. Applicant quality submissions.
Sec. 12. Technical amendments.
Sec. 13. Effective date; rule of construction.

1 **SEC. 2. RIGHT OF THE FIRST INVENTOR TO FILE.**

2     (a) DEFINITIONS.—Section 100 of title 35, United

3 States Code, is amended by adding at the end the fol-

4 lowing:

5     "(f) The term 'inventor' means the individual or, if

6 a joint invention, the individuals collectively who invented

7 or discovered the subject matter of the invention.

8     "(g) The terms 'joint inventor' and 'coinventor' mean

9 any 1 of the individuals who invented or discovered the

10 subject matter of a joint invention.

11     "(h) The 'effective filing date of a claimed invention'

12 is—

13          "(1) the filing date of the patent or the applica-

14     tion for patent containing the claim to the invention;

15     or

16          "(2) if the patent or application for patent is

17     entitled to a right of priority of any other applica-

18     tion under section 119, 365(a), or 365(b) or to the

19     benefit of an earlier filing date in the United States

20     under section 120, 121, or 365(c), the filing date of

21     the earliest such application in which the claimed in-

3

1    vention is disclosed in the manner provided by the

2    first paragraph of section 112.

3    ''(i) The term 'claimed invention' means the subject

4    matter defined by a claim in a patent or an application

5    for a patent.

6    ''(j) The term 'joint invention' means an invention

7    resulting from the collaboration of inventive endeavors of

8    2 or more persons working toward the same end and pro-

9    ducing an invention by their collective efforts.''.

10    (b) CONDITIONS FOR PATENTABILITY.—

11    (1) IN GENERAL.—Section 102 of title 35,

12    United States Code, is amended to read as follows:

13    **"§ 102. Conditions for patentability; novelty**

14    ''(a) NOVELTY; PRIOR ART.—A patent for a claimed

15    invention may not be obtained if—

16    ''(1) the claimed invention was patented, de-

17    scribed in a printed publication, or in public use, on

18    sale, or otherwise available to the public—

19    ''(A) more than 1 year before the effective

20    filing date of the claimed invention; or

21    ''(B) 1 year or less before the effective fil-

22    ing date of the claimed invention, other than

23    through disclosures made by the inventor or a

24    joint inventor or by others who obtained the

4

1       subject matter disclosed directly or indirectly

2       from the inventor or a joint inventor; or

3           "(2) the claimed invention was described in a

4       patent issued under section 151, or in an application

5       for patent published or deemed published under sec-

6       tion 122(b), in which the patent or application, as

7       the case may be, names another inventor and was

8       effectively filed before the effective filing date of the

9       claimed invention.

10      "(b) EXCEPTIONS.—

11          "(1) PRIOR INVENTOR DISCLOSURE EXCEP-

12      TION.—Subject matter that would otherwise qualify

13      as prior art based upon a disclosure under subpara-

14      graph (B) of subsection (a)(1) shall not be prior art

15      to a claimed invention under that subparagraph if

16      the subject matter had, before such disclosure, been

17      publicly disclosed by the inventor or a joint inventor

18      or others who obtained the subject matter disclosed

19      directly or indirectly from the inventor or a joint in-

20      ventor.

21          "(2) DERIVATION, PRIOR DISCLOSURE, AND

22      COMMON ASSIGNMENT EXCEPTIONS.—Subject mat-

23      ter that would otherwise qualify as prior art only

24      under subsection (a)(2), after taking into account

5

1    the exception under paragraph (1), shall not be prior

2    art to a claimed invention if—

3            "(A) the subject matter was obtained di-

4        rectly or indirectly from the inventor or a joint

5        inventor;

6            "(B) the subject matter had been publicly

7        disclosed by the inventor or a joint inventor or

8        others who obtained the subject matter dis-

9        closed, directly or indirectly, from the inventor

10        or a joint inventor before the effective filing

11        date of the application or patent set forth under

12        subsection (a)(2); or

13            "(C) the subject matter and the claimed

14        invention, not later than the effective filing date

15        of the claimed invention, were owned by the

16        same person or subject to an obligation of as-

17        signment to the same person.

18        "(3) JOINT RESEARCH AGREEMENT EXCEP-

19    TION.—

20            "(A) IN GENERAL.—Subject matter and a

21        claimed invention shall be deemed to have been

22        owned by the same person or subject to an obli-

23        gation of assignment to the same person in ap-

24        plying the provisions of paragraph (2) if—

O:\GRA\GRA07B17.xml                                    S.L.C.

6

1            "(i) the claimed invention was made

2       by or on behalf of parties to a joint re-

3       search agreement that was in effect on or

4       before the effective filing date of the

5       claimed invention;

6            "(ii) the claimed invention was made

7       as a result of activities undertaken within

8       the scope of the joint research agreement;

9       and

10           "(iii) the application for patent for

11       the claimed invention discloses or is

12       amended to disclose the names of the par-

13       ties to the joint research agreement.

14       "(B) For purposes of subparagraph (A),

15       the term 'joint research agreement' means a

16       written contract, grant, or cooperative agree-

17       ment entered into by 2 or more persons or enti-

18       ties for the performance of experimental, devel-

19       opmental, or research work in the field of the

20       claimed invention.

21       "(4) PATENTS AND PUBLISHED APPLICATIONS

22       EFFECTIVELY FILED.—A patent or application for

23       patent is effectively filed under subsection (a)(2)

24       with respect to any subject matter described in the

25       patent or application—

O:\GRA\GRA07B17.xml                                          S.L.C.

7

1          "(A) as of the filing date of the patent or
2      the application for patent; or

3          "(B) if the patent or application for patent
4      is entitled to claim a right of priority under sec-
5      tion 119, 365(a), or 365(b) or to claim the ben-
6      efit of an earlier filing date under section 120,
7      121, or 365(c), based upon 1 or more prior
8      filed applications for patent, as of the filing
9      date of the earliest such application that de-
10     scribes the subject matter.".

11     (2) CONFORMING AMENDMENT.—The item re-
12  lating to section 102 in the table of sections for
13  chapter 10 of title 35, United States Code, is
14  amended to read as follows:

"102. Conditions for patentability; novelty.".

15     (c) CONDITIONS FOR PATENTABILITY; NON-OBVIOUS
16  SUBJECT MATTER.—Section 103 of title 35, United
17  States Code, is amended to read as follows:

18  **"§ 103. Conditions for patentability; nonobvious sub-**
19              **ject matter**

20     "A patent for a claimed invention may not be ob-
21  tained though the claimed invention is not identically dis-
22  closed as set forth in section 102, if the differences be-
23  tween the claimed invention and the prior art are such
24  that the claimed invention as a whole would have been ob-
25  vious before the effective filing date of the claimed inven-

O:\GRA\GRA07B17.xml                                                          S.L.C.

8

1  tion to a person having ordinary skill in the art to which

2  the claimed invention pertains. Patentability shall not be

3  negated by the manner in which the invention was made.''.

4      (d) REPEAL OF REQUIREMENTS FOR INVENTIONS

5  MADE ABROAD.—Section 104 of title 35, United States

6  Code, and the item relating to that section in the table

7  of sections for chapter 10 of title 35, United States Code,

8  are repealed.

9      (e) REPEAL OF STATUTORY INVENTION REGISTRA-

10 TION.—

11          (1) IN GENERAL.—Section 157 of title 35,

12      United States Code, and the item relating to that

13      section in the table of sections for chapter 14 of title

14      35, United States Code, are repealed.

15          (2) REMOVAL OF CROSS REFERENCES.—Section

16      111(b)(8) of title 35, United States Code, is amend-

17      ed by striking ''sections 115, 131, 135, and 157''

18      and inserting ''sections 131 and 135''.

19      (f) EARLIER FILING DATE FOR INVENTOR AND

20 JOINT INVENTOR.—Section 120 of title 35, United States

21 Code, is amended by striking ''which is filed by an inven-

22 tor or inventors named'' and inserting ''which names an

23 inventor or joint inventor''.

24      (g) CONFORMING AMENDMENTS.—

O:\GRA\GRA07B17.xml                                    S.L.C.

9

1    (1) RIGHT OF PRIORITY.—Section 172 of title

2 35, United States Code, is amended by striking

3 "and the time specified in section 102(d)".

4    (2)  LIMITATION  ON  REMEDIES.—Section

5 287(c)(4) of title 35, United States Code, is amend-

6 ed by striking "the earliest effective filing date of

7 which is prior to" and inserting "which has an effec-

8 tive filing date before".

9    (3)  INTERNATIONAL  APPLICATION  DESIG-

10 NATING THE UNITED STATES: EFFECT.—Section

11 363 of title 35, United States Code, is amended by

12 striking "except as otherwise provided in section

13 102(e) of this title".

14    (4) PUBLICATION OF INTERNATIONAL APPLICA-

15 TION: EFFECT.—Section 374 of title 35, United

16 States Code, is amended by striking "sections 102(e)

17 and 154(d)" and inserting "section 154(d)".

18    (5) PATENT ISSUED ON INTERNATIONAL APPLI-

19 CATION: EFFECT.—The second sentence of section

20 375(a) of title 35, United States Code, is amended

21 by striking "Subject to section 102(e) of this title,

22 such" and inserting "Such".

23    (6) LIMIT ON RIGHT OF PRIORITY.—Section

24 119(a) of title 35, United States Code, is amended

25 by striking "; but no patent shall be granted" and

O:\GRA\GRA07B17.xml                                                    S.L.C.

10

1    all that follows through "one year prior to such fil-

2    ing".

3         (7) INVENTIONS MADE WITH FEDERAL ASSIST-

4    ANCE.—Section 202(c) of title 35, United States

5    Code, is amended—

6              (A) in paragraph (2)—

7                   (i) by striking "publication, on sale,

8              or public use," and all that follows through

9              "obtained in the United States" and in-

10             serting "the 1-year period referred to in

11             section 102(a) would end before the end of

12             that 2-year period"; and

13                  (ii) by striking "the statutory" and

14             inserting "that 1-year"; and

15             (B) in paragraph (3), by striking "any

16        statutory bar date that may occur under this

17        title due to publication, on sale, or public use"

18        and inserting "the expiration of the 1-year pe-

19        riod referred to in section 102(a)".

20   (h) REPEAL OF INTERFERING PATENT REMEDIES.—

21   Section 291 of title 35, United States Code, and the item

22   relating to that section in the table of sections for chapter

23   29 of title 35, United States Code, are repealed.

O:\GRA\GRA07B17.xml                                                    S.L.C.

11

1    (i) ACTION FOR CLAIM TO PATENT ON DERIVED IN-

2  VENTION.—Section 135(a) of title 35, United States Code,

3  is amended to read as follows:

4        "(a) DISPUTE OVER RIGHT TO PATENT.—

5            "(1)   INSTITUTION   OF   DERIVATION   PRO-

6        CEEDING.—An applicant may request initiation of a

7        derivation proceeding to determine the right of the

8        applicant to a patent by filing a request which sets

9        forth with particularity the basis for finding that an

10       earlier applicant derived the claimed invention from

11       the applicant requesting the proceeding and, without

12       authorization, filed an application claiming such in-

13       vention. Any such request may only be made within

14       12 months after the date of first publication of an

15       application containing a claim that is the same or is

16       substantially the same as the claimed invention,

17       must be made under oath, and must be supported

18       by substantial evidence. Whenever the Director de-

19       termines that patents or applications for patent

20       naming different individuals as the inventor interfere

21       with one another because of a dispute over the right

22       to patent under section 101, the Director shall insti-

23       tute a derivation proceeding for the purpose of de-

24       termining which applicant is entitled to a patent.

12

1          "(2) DETERMINATION BY PATENT TRIAL AND

2     APPEAL BOARD.—In any proceeding under this sub-

3     section, the Patent Trial and Appeal Board—

4               "(A) shall determine the question of the

5          right to patent;

6               "(B) in appropriate circumstances, may

7          correct the naming of the inventor in any appli-

8          cation or patent at issue; and

9               "(C) shall issue a final decision on the

10         right to patent.

11         "(3) DERIVATION PROCEEDING.—The Board

12    may defer action on a request to initiate a derivation

13    proceeding until 3 months after the date on which

14    the Director issues a patent to the applicant that

15    filed the earlier application.

16         "(4) EFFECT OF FINAL DECISION.—The final

17    decision of the Patent Trial and Appeal Board, if

18    adverse to the claim of an applicant, shall constitute

19    the final refusal by the United States Patent and

20    Trademark Office on the claims involved. The Direc-

21    tor may issue a patent to an applicant who is deter-

22    mined by the Patent Trial and Appeal Board to have

23    the right to patent. The final decision of the Board,

24    if adverse to a patentee, shall, if no appeal or other

25    review of the decision has been or can be taken or

13

1    had, constitute cancellation of the claims involved in

2    the patent, and notice of such cancellation shall be

3    endorsed on copies of the patent distributed after

4    such cancellation by the United States Patent and

5    Trademark Office.''.

6    (j) ELIMINATION OF REFERENCES TO INTER-

7    FERENCES.—(1) Sections 6, 41, 134, 141, 145, 146, 154,

8    305, and 314 of title 35, United States Code, are each

9    amended by striking ''Board of Patent Appeals and Inter-

10   ferences'' each place it appears and inserting ''Patent

11   Trial and Appeal Board''.

12   (2) Sections 141, 146, and 154 of title 35, United

13   States Code, are each amended—

14       (A) by striking ''an interference'' each place it

15   appears and inserting ''a derivation proceeding'';

16   and

17       (B) by striking ''interference'' each additional

18   place it appears and inserting ''derivation pro-

19   ceeding''.

20   (3) The section heading for section 134 of title 35,

21   United States Code, is amended to read as follows:

22   **''§ 134. Appeal to the Patent Trial and Appeal Board''.**

23   (4) The section heading for section 135 of title 35,

24   United States Code, is amended to read as follows:

14

1 **"§ 135. Derivation proceedings".**

2       (5) The section heading for section 146 of title 35,

3 United States Code, is amended to read as follows:

4 **"§ 146. Civil action in case of derivation proceeding".**

5       (6) Section 154(b)(1)(C) of title 35, United States

6 Code, is amended by striking "INTERFERENCES" and in-

7 serting "DERIVATION PROCEEDINGS".

8       (7) The item relating to section 6 in the table of sec-

9 tions for chapter 1 of title 35, United States Code, is

10 amended to read as follows:

"6. Patent Trial and Appeal Board.".

11       (8) The items relating to sections 134 and 135 in

12 the table of sections for chapter 12 of title 35, United

13 States Code, are amended to read as follows:

"134. Appeal to the Patent Trial and Appeal Board.
"135. Derivation proceedings.".

14       (9) The item relating to section 146 in the table of

15 sections for chapter 13 of title 35, United States Code,

16 is amended to read as follows:

"146. Civil action in case of derivation proceeding.".

17       (10) CERTAIN APPEALS.—Section 1295(a)(4)(A) of

18 title 28, United States Code, is amended to read as fol-

19 lows:

20             "(A) the Patent Trial and Appeal Board of

21             the United States Patent and Trademark Office

22             with respect to patent applications, derivation

23             proceedings, and post-grant review proceedings,

15

1        at the instance of an applicant for a patent or

2        any party to a patent interference (commenced

3        before the effective date of the Patent Reform

4        Act of 2007), derivation proceeding, or post-

5        grant review proceeding, and any such appeal

6        shall waive any right of such applicant or party

7        to proceed under section 145 or 146 of title

8        35;''.

9  **SEC. 3. INVENTOR'S OATH OR DECLARATION.**

10    (a) INVENTOR'S OATH OR DECLARATION.—

11        (1) IN GENERAL.—Section 115 of title 35,

12    United States Code, is amended to read as follows:

13  **"§ 115. Inventor's oath or declaration**

14    "(a) NAMING THE INVENTOR; INVENTOR'S OATH OR

15  DECLARATION.—An application for patent that is filed

16  under section 111(a), that commences the national stage

17  under section 363, or that is filed by an inventor for an

18  invention for which an application has previously been

19  filed under this title by that inventor shall include, or be

20  amended to include, the name of the inventor of any

21  claimed invention in the application. Except as otherwise

22  provided in this section, an individual who is the inventor

23  or a joint inventor of a claimed invention in an application

24  for patent shall execute an oath or declaration in connec-

25  tion with the application.

O:\GRA\GRA07B17.xml                                                    S.L.C.

16

1        "(b) REQUIRED STATEMENTS.—An oath or declara-

2  tion under subsection (a) shall contain statements that—

3            "(1) the application was made or was author-

4        ized to be made by the affiant or declarant; and

5            "(2) such individual believes himself or herself

6        to be the original inventor or an original joint inven-

7        tor of a claimed invention in the application.

8        "(c) ADDITIONAL REQUIREMENTS.—The Director

9  may specify additional information relating to the inventor

10  and the invention that is required to be included in an

11  oath or declaration under subsection (a).

12        "(d) SUBSTITUTE STATEMENT.—

13            "(1) IN GENERAL.—In lieu of executing an oath

14        or declaration under subsection (a), the applicant for

15        patent may provide a substitute statement under the

16        circumstances described in paragraph (2) and such

17        additional circumstances that the Director may

18        specify by regulation.

19            "(2) PERMITTED CIRCUMSTANCES.—A sub-

20        stitute statement under paragraph (1) is permitted

21        with respect to any individual who—

22                "(A) is unable to file the oath or declara-

23            tion under subsection (a) because the indi-

24            vidual—

25                    "(i) is deceased;

O:\GRA\GRA07B17.xml                                                S.L.C.

17

1              "(ii) is under legal incapacity; or

2              "(iii) cannot be found or reached after

3          diligent effort; or

4          "(B) is under an obligation to assign the

5      invention but has refused to make the oath or

6      declaration required under subsection (a).

7          "(3) CONTENTS.—A substitute statement under

8  this subsection shall—

9          "(A) identify the individual with respect to

10     whom the statement applies;

11         "(B) set forth the circumstances rep-

12     resenting the permitted basis for the filing of

13     the substitute statement in lieu of the oath or

14     declaration under subsection (a); and

15         "(C) contain any additional information,

16     including any showing, required by the Direc-

17     tor.

18     "(e) MAKING REQUIRED STATEMENTS IN ASSIGN-

19 MENT OF RECORD.—An individual who is under an obliga-

20 tion of assignment of an application for patent may in-

21 clude the required statements under subsections (b) and

22 (c) in the assignment executed by the individual, in lieu

23 of filing such statements separately.

24     "(f) TIME FOR FILING.—A notice of allowance under

25 section 151 may be provided to an applicant for patent

O:\GRA\GRA07B17.xml                                                    S.L.C.

18

1 only if the applicant for patent has filed each required
2 oath or declaration under subsection (a) or has filed a sub-
3 stitute statement under subsection (d) or recorded an as-
4 signment meeting the requirements of subsection (e).

5     "(g) EARLIER-FILED APPLICATION CONTAINING RE-
6 QUIRED STATEMENTS OR SUBSTITUTE STATEMENT.—
7 The requirements under this section shall not apply to an
8 individual with respect to an application for patent in
9 which the individual is named as the inventor or a joint
10 inventor and that claims the benefit under section 120 or
11 365(c) of the filing of an earlier-filed application, if—

12         "(1) an oath or declaration meeting the require-
13     ments of subsection (a) was executed by the indi-
14     vidual and was filed in connection with the earlier-
15     filed application;

16         "(2) a substitute statement meeting the re-
17     quirements of subsection (d) was filed in the earlier
18     filed application with respect to the individual; or

19         "(3) an assignment meeting the requirements
20     of subsection (e) was executed with respect to the
21     earlier-filed application by the individual and was re-
22     corded in connection with the earlier-filed applica-
23     tion.

24     "(h) SUPPLEMENTAL AND CORRECTED STATE-
25 MENTS; FILING ADDITIONAL STATEMENTS.—

19

1          "(1) IN GENERAL.—Any person making a state-

2     ment required under this section may withdraw, re-

3     place, or otherwise correct the statement at any

4     time. If a change is made in the naming of the in-

5     ventor requiring the filing of 1 or more additional

6     statements under this section, the Director shall es-

7     tablish regulations under which such additional

8     statements may be filed.

9          "(2) SUPPLEMENTAL STATEMENTS NOT RE-

10    QUIRED.—If an individual has executed an oath or

11    declaration under subsection (a) or an assignment

12    meeting the requirements of subsection (e) with re-

13    spect to an application for patent, the Director may

14    not thereafter require that individual to make any

15    additional oath, declaration, or other statement

16    equivalent to those required by this section in con-

17    nection with the application for patent or any patent

18    issuing thereon.

19         "(3) SAVINGS CLAUSE.—No patent shall be in-

20    valid or unenforceable based upon the failure to

21    comply with a requirement under this section if the

22    failure is remedied as provided under paragraph (1).

23    "(i) ACKNOWLEDGMENT OF PENALTIES.—Any dec-

24    laration or statement filed pursuant to this section shall

25    contain an acknowledgment that any willful false state-

O:\GRA\GRA07B17.xml                                            S.L.C.

20

1    ment made in such declaration or statement is punishable

2    under section 1001 of title 18 by fine or imprisonment

3    of not more than 5 years, or both.''.

4        (2) RELATIONSHIP TO DIVISIONAL APPLICA-

5    TIONS.—Section 121 of title 35, United States Code,

6    is amended by striking ''If a divisional application''

7    and all that follows through ''inventor.''.

8        (3) REQUIREMENTS FOR NONPROVISIONAL AP-

9    PLICATIONS.—Section 111(a) of title 35, United

10   States Code, is amended—

11           (A) in paragraph (2)(C), by striking ''by

12       the applicant'' and inserting ''or declaration'';

13           (B) in the heading for paragraph (3), by

14       striking ''AND OATH''; and

15           (C) by striking ''and oath'' each place it

16       appears.

17       (4) CONFORMING AMENDMENT.—The item re-

18   lating to section 115 in the table of sections for

19   chapter 10 of title 35, United States Code, is

20   amended to read as follows:

''115. Inventor's oath or declaration.''.

21       (b) FILING BY OTHER THAN INVENTOR.—Section

22   118 of title 35, United States Code, is amended to read

23   as follows:

O:\GRA\GRA07B17.xml                                    S.L.C.

21

1 **"§ 118. Filing by other than inventor**

2     "A person to whom the inventor has assigned or is

3 under an obligation to assign the invention may make an

4 application for patent. A person who otherwise shows suf-

5 ficient proprietary interest in the matter may make an ap-

6 plication for patent on behalf of and as agent for the in-

7 ventor on proof of the pertinent facts and a showing that

8 such action is appropriate to preserve the rights of the

9 parties. If the Director grants a patent on an application

10 filed under this section by a person other than the inven-

11 tor, the patent shall be granted to the real party in inter-

12 est and upon such notice to the inventor as the Director

13 considers to be sufficient.".

14     (c) SPECIFICATION.—Section 112 of title 35, United

15 States Code, is amended—

16         (1) in the first paragraph—

17             (A) by striking "The specification" and in-

18         serting "(a) IN GENERAL.—The specification";

19         and

20             (B) by striking "of carrying out his inven-

21         tion" and inserting "or joint inventor of car-

22         rying out the invention"; and

23         (2) in the second paragraph—

24             (A) by striking "The specifications" and

25         inserting "(b) CONCLUSION.—The specifica-

26         tions"; and

O:\GRA\GRA07B17.xml    S.L.C.

22

1    (B) by striking "applicant regards as his

2   invention" and inserting "inventor or a joint in-

3   ventor regards as the invention";

4    (3) in the third paragraph, by striking "A

5  claim" and inserting "(c) FORM.—A claim";

6    (4) in the fourth paragraph, by striking "Sub-

7  ject to the following paragraph," and inserting "(d)

8  REFERENCE IN DEPENDENT FORMS.—Subject to

9  subsection (e),";

10    (5) in the fifth paragraph, by striking "A

11  claim" and inserting "(e) REFERENCE IN MULTIPLE

12  DEPENDENT FORM.—A claim"; and

13    (6) in the last paragraph, by striking "An ele-

14  ment" and inserting "(f) ELEMENT IN CLAIM FOR

15  A COMBINATION.—An element".

16 **SEC. 4. RIGHT OF THE INVENTOR TO OBTAIN DAMAGES.**

17  (a) DAMAGES.—Section 284 of title 35, United

18 States Code, is amended to read as follows:

19 **"§ 284. Damages**

20  "(a) IN GENERAL.—Upon finding for the claimant

21 the court shall award the claimant damages adequate to

22 compensate for the infringement but in no event less than

23 a reasonable royalty for the use made of the invention by

24 the infringer, together with interest and costs as fixed by

25 the court, subject to the provisions of this section.

O:\GRA\GRA07B17.xml                                                    S.L.C.

23

1    "(b) DETERMINATION OF DAMAGES; EVIDENCE CON-

2  SIDERED; PROCEDURE.—The court may receive expert

3  testimony as an aid to the determination of damages or

4  of what royalty would be reasonable under the cir-

5  cumstances. The admissibility of such testimony shall be

6  governed by the rules of evidence governing expert testi-

7  mony. When the damages are not found by a jury, the

8  court shall assess them.

9    "(c) STANDARD FOR CALCULATING REASONABLE

10  ROYALTY.—

11        "(1) IN GENERAL.—The court shall determine,

12    based on the facts of the case and after adducing

13    any further evidence the court deems necessary,

14    which of the following methods shall be used by the

15    court or the jury in calculating a reasonable royalty

16    pursuant to subsection (a). The court shall also

17    identify the factors that are relevant to the deter-

18    mination of a reasonable royalty, and the court or

19    jury, as the case may be, shall consider only those

20    factors in making such determination.

21            "(A) ENTIRE MARKET VALUE.—Upon a

22        showing to the satisfaction of the court that the

23        claimed invention's specific contribution over

24        the prior art is the predominant basis for mar-

25        ket demand for an infringing product or proc-

O:\GRA\GRA07B17.xml                                         S.L.C.

24

1    ess, damages may be based upon the entire

2    market value of that infringing product or proc-

3    ess.

4        "(B) ESTABLISHED ROYALTY BASED ON

5    MARKETPLACE LICENSING.—Upon a showing to

6    the satisfaction of the court that the claimed in-

7    vention has been the subject of a nonexclusive

8    license for the use made of the invention by the

9    infringer, to a number of persons sufficient to

10   indicate a general marketplace recognition of

11   the reasonableness of the licensing terms, if the

12   license was secured prior to the filing of the

13   case before the court, and the court determines

14   that the infringer's use is of substantially the

15   same scope, volume, and benefit of the rights

16   granted under such license, damages may be

17   determined on the basis of the terms of such li-

18   cense. Upon a showing to the satisfaction of the

19   court that the claimed invention has sufficiently

20   similar noninfringing substitutes in the relevant

21   market, which have themselves been the subject

22   of such nonexclusive licenses, and the court de-

23   termines that the infringer's use is of substan-

24   tially the same scope, volume, and benefit of the

25   rights granted under such licenses, damages

25

1      may be determined on the basis of the terms of

2      such licenses.

3              "(C) VALUATION CALCULATION.—Upon a

4      determination by the court that the showings

5      required under subparagraphs (A) and (B) have

6      not been made, the court shall conduct an anal-

7      ysis to ensure that a reasonable royalty is ap-

8      plied only to the portion of the economic value

9      of the infringing product or process properly at-

10      tributable to the claimed invention's specific

11      contribution over the prior art. In the case of

12      a combination invention whose elements are

13      present individually in the prior art, the con-

14      tribution over the prior art may include the

15      value of the additional function resulting from

16      the combination, as well as the enhanced value,

17      if any, of some or all of the prior art elements

18      as part of the combination, if the patentee dem-

19      onstrates that value.

20          "(2) ADDITIONAL FACTORS.—Where the court

21      determines it to be appropriate in determining a rea-

22      sonable royalty under paragraph (1), the court may

23      also consider, or direct the jury to consider, any

24      other relevant factors under applicable law.

26

1   "(d) INAPPLICABILITY TO OTHER DAMAGES ANAL-

2   YSIS.—The methods for calculating a reasonable royalty

3   described in subsection (c) shall have no application to the

4   calculation of an award of damages that does not neces-

5   sitate the determination of a reasonable royalty as a basis

6   for monetary relief sought by the claimant.".

7   (b) REPORT TO CONGRESSIONAL COMMITTEES.—

8       (1) IN GENERAL.—Not later than 2 years after

9       the date of enactment of this Act, the Director shall

10      report to the Committee on the Judiciary of the

11      Senate and the Committee on the Judiciary of the

12      House of Representatives, the findings and rec-

13      ommendations of the Director on the operation of

14      prior user rights in selected countries in the indus-

15      trialized world. The report shall include the fol-

16      lowing:

17          (A) A comparison between United States

18          patent laws and the laws of other industrialized

19          countries, including the European Union,

20          Japan, Canada, and Australia.

21          (B) An analysis of the effect of prior user

22          rights on innovation rates in the selected coun-

23          tries.

24          (C) An analysis of the correlation, if any,

25          between prior user rights and start-up enter-

O:\GRA\GRA07B17.xml                                              S.L.C.

27

1        prises and the ability to attract venture capital

2        to start new companies.

3            (D) An analysis of the effect of prior user

4        rights, if any, on small businesses, universities,

5        and individual inventors.

6            (E) An analysis of legal and constitutional

7        issues, if any, that arise from placing trade se-

8        cret law in patent law.

9        (2) CONSULTATION WITH OTHER AGENCIES.—

10       In preparing the report required under paragraph

11       (1), the Director shall consult with the Secretary of

12       State and the Attorney General.

13       (c) LIMITATION ON DAMAGES AND OTHER REM-

14       EDIES; MARKING AND NOTICE.—Section 287(a) of title

15       35, United States Code, is amended to read as follows:

16       "(a)(1) Patentees, and persons making, offering for

17       sale, or selling within the United States any patented arti-

18       cle for or under them, or importing any patented article

19       into the United States, may give notice to the public that

20       the same is patented, either by fixing thereon the word

21       'patent' or the abbreviation 'pat.', together with the num-

22       ber of the patent, or when, from the character of the arti-

23       cle, this cannot be done, by fixing to it, or to the package

24       wherein 1 or more of them is contained, a label containing

25       a like notice. In the event of failure so to mark, no dam-

O:\GRA\GRA07B17.xml                                           S.L.C.

28

1    ages shall be recovered by the patentee in any action for

2    infringement, except on proof that the infringer was noti-

3    fied of the infringement and continued to infringe there-

4    after, in which event damages may be recovered only for

5    infringement occurring after such notice. Filing of an ac-

6    tion for infringement shall constitute such notice.

7        "(2) In the case of a patented invention not covered

8    under paragraph (1), no recovery shall be had for any in-

9    fringement committed more than 2 years prior to the filing

10   of the complaint or counterclaim for infringement in the

11   action, except upon proof that the infringer was notified

12   of the infringement by the patentee. Upon such proof, the

13   patentee may recover damages for infringement for up to

14   2 years prior to such notice, as well as for infringement

15   after such notice. In no event may damages be recovered

16   for more than 6 years prior to the filing of the complaint

17   or counterclaim for infringement in the action.".

18       (d) DEFENSE TO INFRINGEMENT BASED ON EAR-

19   LIER INVENTOR.—Section 273(b)(6) of title 35, United

20   States Code, is amended to read as follows:

21           "(6) PERSONAL DEFENSE.—The defense under

22       this section may be asserted only by the person who

23       performed or caused the performance of the acts

24       necessary to establish the defense as well as any

25       other entity that controls, is controlled by, or is

29

1      under common control with such person and, except

2      for any transfer to the patent owner, the right to as-

3      sert the defense shall not be licensed or assigned or

4      transferred to another person except as an ancillary

5      and subordinate part of a good faith assignment or

6      transfer for other reasons of the entire enterprise or

7      line of business to which the defense relates. Not-

8      withstanding the preceding sentence, any person

9      may, on its own behalf, assert a defense based on

10     the exhaustion of rights provided under paragraph

11     (3), including any necessary elements thereof.''.

12     (e) EFFECTIVE DATE.—The amendments made by

13 this section shall apply to any civil action commenced on

14 or after the date of enactment of this Act.

15 **SEC. 5. POST-GRANT PROCEDURES AND OTHER QUALITY**

16       **ENHANCEMENTS.**

17     (a) REEXAMINATION.—Section 303(a) of title 35,

18 United States Code, is amended to read as follows:

19     ''(a) Within 3 months after the owner of a patent

20 files a request for reexamination under section 302, the

21 Director shall determine whether a substantial new ques-

22 tion of patentability affecting any claim of the patent con-

23 cerned is raised by the request, with or without consider-

24 ation of other patents or printed publications. On the Di-

25 rector's own initiative, and at any time, the Director may

30

1    determine whether a substantial new question of patent-
2    ability is raised by patents and publications discovered by
3    the Director, is cited under section 301, or is cited by any
4    person other than the owner of the patent under section
5    302 or section 311. The existence of a substantial new
6    question of patentability is not precluded by the fact that
7    a patent or printed publication was previously cited by or
8    to the Office or considered by the Office.''.

9        (b) REPEAL OF OPTIONAL INTER PARTES REEXAM-
10    INATION PROCEDURES.—

11            (1) IN GENERAL.—Sections 311, 312, 313, 314,
12        315, 316, 317, and 318 of title 35, United States
13        Code, and the items relating to those sections in the
14        table of sections, are repealed.

15            (2) EFFECTIVE DATE.—Notwithstanding para-
16        graph (1), the provisions of sections 311, 312, 313,
17        314, 315, 316, 317, and 318 of title 35, United
18        States Code, shall continue to apply to any inter
19        partes reexamination determination request filed on
20        or before the date of enactment of this Act.

21        (c) POST-GRANT OPPOSITION PROCEDURES.—

22            (1) IN GENERAL.—Part III of title 35, United
23        States Code, is amended by adding at the end the
24        following new chapter:

O:\GRA\GRA07B17.xml                                    S.L.C.

31

1    **"CHAPTER 32—POST-GRANT REVIEW**

2                  **PROCEDURES**

"Sec.
"321. Petition for post-grant review.
"322. Timing and bases of petition.
"323. Requirements of petition.
"324. Publication and public availability of petition.
"325. Prohibited filings.
"326. Submission of additional information.
"327. Institution of post-grant review proceedings.
"328. Consolidation of proceedings and joinder.
"329. Conduct of post-grant review proceedings.
"330. Patent owner response.
"331. Proof and evidentiary standards.
"332. Amendment of the patent.
"333. Settlement.
"334. Decision of the board.
"335. Effect of decision.
"336. Relationship to other pending proceedings.
"337. Effect of decisions rendered in civil action on future post-grant review
      proceedings.
"338. Effect of final decision on future proceedings.
"339. Appeal.

3    **"§ 321. Petition for post-grant review**

4        "Subject to sections 322, 324, 332, and 333 of this

5    chapter, a person who is not the patent owner may file

6    with the Office a petition seeking to institute a post-grant

7    review proceeding to cancel as unpatentable any claim of

8    a patent on any ground that could be raised under para-

9    graph (2) or (3) of section 282(b) (relating to invalidity

10   of the patent or any claim). The Director shall establish,

11   by regulation, fees to be paid by the person requesting

12   the proceeding, in such amounts as the Director deter-

13   mines to be reasonable, considering the aggregate costs

14   of the post-grant review proceeding and the status of the

15   petitioner.

O:\GRA\GRA07B17.xml                                    S.L.C.

32

1  **"§ 322. Timing and bases of petition**

2      "A post-grant proceeding may be instituted under

3  this chapter pursuant to a petition filed under section 321

4  only if—

5          "(1) the petition is filed not later than 12

6      months after the grant of the patent or issuance of

7      a reissue patent, as the case may be;

8          "(2)(A) the petitioner establishes in the petition

9      a substantial reason to believe that the continued ex-

10     istence of the challenged claim in the petition causes

11     or is likely to cause the petitioner significant eco-

12     nomic harm; and

13         "(B) the petitioner files a petition not later

14     than 12 months after receiving notice, explicitly or

15     implicitly, that the patent holder alleges infringe-

16     ment; or

17         "(3) the patent owner consents in writing to the

18     proceeding.

19  **"§ 323. Requirements of petition**

20     "A petition filed under section 321 may be considered

21  only if—

22         "(1) the petition is accompanied by payment of

23     the fee established by the Director under section

24     321;

25         "(2) the petition identifies any real parties in

26     interest;

33

1          "(3) the petition identifies, in writing and with

2      particularity, each claim challenged, the grounds on

3      which the challenge to each claim is based, and the

4      evidence that supports the grounds for each chal-

5      lenged claim, including—

6               "(A) copies of patents and printed publica-

7          tions that the petitioner relies upon in support

8          of the petition; and

9               "(B) affidavits or declarations of sup-

10         porting evidence and opinions, if the petitioner

11         relies on other factual evidence or on expert

12         opinions;

13         "(4) the petition provides such information as

14     the Director may require by regulation; and

15         "(5) the petitioner provides copies of any of the

16     documents required under paragraphs (3) and (4) to

17     the patent owner or, if applicable, the designated

18     representative of the patent owner.

19 **"§ 324. Publication and public availability of petition**

20     "(a) IN GENERAL.—As soon as practicable after the

21 receipt of a petition under section 321, the Director

22 shall—

23         "(1) publish the petition in the Federal Reg-

24     ister; and

34

1       "(2) make that petition available on the website

2    of the United States Patent and Trademark Office.

3      "(b) PUBLIC AVAILABILITY.—The file of any pro-

4  ceeding shall be made available to the public except that

5  any petition or document filed with the intent to be sealed

6  shall be accompanied by a motion to seal. Such petition

7  or document shall be treated as sealed, pending the out-

8  come of the ruling on the motion. Failure to file a motion

9  to seal will result in the pleading being placed in the public

10  record.

11  **"§ 325. Prohibited filings**

12      "(a) IN GENERAL.—A post-grant review proceeding

13  may not be instituted under paragraph (1), (2), or (3) of

14  section 322 if the petition requesting the proceeding iden-

15  tifies the same petitioner or real party in interest and the

16  same patent as a previous petition filed under any para-

17  graph of section 322.

18      "(b) PREVIOUSLY FILED CIVIL ACTIONS.—A post-

19  grant review proceeding may not be instituted or main-

20  tained under paragraph (1) or (2) of section 322 if the

21  petitioner or real party in interest has instituted a civil

22  action challenging the validity of a claim of the patent.

O:\GRA\GRA07B17.xml                                    S.L.C.

35

## "§ 326. Submission of additional information

2    "The petitioner shall file such additional information

3  with respect to the petition as the Director may require

4  by regulation.

## "§ 327. Institution of post-grant review proceedings

6    "(a) IN GENERAL.—The Director may not authorize

7  a post-grant review proceeding to commence unless the Di-

8  rector determines that the information presented in the

9  petition raises a substantial new question of patentability

10  for at least 1 of the challenged claims. The Director shall

11  determine whether to authorize a post-grant proceeding

12  within 90 days after receiving a petition.

13    "(b) NOTIFICATION.—The Director shall notify the

14  petitioner and patent owner, in writing, of the Director's

15  determination under subsection (a). The Director shall

16  publish each notice of institution of a post-grant review

17  proceeding in the Federal Register and make such notice

18  available on the website of the United States Patent and

19  Trademark Office. Such notice shall list the date on which

20  the proceeding shall commence.

21    "(c) DETERMINATION NOT APPEALABLE.—The de-

22  termination by the Director regarding whether to author-

23  ize a post-grant review proceeding under subsection (a)

24  shall not be appealable.

25    "(d) ASSIGNMENT OF THE PROCEEDING TO A

26  PANEL.—Upon a determination of the Director to com-

O:\GRA\GRA07B17.xml                                                     S.L.C.

36

1   mence a post-grant review proceeding, the Director shall

2   assign the proceeding to a panel of 3 administrative patent

3   judges from the Patent Trial and Appeal Board.

**"§ 328. Consolidation of proceedings and joinder**

5       "(a) CONSOLIDATION OF POST-GRANT PRO-

6   CEEDINGS.—If more than 1 petition is submitted under

7   section 322(1) against the same patent and the Director

8   determines that each raises a substantial new question of

9   patentability warranting the commencement of a post-

10  grant review proceeding under section 327, the Director

11  may consolidate such proceedings into a single post-grant

12  review proceeding.

13      "(b) JOINDER.—If the Director commences a post-

14  grant review proceeding on the basis of a petition filed

15  under section 322(2), any person who files in compliance

16  with section 322(2)(A) a petition that the Director finds

17  sufficient to proceed under section 327 may be joined at

18  the discretion of the Director, and such person shall par-

19  ticipate in such post-grant review proceeding.

**"§ 329. Conduct of post-grant review proceedings**

21      "(a) IN GENERAL.—The Director shall prescribe reg-

22  ulations—

23          "(1) in accordance with section 2(b)(2), estab-

24      lishing and governing post-grant review proceedings

O:\GRA\GRA07B17.xml                                    S.L.C.

37

1    under this chapter and their relationship to other
2    proceedings under this title;

3        "(2) for setting forth the standards for
4    showings of substantial reason to believe and signifi-
5    cant economic harm under section 322(2) and sub-
6    stantial new question of patentability under section
7    327(a);

8        "(3) providing for the publication in the Fed-
9    eral Register all requests for the institution of post-
10   grant proceedings;

11       "(4) establishing procedures for the submission
12   of supplemental information after the petition is
13   filed; and

14       "(5) setting forth procedures for discovery of
15   relevant evidence, including that such discovery shall
16   be limited to evidence directly related to factual as-
17   sertions advanced by either party in the proceeding.

18   "(b) POST-GRANT REVIEW REGULATIONS.—Regula-
19   tions under subsection (a)(1) shall—

20       "(1) require that the final determination in a
21   post-grant review proceeding issue not later than 1
22   year after the date on which the Director notices the
23   institution of a post-grant proceeding under this
24   chapter, except that, for good cause shown, the Di-

O:\GRA\GRA07B17.xml                                                    S.L.C.

38

1    rector may extend the 1-year period by not more

2    than 6 months;

3        ''(2) provide for discovery upon order of the Di-

4    rector, as required in the interests of justice;

5        ''(3) prescribe sanctions for abuse of discovery,

6    abuse of process, or any other improper use of the

7    proceeding, such as to harass or to cause unneces-

8    sary delay or unnecessary increase in the cost of the

9    proceeding;

10        ''(4) provide for protective orders governing the

11    exchange and submission of confidential information;

12    and

13        ''(5) ensure that any information submitted by

14    the patent owner in support of any amendment en-

15    tered under section 332 is made available to the

16    public as part of the prosecution history of the pat-

17    ent.

18    ''(c) CONSIDERATIONS.—In prescribing regulations

19    under this section, the Director shall consider the effect

20    on the economy, the integrity of the patent system, and

21    the efficient administration of the Office.

22    ''(d) CONDUCT OF PROCEEDING.—The Patent Trial

23    and Appeal Board shall, in accordance with section 6(b),

24    conduct each proceeding authorized by the Director.

O:\GRA\GRA07B17.xml                                                    S.L.C.

39

1  **"§ 330. Patent owner response**

2      "After a post-grant review proceeding under this

3  chapter has been instituted with respect to a patent, the

4  patent owner shall have the right to file, within a time

5  period set by the Director, a response to the petition. The

6  patent owner shall file with the response, through affida-

7  vits or declarations, any additional factual evidence and

8  expert opinions on which the patent owner relies in sup-

9  port of the response.

10 **"§ 331. Proof and evidentiary standards**

11     "(a) IN GENERAL.—The presumption of validity set

12 forth in section 282 of this title shall not apply to chal-

13 lenges brought under section 322(1) but shall apply in a

14 challenge brought under paragraph (2) or (3) of section

15 322 to any patent claim under this chapter.

16     "(b) BURDEN OF PROOF.—The petitioner under sec-

17 tion 322 shall have the burden of proving a proposition

18 of invalidity by a preponderance of the evidence.

19 **"§ 332. Amendment of the patent**

20     "(a) IN GENERAL.—In response to a challenge in a

21 petition, the patent owner may file 1 motion to amend the

22 patent in 1 or more of the following ways:

23         "(1) Cancel any challenged patent claim.

24         "(2) For each challenged claim, propose a sub-

25     stitute claim.

O:\GRA\GRA07B17.xml                                        S.L.C.

40

1     "(3) Amend the patent drawings or otherwise

2     amend the patent other than the claims.

3     "(b) ADDITIONAL MOTIONS.—Additional motions to

4  amend may be permitted only for good cause shown.

5     "(c) SCOPE OF CLAIMS.—An amendment under this

6  section may not enlarge the scope of the claims of the pat-

7  ent or introduce new matter.

8  **"§ 333. Settlement**

9     "(a) IN GENERAL.—A post-grant review proceeding

10  under this chapter shall be terminated with respect to any

11  petitioner upon the joint request of the petitioner and the

12  patent owner, unless the Office has decided the matter be-

13  fore the request for termination is filed. If the post-grant

14  review proceeding is terminated with respect to a peti-

15  tioner under this section, no estoppel under this chapter

16  shall apply to that petitioner. If no petitioner remains in

17  the post-grant review proceeding, the Office shall termi-

18  nate the post-grant review proceeding.

19     "(b) AGREEMENTS IN WRITING.—Any agreement or

20  understanding between the patent owner and a petitioner,

21  including any collateral agreements referred to in such

22  agreement or understanding, made in connection with, or

23  in contemplation of, the termination of a post-grant review

24  proceeding under this section shall be in writing and a

25  true copy of such agreement or understanding shall be

O:\GRA\GRA07B17.xml                                                S.L.C.

41

1   filed in the United States Patent and Trademark Office

2   before the termination of the post-grant review proceeding

3   as between the parties to the agreement or understanding.

4   If any party filing such agreement or understanding so

5   requests, the copy shall be kept separate from the file of

6   the post-grant review proceeding, and made available only

7   to Federal Government agencies upon written request, or

8   to any other person on a showing of good cause.

9   **"§ 334. Decision of the board**

10      "If the post-grant review proceeding is instituted and

11  not dismissed under this chapter, the Patent Trial and

12  Appeal Board shall issue a final written decision with re-

13  spect to the patentability of any patent claim challenged

14  and any new claim added under section 332.

15  **"§ 335. Effect of decision**

16      "If the Patent Trial and Appeal Board issues a final

17  decision under section 334 and the time for appeal has

18  expired or any appeal proceeding has terminated, the Di-

19  rector shall issue and publish a certificate canceling any

20  claim of the patent finally determined to be unpatentable

21  and incorporating in the patent by operation of the certifi-

22  cate any new claim determined to be patentable.

23  **"§ 336. Relationship to other pending proceedings**

24      "Notwithstanding section 135(a), 251, and 252, and

25  chapter 30, the Director may determine the manner in

O:\GRA\GRA07B17.xml                                          S.L.C.

42

1    which any ex parte reexamination proceeding, reissue pro-

2    ceeding, interference proceeding (commenced before the

3    effective date of the Patent Reform Act of 2007), deriva-

4    tion proceeding, or post-grant review proceeding, that is

5    pending during a post-grant review proceeding, may pro-

6    ceed, including providing for stay, transfer, consolidation,

7    or termination of any such proceeding.

8    **"§ 337. Effect of decisions rendered in civil action on**

9              **future post-grant review proceedings**

10    "If a final decision has been entered against a party

11    in a civil action arising in whole or in part under section

12    1338 of title 28 establishing that the party has not sus-

13    tained its burden of proving the invalidity of any patent

14    claim—

15              "(1) that party to the civil action and the

16         privies of that party may not thereafter request a

17         post-grant review proceeding on that patent claim on

18         the basis of any grounds under section 322; and

19              "(2) the Director may not thereafter maintain

20         a post-grant review proceeding previously requested

21         by that party or the real parties in interest of that

22         party.

23    **"§ 338. Effect of final decision on future proceedings**

24    "(a) IN GENERAL.—If a final decision under section

25    334 is favorable to the patentability of any original or new

O:\GRA\GRA07B17.xml                                                S.L.C.

43

1 claim of the patent challenged by the petitioner, the peti-

2 tioner may not thereafter, based on any ground which the

3 petitioner raised during the post-grant review pro-

4 ceeding—

5        "(1) request or pursue a derivation proceeding

6     with respect to such claim; or

7        "(2) assert the invalidity of any such claim in

8     any civil action arising in whole or in part under sec-

9     tion 1338 of title 28.

10    "(b) EXTENSION OF PROHIBITION.—If the final deci-

11 sion is the result of a petition filed on the basis of section

12 322(2), the prohibition under this section shall extend to

13 any ground which the petitioner raised during the post-

14 grant review proceeding.

15 **"§ 339. Appeal**

16    "A party dissatisfied with the final determination of

17 the Patent Trial and Appeal Board in a post-grant pro-

18 ceeding under this chapter may appeal the determination

19 under sections 141 through 145. Any party to the post-

20 grant proceeding shall have the right to be a party to the

21 appeal.".

22    (d) TECHNICAL AND CONFORMING AMENDMENT.—

23 The table of chapters for part III of title 35, United States

24 Code, is amended by adding at the end the following:

**"32. Post-Grant Review Proceedings** ........................................... **321".**

25    (e) REGULATIONS AND EFFECTIVE DATE.—

44

1    (1) REGULATIONS.—The Under Secretary of

2    Commerce for Intellectual Property and the Director

3    of the United States Patent and Trademark Office

4    (in this subsection referred to as the "Director")

5    shall, not later than the date that is 1 year after the

6    date of the enactment of this Act, issue regulations

7    to carry out chapter 32 of title 35, United States

8    Code, as added by subsection (c) of this section.

9    (2) APPLICABILITY.—The amendments made

10    by subsection (c) shall take effect on the date that

11    is 1 year after the date of the enactment of this Act

12    and shall apply to patents issued before, on, or after

13    that date, except that, in the case of a patent issued

14    before that date, a petition for cancellation under

15    section 321 of title 35, United States Code, may be

16    filed only if a circumstance described in paragraph

17    (2) or (3) of section 322 of title 35, United States

18    Code, applies to the petition.

19    (3) PENDING INTERFERENCES.—The Director

20    shall determine the procedures under which inter-

21    ferences commenced before the effective date under

22    paragraph (2) are to proceed, including whether any

23    such interference is to be dismissed without preju-

24    dice to the filing of a petition for a post-grant review

25    proceeding under chapter 32 of title 35, United

45

1    States Code, or is to proceed as if this Act had not

2    been enacted. The Director shall include such proce-

3    dures in regulations issued under paragraph (1).

4  **SEC. 6. DEFINITIONS; PATENT TRIAL AND APPEAL BOARD.**

5    (a) DEFINITIONS.—Section 100 of title 35, United

6  States Code, (as amended by section 2 of this Act) is fur-

7  ther amended—

8        (1) in subsection (e), by striking "or inter

9      partes reexamination under section 311"; and

10        (2) by adding at the end the following:

11  "(k) The term 'cancellation petitioner' means the real

12  party in interest requesting cancellation of any claim of

13  a patent under chapter 31 of this title and the privies of

14  the real party in interest.".

15    (b) PATENT TRIAL AND APPEAL BOARD.—Section 6

16  of title 35, United States Code, is amended to read as

17  follows:

18  **"§ 6. Patent Trial and Appeal Board**

19    "(a) ESTABLISHMENT AND COMPOSITION.—There

20  shall be in the Office a Patent Trial and Appeal Board.

21  The Director, the Deputy Director, the Commissioner for

22  Patents, the Commissioner for Trademarks, and the ad-

23  ministrative patent judges shall constitute the Patent

24  Trial and Appeal Board. The administrative patent judges

25  shall be persons of competent legal knowledge and sci-

O:\GRA\GRA07B17.xml                                                    S.L.C.

46

1   entific ability who are appointed by the Director. Any ref-

2   erence in any Federal law, Executive order, rule, regula-

3   tion, or delegation of authority, or any document of or

4   pertaining to the Board of Patent Appeals and Inter-

5   ferences is deemed to refer to the Patent Trial and Appeal

6   Board.

7       "(b) DUTIES.—The Patent Trial and Appeal Board

8   shall—

9           "(1) on written appeal of an applicant, review

10          adverse decisions of examiners upon application for

11          patents;

12          "(2) on written appeal of a patent owner, re-

13          view adverse decisions of examiners upon patents in

14          reexamination proceedings under chapter 30;

15          "(3) determine priority and patentability of in-

16          vention in derivation proceedings under subsection

17          135(a); and

18          "(4) conduct post-grant opposition proceedings

19          under chapter 32.

20  Each appeal and derivation proceeding shall be heard by

21  at least 3 members of the Patent Trial and Appeal Board,

22  who shall be designated by the Director. Only the Patent

23  Trial and Appeal Board may grant rehearings. The Direc-

24  tor shall assign each post-grant review proceeding to a

25  panel of 3 administrative patent judges. Once assigned,

O:\GRA\GRA07B17.xml                                                                S.L.C.

47

1 each such panel of administrative patent judges shall have

2 the responsibilities under chapter 32 in connection with

3 post-grant review proceedings.''.

**SEC. 7. SUBMISSIONS BY THIRD PARTIES AND OTHER**

**QUALITY ENHANCEMENTS.**

6    (a) PUBLICATION.—Section 122(b)(2) of title 35,

7 United States Code, is amended—

8         (1) by striking subparagraph (B); and

9         (2) in subparagraph (A)—

10             (A) by striking ''(A) An application'' and

11         inserting ''An application''; and

12             (B) by redesignating clauses (i) through

13         (iv) as subparagraphs (A) through (D), respec-

14         tively.

15    (b) PREISSUANCE SUBMISSIONS BY THIRD PAR-

16 TIES.—Section 122 of title 35, United States Code, is

17 amended by adding at the end the following:

18    ''(e) PREISSUANCE SUBMISSIONS BY THIRD PAR-

19 TIES.—

20         ''(1) IN GENERAL.—Any person may submit for

21         consideration and inclusion in the record of a patent

22         application, any patent, published patent application,

23         or other publication of potential relevance to the ex-

24         amination of the application, if such submission is

25         made in writing before the earlier of—

48

1          "(A) the date a notice of allowance under

2      section 151 is mailed in the application for pat-

3      ent; or

4              "(B) either—

5                  "(i) 6 months after the date on which

6              the application for patent is published

7              under section 122, or

8                  "(ii) the date of the first rejection

9              under section 132 of any claim by the ex-

10             aminer during the examination of the ap-

11             plication for patent,

12     whichever occurs later.

13         "(2) OTHER REQUIREMENTS.—Any submission

14     under paragraph (1) shall—

15             "(A) set forth a concise description of the

16         asserted relevance of each submitted document;

17             "(B) be accompanied by such fee as the

18         Director may prescribe; and

19             "(C) include a statement by the submitter

20         affirming that the submission was made in

21         compliance with this section.".

22     **SEC. 8. VENUE AND JURISDICTION.**

23         (a) VENUE FOR PATENT CASES.—Section 1400 of

24     title 28, United States Code, is amended by striking sub-

25     section (b) and inserting the following:

O:\GRA\GRA07B17.xml                                               S.L.C.

49

1      "(b) Notwithstanding section 1391 of this title, in

2  any civil action arising under any Act of Congress relating

3  to patents, a party shall not manufacture venue by assign-

4  ment, incorporation, or otherwise to invoke the venue of

5  a specific district court.

6      "(c) Notwithstanding section 1391 of this title, any

7  civil action for patent infringement or any action for de-

8  claratory judgment may be brought only in a judicial dis-

9  trict—

10          "(1) where the defendant has its principal place

11      of business or in the location or place in which the

12      defendant is incorporated, or, for foreign corpora-

13      tions with a United States subsidiary, where the de-

14      fendant's primary United States subsidiary is lo-

15      cated;

16          "(2) where the defendant has committed sub-

17      stantial acts of infringement and has a regular and

18      established physical facility that the defendant con-

19      trols and that constitutes a substantial portion of

20      the operations of the defendant;

21          "(3) where the primary plaintiff resides, if the

22      primary plaintiff in the action is an institution of

23      higher education as defined under section 101(a) of

24      the Higher Education Act of 1965 (20 U.S.C.

25      1001(a)); or

O:\GRA\GRA07B17.xml                                   S.L.C.

50

1          "(4) where the plaintiff resides, if the sole

2      plaintiff in the action is an individual inventor who

3      is a natural person and who qualifies at the time

4      such action is filed as a micro-entity pursuant to

5      section 123 of title 35, United States Code.

6      "(d) If the plaintiff brings a civil action for patent

7  infringement in a judicial district under either subsection

8  (b) or (c), the district court may transfer that action to

9  any other district or division where—

10         "(1) any of the parties has substantial evidence

11     or witnesses; or

12         "(2) venue would be otherwise appropriate

13     under section 1391 of this title, if such transfer

14     would be appropriate under section 1404 of this

15     title.".

16     (b) INTERLOCUTORY APPEALS.—Subsection (c)(2) of

17  section 1292 of title 28, United States Code, is amended

18  by adding at the end the following:

19         "(3) of an appeal from an interlocutory order

20     or decree determining construction of claims in a

21     civil action for patent infringement under section

22     271 of title 35.

23     Application for an appeal under paragraph (3) shall

24     be made to the court within 10 days after entry of

25     the order or decree. The district court shall have dis-

O:\GRA\GRA07B17.xml                                    S.L.C.

51

1    cretion whether to approve the application and, if so,

2    whether to stay proceedings in the district court dur-

3    ing the pendency of such appeal.''.

4    (c) TECHNICAL AMENDMENTS RELATING TO

5    VENUE.—Sections 32, 145, 146, 154(b)(4)(A), and 293

6    of title 35, United States Code, and section 1071(b)(4)

7    of an Act to provide for the registration and protection

8    of trademarks used in commerce, to carry out the provi-

9    sions of certain international conventions, and for other

10   purposes, approved July 5, 1946 (15 U.S.C. 1051 et seq.)

11   (commonly referred to as the Trademark Act of 1946 or

12   the Lanham Act) are each amended by striking ''United

13   States District Court for the District of Columbia'' each

14   place that term appears and inserting ''United States Dis-

15   trict Court for the Eastern District of Virginia''.

**SEC. 9. PATENT AND TRADEMARK OFFICE REGULATORY**

16

17   **AUTHORITY.**

18   (a) FEE SETTING.—

19        (1) IN GENERAL.—The Director shall have au-

20        thority to set or adjust by rule any fee established

21        or charged by the Office under sections 41 and 376

22        of title 35, United States Code or under section 31

23        of the Trademark Act of 1946 (15 U.S.C. 1113) for

24        the filing or processing of any submission to, and for

25        all other services performed by or materials fur-

O:\GRA\GRA07B17.xml                                                S.L.C.

52

1    nished by, the Office, provided that such fee

2    amounts are set to reasonably compensate the Office

3    for the services performed.

4        (2) REDUCTION OF FEES IN CERTAIN FISCAL

5    YEARS.—In any fiscal year, the Director—

6            (A) shall consult with the Patent Public

7        Advisory Committee and the Trademark Public

8        Advisory Committee on the advisability of re-

9        ducing any fees described in paragraph (1); and

10           (B) after that consultation may reduce

11       such fees.

12       (3) ROLE OF THE PUBLIC ADVISORY COM-

13   MITTEE.—The Director shall—

14           (A) submit to the Patent or Trademark

15       Public Advisory Committee, or both, as appro-

16       priate, any proposed fee under paragraph (1)

17       not less than 45 days before publishing any

18       proposed fee in the Federal Register;

19           (B) provide the relevant advisory com-

20       mittee described in subparagraph (A) a 30-day

21       period following the submission of any proposed

22       fee, on which to deliberate, consider, and com-

23       ment on such proposal, and require that—

53

1          (i) during such 30-day period, the rel-
2      evant advisory committee hold a public
3      hearing related to such proposal; and

4          (ii) the Director shall assist the rel-
5      evant advisory committee in carrying out
6      such public hearing, including by offering
7      the use of Office resources to notify and
8      promote the hearing to the public and in-
9      terested stakeholders;

10     (C) require the relevant advisory com-
11     mittee to make available to the public a written
12     report detailing the comments, advice, and rec-
13     ommendations of the committee regarding any
14     proposed fee;

15     (D) consider and analyze any comments,
16     advice, or recommendations received from the
17     relevant advisory committee before setting or
18     adjusting any fee; and

19     (E) notify, through the Chair and Ranking
20     Member of the Senate and House Judiciary
21     Committees, the Congress of any final decision
22     regarding proposed fees.

23     (4) PUBLICATION IN THE FEDERAL REG-
24     ISTER.—

O:\GRA\GRA07B17.xml                                                                S.L.C.

54

1          (A) IN GENERAL.—Any rules prescribed
2    under this subsection shall be published in the
3    Federal Register.

4          (B) RATIONALE.—Any proposal for a
5    change in fees under this section shall—

6              (i) be published in the Federal Reg-
7          ister; and

8              (ii) include, in such publication, the
9          specific rationale and purpose for the pro-
10         posal, including the possible expectations
11         or benefits resulting from the proposed
12         change.

13         (C) PUBLIC COMMENT PERIOD.—Following
14   the publication of any proposed fee in the Fed-
15   eral Register pursuant to subparagraph (A), the
16   Director shall seek public comment for a period
17   of not less than 45 days.

18      (5) CONGRESSIONAL COMMENT PERIOD.—Fol-
19   lowing the notification described in paragraph
20   (3)(E), Congress shall have not more than 45 days
21   to consider and comment on any proposed fee under
22   paragraph (1). No proposed fee shall be effective
23   prior to the end of such 45-day comment period.

24      (6) RULE OF CONSTRUCTION.—No rules pre-
25   scribed under this subsection may diminish—

O:\GRA\GRA07B17.xml                                          S.L.C.

55

1          (A) an applicant's rights under this title or

2               the Trademark Act of 1946; or

3          (B) any rights under a ratified treaty.

4     (b) FEES FOR PATENT SERVICES.—Division B of

5 Public Law 108–447 is amended in title VIII of the De-

6 partments of Commerce, Justice and State, the Judiciary,

7 and Related Agencies Appropriations Act, 2005, in section

8 801(a) by striking "During fiscal years 2005, 2006 and

9 2007", and inserting "Until such time as the Director sets

10 or adjusts the fees otherwise,".

11    (c) ADJUSTMENT OF TRADEMARK FEES.—Division

12 B of Public Law 108–447 is amended in title VIII of the

13 Departments of Commerce, Justice and State, the Judici-

14 ary and Related Agencies Appropriations Act, 2005, in

15 section 802(a) by striking "During fiscal years 2005,

16 2006 and 2007", and inserting "Until such time as the

17 Director sets or adjusts the fees otherwise,".

18    (d) EFFECTIVE DATE, APPLICABILITY, AND TRANSI-

19 TIONAL PROVISION.—Division B of Public Law 108–447

20 is amended in title VIII of the Departments of Commerce,

21 Justice and State, the Judiciary and Related Agencies Ap-

22 propriations Act, 2005, in section 803(a) by striking "and

23 shall apply only with respect to the remaining portion of

24 fiscal year 2005, 2006 and 2007.".

25    (e) DEFINITIONS.—In this section:

56

1          (1) DIRECTOR.—The term "Director" means
2     the Director of the United States Patent and Trade-
3     mark Office.

4          (2) OFFICE.—The term "Office" means the
5     United States Patent and Trademark Office.

6          (3) TRADEMARK ACT OF 1946.—The term
7     "Trademark Act of 1946" means an Act entitled
8     "Act to provide for the registration and protection
9     of trademarks used in commerce, to carry out the
10    provisions of certain international conventions, and
11    for other purposes", approved July 5, 1946 (15
12    U.S.C. 1051 et seq.) (commonly referred to as the
13    Trademark Act of 1946 or the Lanham Act).

**14    SEC. 10. RESIDENCY OF FEDERAL CIRCUIT JUDGES.**

15         The second sentence of section 44(c) of title 28,
16    United States Code, is repealed.

**17    SEC. 11. APPLICANT QUALITY SUBMISSIONS.**

18         Chapter 11 of title 35, United States Code, is amend-
19    ed by adding at the end the following new sections:

**20    "§ 123. Additional information**

21         "The Director shall, by regulation, require that appli-
22    cants submit a search report and other information and
23    analysis relevant to patentability. An application shall be
24    regarded as abandoned if the applicant fails to submit the
25    required search report, information, and analysis in the

O:\GRA\GRA07B17.xml                                                                S.L.C.

57

1 manner and within the time period prescribed by the Di-

2 rector. Applications from micro-entities, as defined in sec-

3 tion 124 of this title, shall not be subject to the require-

4 ments of any regulations promulgated pursuant to this

5 section.

6 **"§ 124. Micro-entities**

7     "(a) DEFINITION.—For purposes of this title, the

8 term 'micro-entity' means an applicant who makes a cer-

9 tification under either subsection (b) or (c) of this section.

10     "(b) UNASSIGNED APPLICATION.—Each inventor

11 shall certify that he or she—

12         "(1) qualifies as a small entity, as defined in

13         regulations issued by the Director;

14         "(2) has not been named on 5 or more pre-

15         viously filed patent applications;

16         "(3) has not assigned, granted, or conveyed,

17         and is not under an obligation by contract or law to

18         assign, grant, or convey, a license or any other own-

19         ership interest in the particular application; and

20         "(4) does not have a gross income, as defined

21         in section 61(a) of the Internal Revenue Code (26

22         U.S.C. 61(a)), exceeding 2.5 times the average gross

23         income, as reported by the Department of Labor, in

24         the calendar year immediately preceding the cal-

O:\GRA\GRA07B17.xml                                           S.L.C.

58

1    endar year in which the examination fee is being

2    paid.

3    "(c) ASSIGNED APPLICATION.—Each inventor shall

4 certify that he or she—

5        "(1) qualifies as a small entity, as defined in

6        regulations issued by the Director, and meets the re-

7        quirements of subsection (b)(4);

8        "(2) has not been named on 5 or more pre-

9        viously filed patent applications; and

10        "(3) has assigned, granted, conveyed, or is

11        under an obligation by contract or law to assign,

12        grant, or convey, a license or other ownership inter-

13        est in the particular application to an entity that has

14        5 or fewer employees and that the entity has a gross

15        income, as defined in section 61(a) of the Internal

16        Revenue Code (26 U.S.C. 61(a)), that does not ex-

17        ceed 2.5 times the average gross income, as reported

18        by the Department of Labor, in the calendar year

19        immediately preceding the calendar year in which

20        the examination fee is being paid.

21    "(d) INCOME LEVEL ADJUSTMENT.—The gross in-

22 come levels established under subsections (b) and (c) shall

23 be adjusted by the Director on October 1, 2009, and every

24 year thereafter, to reflect any fluctuations occurring dur-

O:\GRA\GRA07B17.xml                                                    S.L.C.

59

1  ing the previous 12 months in the Consumer Price Index,

2  as determined by the Secretary of Labor.''.

**3  SEC. 12. TECHNICAL AMENDMENTS.**

4      (a) JOINT INVENTIONS.—Section 116 of title 35,

5  United States Code, is amended—

6          (1) in the first paragraph, by striking

7          "When" and inserting "(a) JOINT INVEN-

8          TIONS.—When";

9          (2) in the second paragraph, by striking

10         "If a joint inventor" and inserting "(b) OMIT-

11         TED INVENTOR.—If a joint inventor"; and

12         (3) in the third paragraph, by striking

13         "Whenever" and inserting "(c) CORRECTION OF

14         ERRORS IN APPLICATION.—Whenever".

15     (b) FILING OF APPLICATION IN FOREIGN COUN-

16  TRY.—Section 184 of title 35, United States Code, is

17  amended—

18         (1) in the first paragraph, by striking "Except

19         when" and inserting "(a) FILING IN FOREIGN

20         COUNTRY.—Except when";

21         (2) in the second paragraph, by striking "The

22         term" and inserting "(b) APPLICATION.—The

23         term"; and

24         (3) in the third paragraph, by striking "The

25         scope" and inserting "(c) SUBSEQUENT MODIFICA-

O:\GRA\GRA07B17.xml                                                           S.L.C.

60

1    TIONS, AMENDMENTS, AND SUPPLEMENTS.—The

2    scope".

3    (c) REISSUE OF DEFECTIVE PATENTS.—Section 251

4    of title 35, United States Code, is amended—

5        (1) in the first paragraph, by striking "When-

6        ever" and inserting "(a) IN GENERAL.—Whenever";

7        (2) in the second paragraph, by striking "The

8        Director" and inserting "(b) MULTIPLE REISSUED

9        PATENTS.—The Director";

10       (3) in the third paragraph, by striking "The

11       provision" and inserting "(c) APPLICABILITY OF

12       THIS TITLE.—The provisions"; and

13       (4) in the last paragraph, by striking "No re-

14       issued patent" and inserting "(d) REISSUE PATENT

15       ENLARGING SCOPE OF CLAIMS.—No reissued pat-

16       ent".

17   (d) EFFECT OF REISSUE.—Section 253 of title 35,

18   United States Code, is amended—

19       (1) in the first paragraph, by striking "When-

20       ever" and inserting "(a) IN GENERAL.—Whenever";

21       and

22       (2) in the second paragraph, by striking "in

23       like manner" and inserting "(b) ADDITIONAL DIS-

24       CLAIMER OR DEDICATION.—In the manner set forth

25       in subsection (a),".

O:\GRA\GRA07B17.xml                                    S.L.C.

61

1    (e) CORRECTION OF NAMED INVENTOR.—Section

2 256 of title 35, United States Code, is amended—

3        (1) in the first paragraph, by striking "When-

4    ever" and inserting "(a) CORRECTION.—Whenever";

5    and

6        (2) in the second paragraph, by striking "The

7    error" and inserting "(b) PATENT VALID IF ERROR

8    CORRECTED.—The error".

9    (f) PRESUMPTION OF VALIDITY.—Section 282 of title

10 35, United States Code, is amended—

11        (1) in the first undesignated paragraph, by

12    striking "A patent" and inserting "(a) IN GEN-

13    ERAL.—A patent";

14        (2) in the second undesignated paragraph, by

15    striking "The following" and inserting "(b) DE-

16    FENSES.—The following"; and

17        (3) in the third undesignated paragraph, by

18    striking "In actions" and inserting "(c) NOTICE OF

19    ACTIONS; ACTIONS DURING EXTENSION OF PATENT

20    TERM.—In actions".

21 **SEC. 13. EFFECTIVE DATE; RULE OF CONSTRUCTION.**

22    (a) EFFECTIVE DATE.—Except as otherwise provided

23 in this Act, the provisions of this Act shall take effect 12

24 months after the date of the enactment of this Act and

O:\GRA\GRA07B17.xml                                                    S.L.C.

62

1  shall apply to any patent issued on or after that effective

2  date.

3      (b) CONTINUITY OF INTENT UNDER THE CREATE

4  ACT.—The enactment of section 102(b)(3) of title 35,

5  United States Code, under section (2)(b) of this Act is

6  done with the same intent to promote joint research activi-

7  ties that was expressed, including in the legislative history,

8  through the enactment of the Cooperative Research and

9  Technology Enhancement Act of 2004 (Public Law 108–

10  453; the "CREATE Act"), the amendments of which are

11  stricken by section 2(c) of this Act. The United States

12  Patent and Trademark Office shall administer section

13  102(b)(3) of title 35, United States Code, in a manner

14  consistent with the legislative history of the CREATE Act

15  that was relevant to its administration by the Patent and

16  Trademark Office.