# EXHIBIT 24
# PART 3

Dockets.Justia.com

manner and process of making and using it, in such full, clear, concise, and exact terms,'
35 U.S.C. 112 ¶ 1, to enable an ordinarily skilled artisan to practice the invention
claimed in the nonprovisional application"). Proposed § 1.78(b), however, does not also
state (as does current § 1.78(a)(4)) that the provisional application discloses the invention
claimed in at least one claim of the later-filed application in the manner provided by
35 U.S.C. 112, ¶ 1, because:  (1) it is not necessary for the rules of practice to restate
provisions of statute; and (2) the Office does not require or check for such a disclosure as
a condition of permitting an application to claim the benefit of the filing date of a
provisional application.

Proposed § 1.78(b) also provides that the nonprovisional application or international
application designating the United States of America must be filed not later than twelve
months after the date on which the provisional application was filed (35 U.S.C. 119(e)),
and that this twelve-month period is subject to 35 U.S.C. 21(b) and § 1.7(a) (proposed
§ 1.78(b)(1)).  35 U.S.C. 21(b) and § 1.7(a) provide that when the day, or the last day, for
taking any action (e.g., filing a nonprovisional application within twelve months of the
date on which the provisional application was filed) or paying any fee in the Office falls
on Saturday, Sunday, or a Federal holiday within the District of Columbia, the action may
be taken, or fee paid, on the next succeeding secular or business day.  Proposed § 1.78(b)
otherwise contains the provisions of current § 1.78(a)(4) and (a)(5) (with the changes in
Provisions for Claiming the Benefit of a Provisional Application with a Non-English

20

A07406

Specification and Other Miscellaneous Matters, 70 FR 56119 (Sept. 26, 2005), 1299 <u>Off.</u>
<u>Gaz. Pat. Office</u> 142 (Oct. 25, 2005) (final rule)).

Proposed §1.78(c) contains provisions relating to delayed claims under 35 U.S.C. 119(e)
for the benefit of a prior-filed provisional application. Proposed § 1.78(c) contains the
provisions of current § 1.78(a)(6).

Proposed § 1.78(d) contains provisions relating to claims under 35 U.S.C. 120, 121, or
365(c) for the benefit of a prior-filed nonprovisional or international application.

Proposed § 1.78(d)(1) provides certain conditions under which an application may claim
the benefit of a prior-filed nonprovisional application or international application
designating the United States of America under 35 U.S.C. 120, 121, or 365(c) and § 1.78.
The Office will refuse to enter, or will delete if already present, any specific reference to a
prior-filed application that is not permitted by § 1.78(d)(1) (i.e., any claim for the benefit
of a prior-filed nonprovisional application or international application designating the
United States of America that does not meet one of the conditions specified in
§§ 1.78(d)(1)(i) through 1.78(d)(1)(iii) and in which a petition under § 1.78(d)(1)(iv)
either has not been filed or is not granted). If the claim for the benefit of a prior-filed
nonprovisional application or international application designating the United States of
America is not permitted by § 1.78(d)(1), the Office will refuse any benefit under
35 U.S.C. 120, 121, or 365(c) and § 1.78 of the prior-filed nonprovisional application or

21

international application designating the United States of America during proceedings before the Office.

Proposed § 1.78(d)(1) provides that a nonprovisional application that is a continuation application as defined in § 1.78(a)(2) or a continuation-in-part application as defined in § 1.78(a)(4) may claim the benefit under 35 U.S.C. 120, 121, or 365(c)) of only a single prior-filed application, if the benefit of such prior-filed application is not claimed in any other nonprovisional application other than a divisional application in compliance with § 1.78(d)(1)(ii), and no request for continued examination under § 1.114 has been filed in the prior-filed application (proposed § 1.78(d)(1)(i)). This provision will permit an applicant to continue prosecution of an application (other than a continuing application) via a continuation or continuation-in-part application as an alternative to a request for continued examination under § 1.114 (in the event that the prior-filed application is a design application, the applicant needs to add or claim subject matter not disclosed in the prior-filed application, or the applicant has other reasons for preferring a continuation or continuation-in-part application over a request for continued examination under § 1.114).

Proposed § 1.78(d)(1)(i) will also permit an applicant to continue prosecution of claims in a continuation-in-part application (via a "further" continuation or continuation-in-part application) that are directed solely to subject matter added in a "first" continuation-in-part application (provided that the "further" continuation or continuation-in-part application does not also claim the benefit of the prior-filed

22

application relative to the "first" continuation-in-part application).  At least one claim of a later-filed application must be disclosed in the prior-filed application in the manner provided by 35 U.S.C. 112, ¶ 1, for the later-filed application to actually receive the benefit of the filing date of the prior-filed application (35 U.S.C. 120), and the term of any resulting patent will be measured under 35 U.S.C. 154(a)(2) from the filing date of the prior-filed application, even if the later-filed application never receives any benefit from the prior-filed application.  See Abbott Lab. v. Novopharm Ltd., 104 F.3d 1305, 1309, 41 USPQ2d 1535, 1537 (Fed. Cir. 1997).  Thus, the Office is not proposing to require that such "further" continuation or continuation-in-part application contain a showing that all of the claims are directed solely to subject matter added in the "first" continuation-in-part application.  Rather, proposed § 1.78(d)(1)(i) permits the "further" continuation or continuation-in-part application to claim the benefit of the first continuation-in-part application, but does not permit the "further" continuation or continuation-in-part application to also claim the benefit of the prior-filed initial application (the prior-filed application relative to the first continuation-in-part application).  For example, consider an applicant who files:  (1) an initial application, "A": (2) a **continuation-in-part** application, "B," claiming the benefit of application A; and (3) a "further" continuation or continuation-in-part application "C," claiming the benefit of application B.  Under proposed 1.78(d)(i), application C could not claim any benefit from application A (except as permitted under proposed § 1.78(d)(1)(iv)).

23

Proposed § 1.78(d)(1)(i) will also permit an applicant whose application (other than a continuing application) contains rejected claims and allowed claims to obtain a patent on the allowed claims and continue prosecution of the rejected or other claims in a continuation or continuation-in-part application.

Proposed § 1.78(d)(1) also provides that a nonprovisional application that is a divisional application as defined in § 1.78(a)(3) may claim the benefit under 35 U.S.C. 120, 121, or 365(c)) of only a single prior-filed application, if the prior-filed application was subject to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121, and the divisional application contains only claims directed to an invention or inventions that were identified in such requirement of unity of invention or for restriction but were not elected for examination in the prior-filed application (proposed § 1.78(d)(1)(ii)). This will permit an applicant to obtain examination of claims that were withdrawn from consideration in the prior-filed application due to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121. Proposed § 1.78(d)(1)(ii) permits "involuntary" divisional applications (a continuing application filed as a result of a requirement of unity of invention under PCT Rule 13 or requirement for restriction under 35 U.S.C. 121 in the prior-filed application), but does not permit "voluntary divisional" applications (a continuing application **not** filed as a result of a requirement of unity of invention under PCT Rule 13 or requirement for restriction under 35 U.S.C. 121 in the prior-filed application).

24

Proposed § 1.78(d)(1) also provides that a nonprovisional application that is either a continuation application as defined in § 1.78(a)(2) or a continuation-in-part application as defined in § 1.78(a)(4) may claim the benefit under 35 U.S.C. 120, 121, or 365(c)) of only either a single divisional application in compliance with § 1.78(d)(1)(ii) and the prior-filed application whose benefit is claimed in such single divisional application, if no request for continued examination under § 1.114 has been filed in the prior-filed divisional application (proposed § 1.78(d)(1)(iii)). This provision will permit an applicant to continue prosecution of a divisional application via a single continuation application or continuation-in-part application as an alternative to a request for continued examination under § 1.114. Proposed § 1.78(d)(1)(iii), however, would not allow an applicant to file more than a single continuation application or continuation-in-part application of a divisional application as of right. Proposed § 1.78(d)(1)(iii) will also permit an applicant whose divisional application contains rejected claims and allowed claims to obtain a patent on the allowed claims, and continue prosecution of the rejected or other claims in a single continuation or continuation-in-part application.

Proposed § 1.78(d)(1) also provides that a continuing nonprovisional application that is filed to obtain consideration of an amendment, argument, or evidence that could not have been submitted during the prosecution of the prior-filed application may claim the benefit under 35 U.S.C. 120, 121, or 365(c) of such prior-filed application (proposed § 1.78(d)(1)(iv)). Proposed § 1.78(d)(1)(iv) specifically provides that such a continuing nonprovisional application must have filed therein a petition accompanied by the fee set

25

A07411

forth in § 1.17(f) and a showing to the satisfaction of the Director that the amendment,

argument, or evidence could not have been submitted during the prosecution of the

prior-filed application. This will permit an applicant to continue prosecution of an

application via a continuing application to obtain consideration of an amendment,

argument, or evidence that could not have been submitted during the prosecution of the

prior-filed application. Applicants are permitted to submit any desired amendment,

argument, or evidence after the first Office action in the prior-filed application, and are

further permitted to file either a single continuation or continuation-in-part application

(proposed §§ 1.78(d)(1)(i) and 1.78(d)(1)(iii)) or a single request for continued

examination under § 1.114 to submit any desired amendment, argument, or evidence

before or after the first Office action in the continuation or continuation-in-part

application or request for continued examination under § 1.114. Since multiple

opportunities are given to submit any desired amendment, argument, or evidence, that an

amendment, argument, or evidence is refused entry because prosecution in the prior-filed

application is again closed (after the filing of a continuation or continuation-in-part

application (proposed §§ 1.78(d)(1)(i) and 1.78(d)(1)(iii)) or a request for continued

examination under § 1.114) will not by itself be a sufficient reason to warrant the grant of

a petition under § 1.78(d)(1)(iv). Rather, an applicant will be expected to demonstrate

why the amendment, argument, or evidence could not have been submitted prior to the

close of prosecution in the prior-filed application. Proposed § 1.78(d)(1)(iv) also sets

forth the time period within which such a petition must be provided: (1) if the later-filed

continuing application is an application filed under 35 U.S.C. 111(a), within four months

26

A07412

from the actual filing date of the later-filed application; and (2) if the later-filed continuing application is a nonprovisional application which entered the national stage from an international application after compliance with 35 U.S.C. 371, within four months from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in the later-filed international application.

Proposed § 1.78(d) also provides that the Office will refuse to enter, or will delete if present, any specific reference to a prior-filed application that is not permitted by proposed § 1.78(d) (proposed § 1.78(d)(3)). If the claim for the benefit of a prior-filed nonprovisional application or international application designating the United States of America is not permitted by § 1.78(d)(1), the Office will refuse any benefit under 35 U.S.C. 120, 121, or 365(c) and § 1.78 of the prior-filed nonprovisional application or international application designating the United States of America during proceedings before the Office. Proposed § 1.78(d) also provides that the entry of or failure to delete a specific reference to a prior-filed application that is not permitted by § 1.78(d)(1) does not constitute a waiver of the provisions of § 1.78(d)(1). The grant of a petition under § 1.78(d)(1)(iv) or waiver of a requirement of § 1.78(d)(1) would be only by an explicit decision by the Office, and would not occur by implication due to the entry of or failure to delete a specific reference to a prior-filed application that is not permitted by § 1.78(d)(1).

27

A07413

Proposed § 1.78(d)(3) also includes the parenthetical "(i.e., whether the later-filed application is a continuation, divisional, or continuation-in-part of the prior-filed nonprovisional application or international application)" to clarify in the rules of practice what is meant by the requirement that an applicant identify (currently stated as indicate) the relationship of the applications. See MPEP § 201.11. Proposed § 1.78(d)(3) also provides that if an application is identified as a continuation-in-part application, the applicant must identify which claim or claims in the continuation-in-part application are disclosed in the manner provided by 35 U.S.C. 112, ¶ 1, in the prior-filed application. Any claim in the continuation-in-part application that is not identified as being disclosed in the manner provided by 35 U.S.C. 112, ¶ 1, in the prior-filed application will be treated as entitled only to the filing date of the continuation-in-part application.

Proposed § 1.78(d) also does not contain the provision that the prior-filed application disclose the invention claimed in at least one claim of the later-filed application in the manner provided by 35 U.S.C. 112, ¶ 1. It is necessary for the prior-filed application to disclose the invention claimed in at least one claim of the later-filed application in the manner provided by 35 U.S.C. 112, ¶ 1, for the later-filed application to actually receive the benefit of the filing date of the prior-filed application (35 U.S.C. 120), but the Office does not require such a disclosure as a condition of permitting an application to claim the benefit of the filing date of a prior-filed application. See MPEP § 201.08 ("Unless the filing date of the earlier nonprovisional application is actually needed . . ., there is no need for the Office to make a determination as to whether the requirement of 35 U.S.C.

28

A07414

120, that the earlier nonprovisional application discloses the invention of the second application in the manner provided by 35 U.S.C. 112, ¶ 1, is met and whether a substantial portion of all of the earlier nonprovisional application is repeated in the second application in a continuation-in-part situation. Accordingly, an alleged continuation-in-part application should be permitted to claim the benefit of the filing date of an earlier nonprovisional application if the alleged continuation-in-part application complies with the . . . formal requirements of 35 U.S.C. 120.").

Proposed § 1.78(d) also provides that cross-references to applications for which a benefit is not claimed under title 35, United States Code, must be located in a separate paragraph from the references required by 35 U.S.C. 119(e) or 120 and § 1.78 to applications for which a benefit is claimed under 35 U.S.C. 119(e), 120, 121, or 365(c) (proposed § 1.78(d)(6)).

Proposed § 1.78(d) otherwise contains the provisions of current § 1.78(a)(1) and (a)(2).

Proposed § 1.78(e) contains provisions relating to delayed claims under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed nonprovisional or international application. Proposed § 1.78(e) provides that a petition to accept an unintentionally delayed claim under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed application will not be granted in an application in which a request for continued examination under § 1.114 has been filed. Proposed § 1.114(f) does not permit a request for continued examination in a

29

A07415

continuing application (other than a divisional application in compliance with
§ 1.78(d)(1)(ii)), without a petition showing to the satisfaction of the Director that the
amendment, argument, or evidence could not have been submitted prior to the close of
prosecution in the application. Thus, proposed § 1.78(e) provides that an applicant may
not add a delayed claim under 35 U.S.C. 120, 121, or 365(c) for the benefit of a
prior-filed application in an application in which a request for continued examination
under § 1.114 has been filed. Proposed § 1.78(e) otherwise contains the provisions of
current § 1.78(a)(3).

Proposed § 1.78(f) contains provisions relating to applications naming at least one
inventor in common and containing patentably indistinct claims. Proposed § 1.78(f)(1)
provides that if a nonprovisional application has a filing date that is the same as or within
two months of the filing date of one or more other pending nonprovisional applications or
patents, taking into account any filing date for which a benefit is sought under title 35,
United States Code, names at least one inventor in common with the one or more other
pending nonprovisional applications or patents, and is owned by the same person, or
subject to an obligation of assignment to the same person, as the one or more other
pending nonprovisional applications or patents, the applicant must identify each such
other application or patent by application number (i.e., series code and serial number) and
patent number (if applicable). This identification requirement would also apply to each
identified application, because if the identifying application has a filing date that is the
same as or within two months of the filing date of the identified application, the identified

30

application has a filing date that is the same as or within two months of the filing date of the identifying application. The application or patent may be identified in the specification in the paragraph containing cross-references to applications for which a benefit is not claimed under title 35, United States Code (proposed § 1.78(d)(6)), or may be identified in a separate paper. Proposed § 1.78(f)(1) also provides that the identification of one or more other nonprovisional applications under this paragraph must be within four months from the actual filing date of a nonprovisional application filed under 35 U.S.C. 111(a), or within four months from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in a nonprovisional application which entered the national stage from an international application after compliance with 35 U.S.C. 371.

Proposed § 1.78(f)(2) provides that if the circumstances set forth in proposed § 1.78(f)(1) exist and the nonprovisional application has the same filing date as the one or more other pending nonprovisional applications or patents, taking into account any filing date for which a benefit is sought under title 35, United States Code, and contains substantial overlapping disclosure as the one or more other pending nonprovisional applications or patents, a rebuttable presumption shall exist that the nonprovisional application contains at least one claim that is not patentably distinct from at least one of the claims in the one or more other pending or patented nonprovisional applications. Proposed § 1.78(f)(2) also provides that in such a situation, the applicant in the nonprovisional application must either: (1) rebut this presumption by explaining to the satisfaction of the Director how the application contains only claims that are patentably distinct from the claims in each of

31

A07417

such other pending applications or patents; or (2) submit a terminal disclaimer in accordance with § 1.321(c). In addition, proposed § 1.78(f)(2) provides that where one or more other pending nonprovisional applications containing patentably indistinct claims have been identified, the applicant must explain to the satisfaction of the Director why it is necessary that there are two or more pending nonprovisional applications naming at least one inventor in common and owned by the same person, or subject to an obligation of assignment to the same person, which contain patentably indistinct claims.

As discussed previously, where an applicant chooses to file multiple applications that are substantially the same it will be the applicant's responsibility to assist the Office in resolving potential double patenting situations rather than taking no action until faced with a double patenting rejection. Thus, if an Office action must include a double patenting rejection, it is because the applicant has not yet met his or her responsibility to resolve the double patenting situation by filing the appropriate terminal disclaimer. Therefore, the inclusion of a new double patenting rejection in a second or subsequent Office action will not preclude the Office action from being made final (assuming that the conditions in MPEP § 706.07(a) are otherwise met).

Proposed § 1.78(f)(3) provides that in the absence of good and sufficient reason for there being two or more pending nonprovisional applications naming at least one inventor in common and owned by the same person, or subject to an obligation of assignment to the same person, which contain patentably indistinct claims, the Office may require

32

elimination of the patentably indistinct claims from all but one of the applications. The Office expects to apply this provision primarily in situations covered by proposed § 1.78(f)(2)(ii), under which applicants must explain to the satisfaction of the Director why it is necessary that there are two or more pending nonprovisional applications naming at least one inventor in common and owned by the same person, or subject to an obligation of assignment to the same person, which contain patentably indistinct claims. The Office, however, may require that an applicant provide good and sufficient reason whenever there are two or more pending nonprovisional applications naming at least one inventor in common and owned by the same person, or subject to an obligation of assignment to the same person, which contain patentably indistinct claims (i.e., in situations other than those covered by § 1.78(f)(2) or even § 1.78(f)(1)).

Proposed § 1.78(g) contains provisions relating to applications or patents under reexamination naming different inventors and containing patentably indistinct claims. Proposed § 1.78(g) contains the provisions of current § 1.78(c), except that "conflicting claims" is proposed to be changed to "patentably indistinct claims" for clarity and for consistency with the language of proposed § 1.78(f).

Proposed § 1.78(h) covers the situation in which parties to a joint research agreement are treated (in essence) as a common owner for purposes of 35 U.S.C. 103 by virtue of the CREATE Act. Proposed § 1.78(h) provides that if an application discloses or is amended to disclose the names of parties to a joint research agreement (35 U.S.C. 103(c)(2)(C)),

33

A07419

the parties to the joint research agreement are considered to be the same person for purposes of § 1.78. The CREATE Act amended 35 U.S.C. 103(c) to provide that subject matter developed by another person shall be treated as owned by the same person or subject to an obligation of assignment to the same person for purposes of determining obviousness if three conditions are met: (1) the claimed invention was made by or on behalf of parties to a joint research agreement that was in effect on or before the date the claimed invention was made; (2) the claimed invention was made as a result of activities undertaken within the scope of the joint research agreement; and (3) the application for patent for the claimed invention discloses or is amended to disclose the names of the parties to the joint research agreement. See Changes to Implement the Cooperative Research and Technology Enhancement Act of 2004, 70 FR 1818, 1818 (Jan. 11, 2005), 1291 Off. Gaz. Pat. Office 58, 58-59 (Feb. 8, 2005). Proposed § 1.78(h) also provides that if the application is amended to disclose the names of parties to a joint research agreement under 35 U.S.C. 103(c)(2)(C), the identification of such one or more other nonprovisional applications as required by § 1.78(f)(1) must be submitted with the amendment under 35 U.S.C. 103(c)(2)(C) unless such identification is or has been submitted within the four-month period specified in § 1.78(f)(1).

The proposed changes to § 1.78 (if adopted) would be applicable to any application filed on or after the effective date of the final rule. Thus, any application filed on or after the effective date of the final rule seeking to claim the benefit of more than a single prior-filed nonprovisional application or international application under 35 U.S.C. 120,

34

121, 365(c) and § 1.78 would need to either meet the requirements specified in proposed
§ 1.78(d)(1)(iii) or include a petition under proposed § 1.78(d)(1)(iv).  That is, an
applicant may only file one continuation or continuation-in-part application (and not "one
more" continuation or continuation-in-part application) after the effective date of the final
rule without meeting the requirements specified in proposed § 1.78(d)(1)(iii) or including
a petition under proposed § 1.78(d)(1)(iv).

Conforming changes:  The proposed reorganization and revision of § 1.78 would also
require conforming changes to §§ 1.17, 1.52, 1.53, 1.76, and 1.110.

Section 1.114:  Proposed § 1.114(a) adds the phrase "subject to the conditions of this
section" to make clear that an applicant may not file an unrestricted number of requests
for continued examination.  Proposed § 1.114(a) otherwise contains the provisions of
current § 1.114(a).

Proposed § 1.114(f) provides that an applicant may not file more than a single request for
continued examination under § 1.114 in any application, and that an applicant may not
file a request for continued examination under § 1.114 in any continuing application
(§ 1.78(a)(1)) other than a divisional application in compliance with § 1.78(d)(1)(ii),
unless the request for continued examination also includes a petition accompanied by the
fee set forth in § 1.17(f) and a showing to the satisfaction of the Director that the
amendment, argument, or evidence could not have been submitted prior to the close of

35

A07421

prosecution in the application.  Thus, an applicant may file a single request for continued examination in a non-continuing application, or in a divisional application in compliance with § 1.78(d)(1)(ii), without a showing to the satisfaction of the Director that the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the application.  Otherwise, a request for continued examination must be accompanied by a petition accompanied by the fee set forth in § 1.17(f) and a showing to the satisfaction of the Director that the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the application.  Since multiple opportunities are given to submit any desired amendment, argument, or evidence, that an amendment, argument, or evidence is refused entry because prosecution in the application is again closed (after the filing of a continuation or continuation-in-part application (§§ 1.78(d)(1)(i) and 1.78(d)(1)(iii)) or a request for continued examination under § 1.114) will not by itself be a sufficient reason to warrant the grant of a petition under § 1.114(f).  Rather, an applicant will be expected to demonstrate why the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the application.

Proposed § 1.114(f) further provides that any other proffer of a request for continued examination in an application not on appeal will be treated as a submission under § 1.116, and that any other proffer of a request for continued examination in an application on appeal will be treated only as a request to withdraw the appeal.  Thus, a second or

36

subsequent request for continued examination that does not include the required petition will not have the same effect as a first request for continued examination.

The proposed changes to § 1.114 (if adopted) would be applicable to any application in which a request for continued examination is filed on or after the effective date of the final rule. Thus, any request for continued examination filed on or after the effective date of the final rule in an application in which a request for continued examination has previously been filed must include a petition under proposed § 1.114(f). That is, an applicant may only file one request for continued examination (and not "one more" request for continued examination) after the effective date of the final rule without a petition under proposed § 1.114(f).

Section 1.495: Proposed § 1.495(g) provides that if the documents and fees contain conflicting indications as between an application under 35 U.S.C. 111 and a submission to enter the national stage under 35 U.S.C. 371, the documents and fees will be treated as a submission to enter the national stage under 35 U.S.C. 371. It is Office experience that, in the majority of cases, documents and fees that contain conflicting indications as between an application under 35 U.S.C. 111 and a submission to enter the national stage under 35 U.S.C. 371 were intended as a submission under 35 U.S.C. 371. In addition, the changes to § 1.78 (if adopted) would render the option of filing of a "bypass" continuation application under 35 U.S.C. 111(a) less preferable to simply entering the national stage under 35 U.S.C. 371 in an international application. A "bypass"

37

continuation application is an application for patent filed under 35 U.S.C. 111(a) that claims the benefit of the filing date of an earlier international application that did not enter the national stage under 35 U.S.C. 371.

**Rule Making Considerations:**

**Regulatory Flexibility Act**: For the reasons set forth herein, the Deputy General Counsel for General Law of the United States Patent and Trademark Office has certified to the Chief Counsel for Advocacy of the Small Business Administration that the changes proposed in this notice will not have a significant economic impact on a substantial number of small entities. See 5 U.S.C. 605(b).

In Fiscal Year 2005, the Office received approximately 317,000 nonprovisional applications. Of those, about 62,870 (about 19,700 small entity) were continuing applications. In addition, the Office received about 52,750 (about 8,970 small entity) requests for continued examination. This notice proposes to require that: (1) any second or subsequent continuation or continuation-in-part application and any second or subsequent request for continued examination include a showing to the satisfaction of the Director as to why the amendment, argument, or evidence could not have been submitted prior to the close of prosecution after a single continuation or continuation-in-part application or request for continued examination; and (2) multiple applications that have the same effective filing date, overlapping disclosure, a common inventor, and a common

38

assignee include either an explanation to the satisfaction of the Director of how the claims are patentably distinct, or a terminal disclaimer and explanation to the satisfaction of the Director of why patentably indistinct claims have been filed in multiple applications.

Continuing Applications: This notice proposes to require that any second or subsequent continuation or continuation-in-part application include a petition (with a $400.00 petition fee) with a showing to the satisfaction of the Director as to why the amendment, argument, or evidence could not have been submitted prior to the close of prosecution in the prior-filed application.

This proposed rule change will not affect a substantial number of small entities. Of the 62,870 continuing applications filed in fiscal year 2005, about 44,500 (about 15,665 small entity) were designated as continuation or continuation-in-part applications, and about 11,790 (about 4,470 small entity) of these applications were a second or subsequent continuation or continuation-in-part application. Therefore, the proposed petition fee and showing requirement would impact relatively few applications (about 3.7 percent or 11,790 out of 317,000) and relatively few small entity applications (about 4.8 percent or 4,470 out of 93,000). It is also noted that this proposed change would not disproportionately impact small entity applicants. The primary impact of this change would be to require applicants to make a bona fide attempt to advance the application to final agency action by submitting any desired amendment, argument, or evidence prior to

39

the close of prosecution after a single continuation or continuation-in-part application or single request for continued examination (except as permitted by § 1.116 or § 41.33)).

The notice does **not** propose any petition fee or showing requirement for a divisional application, but only requires that a divisional application be the result of a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121 in the prior-filed application. Thus, an applicant may obtain examination of claims to an invention in the prior-filed application because the Office did not impose a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121 in the prior-filed application, or the applicant may obtain examination of claims to an invention in a divisional application because the Office did impose a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121 in the prior-filed application. Of the 62,870 continuing applications filed in fiscal year 2005, about 18,370 (about 4,000 small entity) were designated as divisional applications.

Requests for Continued Examination: This notice proposes to require that any second or subsequent request for continued examination include a petition (with a $400.00 petition fee) with a showing to the satisfaction of the Director as to why the amendment, argument, or evidence could not have been submitted prior to the close of prosecution.

40

This proposed rule change will not affect a substantial number of small entities. Of the 52,750 requests for continued examination filed in fiscal year 2005, about 9,925 (about 1,796 small entity) were a second or subsequent request for continued examination. Therefore, the proposed petition fee and showing requirement would impact relatively few applicants (about 3.1 percent or 9,925 out of 317,000) and relatively few small entity applicants (about 1.9 percent or 1,796 out of 93,000). It is also noted that this proposed change would not disproportionately impact small entity applicants. The primary impact of this change would be to require applicants to make a <u>bona fide</u> attempt to advance the application to final agency action by submitting any desired amendment, argument, or evidence prior to the close of prosecution after a single continuation application or single request for continued examination (except as permitted by § 1.116 or § 41.33)).

<u>Patentably Indistinct Claims</u>: Finally, this notice proposes that applicants (or assignees) who file multiple applications having the same effective filing date, overlapping disclosure, and a common inventor include either an explanation of how the claims are patentably distinct, or a terminal disclaimer and explanation of why there are patentably indistinct claims in multiple applications. An applicant who files multiple applications containing patentably indistinct claims must in any case submit the appropriate terminal disclaimers to avoid double patenting. See <u>In re Berg</u>, 140 F.3d 1428, 1434, 46 USPQ2d 1226, 1231 (Fed. Cir. 1998) (applicants who may file all of their claims in a single application, but instead chose to file such claims in multiple applications, are not entitled to two-way double patenting test).

41

A07427

This proposed rule change does not affect a substantial number of small entities. The Office received about 17,600 (about 3,850 small entity) terminal disclaimers in fiscal year 2004. Based upon the Office's experience with double patenting situations, most of these double patenting situations involved an application and a patent (rather than two applications) containing patentably indistinct claims. In addition, § 1.78(b) currently provides where two or more applications filed by the same applicant contain conflicting (i.e., patentably indistinct) claims, elimination of such claims from all but one application may be required in the absence of good and sufficient reason for their retention during pendency in more than one application). Therefore, the requirement for an explanation up front as to why there are two or more pending applications by the same applicant (or assignee) containing patentably indistinct claims when that is the case would impact relatively few applicants (about 5.7 percent or 17,600 out of 310,000) and relatively few small entity applicants (about 4.1 percent or 3,850 out of 93,000). It is also noted that this proposed change would not disproportionately impact small entity applicants. Moreover, there are no fees associated with this proposed rule change.

**Executive Order 13132:** This rule making does not contain policies with federalism implications sufficient to warrant preparation of a Federalism Assessment under Executive Order 13132 (Aug. 4, 1999).

**Executive Order 12866:** This rule making has been determined to be significant for purposes of Executive Order 12866 (Sept. 30, 1993).

42

**Paperwork Reduction Act**: This notice involves information collection requirements which are subject to review by the Office of Management and Budget (OMB) under the Paperwork Reduction Act of 1995 (44 U.S.C. 3501 et seq.). The collection of information involved in this notice has been reviewed and previously approved by OMB under OMB control number 0651-0031. This notice proposes to require that: (1) any second or subsequent continuation or continuation-in-part application and any second or subsequent request for continued examination include a showing to the satisfaction of the Director as to why the amendment, argument, or evidence could not have been submitted prior to the close of prosecution after a single continuation application or request for continued examination; and (2) multiple applications that have the same effective filing date, overlapping disclosure, a common inventor, and a common assignee include either an explanation to the satisfaction of the Director of how the claims are patentably distinct, or a terminal disclaimer and explanation to the satisfaction of the Director of why patentably indistinct claims have been filed in multiple applications. The United States Patent and Trademark Office is resubmitting an information collection package to OMB for its review and approval because the changes in this notice do affect the information collection requirements associated with the information collection under OMB control number 0651-0031.

The title, description and respondent description of the information collection under OMB control number 0651-0031 is shown below with an estimate of the annual reporting

43

A07429

burdens. Included in the estimate is the time for reviewing instructions, gathering and maintaining the data needed, and completing and reviewing the collection of information.

The title, description and respondent description of the information collection under OMB control number 0651-0031 is shown below with an estimate of the annual reporting burdens. Included in the estimate is the time for reviewing instructions, gathering and maintaining the data needed, and completing and reviewing the collection of information.

OMB Number: 0651-0031.

Title: Patent Processing (Updating).

Form Numbers: PTO/SB/08, PTO/SB/17i, PTO/SB/17p, PTO/SB/21-27, PTO/SB/24B, PTO/SB/30-32, PTO/SB/35-39, PTO/SB/42-43, PTO/SB/61-64, PTO/SB/64a, PTO/SB/67-68, PTO/SB/91-92, PTO/SB/96-97, PTO-2053-A/B, PTO-2054-A/B, PTO-2055-A/B, PTOL-413A.

Type of Review: Approved through July of 2006.

Affected Public: Individuals or Households, Business or Other For-Profit Institutions, Not-for-Profit Institutions, Farms, Federal Government and State, Local and Tribal Governments.

Estimated Number of Respondents: 2,284,439.

Estimated Time Per Response: 1 minute and 48 seconds to 12 hours.

Estimated Total Annual Burden Hours: 2,732,441 hours.

44

Needs and Uses: During the processing of an application for a patent, the applicant or applicant's representative may be required or desire to submit additional information to the United States Patent and Trademark Office concerning the examination of a specific application. The specific information required or which may be submitted includes: Information disclosure statement and citation, examination support documents, requests for extensions of time, the establishment of small entity status, abandonment and revival of abandoned applications, disclaimers, appeals, petitions, expedited examination of design applications, transmittal forms, requests to inspect, copy and access patent applications, publication requests, and certificates of mailing, transmittals, and submission of priority documents and amendments.

Comments are invited on: (1) whether the collection of information is necessary for proper performance of the functions of the agency; (2) the accuracy of the agency's estimate of the burden; (3) ways to enhance the quality, utility, and clarity of the information to be collected; and (4) ways to minimize the burden of the collection of information to respondents.

Interested persons are requested to send comments regarding these information collections, including suggestions for reducing this burden, to: (1) the Office of Information and Regulatory Affairs, Office of Management and Budget, New Executive Office Building, Room 10202, 725 17th Street, N.W., Washington, D.C. 20503, Attention: Desk Officer for the Patent and Trademark Office; and (2) Robert J. Spar,

45

A07431

Director, Office of Patent Legal Administration, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Notwithstanding any other provision of law, no person is required to respond to nor shall a person be subject to a penalty for failure to comply with a collection of information subject to the requirements of the Paperwork Reduction Act unless that collection of information displays a currently valid OMB control number.

**List of Subjects**

37 CFR Part 1

Administrative practice and procedure, Courts, Freedom of Information, Inventions and patents, Reporting and record keeping requirements, Small Businesses.

For the reasons set forth in the preamble, 37 CFR Part 1 is proposed to be amended as follows:

**PART 1 - RULES OF PRACTICE IN PATENT CASES**

1.      The authority citation for 37 CFR Part 1 continues to read as follows:

**Authority:**  35 U.S.C. 2(b)(2).

46

A07432

2.    Section 1.78 is revised to read as follows:

**§ 1.78 Claiming benefit of earlier filing date and cross-references to other applications.**

(a) Definitions.

(1) Continuing application. A continuing application is a nonprovisional application or an international application designating the United States of America that claims the benefit under 35 U.S.C. 120, 121, or 365(c) of a prior-filed nonprovisional application or international application designating the United States of America. An application that does not claim the benefit under 35 U.S.C. 120, 121, or 365(c) of a prior-filed application, is not a continuing application even if the application claims the benefit under 35 U.S.C. 119(e) of a provisional application, claims priority under 35 U.S.C. 119(a)-(d) or 365(b) to a foreign application, or claims priority under 35 U.S.C. 365(a) or (b) to an international application designating at least one country other than the United States of America.

(2) Continuation application. A continuation application is a continuing application as defined in paragraph (a)(1) of this section that discloses and claims only an invention or inventions that were disclosed in the prior-filed application.

(3) Divisional application. A divisional application is a continuing application as defined in paragraph (a)(1) of this section that discloses and claims only an invention or inventions that were disclosed and claimed in the prior-filed application, but were subject

47

A07433

to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121 and not elected for examination in the prior-filed application.

(4) Continuation-in-part application. A continuation-in-part application is a continuing application as defined in paragraph (a)(1) of this section that discloses subject matter that was not disclosed in the prior-filed application.

(b) Claims under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application. A nonprovisional application, other than for a design patent, or an international application designating the United States of America may claim the benefit of one or more prior-filed provisional applications under the conditions set forth in 35 U.S.C. 119(e) and this paragraph.

(1) The nonprovisional application or international application designating the United States of America must be filed not later than twelve months after the date on which the provisional application was filed. This twelve-month period is subject to 35 U.S.C. 21(b) and § 1.7(a).

(2) Each prior-filed provisional application must name as an inventor at least one inventor named in the later-filed application, must be entitled to a filing date as set forth in § 1.53(c), and the basic filing fee set forth in § 1.16(d) must be paid within the time period set forth in § 1.53(g).

(3) Any nonprovisional application or international application designating the United States of America claiming the benefit of one or more prior-filed provisional applications must contain or be amended to contain a reference to each such prior-filed provisional application, identifying it by the provisional application number (consisting of

48

A07434

series code and serial number). If the later-filed application is a nonprovisional application, the reference required by this paragraph must be included in an application data sheet (§ 1.76), or the specification must contain or be amended to contain such reference in the first sentence(s) following the title.

(4) The reference required by paragraph (b)(3) of this section must be submitted during the pendency of the later-filed application. If the later-filed application is an application filed under 35 U.S.C. 111(a), this reference must also be submitted within the later of four months from the actual filing date of the later-filed application or sixteen months from the filing date of the prior-filed provisional application. If the later-filed application is a nonprovisional application which entered the national stage from an international application after compliance with 35 U.S.C. 371, this reference must also be submitted within the later of four months from the date on which the national stage commenced under 35 U.S.C. 371(b) or (f) in the later-filed international application or sixteen months from the filing date of the prior-filed provisional application. These time periods are not extendable. Except as provided in paragraph (c) of this section, the failure to timely submit the reference is considered a waiver of any benefit under 35 U.S.C. 119(e) of such prior-filed provisional application. The time periods in this paragraph do not apply if the later-filed application is:

(i) An application filed under 35 U.S.C. 111(a) before November 29, 2000; or

(ii) An international application filed under 35 U.S.C. 363 before November 29, 2000.

49

A07435

(5) If the prior-filed provisional application was filed in a language other than English and both an English-language translation of the prior-filed provisional application and a statement that the translation is accurate were not previously filed in the prior-filed provisional application, applicant will be notified and given a period of time within which to file, in the prior-filed provisional application, the translation and the statement. If the notice is mailed in a pending nonprovisional application, a timely reply to such a notice must include the filing in the nonprovisional application of either a confirmation that the translation and statement were filed in the provisional application, or an amendment or Supplemental Application Data Sheet withdrawing the benefit claim, or the nonprovisional application will be abandoned. The translation and statement may be filed in the provisional application, even if the provisional application has become abandoned.

(c) Delayed claims under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application. If the reference required by 35 U.S.C. 119(e) and paragraph (b)(3) of this section is presented in a nonprovisional application after the time period provided by paragraph (b)(4) of this section, the claim under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application may be accepted if submitted during the pendency of the later-filed application and if the reference identifying the prior-filed application by provisional application number was unintentionally delayed. A petition to accept an unintentionally delayed claim under 35 U.S.C. 119(e) for the benefit of a prior-filed provisional application must be accompanied by:

50

A07436

(1) The reference required by 35 U.S.C. 119(e) and paragraph (b)(3) of this section to the prior-filed provisional application, unless previously submitted;

(2) The surcharge set forth in § 1.17(t); and

(3) A statement that the entire delay between the date the claim was due under paragraph (b)(4) of this section and the date the claim was filed was unintentional. The Director may require additional information where there is a question whether the delay was unintentional.

(d) Claims under 35 U.S.C. 120, 121, or 365(c) for the benefit of a prior-filed nonprovisional or international application. A nonprovisional application (including an international application that has entered the national stage after compliance with 35 U.S.C. 371) may claim the benefit of one or more prior-filed copending nonprovisional applications or international applications designating the United States of America under the conditions set forth in 35 U.S.C. 120 and this paragraph.

(1) A nonprovisional application claiming the benefit of one or more prior-filed copending nonprovisional applications or international applications designating the United States of America must satisfy at least one of the following conditions:

(i) The nonprovisional application is either a continuation application as defined in paragraph (a)(2) of this section or a continuation-in-part application as defined in paragraph (a)(4) of this section that claims the benefit under 35 U.S.C. 120, 121, or 365(c) of only a single prior-filed application, the benefit of such prior-filed application not being claimed in any other nonprovisional application other than a divisional

51

application in compliance with paragraph (d)(1)(ii) of this section, and no request for continued examination under § 1.114 has been filed in the prior-filed application.

(ii) The nonprovisional application is a divisional application as defined in paragraph (a)(3) of this section that claims the benefit under 35 U.S.C. 120, 121, or 365(c) of only a single prior-filed application, the prior-filed application was subject to a requirement of unity of invention under PCT Rule 13 or a requirement for restriction under 35 U.S.C. 121, and the divisional application contains only claims directed to an invention or inventions that were identified in such requirement of unity of invention or requirement for restriction but were not elected for examination in the prior-filed application.

(iii) The nonprovisional application is either a continuation application as defined in paragraph (a)(2) of this section or a continuation-in-part application as defined in paragraph (a)(4) of this section that claims the benefit under 35 U.S.C. 120, 121, or 365(c) of only a single divisional application in compliance with paragraph (d)(1)(ii) of this section and the single prior-filed application whose benefit is claimed in such divisional application, and no request for continued examination under § 1.114 has been filed in such prior-filed divisional application.

(iv) The nonprovisional application is a continuing application as defined in paragraph (a)(1) of this section that claims the benefit under 35 U.S.C. 120, 121, or 365(c) of a prior-filed application, which continuing application is filed to obtain consideration of an amendment, argument, or evidence that could not have been submitted during the prosecution of the prior-filed application. The nonprovisional

52

application must have filed therein a petition accompanied by the fee set forth in § 1.17(f)
and a showing to the satisfaction of the Director that the amendment, argument, or
evidence could not have been submitted during the prosecution of the prior-filed
application. If the later-filed continuing application is an application filed under
35 U.S.C. 111(a), this petition must be submitted within four months from the actual
filing date of the later-filed continuing application, and if the later-filed continuing
application is a nonprovisional application which entered the national stage from an
international application after compliance with 35 U.S.C. 371, this petition must be
submitted within four months from the date on which the national stage commenced
under 35 U.S.C. 371(b) or (f) in the later-filed international application.

(2) Each prior-filed application must name as an inventor at least one inventor
named in the later-filed application and must be either an international application
entitled to a filing date in accordance with PCT Article 11 and designating the United
States of America, or a nonprovisional application under 35 U.S.C. 111(a) that is entitled
to a filing date as set forth in § 1.53(b) or § 1.53(d) and have paid therein the basic filing
fee set forth in § 1.16 within the pendency of the application.

(3) Except for a continued prosecution application filed under § 1.53(d), any
nonprovisional application, or international application designating the United States of
America, claiming the benefit of one or more prior-filed copending nonprovisional
applications or international applications designating the United States of America must
contain or be amended to contain a reference to each such prior-filed application,
identifying it by application number (consisting of the series code and serial number) or

53

A07439

international application number and international filing date and identifying the
relationship of the applications (i.e., whether the later-filed application is a continuation,
divisional, or continuation-in-part of the prior-filed nonprovisional application or
international application). If an application is identified as a continuation-in-part
application, the applicant must identify which claim or claims in the continuation-in-part
application are disclosed in the manner provided by the first paragraph of 35 U.S.C. 112
in the prior-filed application. If the later-filed application is a nonprovisional application,
the reference required by this paragraph must be included in an application data sheet
(§ 1.76), or the specification must contain or be amended to contain such reference in the
first sentence(s) following the title. The Office will refuse to enter, or will delete if
present, any specific reference to a prior-filed application that is not permitted by
paragraph (d)(1) of this section. The entry of or failure to delete a specific reference to a
prior-filed application that is not permitted by paragraph (d)(1) of this section does not
constitute a waiver of the provisions of paragraph (d)(1) of this section.

(4) The reference required by 35 U.S.C. 120 and paragraph (d)(3) of this section
must be submitted during the pendency of the later-filed application. If the later-filed
application is an application filed under 35 U.S.C. 111(a), this reference must also be
submitted within the later of four months from the actual filing date of the later-filed
application or sixteen months from the filing date of the prior-filed application. If the
later-filed application is a nonprovisional application which entered the national stage
from an international application after compliance with 35 U.S.C. 371, this reference
must also be submitted within the later of four months from the date on which the

54

A07440

national stage commenced under 35 U.S.C. 371(b) or (f) in the later-filed international application or sixteen months from the filing date of the prior-filed application. These time periods are not extendable. Except as provided in paragraph (e) of this section, the failure to timely submit the reference required by 35 U.S.C. 120 and paragraph (d)(3) of this section is considered a waiver of any benefit under 35 U.S.C. 120, 121, or 365(c) to such prior-filed application. The time periods in this paragraph do not apply if the later-filed application is:

   (i) An application for a design patent;

   (ii) An application filed under 35 U.S.C. 111(a) before November 29, 2000; or

   (iii) An international application filed under 35 U.S.C. 363 before November 29, 2000.

   (5) The request for a continued prosecution application under § 1.53(d) is the specific reference required by 35 U.S.C. 120 to the prior-filed application. The identification of an application by application number under this section is the identification of every application assigned that application number necessary for a specific reference required by 35 U.S.C. 120 to every such application assigned that application number.

   (6) Cross-references to other related applications may be made when appropriate (see § 1.14). Cross-references to applications for which a benefit is not claimed under title 35, United States Code, must be located in a separate paragraph from the references required by 35 U.S.C. 119(e) or 120 and this section to applications for which a benefit is claimed under 35 U.S.C. 119(e), 120, 121, or 365(c).

55