# EXHIBIT M

Part 4 of 4

Dockets.Justia.com

# Individuals Having The Duty of Disclosure

- (3) Every other person who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application.



# *Duration Of Duty To Disclose*

- 37 CFR 1.56(a) . . . The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned.



# Duration of Duty To Disclose

*Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, (Fed. Cir. 2005)

- Court held that "inventors, patent owners, and attorneys associated with the filing or prosecution of a patent application have an affirmative and continuing duty to disclose material information to the PTO." *Id.* at 1316 (underlining added).

- Original and continuation-in-part applications.



# Duration of Duty To Disclose

*Brasseler, U.S.A. I, L.P v. Styker Sales Corp.*, 267 F.3d 1370 (Fed. Cir. 2001)

- Held that the district court determined the attorney had acted with deceptive intent "based on ' patent counsel's studied refusal to timely investigate' and failure to disclose information under a <u>continuing duty</u>." *Id.* at 1377 (underlining added).

- The district court held that "'inventors cannot 'empty-head' their own patent counsel, and patent counsel cannot shirk basic, § 102(b) factual inquiry requirements,' which arise at the time of filing and <u>continue throughout the prosecution</u>." *Id.* at 1378 (underlining added).



# Duration of Duty To Disclose

*Brasseler, U.S.A. I, L.P v. Styker Sales Corp*., 267 F.3d 1370 (Fed. Cir. 2001)

- The district court found that the attorneys' "'studied refusal to timely investigate' and disclose material information, under a <u>continuing duty</u> to disclose, established that [they] acted with deceptive intent." *Id.* at 1383 (underlining added).

- The U.S. Court of Appeals for the Federal Circuit did not find any error in the district court's judgment.



# Duration of Duty To Disclose Under USPTO's Ethics Rules

- A first practitioner advises applicant that prior art is material to patentability of the claimed invention and must be disclosed to the USPTO.
- The applicant refuses to follow this course of action and discharges the first practitioner.
- The applicant engages a second practitioner without telling the second practitioner of the potentially damaging prior art.
- Under § 10.85(b), the first practitioner would be required to disclose this situation to the Office.
- See Practice Before the Patent and Trademark Office, Final Rule 50 FR 5158, 5165 (Feb 8, 1985).



# Disciplinary Rules

➢ 10.85(b) A practitioner who receives information clearly establishing that:

- (1) A client has, in the course of the representation, perpetrated a fraud upon a person or tribunal shall promptly call upon the client to rectify the same, and if the client refuses or is unable to do so the practitioner shall reveal the fraud to the affected person or tribunal.

- (2) A person other than a client has perpetrated a fraud upon a tribunal shall promptly reveal the fraud to the tribunal.



# Disciplinary Rules

- 10.23(b) A practitioner shall not:
  - (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
  - (5) Engage in conduct that is prejudicial to the administration of justice.
  - (6) Engage in any other conduct that adversely reflects on the practitioner's fitness to practice before the Office.

- 10.23(c) Conduct which constitutes a violation of paragraphs (a) and (b) of this section includes, but is not limited to:
  - (10) Knowingly violating or causing to be violated the requirements of §1.56 or § 1.555 of this subchapter.



# Thank you

