# EXHIBIT 6

| SEARCH BLOG | FLAG BLOG | Next Blog»    Create Blog | Sign In

# IPBIZ
INTELLECTUAL PROPERTY NEWS AFFECTING BUSINESS AND EVERYDAY LIFE

WEDNESDAY, JULY 05, 2006

## More on USPTO proposed rulemaking on continuing applications

from a board:

At the ABA meeting in Boston [ABA section on IP law, June 22, 2006], Solicitor Whealan made it clear that reducing patent pendency/backlog was NOT the reason behind the proposed "No continuations past one without our permission" rule. Instead, it is being promulgated to prevent applicants from surprising the public with new claims in a continuation several years after the filing date. Commissioner Doll spoke about the rule, but only as a way to reduce pendency/backog. Looking back at the rulemaking package, there are mentions of both rationales, but reducing pendency is what I think everyone thought it was really all about. Comments?

***

On a panel with Whealan were Steve Caltrider, Mark Garscia and David Westergard.

***

IPBiz notes that in the notice of proposed rulemaking (71 Fed. Reg. at 49), there is a statement:

However, the practice of maintaining continuing applications for the purpose of adding claims after such discoveries is not calculated to advance prosecution before the Office.

The issue that the USPTO raised in the Federal Register was NOT one of "surprising the public" but to stop multiple continuing applications

**ABOUT ME**

**LAWRENCE B. EBERT**

I'm a patent lawyer located in central New Jersey. I have a J.D. from the University of Chicago and a Ph.D. from Stanford University, where I studied graphite intercalation compounds at the Center for Materials Research. I worked at Exxon Corporate Research in areas ranging from engine deposits through coal and petroleum to fullerenes. An article that I wrote in The Trademark Reporter, 1994, 84, 379-407 on color trademarks was cited by Supreme Court in Qualitex v. Jacobson, 514 US 159 (1995) and the methodology was adopted in the Capri case in N.D. Ill. An article that I wrote on DNA profiling was cited by the Colorado Supreme Court (Shreck case) and a Florida appellate court (Brim case). I was interviewed by NHK-TV about the Jan-Hendrik Schon affair. I am developing ipABC, an entity that combines rigorous IP analytics with study of business models, to optimize utilization of intellectual property. I can be reached at C8AsF5 at yahoo.com.

VIEW MY COMPLETE PROFILE

PREVIOUS POSTS

IPBiz: More on USPTO proposed rulemaking on continuing applications                Page 2 of 2

UNLESS necessary for effective examination. The practice of maintaining continuing applications FOR THE PURPOSE OF ADDING CLAIMS was not considered something calculated to advance prosecution.

A legal issue here is whether the USPTO's desired goal of advancing prosecution through effective examination trumps the rights of patent applicants to submit continuing applications in conformity with the statute codified at 35 USC 120. Can the USPTO interpret 35 USC 120 in such a limiting way under Chevron?

POSTED BY LAWRENCE B. EBERT AT 4:46 AM

0 COMMENTS:

POST A COMMENT

<< Home

- InfoWorld on FireStar v Red Hat patent litigation
- Hwang asserts truth of 2004 Science paper
- More of Hwang trial in South Korea: Hwang denies ...
- CBS
- SCO does not fare well in IBM case
- BMS/Aventis have to resubmit Plavix deal to FTC
- Patent applications in China
- Hwang Woo-Suk testifies on July 3, 2006
- Calgon Carbon's UV patent declared invalid in summ...
- "How not to get a job"

