# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| TRIANTAFYLLOS TAFAS,<br>    Plaintiff,<br><br>v.<br><br>JON W. DUDAS, et al.,<br>    Defendants. | Civil Action No. 1:07cv846(L) (JCC/TRJ) |

CONSOLIDATED WITH

| | |
|---|---|
| SMITHKLINE BEECHAM<br>CORPORATION, et al.,<br>    Plaintiffs,<br><br>v.<br><br>JON W. DUDAS, et al.,<br>    Defendants. | Civil Action No. 1:07cv1008 (JCC/TRJ) |

## MEMORANDUM IN SUPPORT OF MOTION OF *AMICUS CURIAE* INTELLECTUAL PROPERTY OWNERS ASSOCIATION FOR LEAVE TO FILE A BRIEF ON THE ISSUE OF ADOPTION OF FINAL RULE 1.78(f)(2)

Intellectual Property Owners Association ("IPO") has moved for leave to file a brief *amicus curiae* taking the position that Final Rule 1.78(f)(2) should be barred from being implemented. This memorandum is submitted in support of that motion.

*Amicus curiae* Intellectual Property Owners Association ("IPO") is a nonprofit, national organization of more than 140 large and midsize companies and more than 550 small businesses, universities, inventors, authors, executives, law firms, and attorneys who are interested in patents, trademarks, copyrights, and other intellectual property

1

rights. Founded in 1972, IPO represents the interests of all owners of intellectual property. IPO members receive about thirty percent of the patents issued by the United States Patent and Trademark Office ("USPTO") to U.S. nationals. IPO regularly represents the interests of its members before Congress and the USPTO, and it has filed *amicus curiae* briefs in the Supreme Court of the United States and in other courts on significant issues of intellectual property law.

IPO believes it can provide the court with information and perspectives on the issue of Final Rule 1.78(f)(2) that will not be provided by the parties or other amici. IPO's Board of Directors includes chief patent counsel for companies in all major industries and a large number of directors who have studied the potential impact of the rules on their companies. An IPO survey on the impact of the rules is cited in the proposed brief. A majority of IPO members responding to the survey anticipated that to comply with Final Rule 1.78(f)(2) as to existing applications, each of them would have to cancel pending claims in at least 10 percent of those applications, file at least 100 papers to overcome the presumption of patentably indistinct claims and incur costs of more than $50,000.

Focusing on the single issue of Final Rule 1.78(f)(2), IPO's proposed brief is likely to present a more thorough analysis than other briefs of (1) the burden of compliance with the rule, (2) the cost of retroactively implementing the rule, (3) the reasons why the retroactive effect is impermissible, (4) the inconsistency of the rule with the USPTO's responsibility to examine patent applications and provide reasons for rejections, (5) how the rule deprives applicants of judicial review of claim rejections, and (6) how the rule contradicts 35 U.S.C. § 121.

Plaintiffs in the Tafas and SmithKline Beecham cases have consented to the filing of an IPO brief.  Counsel for the Defendants states that the Defendants take no position on IPO filing a brief provided the brief is filed by December 27 and complies with applicable page limits.

Accordingly, IPO requests that the Court grant its motion for leave to file its proposed brief in support of the Plaintiffs and limited to the issue of Final Rule 1.78(f)(2) as provided in the proposed Order submitted with the motion.

Respectfully submitted,

/s/
Blair Elizabeth Taylor (VA Bar 47906)
Roderick McKelvie
Covington & Burling LLP
1201 Pennsylvania Ave.  NW
Washington, DC 20004
Tel.: (202) 662-5669
Fax: (202) 778-5669
Email: BTaylor@cov.com

Attorneys for *amicus curiae* Intellectual Property Owners Association