# Exhibit 4

**Excerpt from notice and comment Letter of Dean Alderucci (May 3, 2006)**

Dockets.Justia.com

**Jones, Eugenia**

---

**From:** Alderucci, Dean - Cantor Fitzgerald [DAlderucci@cantor.com]
**Sent:** Wednesday, May 03, 2006 6:30 PM
**To:** AB94Comments; AB93Comments
**Subject:** Comments to Proposed Rules

These comments are submitted in response to the Proposed Rules of the U.S. Patent and Trademark Office at 71 Fed. Reg. 48 (January 3, 2006) and 71 Fed. Reg. 62 (January 3, 2006).

SUMMARY OF ISSUES

The proposed rules violate several tenets of Administrative Law and, if promulgated, would be clearly in violation of Supreme Court jurisprudence and in excess of statutory authority.

First, those proposed rules which would either shift the burden of proof or the burden of production to patent applicants is in direct violation of Supreme Court jurisprudence. *See, e.g., Director, Office of Workers Compensation Programs, Dept. of Labor v. Greenwich Colliers,* 512 U.S. 267, 275-81 (1994).

Second, critical factual evidence on which the U.S. Patent and Trademark Office would have had to have relied upon in formulating the new rules either does not exist or has not been subjected to informed comment by the public.

Third, the U.S. Patent and Trademark Office lacks the required statutory authority to pass the proposed rules limiting continuation applications.

Fourth, the proposed rules fail to reflect reasoned decision making because the reasoning is extremely flawed.

Please note that if a reasoned response is not provided to every comment, then the proposed rules, if passed, would be subject to invalidation as arbitrary and capricious.

Please also note that a promulgated rule which is not a "logical outgrowth" of a proposed rule would likewise be subject to invalidation for not having been subjected to notice and comment.

# 1.   Requirements for reasoned agency decisionmaking and standard of review.

The PTO must follow administrative law requirements, including the Administrative Procedure Act (APA) reasoned decisionmaking requirements, under the APA's judicial review standards of 5 USC § 706. *See Dickinson v. Zurko.* 527 U.S. 150, 164 (1999) ("Moreover, if the Circuit means to suggest that a change of standard could somehow immunize the PTO's fact-related 'reasoning' from review, 142 F.3d, at 1449-1450, we disagree. A reviewing court reviews an agency's reasoning to determine whether it is 'arbitrary' or 'capricious,' or, if bound up with a record-based factual conclusion, to determine whether it is supported by 'substantial evidence.' *E.g., SEC v. Chenery Corp.,* 318 U.S. 80,

5/5/06

evidence. Further, they do so according to standards that are clearly contrary to law and beyond statutory authority in regard to filing and receiving priority for continuations and may be contrary to law and beyond agency authority in regard to double patenting. The fact that the agency is shifting the burden without clearly identifying the standard for such determinations itself demonstrates the arbitrary and capricious nature of the rulemaking, given that the failure to provide prior notice of the standards for rejecting continuation applications has already been found to violate Section 120. *See In re Henricksen*. 399 F.2d at 261-62; 71 Fed. Reg. at 50 ("In addition, in those earlier cases the Office had not promulgated any rules, let alone given the public adequate notice of, or an opportunity to respond to, the *ad hoc* limits imposed) (citing *Henriksen,* at 399 F.2d at 261–62).

As the U.S. Court of Appeals for the Federal Circuit has repeatedly noted, the Commissioner's rulemaking authority under 35 USC § 2(a) to promulgate rules governing the "conduct of proceedings" does not provide for substantive lawmaking authority. Section 2(a) (formerly Section 6) authority "is directed to the 'conduct of proceedings' before the Office. A substantive declaration with regard to the Commissioner's interpretation of the patent statutes, whether it be section 101, 102, 103, 112 or other section, does not fall within the usual interpretation of such statutory language. *See, e.g., General Elec. Co., Inc. v. Gilbert,* 429 U.S. 125, 141 & n. 20, 97 S.Ct. 401, 410 & n. 20, 50 L.Ed.2d 343 (1976) (EEOC guideline interpreting Title VII of the Civil Rights Act not within the statutory authority to 'issue ... suitable procedural regulations to carry out the provisions of the subchapter,' 42 U.S.C. § 2000e-12(a)). That is not to say that the Commissioner does not have authority to issue such a Notice but, if not issued under the statutory grant, the Notice cannot possibly have the force and effect of law." *Animal Legal Defense Fund v. Quigg,* 932 F.2d 920, 930 (Fed. Cir. 1991). Similarly, "it does not grant the Commissioner the authority to issue substantive rules.... Because Congress has not vested the Commissioner with any general substantive rulemaking power, the [action] at issue in this case cannot possibly have the "force and effect of law." *Merck & Co., Inc. v. Kessler,* 80 F.3d 1543, 1550 (Fed. Cir. 1996) (citing *Animal Legal Defense Fund,* 932 F.2d at 930 and *Chrysler Corp. v. Brown,* 441 U.S. 281, 302, 99 S.Ct. 1705, 1718, 60 L.Ed.2d 208 (1979)).


EXHIBIT A

From: Clarke, Robert [Robert.Clarke@USPTO.GOV]

Sent: Wednesday, May 03, 2006 12:54 PM

To: Alderucci, Dean - Cantor Fitzgerald

Subject: RE:

==We do not have a complete package of supporting information that is available for public inspection. The study for these packages was substantiated in a series of pre-decisional electronic communications that has not been made available to the public.==

Robert A. Clarke

Deputy Director

A001592

5/5/06

Office of Patent Legal Administration

571 272 7735


-----Original Message-----

From: Alderucci, Dean - Cantor Fitzgerald [mailto:DAlderucci@cantor.com]

Sent: Wednesday, May 03, 2006 12:49 PM

To: Clarke, Robert

Subject:

May 3, 2006

Robert Clarke

Deputy Director

Office of Patent Legal Administration

Office of the Deputy Commissioner for Patent Examination Policy

U.S. Patent and Trademark Office

Dear Bob,

Thanks very much for returning my call this morning.

I was looking for anything else that might be in the "rules docket" (Docket No. 2005-P-066 and -067) for the PTO's proposed rules. ==You mentioned that there was no actual docket.==

==From this I understand that there is no other supporting documents, studies, etc. for the proposed rules – just the notices themselves in the Federal Register.==

If this is true, please confirm my understanding. If I have misunderstood, please contact me.

Best regards,

Dean Alderucci

(212) 829-7009 (office)

(212) 308-7505 (direct fax)

5/5/06

A001593

(646) 523-7584 (mobile)

CONFIDENTIAL: This e-mail, including its contents and attachments, if any, are confidential. If you are not the named recipient please notify the sender and immediately delete it. You may not disseminate, distribute, or forward this e-mail message or disclose its contents to anybody else. Copyright and any other intellectual property rights in its contents are the sole property of Cantor Fitzgerald.
E-mail transmission cannot be guaranteed to be secure or error-free. The sender therefore does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.
Although we routinely screen for viruses, addressees should check this e-mail and any attachments for viruses. We make no representation or warranty as to the absence of viruses in this e-mail or any attachments. Please note that to ensure regulatory compliance and for the protection of our customers and business, we may monitor and read e-mails sent to and from our server(s).

For further important information, please see http://www.cantor.com/full-disclaimer.html

A001594

5/5/06