# Exhibit 7

**Cover letter to Reply of Patent and Trademark Office to request 07-237 under Freedom of Information Act (June 12, 2007)**

Dockets.Justia.com



## UNITED STATES PATENT AND TRADEMARK OFFICE

GENERAL COUNSEL

JUN 1 2 2007

Ms. Zoe Greenberg
111 East 58th Street, 6th Floor
New York, NY 10022

    Re: Freedom of Information Act (FOIA) Request No. 07-237

Dear Ms. Greenberg:

The Office of General Counsel is in receipt of your five e-mail requests dated May 13, 2007, made under the Freedom of Information Act (5 U.S.C. § 552) for a copy of documents pertaining to an Agency rulemaking. Since these five immediately successive request are for records from essentially the same source, and are germane in their topic, they separate requests were consolidated into a single one for ease of administration. Thus, starting with the first request, and numbered sequentially, the e-mail requests were for:

"(1)    Provide any documents concerning any factual investigation or analysis of underlying causes for 'rework' applications used in developing the proposed 'Continuations,' 'Examination of Claims,' or 'IDS' rules (RIN 0651-AB93, -AB94, and -AB95, 71 Fed. Reg. 48, 61 and 38808 hereinafter the 'Proposed Rules';

(2)    Provide any documents concerning consultations by the PTO with customers or applicants (including individual, companies, or organizations) that occurred between the PTO's rejection of similar proposals (64 Fed. Reg. 53772, 53774, Oct. 4, 1999) and January 3, 2006, that reflect customers'/applicants' views on whether the Proposed Rules or any predecessors thereof are either an improvement or a detriment;

(3)    Provide any documents concerning any analysis and estimate of costs that will be imposed by the Proposed Rules on applicants;

(4)    Provide any documents concerning any analysis and estimate of costs that will be imposed by the Proposed Rules on business in the form of patent protection foregone;

(5)    Provide any documents concerning any analysis and estimate of costs that will be saved by the PTO if the proposed rules are adopted;

P000204

(6) Provide all documents that demonstrate (a) any data and assumptions on which the projections of [PTO's 2006 Townhall presentation on the Proposed Rules] are based; and (b) the methodology or analysis used to generate the slide's projections from the data and assumptions;

(7) [P]rovide documents identifying disposition rates for: (a) the Pre-Appeal Brief Conference program, since inception; (b) Appeal Conference review within the examining operation before appeals are transferred to the Board of Patent Appeals, for at least 5 years;

(8) Provide any documents concerning analysis of the Pre-Appeal Brief Conference pilot program;

(9) Provide documents sufficient to identify the rate of disposition of 'obviousness-type double patenting' issues during Pre-Appeal Review, Appeal Conference and ex parte appeal to the Board of Patent Appeals and Interferences, for at least 5 years;

(10) Please provide documents sufficient to identify the proportion of examiners, supervisory examiners, special program examiners, and Technology Center Directors that have law degrees;

(11) Please provide documents sufficient to describe the criteria on which performance of examiners, supervisory examiners and technology center directors are evaluated;

(12) Provide documents sufficient to show the degree to which and processes by which rejections of applications using unauthorized criteria or unauthorized procedures are detected, evaluated, and/or factored into examiner performance evaluations;

(13) Provide documents sufficient to show the degree to which and processes by which rejections of claims using criteria or reasoning other than the criteria and reasoning specifically 'required or authorized' (MPEP Foreword) in written PTO instructions to examiners are detected, evaluated, and/or factored into performance evaluations;

(14) Provide documents sufficient to show the degree to which and processes by which rejections failing within Requests 3 (Item (12) above) or 4 (Item (13) above) affect examiner promotion, retention, compensation, or award eligibility;

(15) Provide documents sufficient to establish the reasoning and criteria that examiners are required or authorized to employ in rejecting claims of applications. If coextensive with MPEP Chapters 700 and 2100 and 37 C.F.R. § 1.104, it will be sufficient to so state;

(16) If examiners are authorized to issue Office Actions that reject claims outside the reasoning and criteria stated in MPEP Chapters 700 and 2100 and 37 C.F.R. § 1.104, please provide any documents that state this additional scope of authority;

(17)    Provide documents sufficient to show any mechanisms by which the Office ensures that examiners, during examination under 35 U.S.C. §§ 131 and 132, do not act outside the scope of authorization of Request 6 (Item (15), above);

(18)    Provide documents sufficient to show any affect of reversals by the Board of Appeals, Appeal Conference, Pre-Appeal review, or any other review, formal or informal, on examiner promotion, retention, compensation or award eligibility;

(19)    Any documents related to any study, analysis, conclusion or assertion that compares the value of a 'continued examination filing' with the value of a 'new application' as implied by 71 Fed. Reg. 48;

(20)    Any documents related to any study, analysis, conclusion or assertion showing that 'the exchange between examiners and applicants becomes less beneficial and suffers from diminished returns as each of the second and subsequent' applications is filed, as stated in 71 Fed. Reg. 48;

(21)    Any documents related to any study, analysis, conclusion or assertion showing how modification in continuation practice could 'make the exchange between examiners and applicants more efficient and effective' as stated in 71 Fed. Reg. 48;

(22)    Any documents related to any study, analysis, conclusion or assertion showing that 'the possible issuance of multiple patents arising from such a process [of continued examination filings] tends to defeat the public notice function of patent claims in the initial application' as stated in 71 Fed. Reg. 48;

(23)    Any documents related to any study, analysis, conclusion or assertion showing that the proposed continuation rules should 'improve the quality of issued patents, making them easier to evaluation' as stated in 7 1 Fed. Reg. 48;

(24)    Any documents related to any study, analysis, conclusion or assertion showing that the proposed continuation rules should 'improve the quality of issued patents, making them easier to . . . enforce' as stated in 71 Fed. Reg. 48;

(25)    Any documents related to any study, analysis, conclusion or assertion showing that the proposed continuation rules should 'improve the quality of issued patents, making them easier to . . . litigate' as stated in 71 Fed. Reg. 48;

(26)    Any documents related to any study, analysis, conclusion or assertion showing that 'the public is left uncertain as to what the set of patents resulting from the initial application will cover; when multiple applications with patentability indistinct claims are filed, as stated in 71 Fed. Reg. 49;

2

(27)    Any documents related to any study, analysis, conclusion or assertion showing that 'these practices [of filing multiple applications] impose a burden on innovation' as stated in 71 Fed. Reg. 49;

(28)    Any documents related to any study, analysis, conclusion or assertion showing the extent to which 'a small minority of applicants have misused the continued examination practice . . . to simply delay the conclusion of examination,' as stated in 71 Fed. Reg. 49;

(29)    Any documents related to any study, analysis, conclusion or assertion showing the extent to which this small minority of applicants referenced in 71 Fed. Reg. 49 'prejudices the public by permitting applicants to keep applications in pending status while awaiting developments in similar or parallel technology and then later amending the pending application to cover the developments' as stated in 71 Fed. Reg. 49;

(30)    Any documents related to any study, analysis, conclusion or assertion showing that under the proposed continuation rules claims will 'issue faster,' as stated in 71 Fed. Reg. 50;

(31)    Any documents related to any study, analysis, conclusion or assertion showing the effect of the proposed continuation rules on appeals to the Board of Patent Appeals and Interferences, including effects on the number, typical complexity or pendency of such appeals;

(32)    Any documents related to any study, analysis, conclusion or assertion showing the effect of the proposed continuation rules on appeals from the U.S. Patent and Trademark Office to a court, including effects on the number, typical complexity or pendency of such appeals;

(33)    Any documents related to any study, analysis, conclusion or assertion showing the effect of the proposed continuation rules on petitions submitted to the U.S. Patent and Trademark Office, including effects on the number, typical complexity or pendency of such petitions."

The USPTO has determined that 1,081 pages of documents are suitable for disclosure and responsive to Items (3), (4), (7), (8), (11), (12), (13), (14) and (19) through (30) of the request. The documents are provided in electronic format on the enclosed compact disk.

There were no records responsive to any of the other items of your request.

The no records determination for Items (1), (2), (5), (6), (9), (10), (15) through (18) and (31) through (33) of your request constitutes a partial denial of your request for records under the FOIA. The undersigned is the denying official. You have the right to appeal this initial decision to the General Counsel, United States Patent and Trademark Office, P.O Box 1450, Alexandria, VA 22313-1450. An appeal must be received within 30 calendar days from the date of this letter. See 37 C.F.R. § 102.10(a). The appeal must be in writing. You must include a copy of your original request, this letter, and a statement of the reasons why the information should be

made available and why this initial denial is in error. Both the letter and the envelope must be clearly marked "Freedom of Information Appeal."

Sincerely,

Robert Fawcett
FOIA Officer

Enclosure