# Exhibit 25

*Boundy v. U.S. Patent and Trademark Office,* **Defendant [Patent Office's] Reply to Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment, Civil Action 03-CV-557-A (E.D.Va. Apr. 23 2004) (excerpts)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| BRUCE K. BOUNDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-557-A |
| | ) | Judge Cacheris |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

claim construction, etc.)

### D. As "Quasi-Judicial" Officials, Examiners Have Independent Decision Making Authority When Rejecting or Allowing Claims

Boundy's allegation that, because examiners are "quasi-judicial" officials he should somehow be permitted to have his claim rejections and merits issues of patentability reviewed on petition, rather than having to seek review by appeal to the Board is incorrect. See Boundy's Opp. at 12. See also Western Electric Co., Inc. v. Piezo Technology, Inc., 860 F.2d 428, 431 (Fed. Cir. 1988) ("Patent examiner's are quasi-judicial officials" citing Butterworth v. U.S., 112 U.S. 50, 67 (1884)). In stark contrast to Boundy's argument, the fact that examiner's are "quasi-judicial" officials, supports the fundamental policy protecting an examiner's freedom to independently decide whether to reject or allow claims. This weighs against review of substantive rejections on petition because, while Congress intended to subordinate examiners and the Board to the Commissioner's overall supervision, it did not intend for the Commissioner to inhibit the "free exercise of their judgments in the matters submitted for their examination and determination." See In re Allappat, 33 F. 3d 1526, 1534, n. 9 (Fed. Cir. 1994).[13] Such a policy is consistent with Congress's intent to limit review of rejection to the exclusive

---

to resolve the issues of whether the rejections on appeal were compliant with the law of the Federal Circuit, appellant resolved that problem by specifically referring the Board to pages 17 through 32 thereof." A1087, n. 7.

[13] The Alappat court explained that the Commissioner's supervisory role did not change after the 1927 patent act, which included protection of examiners and Board members from influence "in the free exercise of their judgments in the matters submitted for their examination and determination." Alappat at 1534, n. 9 ("The Commissioner's supervisory authority . . . prior to the 1927 [patent] Act was described aptly as follows: The law has provided certain official agencies to aid and advance the

16

jurisdiction of the Board. 35 U.S.C. § 134; 37 C.F.R. § 1.181. Just like this Court's judicial independence is protected from micro-management during its decision making process while its ultimate decisions are subject to appeal to an appellate court, similarly, an examiner's claim rejections and merits determinations are to be ==free from administrative micro-management== during proceedings before the examiner, but are subject to an administrative appeal to the Board. Violating this statutorily designed process that protects the examiner and the Board from executive micro-management over merits issues, as Boundy suggests, would cut against the fundamental policies grounded in judicial review, administrative review, objectivity and fair play.

### E. This Court Does Not Have Jurisdiction to Review the Examiner's Rejections or Merits Issues of Patentabilty Nor Does it Have the Authority to Act as a Super Patent Examiner to Micro Manage the ReWriting of Claim Rejections

Contrary to Boundy's assertion, the PTO does not "misunderstand the nature of review and relief requested" by Boundy. See Boundy's Opp. at 14. Regardless of how he frames it, the crux of Boundy's complaint is that he wants this Court to review the legal sufficiency of his claim rejections. Boundy's own words make clear that he is dissatisfied with the examiner's application of the legal standards of anticipation (§ 102), obviousness (§ 103) and indefiniteness (§ 112), as well as the examiner's analysis of the prior art and the claim construction. While continuing to argue that he wants "procedural" relief, his actual allegations of error directly contradict this assertion. See PTO's CMSJ at 19 (notes 13 and 14 listing Boundy's allegations of error with the merits his claim rejections). As Boundy admits in his opposition, the crux of his grievance is that the "examiner applied improper reasoning and applied improper law of patentability" in rejecting his claims. See Boundy's Opp. at 14.

---

work of the Patent Office, such as Primary Examiners . . . and Examiners-in-Chief; but they are all subordinate, and subject to the official direction of the Commissioner of Patents, except in the free exercise of their judgments in the matters submitted for their examination and determination . . .") (emphasis added).

17

agency Board's decision to the proper forum (e.g., the Federal Circuit), which is not this Court.

Finally, since the Commissioner's Petition Decisions are not arbitrary, capricious, an abuse of discretion or contrary to law, this Court should affirm them by <u>granting</u> the PTO's Cross Motion for Summary Judgment and <u>denying</u> Boundy's two motions for summary judgment.

April 23, 2004                                Respectfully submitted,

JOHN M. WHEALAN
Solicitor

By: WILLIAM LAMARCA, Virg. Bar # 42,323
LINDA MONCYS ISACSON
Associate Solicitors
P.O. Box 15667
Arlington, Virginia 22215
(703) 305-9035

PAUL J. MCNULTY
United States Attorney

By: DENNIS E. SZYBALA, Virg. Bar # 22,785
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3747

*Attorneys for the Director of the
  United States Patent and Trademark Office*

20