# Exhibit 27 – Part 2

## Examples of Applications Delayed by Examiner Failure to Follow PTO's Procedural Rules

(1) Serial No 09/193,787  Filed 11/17/1988 (still pending)

   The independent claims in this case are the same as originally filed and have never been amended.  The claims have received 8 non-final rejections.  The case has been reviewed by the Board once (in October 2003) and the examiner was reversed.  Four appeal briefs have been filed in the case, and the fifth will be filed by January 4, 2008.

(2)  Serial No. 09/077,337 Filed 5/27/1998 (still pending)

   In this case, two examiner initiated suspensions were imposed (9/30/2002 and 2/6/2006) on the basis that additional pertinent prior art was likely to become available.  In each case we had to request that the suspension be lifted.  There is still no sign that there ever was any valid basis for the suspension.

   This case has had two appeals filed to date, and it was reviewed by the Board in 2005.  All of the examiner's rejections were reversed.  After the case was returned by the Board to the examiner, the case was suspended which stalled the case for another year, and then a specious Rule 105 request was presented

(3) Serial No.  09/193,791 Filed 11/17/98 (issued as 6,970,845 in 2005)

   This is another case where a suspension was used to delay (10/1/2002) and there was no basis for the suspension.  This case required the submission of 2 appeal briefs before the examiner was reversed by the Board in 2005 and the case was eventually allowed to issue.

(4) Serial No. 09/193,565 Filed 11/17/1998 (issued as 7,062,464 in 2006)

   Three appeals were taken and three appeal briefs were filed.  The case was never allowed to reach the Board.  Each time an appeal brief was filed prosecution was reopened.

(5) Serial No. 09/193,647 Filed 11/17/1998 (issued as 7,003,492 in 2006)

   Same as '565 application above.  Three appeals and three appeal briefs filed.  Prosecution reopened after each appeal brief.  The case was never reviewed by the Board.

(6) 09/014,076 Filed 1/27/1998 (still pending)

   In 2001 the examiner declared an appeal brief defective for being longer than 20 pages (5/4/2001).  There is no such rule.  A Petition had to be filed to have the brief accepted (3/14/2002).  This same examiner has declared appeal briefs defective for the same reason in at least one other case after the Petition was granted here.

Dockets.Justia.com

## Initial Comments

A portion of the history of this Application is as follows:

| | | |
|---|---|---|
| 1. | 05/27/98 | Application filed, with priority claimed to provisional application 60/031,956 dated 11/27/96. |
| 2. | 02/17/00 | 1st non-final rejection. |
| 3. | 04/24/01 | Restriction. |
| 4. | 06/19/01 | 2nd non-final rejection. |
| 5. | 09/18/01 | 1st Appeal Brief. |
| 6. | 01/31/02 | 3rd non-final rejection. |
| 7. | 03/11/02 | 2nd Appeal Brief. |
| 8. | 10/01/02 | 1st Suspension. |
| 9. | 06/17/03 | 4th non-final rejection. |
| 10. | 07/15/03 | 5th non-final rejection. |
| 11. | 09/19/03 | 3rd Appeal Brief. |
| 12. | 11/29/05 | BPAI decision - Examiner completely reversed. |
| 13. | 02/08/06 | 2nd Suspension. |
| 14. | 04/25/07 | Request for information under 37 CFR § 1.105. |

As evidenced by the extraordinary amount of prosecution carried out by the Office, it appears that the Office had long ago internally decided that this application was never to mature into a patent. Thus, as the Office's illegal withholding of application allowance is expected to continue, the Office will predictably not be satisfied no matter how Applicants respond to the current Request for information.

- 2 -

## Comments on the Request for Information

The Action includes a Request for Information pursuant to 37 CFR § 1.105 ("Request").

### The Request is not legally valid

The record shows that this application received a Board of Patent Appeals & Interferences' (BPAI) decision on November 29, 2005, which completely reversed the rejections. The suspension carried out starting February 8, 2006 was legally improper not only because it lasted 8 extra months beyond the maximum time limit, but because it also lacked the required approving signature of a Technology Center Director for suspension. This lack of required signature was pointed out in Applicants' letter of March 21, 2006, which the Office conveniently ignored. Now the Office mails the Request, even though prosecution is still legally closed.

The Office continues to ignore that because of the BPAI decision, any attempt to reopen prosecution requires that the written approval of a Technology Center Director be placed on the Office action reopening prosecution. Note MPEP § 1214.04, 1214.07, 1002.02(c)(1), and 37 CFR 1.198. As evidence by the record, the attempted suspension dated February 8, 2006 was absent the required Technology Center Director approval. Likewise, the current Request for information is also absent the required Technology Center Director approval. Until prosecution in this application is first reopened legally, a Request for information cannot be properly made. Thus, prosecution legally remains closed and the Request for information is not legally valid. Applicants have no obligation to respond to a legally invalid Office action (like the Request).

The record points to the Examiner acting without the Technology Center Director's approval. Nor is it reasonable that an experienced Director would agree to reopen prosecution, especially in light of the already extraordinary long prosecution history and the BPAI decision.

- 3 -

<u>The Request is improper because prosecution is closed</u>

As previously discussed, prosecution remains closed. MPEP § 704.11(b) makes clear that "a request for information should *not* be made with or after" prosecution is closed. MPEP § 704.11(b)(III) makes clear that if a Request for information is not in a non-final Office action (which is the current situation), then such Request for information is legally improper. It follows that the Request is improper and should be withdrawn.

<u>The Request is improper because it is not timely</u>

MPEP § 704.11(b)(III) makes clear that it is rare "to require information because of a lack of relevant prior art after the first action on the merits". The "first action on the merits" in the present application occurred on February 17, 2000, which was more than 7 years ago. In spite of the record lacking one iota of evidence necessitating such a rare need for information after a first action, especially a first action 7 years prior, this is somehow the current situation. To say that the Request for information is not timely is a severe understatement.

<u>The Request is improper because it is unclear</u>

The scope of the Request is not narrowly defined, as is required in accordance with MPEP § 704.11. What constitutes the information requested is unclear, especially in light of the claimed invention being novel and nonobvious. For example, as best understood, the Request in paragraph number 2 is stating "how" the information will be used by the Examiner, not "what" information is being requested. The statement (in paragraph number 2) that "The information is required [in order for the Examiner to later be able] to identify all related applications" and "properties of similar products . . . in the prior art" is clearly a "how the information will be used" statement. Thus, as best understood, paragraph number 2 is not a request for information.

- 4 -

Additionally, the Request is vague and indefinite. One skilled in the art of patent prosecution would not understand what specific information (if any) is being requested by the Office. The Request is also unclear because it (in paragraph numbers 2 and 3) does not define what constitutes "related applications", "similar products", "related case", "applied or otherwise", and "relates". It is unclear whether these terms and phrases are intended to cover all prior art patents/applications filed (by anyone) in the USPTO which have been classified in the same class/subclass as the instant application. Applicants respectfully submit that the Office already has this lengthy information. A Request for information cannot require an Applicant to submit information that the Office already possesses. Again, the Request is legally improper.

Furthermore, the Request is not limited to "facts" as is required, but instead appears to improperly expect "opinions" to be formulated by Applicants. For example, the Request (in paragraph number 3) refers to "an explanation of how the prior art relates to the claimed subject matter". Thus, the Request is in direct violation of MPEP § 704.11 which makes clear that any Request for information which requests "opinions that may be held or would be required to be formulated by applicant" is not a legally valid Request for information. In the same context, "opinions" would also need to be formulated by Applicants with regard to the previously discussed "related applications", "similar products", "related case", "applied or otherwise", and "relates". Again, the Request is improper and should be withdrawn.

The Request is improper because the information requested is not reasonably necessary

Applicants respectfully submit that the Request is improper because the information requested is not reasonably necessary to properly examine or treat a matter in the current application.

MPEP § 704.11 makes clear that "a requirement under 37 CFR 1.105 may *only* be made when the examiner has a reasonable basis for requiring information". The criteria "for making a requirement for information is that the information be reasonably necessary to the examination or treatment of a matter in an application". The legal criteria of reasonable necessity is met where:

(A)     The claimed subject matter cannot be adequately searched. This instance occurs where the invention as a whole is in a new area of technology which lacks any patent classification; or

(B)     The application file justifies asking for information. This instance occurs where the application file itself suggests an applicant has access to information necessary for a more complete understanding of the invention.

The present application has already been searched based upon USPTO classification. Nor is the application in a new area of technology. Thus, the Office has not met criteria (A).

The Office has not cited any part of the application file that points to the Applicants having additional information. Nor has the Office shown that the invention is so complex that a more complete understanding thereof would be needed by a competent examiner. Thus, the Office has not met criteria (B).

The Request is improper because there is no reasonable basis for requesting information. As shown by Applicants, the Office has not met either criteria (A) or criteria (B). It follows that the Office has not met the legal criteria for imposing the Request. At best, the Request appears to be another futile fishing expedition (like the suspensions and the reversed rejections) by the Office to improperly deny the grant of patent. Again, the Request is improper and should be withdrawn.

- 6 -

USPTO PAIR system information

As evidenced by the USPTO's own PAIR system, the instant application was the National

Stage of International application PCT/US97/21422 (filed 11/25/1997), which claimed the

benefit of U.S. provisional application 60/031,956 (filed 11/27/1996). As a courtesy to the

Office, attached are printouts (comprising 3 total sheets) from the Office's own PAIR system

showing continuity application data for each of the instant application, the PCT application, and

the provisional application. Of course this information is not new to the Office, which produced

and furnished the information. Not only does the Office already have this information, but it also

has easy access to all data embodying each listed application.

Applicants' Comments constitute a complete reply to the Request

As previously discussed, it is unclear what "information" the Request seeks. At present

the "information" requested to be submitted is inherently unknown and/or not readily available to

the party or parties from which it was requested.

It is respectfully submitted that no other comments by Applicants are deemed necessary

with regard to the Request, as it is best understood. In accordance with MPEP § 704.12(b), a

statement that the information requested to be submitted is unknown and/or not readily available

to the party or parties from which it was requested constitutes a complete reply to a 37 CFR

1.105 request. Therefore, Applicants response herein constitutes a complete reply to the Request.

## **Conclusion**

Applicants respectfully submit that this application is in condition for allowance. The

undersigned is willing to discuss any aspect of the application at the Office's convenience.

Respectfully submitted,


Ralph E. Locke      Reg. No. 31,029
WALKER & JOCKE
231 South Broadway
Medina, Ohio 44256
(330) 721-0000

| 09/077,337 | AUTOMATED BANKING MACHINE APPARATUS AND SYSTEM | 06-19-2007::11:00:48 |
|---|---|---|

## Parent Continuity Data

| Description | Parent Number | Parent Filing or 371(c) Date | Parent Status | Patent Number |
|---|---|---|---|---|
| This application is National Stage Entry of | PCT/US97/21422 | 11-25-1997 | Pending | - |

## Child Continuity Data

09/193,647 filed on 11-17-1998 which is Patented claims the benefit of 09/077,337
09/193,791 filed on 11-17-1998 which is Patented claims the benefit of 09/077,337
10/223,693 filed on 08-19-2002 which is Patented claims the benefit of 09/077,337
10/305,083 filed on 11-25-2002 which is Patented claims the benefit of 09/077,337
10/390,586 filed on 03-17-2003 which is Pending claims the benefit of 09/077,337
11/003,791 filed on 12-03-2004 which is Pending claims the benefit of 09/077,337
11/003,821 filed on 12-03-2004 which is Pending claims the benefit of 09/077,337
11/048,345 filed on 01-31-2005 which is Pending claims the benefit of 09/077,337
11/099,369 filed on 04-04-2005 which is Pending claims the benefit of 09/077,337
11/125,518 filed on 05-09-2005 which is Pending claims the benefit of 09/077,337
11/179,457 filed on 07-11-2005 which is Pending claims the benefit of 09/077,337
11/203,488 filed on 08-12-2005 which is Pending claims the benefit of 09/077,337
11/226,104 filed on 09-14-2005 which is Pending claims the benefit of 09/077,337
11/226,540 filed on 09-14-2005 which is Pending claims the benefit of 09/077,337
11/270,392 filed on 11-08-2005 which is Pending claims the benefit of 09/077,337
11/356,818 filed on 02-17-2006 which is Pending claims the benefit of 09/077,337
11/601,556 filed on 11-17-2006 which is Pending claims the benefit of 09/077,337
11/732,861 filed on 04-05-2007 which is Pending claims the benefit of 09/077,337

**Close Window**

---

**PCT/US97/21422 AUTOMATED BANKING MACHINE APPARATUS AND SYSTEM**      06-19-2007::11:02:49

## Parent Continuity Data

| Description | Parent Number | Parent Filing or 371(c) Date | Parent Status | Patent Number |
|---|---|---|---|---|
| This application Claims Priority from Provisional Application | 60/031,956 | 11-27-1996 | Pending | - |

## Child Continuity Data

09/193,647 filed on 11-17-1998 which is Patented claims the benefit of PCT/US97/21422
09/193,791 filed on 11-17-1998 which is Patented claims the benefit of PCT/US97/21422
09/578,291 filed on 05-25-2000 which is Pending claims the benefit of PCT/US97/21422
09/638,848 filed on 08-14-2000 which is Patented claims the benefit of PCT/US97/21422
10/126,140 filed on 04-19-2002 which is Patented claims the benefit of PCT/US97/21422
10/223,693 filed on 08-19-2002 which is Patented claims the benefit of PCT/US97/21422
10/226,193 filed on 08-21-2002 which is Patented claims the benefit of PCT/US97/21422
10/305,083 filed on 11-25-2002 which is Patented claims the benefit of PCT/US97/21422
10/356,849 filed on 02-03-2003 which is Pending claims the benefit of PCT/US97/21422
10/357,145 filed on 02-03-2003 which is Pending claims the benefit of PCT/US97/21422
10/390,586 filed on 03-17-2003 which is Pending claims the benefit of PCT/US97/21422
10/430,123 filed on 05-05-2003 which is Pending claims the benefit of PCT/US97/21422
10/738,756 filed on 12-17-2003 which is Patented claims the benefit of PCT/US97/21422
10/754,367 filed on 01-09-2004 which is Pending claims the benefit of PCT/US97/21422
10/936,242 filed on 09-07-2004 which is Pending claims the benefit of PCT/US97/21422
10/957,287 filed on 09-30-2004 which is Pending claims the benefit of PCT/US97/21422
10/980,209 filed on 11-02-2004 which is Pending claims the benefit of PCT/US97/21422
10/980,345 filed on 11-02-2004 which is Patented claims the benefit of PCT/US97/21422
10/990,334 filed on 11-16-2004 which is Pending claims the benefit of PCT/US97/21422
11/003,791 filed on 12-03-2004 which is Pending claims the benefit of PCT/US97/21422
11/003,821 filed on 12-03-2004 which is Pending claims the benefit of PCT/US97/21422
11/033,601 filed on 01-12-2005 which is Pending claims the benefit of PCT/US97/21422
11/048,345 filed on 01-31-2005 which is Pending claims the benefit of PCT/US97/21422
11/099,369 filed on 04-04-2005 which is Pending claims the benefit of PCT/US97/21422
11/123,654 filed on 05-06-2005 which is Pending claims the benefit of PCT/US97/21422
11/125,518 filed on 05-09-2005 which is Pending claims the benefit of PCT/US97/21422
11/135,948 filed on 05-23-2005 which is Pending claims the benefit of PCT/US97/21422
11/179,457 filed on 07-11-2005 which is Pending claims the benefit of PCT/US97/21422
11/203,488 filed on 08-12-2005 which is Pending claims the benefit of PCT/US97/21422
11/226,104 filed on 09-14-2005 which is Pending claims the benefit of PCT/US97/21422
11/226,540 filed on 09-14-2005 which is Pending claims the benefit of PCT/US97/21422
11/270,392 filed on 11-08-2005 which is Pending claims the benefit of PCT/US97/21422
11/356,818 filed on 02-17-2006 which is Pending claims the benefit of PCT/US97/21422
11/601,556 filed on 11-17-2006 which is Pending claims the benefit of PCT/US97/21422
11/732,861 filed on 04-05-2007 which is Pending claims the benefit of PCT/US97/21422

**Close Window**

## Parent Continuity Data

| Description | Parent Number | Parent Filing or 371(c) Date | Parent Status | Patent Number |
|---|---|---|---|---|

No Parent Continuity Data Found.

## Child Continuity Data

09/193,564 filed on 11-17-1998 which is Pending claims the benefit of 60/031,956
09/193,565 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,623 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,624 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,627 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,634 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,635 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,637 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,638 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,646 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,647 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,662 filed on 11-17-1998 which is Patented claims the benefit of 60/031,956
09/193,787 filed on 11-17-1998 which is Pending claims the benefit of 60/031,956
09/193,791 filed on 11-17-1998 which is Pending claims the benefit of 60/031,956
09/578,291 filed on 05-25-2000 which is Pending claims the benefit of 60/031,956
09/578,312 filed on 05-25-2000 which is Pending claims the benefit of 60/031,956
09/638,847 filed on 08-14-2000 which is Patented claims the benefit of 60/031,956
09/638,848 filed on 08-14-2000 which is Patented claims the benefit of 60/031,956
09/639,310 filed on 08-14-2000 which is Pending claims the benefit of 60/031,956
09/863,911 filed on 05-23-2001 which is Pending claims the benefit of 60/031,956
09/949,283 filed on 09-07-2001 which is Patented claims the benefit of 60/031,956
09/972,400 filed on 10-05-2001 which is Pending claims the benefit of 60/031,956
10/126,140 filed on 04-19-2002 which is Patented claims the benefit of 60/031,956
10/223,693 filed on 08-19-2002 which is Patented claims the benefit of 60/031,956
10/226,193 filed on 08-21-2002 which is Patented claims the benefit of 60/031,956
10/305,083 filed on 11-25-2002 which is Patented claims the benefit of 60/031,956
10/356,849 filed on 02-03-2003 which is Pending claims the benefit of 60/031,956
10/357,145 filed on 02-03-2003 which is Pending claims the benefit of 60/031,956
10/390,586 filed on 03-17-2003 which is Pending claims the benefit of 60/031,956
10/430,123 filed on 05-05-2003 which is Pending claims the benefit of 60/031,956
10/738,756 filed on 12-17-2003 which is Patented claims the benefit of 60/031,956
10/754,367 filed on 01-09-2004 which is Pending claims the benefit of 60/031,956
10/936,242 filed on 09-07-2004 which is Pending claims the benefit of 60/031,956
10/957,287 filed on 09-30-2004 which is Pending claims the benefit of 60/031,956
10/980,209 filed on 11-02-2004 which is Pending claims the benefit of 60/031,956
10/980,345 filed on 11-02-2004 which is Patented claims the benefit of 60/031,956
10/990,334 filed on 11-16-2004 which is Pending claims the benefit of 60/031,956
11/003,791 filed on 12-03-2004 which is Pending claims the benefit of 60/031,956
11/003,821 filed on 12-03-2004 which is Pending claims the benefit of 60/031,956
11/033,601 filed on 01-12-2005 which is Pending claims the benefit of 60/031,956
11/048,345 filed on 01-31-2005 which is Pending claims the benefit of 60/031,956
11/099,369 filed on 04-04-2005 which is Pending claims the benefit of 60/031,956
11/123,654 filed on 05-06-2005 which is Pending claims the benefit of 60/031,956
11/125,518 filed on 05-09-2005 which is Pending claims the benefit of 60/031,956
11/135,948 filed on 05-23-2005 which is Pending claims the benefit of 60/031,956
11/179,457 filed on 07-11-2005 which is Pending claims the benefit of 60/031,956
11/203,488 filed on 08-12-2005 which is Pending claims the benefit of 60/031,956
11/226,104 filed on 09-14-2005 which is Pending claims the benefit of 60/031,956
11/226,540 filed on 09-14-2005 which is Pending claims the benefit of 60/031,956
11/270,392 filed on 11-08-2005 which is Pending claims the benefit of 60/031,956
11/356,818 filed on 02-17-2006 which is Pending claims the benefit of 60/031,956
11/601,556 filed on 11-17-2006 which is Pending claims the benefit of 60/031,956
11/732,861 filed on 04-05-2007 which is Pending claims the benefit of 60/031,956
PCT/US97/21422 filed on 11-25-1997 which is Pending claims the benefit of 60/031,956