# EXHIBIT 1

Dockets.Justia.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| TRIANTAFYLLOS TAFAS,<br>    Plaintiff,<br>  v.<br>JON. W. DUDAS, *et al.*,<br>    Defendants. | 1:07-cv-846 (JCC) |

CONSOLIDATED WITH

| | |
|---|---|
| SMITHKLINE BEECHAM<br>CORPORATION, *et al.*,<br>    Plaintiff,<br>  v.<br>JON. W. DUDAS, *et al.*,<br>    Defendants. | 1:07-cv-1008 (JCC) |

## DECLARATION OF RON D. KATZNELSON

1. Similarly situated to Plaintiff Tafas, I am an inventor and an entrepreneur residing in Encinitas, California. I have been a user of the U.S. patent system for more than two decades and I am the named inventor or co-inventor in 25 U.S. patents and applications. I affirm, under penalty of perjury, as follows:

2. Appendix A contains true and accurate copies, excerpted, of letters quoting prices for <u>patentability search reports</u> that I received from (a) Mogambo Solutions, LLC of Alexandria, VA; (b) Clearly Understood, Inc. of Dallas, TX; and (c) Patent Hawk, LLC of Portland, OR.

3. Appendix B contains true and accurate copies, excerpted, of email communications on a proposed <u>Examination-On-Request</u> procedure that I had with Robert A. Clarke, then Deputy Director & Acting Director Office of Patent Legal

1

Administration, U.S. Patent and Trademark Office ("USPTO"). Patent Commissioner John Doll was copied on these email communications.

4. Appendix C is a true and accurate copy of comments I submitted to the Office of Information and Regulatory Affairs of the Office of Management and Budget ("OMB") on June 29, 2007, as downloaded from OMB's web site - http://www.whitehouse.gov/omb/oira/0651/comments/460.html .

5. Appendix D is a true and accurate copy of comments I submitted to USPTO by email regarding its Information Collection Request (OMB Control No. 0651-0031) under the Paperwork Reduction Act. A copy was submitted to OMB's Office of Information and Regulatory Affairs and is linked at OMB's site - http://www.reginfo.gov/public/do/PRAViewDocument?ref_nbr=200707-0651-005.

6. Appendix E is a true and accurate copy of a report I have written entitled "Defects in the Economic Impact Analysis Provided by the USPTO for its New Claims and Continuation Rules".

7. I have recently studied patenting trends at the USPTO including arrival and disposition rates of various patent application types. I have also studied possible measures that the USPTO may adopt to reduce its examination workload. In connection therewith, I have proposed one such measure, which I call "Examination-On-Request". It is based on a method used in foreign patent offices although I have learned that others before me have suggested such a proposal for U.S. implementation and that the USPTO has considered various variants of this examination procedure. Under this examination regime, there would be a set time-period (say 3-5 years) after a patent application is filed for requesting claim examination at the USPTO. The applicant may request examination at any time prior to the expiration of the set period and any third party may do so and trigger examination after publication of the application. This will prevent a patentee from holding off prosecution of a patent that others find problematic and in need of early patentability resolution. Applications for which no requests are filed within the set period would be deemed abandoned and would never be examined. Because patent claims become obsolete over time, my analysis submitted as comments to OMB, estimates that

...

about 20% of claims would not ever require examination. This workload saving dwarfs the purported workload reduction that the USPTO models associated with its New Rule implied.

8. On June 6, 2007, I met with John Love, Deputy Commissioner for Patent Examination Policy at the USPTO after his presentation in San Diego[1] and asked Mr. Love why, after the 2004 legislation passed by Congress, the USPTO has not adopted an Examination-on-Request procedure instead of the (then proposed) Enjoined Rules. Mr. Love responded to me that the USPTO *had considered* such procedures and *had proposed them* in meetings with AIPLA. Mr. Love stated that AIPLA members had rejected the proposal because, according to him, they were concerned that deferral of examination would result in loss of legal work and reduced professional fees they would otherwise receive from their clients. Mr. Love further advised that the USPTO abandoned further actions in the matter due to these strong objections. I then asked Mr. Love whether the USPTO recognized that it should have gone forward with such a system *precisely* because AIPLA members' objected to the loss of legal work -- confirming that examiners would also see reduced burdens. Mr. Love's response was that the USPTO would be revisiting this topic "soon".

9. On October 11, 2007, I met with Robert J. Spar, Former Director of Office of Patent Legal Administration, Deputy Commissioner for Patent Examination Policy, USPTO, after his dinner presentation in San Diego[2] and asked him why the USPTO has not adopted an Examination-on-Request procedure instead of the New Rules. Mr. Spar responded that the USPTO *had considered* such procedures and *had proposed them* in meetings with AIPLA. He stated that AIPLA members had rejected the proposal because, according to him, they were concerned that deferral of examination would result

---

[1] John Love, *Present and Future Perspectives of the USPTO*, presentation at the San Diego Intellectual Property Law Association, (June 6, 2007), at http://sdipla.org/resources/SanDiego071.ppt .

[2] Robert J. Spar, *Final USPTO Rule on Claims and Continuations - Overview of Major Issues and Concerns*, presentation at the San Diego Intellectual Property Law Association, (October 11, 2007), at http://www.sdipla.com/resources/ccfrhighpointsv8.ppt .

3

in loss of legal work and reduced professional fees they would otherwise receive from their clients. He stated that the USPTO abandoned further actions in the matter due to these strong objections.

10. On May 10, 2007, I had an email exchange on the subject of Examination –on-Request with Robert Clarke, then the Deputy Director & Acting Director Office of Patent Legal Administration. Mr. Clarke told me in his email that the USPTO had presented the deferred examination idea in town-hall meetings but that it was rejected. (See Appendix B).

## **Verification**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed as of the date indicated below in Encinitas, California.

Ron D. Katznelson, Ph.D.

_____  December 26, 2007