# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **TRIANTAFYLLOS TAFAS,** | |
| Plaintiff, | |
| - against - | **1:07-CV-846 (JCC)** |
| **JON. W. DUDAS**, *et al.,* | |
| Defendants. | |

### CONSOLIDATED WITH

| | |
|---|---|
| **SMITHKLINE BEECHAM CORPORATION,** *et al.,* | |
| Plaintiff, | |
| - against - | **1:07-CV-1008 (JCC)** |
| **JON. W. DUDAS**, *et al.,* | |
| Defendants. | |

## *AMICUS CURIAE* DR. RON D. KATZNELSON SUBMISSION OF MISSING APPENDICES AND FINANCIAL STATEMENT

In accordance with my prior filed motion to extend time to file missing parts, as *Amicus Curiae* I, Ron D. Katznelson, *pro se*, hereby file a Financial Statement and missing appendices to my otherwise timely filed *Amicus Curiae* Brief in the above captioned proceeding. Appendix A through Appendix E attached hereto are all appendices to my Declaration previously filed with this Court as Exhibit 1 of my *Amicus Curiae* Brief. Please insert them under this Exhibit 1.

Dockets.Justia.com

Respectfully submitted,

Ron D. Katznelson, Ph.D.
Encinitas, CA.
(760) 753-0668
rkatznelson@roadrunner.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December 2007, I will cause a copy of the foregoing submission of *Amicus Curiae* Dr. Ron D. Katznelson to be sent by electronic mail to the following:

Joseph Dale Wilson, III
Kelley Drye & Warren LLP
Washington Harbour
3050 K Street NW Suite 400
Washington, DC 20007
Email: jwilson@kelleydrye.com

*Counsel for Plaintiff Triantafyllos Tafas*

Elizabeth Marie Locke
Kirkland & Ellis LLP
655 15th Street, NW
Suite 1200
Washington, DC 20005
Email: elocke@kirkland.com

Craig Crandell Reilly
Richard McGettingan Reilly & West PC
1725 Duke Street
Suite 600
Alexandria, VA 22314
Email: craig.reilly@rmrwlaw.com

Daniel Sean Trainor
Kirkland & Ellis LLP
655 15th Street, NW
Suite 1200
Washington, DC 20005
Email: dtrainor@kirkland.com

*Counsel for Plaintiffs SmithKline Beecham*
*Corp. d/b/a GlaxoSmithKline, SmithKline*
*Beecham PLC, and Glaxo Group Limited,*
*d/b/a GlaxoSmithKline*

James Murphy Dowd
Wilmer Cutler Pickering Hale & Dorr LLP
1455 Pennsylvania Avenue NW
Washington, DC 20004
Email: james.dowd@wilmerhale.com

*Counsel for Putative Amicus Pharmaceutical*
*Research and Manufacturers of America*

Randall Karl Miller
Arnold & Porter LLP
1600 Tysons Blvd
Suite 900
McLean, VA 22102
Email: randall_miller@aporter.com

*Counsel for Putative Amicus Biotechnology*
*Industry Organization*

Rebecca M. Carr
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037
Email: Rebecca.carr@pillsburylaw.com

Scott J. Pivnick
Pillsbury Winthrop Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4856
Email: Scott.pivnick@pillsburylaw.com

*Counsel for Putative Amicus Elan*
*Pharmaceuticals, Inc.*

Thomas J. O'Brien
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Email: to'brien@morganlewis.com

*Counsel for Putative Amicus American
Intellectual Property Lawyers Association*


Dawn-Marie Bey
Kilpatrick Stockton LLP
700 13th Street NW
Suite 800
Washington, DC 20005
Email: dbey@kslaw.com

*Counsel for Putative Amicus Hexas, LLC, The
Roskamp Institute, Tikvah Therapeutics, Inc.*


Matthew Schruers
Computer & Communications
Industry Association
900 17th Street, NW, Suite 1100
Washington, DC 20006
Tel.: (202) 7830070
Fax: (202) 7830534
Email: mschruers@ccianet.org

*Counsel for Putative Amici Curiae Public
Patent Foundation, Computer &
Communications Industry Association, AARP,
Consumer Federation of America, Essential
Action, Foundation for Taxpayer and
Consumer Rights, Initiative for Medicines,
Access & Knowledge, Knowledge Ecology
International, Prescription Access Litigation,
Public Knowledge, Research on Innovation,
and Software Freedom Law Center*


Robert E. Scully Jr.
Stites & Harbison PLLC
1199 North Fairfax Street, Suite 900
Alexandria, Virginia 22314
(703) 739-4900
Fax: (703) 739-9577
Email: rscully@stites.com

*Counsel for Putative Amicus Curiae Human
Genome Sciences, Inc.*


Charles Gorenstein
Michael K. Mutter
Birch, Stewart, Kolasch and Birch, LLP
8110 Gatehouse Rd., Suite 100 East
Falls Church, Virginia 22042
Email: cg@bskb.com

*Counsel for Putative Amicus Intellectual
Property Institute of the William Mitchell
College of Law*


Lauren A. Wetzler
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22134
Tel: (703) 299-3752
Fax: (703) 299-3983
Email: Lauren.Wetzler@usdoj.gov

*Counsel for All Defendants*

Respectfully submitted,

Ron D. Katznelson, Ph.D.
Encinitas, CA.
(760) 753-0668
rkatznelson@roadrunner.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**TRIANTAFYLLOS TAFAS,**
                    Plaintiff,
          - against -

                                              **1:07-CV-846 (JCC)**

**JON. W. DUDAS**, *et al.*,
                    Defendants.

## CONSOLIDATED WITH

**SMITHKLINE BEECHAM**
**CORPORATION,** *et al.*,
                    Plaintiff,
          - against -

                                              **1:07-CV-1008 (JCC)**

**JON. W. DUDAS**, *et al.*,
                    Defendants.

## *AMICUS CURIAE* DR. RON D. KATZNELSON FINANCIAL STATEMENT

*Amicus Curiae* Ron D. Katznelson hereby states that there is nothing to report under Local Civil
Rule 7.1(A)(a) and (b).

Respectfully submitted,

Ron D. Katznelson, Ph.D.
Encinitas, CA.
(760) 753-0668
rkatznelson@roadrunner.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **TRIANTAFYLLOS TAFAS,** | |
| Plaintiff, | |
| v. | **1:07-cv-846 (JCC)** |
| **JON. W. DUDAS**, *et al.*, | |
| Defendants. | |

CONSOLIDATED WITH

| | |
|---|---|
| **SMITHKLINE BEECHAM CORPORATION**, *et al.*, | |
| Plaintiff, | |
| v. | **1:07-cv-1008 (JCC)** |
| **JON. W. DUDAS**, *et al.*, | |
| Defendants. | |

## DECLARATION OF RON D. KATZNELSON

1.     Similarly situated to Plaintiff Tafas, I am an inventor and an entrepreneur residing in Encinitas, California. I have been a user of the U.S. patent system for more than two decades and I am the named inventor or co-inventor in 25 U.S. patents and applications. I affirm, under penalty of perjury, as follows:

2.     Appendix A contains true and accurate copies, excerpted, of letters quoting prices for patentability search reports that I received from (a) Mogambo Solutions, LLC of Alexandria, VA; (b) Clearly Understood, Inc. of Dallas, TX; and (c) Patent Hawk, LLC of Portland, OR.

3.     Appendix B contains true and accurate copies, excerpted, of email communications on a proposed Examination-On-Request procedure that I had with Robert A. Clarke, then Deputy Director & Acting Director Office of Patent Legal

1

Administration, U.S. Patent and Trademark Office ("USPTO"). Patent Commissioner John Doll was copied on these email communications.

4.       Appendix C is a true and accurate copy of comments I submitted to the Office of Information and Regulatory Affairs of the Office of Management and Budget ("OMB") on June 29, 2007, as downloaded from OMB's web site - http://www.whitehouse.gov/omb/oira/0651/comments/460.html .

5.       Appendix D is a true and accurate copy of comments I submitted to USPTO by email regarding its Information Collection Request (OMB Control No. 0651-0031) under the Paperwork Reduction Act. A copy was submitted to OMB's Office of Information and Regulatory Affairs and is linked at OMB's site - http://www.reginfo.gov/public/do/PRAViewDocument?ref_nbr=200707-0651-005.

6.       Appendix E is a true and accurate copy of a report I have written entitled "Defects in the Economic Impact Analysis Provided by the USPTO for its New Claims and Continuation Rules".

7.       I have recently studied patenting trends at the USPTO including arrival and disposition rates of various patent application types. I have also studied possible measures that the USPTO may adopt to reduce its examination workload. In connection therewith, I have proposed one such measure, which I call "Examination-On-Request". It is based on a method used in foreign patent offices although I have learned that others before me have suggested such a proposal for U.S. implementation and that the USPTO has considered various variants of this examination procedure. Under this examination regime, there would be a set time-period (say 3-5 years) after a patent application is filed for requesting claim examination at the USPTO. The applicant may request examination at any time prior to the expiration of the set period and any third party may do so and trigger examination after publication of the application. This will prevent a patentee from holding off prosecution of a patent that others find problematic and in need of early patentability resolution. Applications for which no requests are filed within the set period would be deemed abandoned and would never be examined. Because patent claims become obsolete over time, my analysis submitted as comments to OMB, estimates that

about 20% of claims would not ever require examination. This workload saving dwarfs the purported workload reduction that the USPTO models associated with its New Rule implied.

8.    On June 6, 2007, I met with John Love, Deputy Commissioner for Patent Examination Policy at the USPTO after his presentation in San Diego[1] and asked Mr. Love why, after the 2004 legislation passed by Congress, the USPTO has not adopted an Examination-on-Request procedure instead of the (then proposed) Enjoined Rules. Mr. Love responded to me that the USPTO *had considered* such procedures and *had proposed them* in meetings with AIPLA. Mr. Love stated that AIPLA members had rejected the proposal because, according to him, they were concerned that deferral of examination would result in loss of legal work and reduced professional fees they would otherwise receive from their clients. Mr. Love further advised that the USPTO abandoned further actions in the matter due to these strong objections. I then asked Mr. Love whether the USPTO recognized that it should have gone forward with such a system *precisely* because AIPLA members' objected to the loss of legal work -- confirming that examiners would also see reduced burdens. Mr. Love's response was that the USPTO would be revisiting this topic "soon".

9.    On October 11, 2007, I met with Robert J. Spar, Former Director of Office of Patent Legal Administration, Deputy Commissioner for Patent Examination Policy, USPTO, after his dinner presentation in San Diego[2] and asked him why the USPTO has not adopted an Examination-on-Request procedure instead of the New Rules. Mr. Spar responded that the USPTO *had considered* such procedures and *had proposed them* in meetings with AIPLA. He stated that AIPLA members had rejected the proposal because, according to him, they were concerned that deferral of examination would result

---

[1] John Love, *Present and Future Perspectives of the USPTO*, presentation at the San Diego Intellectual Property Law Association, (June 6, 2007), at http://sdipla.org/resources/SanDiego071.ppt .

[2] Robert J. Spar, *Final USPTO Rule on Claims and Continuations - Overview of Major Issues and Concerns*, presentation at the San Diego Intellectual Property Law Association, (October 11, 2007), at http://www.sdipla.com/resources/ccfrhighpointsv8.ppt .

in loss of legal work and reduced professional fees they would otherwise receive from their clients. He stated that the USPTO abandoned further actions in the matter due to these strong objections.

10.       On May 10, 2007, I had an email exchange on the subject of Examination –on-Request with Robert Clarke, then the Deputy Director & Acting Director Office of Patent Legal Administration. Mr. Clarke told me in his email that the USPTO had presented the deferred examination idea in town-hall meetings but that it was rejected. (See Appendix B).

## **Verification**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed as of the date indicated below in Encinitas, California.

Ron D. Katznelson, Ph.D.

December 26, 2007

# APPENDIX A

## Appendix A    Patent search firm's quotes for patentability search reports

**1. Mogambo Solutions, LLC.** ( www.mogambosolutions.com )

-----Original Message-----
**From:** Chirag Shah [mailto:chirag@mogambosolutions.com]
**Sent:** Friday, October 19, 2007 1:51 PM
**To:** rkatznelson@roadrunner.com
**Subject:** AES Questions

Dr. Katznelson:

(1) We quote projects on a fixed fee basis. For the AES searches, the cost is $4000.00 for the first 10 claims, and $300.00 per claim thereafter. The standard turnaround time is 21 days, and can be expedited to 5-10 days for an additional fee.

(2) If your accelerated patent examination application is rejected for lack of a thorough search, we will conduct another search in accordance with the examiner's class and keyword recommendations at no additional cost.

If after delivery of the initial report you would like for us to refine the search scope (more narrow or broader), we are happy to conduct another search at no additional cost.

If you would like us to re-search on amended claims, the fee will vary on how substantively different the amended claims are from the initial claims.

(3) The AES search will include a search of US and foreign patent databases. We also conduct a non-patent literature search of various technical and scientific journals and articles. We will provide full-text PDFs of all references we cite (patents and NPLs). There is no additional charge for this.

I have attached a sample AES search - you can see the citation on page 4. Our NPL list is starts on page 10. Please note that this sample report is redacted and provided so you can get an idea of how we present our results.

Please feel free to email or call me at 1.800.849.1094 if you have any further questions.

We look forward to working with you.

Regards,

Chirag Shah

Mogambo Solutions, LLC
1940 Duke St., Suite 200
Alexandria, VA 22314

(T) 1.800.849.1094
(F) 206.888.6712
www.mogambosolutions.com

**2. Clearly Understood, Inc.** ( www.clearlyunderstood.com )

-----Original Message-----
**From:** Bill Brody [mailto:bill@clearlyunderstood.com]
**Sent:** Friday, October 19, 2007 11:25 AM
**To:** rkatznelson@roadrunner.com
**Subject:** Draft pricing

Ron

It was good talking to you and I hope this will help.

Bill

# DRAFT Pricing

ESD Areas needing additional information. These may affect effort and thus final pricing.

1. We do not know what the compliance manual is going to be to know exactly what we are going to need to do. An example what we will exactly be able to supply the attorney and what the attorney is going to have to supplement.

2. The Final OMB ESD form is not yet available. All we have are only good through November 30, 2007.

3. The classification search may produce questionable results. The USPTO is moving to the international classification standards, and thus changing classifications of many existing patents. Also, many patents are miss-classified in the current system. To the best of our knowledge classification searches have not been used for a number of years. The patent attorney is expected to provide the probable classification of the concept/application submitted.

4. Some foreign patents and non patent literature will not be searchable. They are not in machine readable form, or in a language that is difficult to electronically search.

Below is our Draft of Pricing for new search procedures to comply with the new patent law changes.

### ESD Estimate – with Pricing Table

The following provides our Six Step ESD Search and Documentation Process with Incremental Pricing. Concepts and Inventions with up to 5 independent or 25 total claims continue to follow our current process and pricing. Once this claim threshold is exceeded the ESD process is required. Our six step ESD process allows you and your client to determine to proceed or stop at each point in the process, based upon the results to that point.

Your comments, questions and recommendations are always appreciated.

Clearly Understood, Inc.
37 CFR 1.265 Examination Support Documentation (ESD)
Six Step Search Process & Pricing

| Step | Action | Pricing | |
|------|--------|---------|------|
| | | Step | Incremental |
| Concept Search | | | |
| 1 | USPTO (Patents, Applications, Class) | $750 | |
| 2 | Foreign Patent Documents | $750 | |
| 3 | Global Non-Patent Literature | $2,500 | |

| | | 1-5 Independent or | |
|------|--------|---------|------|
| Attorney Prepares Patent Application | | | |
| Patentability Search by Claim w/ ESD Audit Trail | | 1-25 Total Claims | Each Additional Claim |
| 4 | USPTO (Patents, Applications, Class) | $1,250 | $50 |
| 5 | Foreign Patent Documents | $1,250 | $50 |
| 6 | Global Non-Patent Literature | $3,500 | $100 |
| Total Base Price | | $10,000 | $200 |

Best Regards,
Bill Brody
President
Clearly Understood, Inc.
972-419-8000
Email: bill@clearlyunderstood.com

13

**3. Patent Hawk, LLC.** ( http://www.patenthawk.com )

-----Original Message-----
**From:** Patent Hawk [mailto:info@patenthawk.com]
**Sent:** Friday, October 19, 2007 8:43 PM
**To:** 'Ron Katznelson'
**Subject:** RE: ESD estimate



Hi Ron:

Thanks for calling.
As we discussed on the phone, you are well aware of the USPTO ESD circumstance and requirements. Besides extensive cross-referential search, including tedious class/subclass search, for an ESD, documentation is non-trivial.

Patent Hawk rate is $160/hour. Any ESD matter Patent Hawk would take would be budget estimated, but without a not-to-exceed guarantee; the nature of the work itself being somewhat unpredictable. My estimate, for computer related technologies, is that an ESD at the low end may take 35-40 hours: $5600-$6400 minimum, and, depending upon the technology, i.e. how heavily patented or extensive the prior art thicket, could easily run to 60-80 hours: $9600-$12800.

My work ethic is to complete matters as expeditiously as possible while affording confidence in the quality of the work, and work product. The above estimates are hypothetical, but based upon eight years of experience as a professional prior art searcher.

Hope this helps.

For your convenience, my business card (Outlook vCard) is attached.
Regards,

Gary Odom
Patent Hawk LLC

Email: gary@patenthawk.com
Web: http://www.patenthawk.com
Weblog: The Patent Prospector - http://www.patenthawk.com/blog/
Voice: 206.529.5146
Fax:   985.923.0291
123 NW 12th Avenue, #1545, Portland, OR 97209

14

**4.  Other search firms**

Other patent search firms were contacted but did not respond with a standard quote.  They either declined to provide a public quote or declined to provide a standard quote because they quote based on the specific attributes of the case.  These firms are listed below:

**(a)  Cardinal Intellectual Property** ( www.cardina-ip.com )

> 1603 Orrington Avenue
> 20th Floor
> Evanston, IL 60201
>
> Phone 847-905-7122
> Fax 847-905-7123
> mail@cardinal-ip.com

**(b)  Landon IP, Inc.** ( www.landon-ip.com )

> Suite 450
> 1700 Diagonal Road
> Alexandria, Virginia 22314
>
> Phone 703-486-1150
> Fax 703-892-4510
> mail@landon-ip.com

**(c)  Nerac, Inc.** ( www.nerac.com )

> One Technology Drive
> Tolland, CT 06084
>
> Phone 860-872-7000

**(d)  Lexis/Nexis-Reedfax Intellectual Property Services** ( www.reedfax.com )

> 7 Walnut Grove Drive
> Horsham, PA 19044
>
> Phone 800-422-1337 or 215-441-4768
> Fax 800-421-5585 or 215-441-5463
> email@reedfax.com

**(e)  Intellevate, LLC** ( www.cpaglobal.com/patents/intellevate )

> 900 2nd Ave S, Suite 1700
> Minneapolis, MN 55402
>
> Phone (612) 236-9990
> Fax (612) 677 3572
> Email info@intellevate.com

# APPENDIX B

## Ron Katznelson

**From:** Clarke, Robert (OPLA) [Robert.Clarke@USPTO.GOV]

**Sent:** Thursday, May 10, 2007 10:45 AM

**To:** Ron Katznelson

**Cc:** Doll, John

**Subject:** RE: Patenting trends and examination workload reduction

The most recent discussions were via a series of town hall meetings.

Deferred examination was also topic 11 of an advance notice of proposed rulemaking available at:
http://www.uspto.gov/web/offices/com/sol/notices/fr981005.htm  Comments to this advance notice are available at:
http://www.uspto.gov/web/offices/pac/dapp/opla/comments/anpr/

I hope this is helpful.

Rob

> -----Original Message-----
> **From:** Ron Katznelson [mailto:rkatznelson@roadrunner.com]
> **Sent:** Wednesday, May 09, 2007 2:03 PM
> **To:** Clarke, Robert (OPLA)
> **Cc:** Doll, John
> **Subject:** RE: Patenting trends and examination workload reduction
>
> Hello Rob,
>
> Thanks for the pointers and I am sorry that my manuscript is so long...
> Is there a record of past 'Examination-On-Request' proposals and objections to them? I could not find
> anything on the subject. I am interested to know what aspects of these proposals were objectionable.
> Surely, patentees can only find advantages in the system because they can always request
> examination upon filing. Objections due to term extension under the old patent term practice of 17
> years after grant are no longer relevant after 1995. If objections came from those who were concerned
> that the public might be harmed by not having early resolution of patent rights in cases where the
> applicant takes the full allotted period for requesting examination, that concern is largely moot in my
> proposal. It permits **any third party** to trigger an examination after publication and thus compel the
> applicant (and the USPTO) to engage in early prosecution in much the same way as is done today. It
> is my prediction, however, that even then, a very large number of cases would receive no requests for
> examination from any party and that at least 20% of originally submitted claims would not have to be
> examined at all. In addition, it is very likely that amended claims submitted in such Examination
> Request would be more ripe for examination after the applicant will have had more time to learn of the
> prior art. This latter aspect is perhaps just as important for examination workload efficiency and
> quality.
>
> Lastly, to the extent that statutory language is required for such practice, due to Congress' present
> patent reform initiatives, this is the time to do it and not later. I believe this system has a potential for
> USPTO workload relief **immediately** in a scale that dwarfs any controversial and illusory relief sought
> from other possible tweaks of claim and continuations limitation rules.
>
> Best,
>
> Ron

-----Original Message-----
**From:** Clarke, Robert (OPLA) [mailto:Robert.Clarke@USPTO.GOV]
**Sent:** Wednesday, May 09, 2007 9:30 AM
**To:** rkatznelson@roadrunner.com
**Cc:** Doll, John
**Subject:** RE: Patenting trends and examination workload reduction

Ron,

The Office plans to hold public meetings on alternative patent products and procedures in the near term. During these meetings I anticipate that we would again consider examination-on-request like proposals even though there was considerable opposition to deferred examination the last time it was considered by the Office.

A small point. While I have not reviewed the article in its entirety, the publication of patent applications statute was not effective till 11/29/2000, while it was enacted in 1999.


Rob


Robert A. Clarke
Deputy Director & Acting Director
Office of Patent Legal Administration
571 272 7735

-----Original Message-----
**From:** Ron Katznelson [mailto:rkatznelson@roadrunner.com]
**Sent:** Tuesday, May 08, 2007 3:55 PM
**To:** Clarke, Robert (OPLA)
**Cc:** Doll, John
**Subject:** Patenting trends and examination workload reduction

Dear Robert Clarke,

Attached is a final draft of my paper on continuations and patenting trends. It is substantially different from the version that I sent you last year during the continuation comment period. In this paper I found new grounds and justifications for the USPTO to adopt an "Examination-by-Request" regime, as it takes advantage of the increased number of claims that are obsolete at the time a patent is granted. Now, the USPTO is increasingly examining claims that applicants ultimately will not need examined. The last section of my paper (Conclusion) explains why the USPTO stands to experience more than 20% reduction in examination burden *immediately* upon adopting the "Examination-By-Request" procedure. I am surprised that the USPTO has not suggested that Congress look into such examination regime in its current patent reform effort. It is not too late to do so now. My proposal is slightly different than the system used at the EPO or JPO in that after publication, any party can trigger an examination proceeding and not just the applicant. That way, the public is not harmed by dormant applications whose applicant is delaying examination.

Given the fact that in the coming decades, the number of applications is expected to arrive at a growth rate that doubles every 6.5 years, I cannot envision the USPTO being able to

handle the examination burden without moving to an "Examination-by-Request" system.

I would  appreciate any comments you or your colleagues might have.

Best regards,

- Ron


++++++++++++++++++++++++
Ron D. Katznelson, Ph.D.
Encinitas, CA
Office: (760) 753-0668
Mobile: (858) 395-1440
rkatznelson@roadrunner.com