# EXHIBIT A



EXCO/ES07/RES/003
**Divisional Patent Applications**

**FICPI**, the International Federation of Intellectual Property Attorneys, broadly representative of the free profession throughout the world, assembled at its Executive Committee in Seville, Spain, from 4-7 November 2007,

**Having in mind** that a divisional patent application is a later application claiming subject matter present in an earlier application and benefiting from the filing or priority date of the earlier application,

**Noting that** Article 4G of the Paris Convention states :

(1) "if the examination reveals that an application for a patent <u>contains more than one invention</u>, the applicant may divide the application into a certain number of divisional applications and preserve as the date of each the date of the initial application and the benefit of the right or priority, if any" (London, 1934)

(2) "The applicant may also, <u>on his own initiative</u>, divide a patent application and preserve as the date of each divisional application the date of the initial application and the benefit of the right of priority, if any. Each country of the Union shall have the right to determine the conditions under which such division shall be authorized" (Lisbon, 1958)

**Considering** that the principle of dividing a patent application, including an existing divisional application, must be maintained in order to allow applicants to obtain appropriate protection covering all the aspects of the innovation disclosed in said patent application; including the situation where an examiner refuses further consideration of a patent application;

**Recognising** that divisional applications and especially cascades of divisional applications may increase legal uncertainty for third parties;



But **noting** that an applicant who seeks protection by way of a divisional application cannot extend the term of protection beyond that of the parent, cannot enforce his rights until grant of the divisional application, and may suffer a reduction of the recovery of damages for past infringement; and

**Recognizing** that procedures implemented by a Patent Office may inhibit the applicant from indicating in his claims every aspect of the innovation to be protected;

**Resolves** that Patent Offices should :
* recognize and respect the broad character of the right to file divisional applications provided by the Paris Convention;
* promptly check that any divisional application does not contain subject matter that is not permitted in the country or region in question;
* expedite publication of the divisional application and immediately update the public patent office records to show clearly the relationship between all applications and patents of the same family in the same country or region;
* accelerate the examination of the divisional application;
* ensure transparency and consistency in handling the divisional application and all applications of the same family in the same country or region;
* not attempt to solve technical or organisational problems at the Patent Office, including the backlog of patent applications awaiting examination, by implementing rules limiting the right to file as many divisional applications from any member of the family during its pendency as necessary to allow the applicant to obtain appropriate protection covering all the aspects of the innovation disclosed, or by imposing arbitrary deadlines for filing divisional applications; and
* not make any new rule concerning divisional applications retroactive.