UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| TRIANTAFYLLOS TAFAS, | ) | |
| Plaintiff. | ) ) ) | |
| – against – | ) ) | 1:07cv846 JCC/TRJ |
| JON. W. DUDAS. et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| SMITHKLINE BEECHAM CORPORATION. | ) ) | |
| Plaintiff. | ) ) | |
| – against – | ) ) | 1:07cv1008 JCC/TRJ |
| JON W. DUDAS, et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

**_AMICUS CURIAE_ BRIEF FROM ROBERT LELKES IN SUPPORT OF
THE PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

The undersigned _Amicus curiae,_ Robert Lelkes
("Lelkes"), is a U.S. patent attorney (U.S. PTO Reg. No.
33,730), a member of the District of Columbia bar, a
European patent attorney with more than 20 years' experience
in international private and corporate patent practice, as
well as a former U.S. Patent and Trademark Office ("USPTO")

Dockets.Justia.com

patent examiner.  I have no vested interest in the outcome
of the above-captioned lawsuit other than as a long-time
patent practitioner and U.S. citizen concerned about U.S.
compliance with international law.

## II. IMPLEMENTATION OF 72 FED. REG. 46716-47843 IS CONTRARY TO THE PATENT COOPERATION TREATY AND, THEREFORE, IS *ULTRA VIRES*.

On November 26, 1975, the United States of America
ratified the Patent Cooperation Treaty ("PCT"), which
provides a legal framework for filing international patent
applications valid in all PCT member countries, including
the United States.  At least 50,000 U.S.-originated
international patent applications were filed at the U.S. PTO
under the PCT last year.   This represents more than half of
all U.S.-originated patent applications filed at the U.S.
Patent and Trademark Office that year.  According to Article
27(1) PCT:

> *No national law shall require compliance*
> *with requirements relating to the form*
> *or contents of the international*
> *application different from or additional*
> *to those which are provided for in this*
> *Treaty and the Regulations.*

Rule 6.1(a) PCT, which is the only provision of
the PCT and its implementing regulations relating to the
number of claims in a patent application filed under the
PCT, states:

2

> (a)   The number of the claims shall be reasonable in consideration of the nature of the invention claimed.

Rule 6.1(a) PCT applies to the claims of international applications filed under the PCT. The claims are a necessary part of every international patent application filed under the PCT designating the United States.

Annex A5.42[1] to Part II, Chapter 5, Paragraph 5.42, of the PCT Search and Preliminary Examination Guidelines states that claims may be objected to as lacking conciseness under this rule during search and preliminary examination during the international phase of the PCT application "when they are unduly multiplied or duplicative". The term "unduly multiplied" is defined therein as claims where "in view of the nature and scope of the invention, an unreasonable number of claims are presented which are repetitious and multiplied the net result of which is to confuse rather than to clarify". If the claims differ from one another and there is no difficulty in understanding the scope of protection, "an objection on this basis generally should not be applied". Annex A5.42[2] to Part II, Chapter 5, Paragraph 5.42, of the PCT Search and Preliminary Examination Guidelines states that what is or is not a reasonable number of claims

3

"depends on the facts and circumstances of each particular case".

This rule is clearly intended to provide the basis for making a formal objection to the claims for lack of conciseness or lack of clarity. It is not intended to place an arbitrary limit on the number of claims, nor is it intended to shift the burden of search and examination to the applicant.

According to new rule 1.75, an applicant must file an "examination support document" ("ESD") according to new rule 1.265 before the issuance of a first Office action on the merits "if the application contains or is amended to contain more than five independent claims or more than twenty-five total claims." Under new rule 1.78(f), the patent application is deemed to additionally contain the number of claims present in another co-pending U.S. patent application if the filing date or priority date is the same as a filing date or priority date of another co-owned U.S. patent application having at least one inventor in common with the international application, at least one patentably indistinct claim and "substantial overlapping subject matter".

35 U.S.C. § 363 states that an international PCT application designating the United States shall have the effect, from its international filing date under Article 11 PCT, of a national application for patent regularly filed in the U.S. Patent and Trademark Office. New rules 1.75 and 1.265 would therefore apply to patent applications filed under the PCT when the international application enters the U.S. national phase.

New rule 1.75 therefore would impose a further procedural requirement on patent applications filed under the PCT based on an arbitrary number of patent claims regardless of the nature of the invention claimed. This is not sanctioned by Rule 6.1(a) PCT, which only allows for a formal objection against the claims for lack of conciseness or lack of clarity on a case-by-case basis. Such an objection cannot be remedied by an ESD, because Rule 6.1(a) PCT relates to the ability to comprehend the invention claimed and not whether or not the claimed invention is patentable over the state of the art.

New rule 1.265 requires the applicant to, *inter alia,* submit a pre-examination search performed by the applicant and a detailed explanation of the relevance of each reference found and the patentability of the independent claims over each reference. According to new

5

rule 1.265(e), failure to submit an ESD results in a loss of rights in the patent application (the application is deemed "abandoned").

Rule 51*bis*.1 PCT specifies certain national requirements allowed under Article 27 PCT. Those requirements relate to furnishing documentation relating to the identity of the applicant, the entitlement of the applicant to a patent, entitlement to claim priority from an earlier application, an oath or declaration of inventorship, or evidence concerning non-prejudicial disclosures or exceptions to lack of novelty, representation by a registered patent agent or attorney, and translations of certain documents. Submission of an ESD based on exceeding a certain number of patent claims is not a national requirement sanctioned under Rule 51*bis*.1 PCT.

Since the ESD requirement is not among the exceptions to Article 27 PCT identified in Rule 51*bis*.1 PCT, imposition of the ESD procedure on patent applicants filing under the PCT is *prima facie* prohibited under Article 27 PCT. New rule 1.75 therefore imposes a further procedural requirement on the PCT applicant in addition to the procedural requirements of the PCT contrary to Article 27(1) PCT.

The purpose of the PCT is to provide centralized searching and preliminary examination of the invention in any authorized international search authority (ISA) and international preliminary examination authority (IPEA), respectively, worldwide (not only in the U.S.). The applicant filing an international application under the PCT is required under Article 15 PCT to pay for an international patent search by an international search authority when the PCT application was filed. In addition, the applicant may have paid for preliminary examination of the claims by an international preliminary examination authority under Article 33 PCT during the preceding international phase of the PCT application.

The ESD requirement nevertheless requires PCT applicants to, *inter alia,* independently carry out a search and characterization of the prior art already paid for and carried out by internationally recognized authorities deemed competent for those functions under Articles 16(3) and 32 PCT, respectively. This duplication of work results in additional cost and hardship for PCT applicants relative to applicants for a national patent not relying on the PCT, which is contrary to the purpose of the PCT and, in particular, contrary to the spirit of Art. 27 PCT.

7

35 U.S.C. § 2(b)(2) requires consistency between the regulations established by the U.S. PTO and U.S. statutory law passed by Congress, including international laws ratified by the U.S. Implementation of new rules 1.75(b) and 1.265 are therefore clearly *ultra vires,* because those rules violate Article 27 PCT.

### III.   72 FED. REG. 46716-47843 DO NOT PROVIDE ANY FORESEEABLE PUBLIC BENEFIT

Regardless of whether the applicant submits an ESD, the U.S. PTO is required by 35 U.S.C. § 1.104(3) to search the prior art. Since searching the prior art as statutorily required plus studying an ESD would inherently take more time than to rely solely on its search of the prior art, furnishing an ESD for patent applications having more than the specified number of patent claims under new rule 1.75(b) will not necessarily help the U.S. PTO achieve the stated goal of reduced U.S. patent application pendency. Enjoining implementation of the new rules will not, therefore, harm the legitimate interests of the U.S. PTO.

### IV.   CONCLUSION

It is well established in a long line of U.S. Supreme Court cases that the judicial branch is responsible for ensuring that the administrative branch of government

does not exceed the powers granted to it under the U.S. Constitution. The judicial branch has the power, and the responsibility, to ensure that administrative agencies such as the U.S. Patent and Trademark Office implement regulations consistent with U.S. law, including international laws ratified by the U.S. such as Art. 27 PCT.

As is clear from the evidence submitted by plaintiffs, implementation of the new *ultra vires* rules 1.75(b) and 1.265 would harm the public by imposing substantial, illegitimate and unnecessary legal and financial burdens on the individuals and companies seeking to protect their investment in research and development, contrary to the U.S. PTO's constitutional mandate to promote technological progress. For the foregoing reasons, I urge this Court to grant the plaintiffs' motions for a permanent injunction to prevent the coming into force of the above-referenced new rules.

Dated:  December 26, 2007

_____
AMICUS CURIAE
ROBERT LELKES, *Pro se*
Geigenbergerstr. 3
81477 Munich
Germany

9