STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **TRIANTAFYLLOS TAFAS,**<br><br>              **Plaintiff,**<br><br>        v.<br><br>**JON W. DUDAS,** in his official capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the **UNITED STATES PATENT AND TRADEMARK OFFICE,**<br><br>              **Defendants.** | **CIVIL ACTION: 1:07cv846 (JCC/TRJ)**<br>**and Consolidated Case (below)** |
| **SMITHKLINE BEECHAM CORPORATION,**<br><br>              **Plaintiff,**<br><br>        v.<br><br>**JON W. DUDAS,** in his official capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and the **UNITED STATES PATENT AND TRADEMARK OFFICE,**<br><br>              **Defendants.** | |

## PLAINTIFF TRIANTAFYLLOS TAFAS' MOTION FOR RECONSIDERATION

The Plaintiff, Dr. Triantafyllos Tafas ("Tafas"), by and through his undersigned attorneys, KELLEY DRYE & WARREN LLP, hereby respectfully moves for reconsideration of the Court's January 9, 2008 Order overruling Tafas' Objection to Magistrate Thomas Rawles Jones, Jr.'s written Order dated November 28, 2007 granting Defendant's motion for a protective order and denying Tafas' and Glaxo Smithkline Beechmam Corporation's ("GSK")[1] respective motions to compel production of a complete administrative record and a privilege log.

---

[1] GSK did not file FRCP Rule 72 Objections to the Magistrate's Order.

As is set forth more particularly in Tafas' supporting memorandum of law, Tafas files the present motion because it appears that the Court has misapprehended the parties' positions on certain key facts in the record and, in the process, accepted erroneous interpretations of the law espoused by the USPTO.[2]

As a result of this interplay, the Court's decision seemingly endorses a new form of sweeping quasi-privilege for so called "deliberative materials" -- independent of the exacting requirements of the very narrowly construed deliberative process privilege. The Court's decision also seemingly endorses substantially changing the scope of what must be included in an administrative record (*i.e.*, all documents and information reviewed or considered, directly or indirectly, by the agency) by now qualifying the above standard so as to authorize governmental agencies to withhold *deliberative materials* that the agency considered, reviewed or relied upon as part of its rule making on the grounds of *relevance* even when the documents would not otherwise satisfy the all the elements of the deliberative process privilege or other privileges. The Court also concluded, without any apparent basis in the record, that the thousands of documents being withheld constitute deliberative materials qualifying exempt from inclusion in the administrative record despite the fact that neither the Court, the USPTO's counsel nor Tafas have ever seen the documents or, for that matter, even a list of same. There simply is no adequate basis for the Court's blanket assumption and finding.

To make matters worse, the practical effect of the Court's reasoning is to render an agency's privilege calls in this area absolutely immune to judicial review because the Court has excused the normal requirement of a privilege log or *en camera* review. In effect, the

---

[2] Tafas has endeavored to focus the Court's attention on what he perceives as the most compelling grounds for reconsideration *vis-à-vis* the most critical and apparent areas of misapprehension. This motion is not necessarily intended as an all-inclusive recital of each and every area of the decision with which Tafas might respectfully

2

Court's ruling has reversed the customary burden of proof for substantiating privilege claims by shifting it from the proponent of the privilege to the party challenging the privilege and, at the same time, denying Tafas the necessary tools to do so (*i.e.*, a privilege log, *en camera* review, etc.). Tafas respectfully submits that the Court's decision is a blank check to government agencies which creates a dangerous precedent that will adversely affect the quality and completeness of the administrative record in both this case and all future judicial challenges to agency rule making.

Additionally, the Court's decision not to require the USPTO to produce a privilege log was predicated in substantial part, if not entirely, on the Court's belief that the USPTO was not actually asserting privileges for the thousands of internal documents it was admittedly withholding from the record. Here, the Court misapprehended the USPTO's position because the USPTO repeatedly admitted (both under oath and otherwise) that it was claiming attorney-client, attorney work product and deliberative process privilege for these documents. The production of an administrative record in an APA case is a mandatory disclosure and there is no exemption in FRCP 26(b)(5) excusing the need for privilege logs in APA cases.

Second, the Court overlooked not only that Tafas did in fact identify specific documents missing from the record in the proceedings before Magistrate Jones, but also the fact that the USPTO *admits* to withholding much of the material that Tafas has identified as missing from the administrative record filed by the USPTO with the Court. Thus, Tafas is not merely speculating or theorizing that documents are missing from the record as stated in the Court's decision.

---

disagree, and nothing herein is intended as a waiver of any appeal rights by virtue of any such item not being specifically enumerated.

Third, the missing record documents attached to Tafas' Objection to Magistrate Jones' Ruling were brought to Magistrate Jones' attention (even if not physically handed to Magistrate for a document by document review). The DOJ adamantly represented that the administrative record was complete both before Magistrate Jones and before this Court. The fact that Tafas is able to present documents to the Court *at any time* reflecting either that the record may be incomplete and/or that the USPTO's assurances of completeness to the Court were erroneous is compelling grounds for reconsideration.

Finally, the Court applied the wrong legal standard by requiring Tafas to make a strong showing of bad faith or incompleteness of the administrative record as a precondition to being able to take discovery calculated to insure a complete administrative record. The *Morgan v. United States*, 298 U.S. 468 (1936)("*Morgan*") line of cases relied upon by the USPTO and adopted by the Court involved adjudicatory/quasi-judicial administrative proceedings with full and transparent records -- not formal or informal agency rule making as is the case here. The requirement of a "strong showing" of bad faith in the *Morgan* line of cases was motivated by a perceived need to protect the integrity of the *judicial* or *quasi-judicial* type decision making process. Those courts were justifiably concerned about protecting administrative law judges from being routinely deposed concerning their subjective thoughts about the official record of proceedings (*e.g.,* the pleadings, evidence, hearing transcripts, memoranda of law, etc.). The same considerations simply do not apply to informal agency rule making where the administrative record springs out of a "black box" and involves *policy making* -- as distinguished from the various *adjudicatory* proceedings with closed and transparent records as are reflected in all the cases cited by the USPTO. There simply is no threat to the integrity of the adjudicative process as was the case in *Morgan* and its progeny nor any reason to impose

4

insurmountable hurdles to the taking of limited discovery directed at the salutary objective of ensuring that the administrative record for agency rule making is incomplete.

<u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, as well as those set forth in Tafas' supporting memorandum of law, Plaintiff Tafas respectfully requests that the Court grant this Motion for Reconsideration and enter the proposed form of Order being submitted along herewith as Exhibit A, along with such other, further and different relief as the Court deems just, equitable and proper.

Dated: January 18, 2008                          Respectfully submitted,

                                                    /s/ Joanna Baden-Mayer
Joanna Baden-Mayer (VSB # 67920)
Joseph D. Wilson (VSB # 43693)
Steven J. Moore, Esq. *(pro hac vice)*
James E. Nealon, Esq. *(pro hac vice)*
KELLEY DRYE & WARREN LLP
Washington Harbor, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
E-mail: jwilson@kelleydrye.com
jbaden-mayer@kelleydrye.com
jnealon@kelleydrye.com
smoore@kelleydrye.com

*Counsel for Plaintiff Triantafyllos Tafas*

*Of Counsel:*

William R. Golden Jr., Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178-0002
Telephone: (212) 808-7992
Facsimile: (212) 808-7897
E-mail: wgolden@kelleydrye.com

**CERTIFICATE OF SERVICE**

        I hereby certify that on January 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elizabeth Marie Locke
Kirkland & Ellis LLP
655 15th Street, NW, Suite 1200
Washington, DC  20005
Email:  elocke@kirkland.com

Craig Crandell Reilly
Richard McGettingan Reilly & West PC
1725 Duke Street, Suite 600
Alexandria, VA  22314
Email:  craig.reilly@rmrwlaw.com

Daniel Sean Trainor
Kirkland & Ellis LLP
655 15th Street, NW, Suite 1200
Washington, DC  20005
Email:  dtrainor@kirkland.com

*Counsel for Plaintiffs SmithKline Beecham Corp. d/b/a GlaxoSmithKline, SmithKline Beecham PLC, and Glaxo Group Limited, d/b/a GlaxoSmithKline*

Thomas J. O'Brien
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Email:  to'brien@morganlewis.com

*Counsel for Amicus American Intellectual Property Lawyers Association*

Dawn-Marie Bey
Kilpatrick Stockton LLP
700 13th Street NW
Suite 800
Washington, DC  20005
Email:  dbey@kslaw.com

*Counsel for Amicus Hexas, LLC, The Roskamp Institute, Tikvah Therapeutics, Inc.*

James Murphy Dowd
Wilmer Cutler Pickering Hale & Dorr LLP
1455 Pennsylvania Avenue NW
Washington, DC  20004
Email:  james.dowd@wilmerhale.com

*Counsel for Amicus Pharmaceutical Research and Manufacturers of America*

Randall Karl Miller
Arnold & Porter LLP
1600 Tysons Blvd, Suite 900
McLean, VA  22102
Email:  randall_miller@aporter.com

*Counsel for Amici Biotechnology Industry Organization and Monsanto Company*

Rebecca M. Carr
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, NW
Washington, DC 20037
Email:  Rebecca.carr@pillsburylaw.com

Scott J. Pivnick
Pillsbury Winthrop Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4856
Email:  Scott.pivnick@pillsburylaw.com

*Counsel for Amicus Elan Pharmaceuticals, Inc.*

Robert Christian Bertin
Swidler Berlin LLP
3000 K Street, NW, Suite 300
Washington, DC 20007
Tel: (202) 373-6672
Email:  r.bertin@bingham.com

*Counsel for Amicus Bar Association of the District of Columbia*

Robert C. Gill
Saul Ewing LLP
2600 Virginia Avenue, NW, Suite 1000
Washington, DC 20037
Tel: (202) 295-6605
Fax: (202) 295-6705
Email: rgill@saul.com

*Counsel for Amici BioAdvance, Life Sciences Greenhouse of Central Pennsylvana, and Pittsburgh Life Sciences Greenhouse*

Matthew Schruers
Computer & Communications
Industry Association
900 17th Street, NW, Suite 1100
Washington, DC 20006
Tel.: (202) 783-0070
Fax: (202) 783-0534
Email: mschruers@ccianet.org

*Counsel for Amici Public Patent Foundation, Computer & Communications Industry Association, AARP, Consumer Federation of America, Essential Action, Foundation for Taxpayer and Consumer Rights, Initiative for Medicines, Access & Knowledge, Knowledge Ecology International, Prescription Access Litigation, Public Knowledge, Public Patent Foundation, Research on Innovation, and Software Freedom Law Center*

Kenneth Carrington Bass, III
Sterne, Kessler, Goldstein & Fox
1100 New York Avenue, NW, Suite 600
Washington, DC 20005
Tel: (202) 722-8825
Fax: (202) 371-2540
Email: kbass@skgf.com

Mark Fox Evens
Thelen, Reid & Priest, LLP
701 Eighth Street, NW, Fifth Floor
Washington, DC 20001-3721
Tel: (202) 722-8888
Email: mevens@skgf.com
*Counsel for Amici AmberWave Systems Corporation, Fallbrook Technologies, Inc., InterDigital Communications LLC, Nano-Terra Inc., and Tessera, Inc.*

Robert E. Scully Jr.
Stites & Harbison PLLC
1199 North Fairfax Street, Suite 900
Alexandria, Virginia 22314
(703) 739-4900
Fax: (703) 739-9577
Email: rscully@stites.com

*Counsel for Amicus Human Genome Sciences, Inc.*

Charles Gorenstein
Birch, Stewart, Kolasch and Birch, LLP
8110 Gatehouse Rd., Suite 100 East
Falls Church, Virginia 22042
Email: cg@bskb.com

*Counsel for Amicus Intellectual Property Institute of the William Mitchell College of Law*

Lauren A. Wetzler
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22134
Tel: (703) 299-3752
Fax: (703) 299-3983
Email: Lauren.Wetzler@usdoj.gov

*Counsel for All Defendants*

Jonathan Dyste Link
Townsend and Townsend and Crew LLP
1301 K Street, NW, 9th Floor – East Tower
Washington, DC 20005
Tel: (202) 481-9900
Fax: (202) 481-3972
Email: jlink@townsend.com

*Counsel for Amicus CFPH, LLC*

Blair Elizabeth Taylor
Covington & Burling
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 662-5669
Fax: (202) 778-5669
Email: btaylor@cov.com

*Counsel for Amicus Intellectual Property Owners Association*

7

Kevin Michael Henry
Sidley Austin Brown & Wood LLP
1501 K Street, NW
Washington, DC 20005
Tel: (202) 736-8000
Email: khenry@sidley.com

*Counsel for Amicus Washington Legal Foundation*

John C. Maginnis, III
1350 Connecticut Avenue, NW, Suite 301
Washington, DC 20036
Tel: (202) 659-4420
Email: maginnislaw2@verizon.net

*Counsel for Amicus CropLife America*

Jackson David Toof
Robins, Kaplan Miller & Ciresi LLP
1875 Eye Street, NW, Suite 300
Washington, DC 20006
Tel: (202) 857-6130
Fax: (202) 223-8604
Email: toof.jackson@arentfox.com

*Counsel for Amici Anchor Wall Systems, Inc., Donaldson Company, Inc., Ecolab, Inc., General Mills, Inc., and Valspar Corporation*

Timothy A. Molino
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 2006
Tel: (202) 373-6161
Fax: (202) 373-6001
Email: timothy.molino@bingham.com

*Counsel for Amicus Federation Internationale Des Conseils En Proprit Industrielle*

Craig James Franco
Odin Feldman & Pittleman PC
9302 Lee Highway, Suite 1100
Fairfax, VA 22031
Tel: (703) 218-2100
Email: craig.franco@ofplaw.com

*Counsel for Amici Norseman Group, LLC and Polestar Capital Associates, LLC*

David Wayne Long
Howrey Simon Arnold & White LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 783-0800
Email: longd@howrey.com

*Counsel for Amicus Teles AG Informationstechnologien*

Maurice Francis Mullins
Spotts Fain PC
411 E Franklin Street, Suite 600
PO Box 1555
Richmond, VA 23218
Tel: (804) 697-2069
Fax: (804) 697-2169
Email: cmullins@spottsfain.com

*Counsel for Amici Intel Corporation and Micron Technology, Inc.*

      I have also caused copies of the foregoing, with attachments, to be sent to the following non-ECF users by first-class mail (where an address has been proved to the Court) or electronic mail (where it has not been):

Ron D. Katnelson
Encinatas, CA
rkatznelson@roadrunner.com

*Amicus curiae Pro Se*

Robert Lelkes
Geigenbergerstr.3
81477 Munich
Germany

*Amicus Curiae Pro Se*

Jennifer Sue Martinez
Stanford Law School
599 Nathan Abbott Way
Stanford, CA 94305
Tel: (650) 725-2749

*Counsel for Amicus Intellectual Property and Administrative Law and Public Health Professors*

          /s/ Joanna Baden-Mayer
Joanna Baden-Mayer (VSB # 67920)
KELLEY DRYE & WARREN LLP
Washington Harbor, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
E-mail: jbaden-mayer@kelleydrye.com

*Counsel for Plaintiff Triantafyllos Tafas*