CLERK'S OFFICE COPY

# United States Court of Appeals for the Federal Circuit

2008-1352

TRIANTAFYLLOS TAFAS,

FILED
MAIL.COM
NOV 17 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Plaintiff-Appellee,

and

SMITHKLINE BEECHAM CORPORATION (doing business as GlaxoSmithKline),
SMITHKLINE BEECHAM PLC, and
GLAXO GROUP LIMITED (doing business as GlaxoSmithKline),

Plaintiffs-Appellees,

v.

DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and UNITED STATES PATENT AND TRADEMARK OFFICE.

Defendants-Appellants.

Appeal from United States District Court for the Eastern District of Virginia in consolidated case nos. 1:07-CV-846 and 1:07-CV-1008, Senior Judge James C. Cacheris.

Before MICHEL, Chief Judge, NEWMAN, MAYER, RADER, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, Circuit Judges.[1]

MICHEL, Chief Judge.

## ORDER

Plaintiffs-Appellees SmithKline Beecham Corp., SmithKline Beecham PLC, and Glaxo Group Limited (collectively "GlaxoSmithKline") and Defendants-Appellants David

---

[1] Circuit Judge LOURIE took no part in the consideration of this case.

J. Kappos and the U.S. Patent and Trademark Office ("USPTO") (collectively "Kappos") have filed a joint motion for dismissal of the appeal and to vacate the judgment of the district court below. Plaintiff-Appellee Triantafyllos Tafas has filed a response, joining in GlaxoSmithKline and Kappos' joint motion for dismissal of the appeal, but opposing the joint motion for vacatur. For the reasons set forth below, the joint motion for dismissal of the appeal is granted, and the joint motion for vacatur of the district court's judgment is denied.

The parties' joint motion for dismissal of the appeal is proper because the USPTO has rescinded the rules that formed the basis of this litigation. The appeal is therefore moot and dismissal of the appeal is not only appropriate, but required.

However, vacatur of the district court's judgment is inappropriate under the circumstances. In U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994), the Supreme Court held that when a party procures the conditions that lead to a case becoming moot, that party should not be able to obtain an order vacating the lower court decision that was adverse to that party. Vacatur, held the Court, is appropriate if the mootness arises from external causes over which the parties have no control, or from the unilateral act of the prevailing party, but not when the mootness is due to a voluntary act by the losing party, such as a settlement. U.S. Bancorp Mortgage Co., 513 U.S. at 25.

The motion seeks to paint this case as falling into the former category, but it appears to us to fall squarely into the latter. This is not a case in which the regulations have been overridden by a statutory change; instead, it is a case in which the agency itself has voluntarily withdrawn the regulations and thus set the stage for a declaration of mootness. The motion's statement that an intervening regulatory change is directly

analogous to an intervening statutory change is not persuasive. The agency does not control Congress; but it does control the decision to rescind the regulations. Thus, it was the USPTO (the losing party in the district court action) that acted unilaterally to render the case moot, and vacatur is not appropriate.

Accordingly,

    IT IS ORDERED THAT:

(1) The parties' joint motion for dismissal of the appeal is granted.

(2) The joint motion of GlaxoSmithKline and Kappos to vacate the district court's grant of summary judgment and injunction of enforcement of the rescinded rules is denied.

FOR THE COURT

November 13, 2009
Date

Paul R. Michel
Chief Judge

cc: Steven J. Moore, Esq.
Joshua Waldman, Esq.
F. Christopher Mizzo. Esq.
Jeffrey Bossert Clark, Esq.
All Amici counsel

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 1 3 2009

JAN HORBALY
CLERK