# Attachment 2

No. 2008-1352

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

TRIANTAFYLLOS TAFAS,

Plaintiff-Appellee,

and

SMITHKLINE BEECHAM CORPORATION (doing business as GlaxoSmithKline),
SMITHKLINE BEECHAM PLC, and GLAXO GROUP LIMITED (doing business as GlaxoSmithKline),

Plaintiffs-Appellees,

v.

DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, and UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendants-Appellants.

---

Appeal from the United States District Court for the Eastern District of Virginia in consolidated case nos. 1:07-CV-846 and 1:07-CV-1008,
Senior Judge James C. Cacheris.

---

## PLAINTIFF-APPELLEE TRIANTAFYLLOS TAFAS' MOTION OF *ATTORNEYS FEES AND EXPENSES UNDER 28 U.S.C § 2412*

JOSEPH D. WILSON
**KELLEY DRYE & WARREN LLP**
Washington Harbor, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
*(Counsel to Plaintiff-Appellee Triantafyllos Tafas)*

Date: March 15, 2010

The Plaintiff-Appellee, Triantafyllos Tafas ("Tafas" or "Plaintiff"), hereby moves this Court pursuant to 28 U.S.C. § 2412 *et seq.* (the Equal Access to Justice Act) for an award of his attorneys' fees and expenses incurred as the prevailing party in this Action on appeal at the Federal Circuit), along with such other, further and different relief as the Court may deem just, equitable and proper, for the reasons set forth herein, as well as those set forth in Federal Circuit Form 20, Plaintiff-Appellee's supporting memorandum of law, and the supporting Declarations of Triantafyllos Tafas, Steven J. Moore, Esq., David M. Boundy, Esq. and Richard B. Belzer, Esq., and exhibits thereto, submitted in support of the Motion.

Tafas is entitled to an award of attorneys fees and expenses pursuant to 28 U.S.C. § 2412(d)(1) because:

(i) Tafas has obtained a "final judgment" within the meaning of 28 U.S.C. § 2412(d)(1)(D)(2)(G);

(ii) Tafas qualifies as a "party" under 28 U.S.C § 2412(d)(1)(D)(2)(B) as the owner of an unincorporated business, the net worth of which did not exceed $7,000,000 and which business did not have more than 500 employees at the time this Action was filed. (*See* Declaration of Plaintiff Triantafyllos Tafas in Support of Petition for Fees and Expenses, ¶¶ 14-26);

(iii) Tafas is a "prevailing party" within the meaning of 28 U.S.C. § 2412 (d)(1)(D)(2)(H) having obtained a final judgment in his favor that granted the relief originally sought by Tafas when he filed this Action;

(iv) Tafas' fees and expenses submitted in connection with the instant

      application are within the allowed types of fees and expenses as defined in 28 U.S.C. § 2412(d)(1)(D)(2)(A) and his application is supported by proper written itemization and backup (attached hereto, with a request to file under seal);

(v)   Defendants' pre-litigation enactment of the Final Rules and subsequent defense of the PTO's transparently *ultra vires* rules package throughout the course of this Action was not substantially justified within the meaning of 28 U.S.C. §§ 2412(d)(1)(B) and 2412(d)(1)(D)(2)(D) on the basis of the record in this Action;

(vi)   Tafas' applications for fees and expenses has been timely filed within the 30 day time limit after the entry of a final and un-appealable judgment in compliance with 28 U.S.C. §§ 2412(d)(1)(B) and (d)(1)(D(2)(H); and

(vii)   Tafas has also contemporaneously and timely filed a similar EAJA application for his District Court level fees and expenses in the United States District Court for the Eastern District of Virginia. [1]

Additionally, and as set forth more particularly in Tafas' aforementioned supporting papers, Tafas is entitled to an award of attorneys fees' and expenses pursuant to 28 U.S.C. § 2412(a)(1)(2)(b), which provides in pertinent part that the United States (including any official of the United States acting in his official capacity) shall be liable for such fees and expenses to the same extent that any other non-governmental party would be liable under the common law and/or under the terms of any statute that specifically provides for such an award. As applied here, Defendants are liable for Tafas' fees and expenses under the "common benefit doctrine" and/or based on bad faith/litigation misconduct -- both of which

---

[1]

are exceptions to the so called "American Rule."

Tafas will, however, be filing a motion in this Court asking it to abstain and/or remand so as to allow this Court to decide Tafas' entire fee application for the Action (inclusive of both Tafas' claims to fees in the District Court and on appeal) or, in the alternative, for the Federal Circuit to stay any further proceedings on Tafas' claim for appellate fees in the Federal Circuit until after this Court has first ruled on Tafas' present fee application in the District Court.

Exhibits A and E to the Moore Declaration, Kelley Drye's billing statements, are appended to the Moore Declaration in a partially redacted manner so as to excise the narrative descriptions for each billing entry. The narrative entries are appropriately redacted because they contain information that is either confidential attorney-work product, reflects the confidential mental impressions or litigation strategy of Kelley Drye's attorneys, or would otherwise constitute confidential attorney-client privileged material. Tafas will be filing a separate motion asking that he be permitted to present the complete, un-redacted billing statements to the Court, either under seal or for *en camera* review only so as to avoid a waiver of attorney-client privilege. Alternatively, Tafas is asking the Court to bifurcate the fee application so as to first determine whether the Defendants are liable under EAJA for an award of fees and to only require

disclosure of the actual billing statements (and narratives to the extent not deemed privileged) until after a finding of liability. Of course, if there is liability on the part of the Defendants to pay EAJA fees, there can be no question of any relevance concerning the reasonableness of the fee amount, which would then be moot.

Dated: March 15, 2010

Respectfully submitted,

_____
Joseph D. Wilson
KELLEY DRYE & WARREN LLP
Washington Harbor, Suite 400
3050 K Street, NW
Washington, DC 20007
Telephone: (202) 342-8400
Facsimile: (202) 342-8451
E-mail: jwilson@kelleydrye.com

*(Counsel for Plaintiff-Appellee Triantafyllos Tafas)*